# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CommScope, Inc., | Civil Action No. 19-cv-15962-MCA-LDW |
| Plaintiff, | |
| v. | |
| Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Janet Javier, and Robert Cameron; | [PROPOSED] DISCOVERY CONFIDENTIALITY ORDER |
| Defendants. | |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.       Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY

1

CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.     Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing, that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.     Any party to this litigation and any third-party shall have the right to designate as RESTRICTED CONFIDENTIAL - SOURCE CODE any information, document, or thing, or portion of any document or thing that contains that contains a party's or third-party's "Source Code." "Source Code" means human-readable programming language text that defines software, and/or firmware. Source Code further includes the text of any comments associated with any of the foregoing, configuration files controlling firmware and/or software functionalities, and any files containing any of the foregoing. Source Code includes any text written in any high-level programming language defining firmware and/or software functionalities implemented on an integrated circuit, files containing text written in C, C++,C#, Objective C, MATLAB, assembly language and macros, digital signal processor (DSP) programming languages, and other programming languages. Source Code further includes any "include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of firmware or software directly executed on a microprocessor, microcontroller, or DSP.  Nothing in this Order is

intended to suggest that Source Code is discoverable or relevant to this action.

4.      All Confidential, Attorneys' Eyes Only, and RESTRICTED CONFIDENTIAL - SOURCE CODE material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in the Paragraphs below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. For the avoidance of doubt, no Confidential, Attorneys' Eyes Only, or RESTRICTED CONFIDENTIAL – SOURCE CODE material may be used in any way in connection with the bringing of any patent-related claim, including but not limited to patent infringement claims. However, nothing in this Confidentiality Order is intended to or shall prohibit the use of such information in another action, including those involving patent-infringement claims, if that information is obtained through other channels or sources. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential, Attorneys' Eyes Only, or RESTRICTED CONFIDENTIAL - SOURCE CODE material, provided that such advice and opinions shall not reveal the content of such Confidential, Attorneys' Eyes Only, or RESTRICTED CONFIDENTIAL - SOURCE CODE material except by prior written agreement of counsel for the parties, or by Order of the Court.

5.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a.      Outside counsel (herein defined as any attorney at the parties' outside law firms retained in connection with this action) and its employees/staff responsible for supporting or assisting outside counsel in connection with this action;

3

b.      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A, and subject to the requirements in Paragraph 6;

c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.      The Court and court personnel;

e.      Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants and mock jurors, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.      The parties.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

6.      Before any Confidential or Attorneys' Eyes Only material is disclosed to any outside expert or consultant, the receiving party shall give the producing party ten (10) days' written notice of the proposed expert.  The party desiring to disclose Confidential or Attorneys' Eyes Only material to an outside expert or consultant must provide the following information for

4

each such outside expert or consultant: name; address; curriculum vitae; current employer; employment history for the past ten years; and a listing of cases in which the witness has either submitted any report or affidavit or testified as an expert at trial or by deposition within the preceding five years. If the producing party objects to the expert, the following procedure shall apply:

    a.    Counsel for the producing party shall serve on the receiving party a written objection to the outside expert or consultant's receipt of Confidential or Attorneys' Eyes Only material, which shall describe with particularity the grounds for objection. Counsel for the receiving party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the producing party's Confidential or Attorneys' Eyes Only material may be disclosed to the expert. If no timely written response is made to the objection, the outside expert or consultant will not be allowed access to the producing party's Confidential or Attorneys' Eyes Only material. If the receiving party makes a timely response to the objection, counsel shall then confer in good faith in an effort to resolve the dispute.

    b.    If a dispute as to an outside expert or consultant's receipt of Confidential or Attorneys' Eyes Only material cannot be resolved by agreement, the producing party shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The outside expert or consultant shall not be allowed access to the producing party's Confidential or Attorneys' Eyes Only material designated pending resolution of the dispute.

7.    Confidential material shall be used only by individuals permitted access to it under

5

Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other person, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8.     No deposition that may involve a disclosure of Confidential, RESTRICTED CONFIDENTIAL - SOURCE CODE, or Attorneys' Eyes Only material shall be attended by any individual other than the individuals described in Paragraphs 5(a), (b), (c), (d) and (f) above and the deponent.  With respect to any depositions that involve a disclosure of Confidential, RESTRICTED CONFIDENTIAL - SOURCE CODE, or Attorneys' Eyes Only material, the party asserting such confidentiality shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, RESTRICTED CONFIDENTIAL - SOURCE CODE, or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, RESTRICTED CONFIDENTIAL - SOURCE CODE, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5.

9.     Material produced and marked as Attorneys' Eyes Only may be disclosed only to the following individuals under the following conditions:

a.     Outside counsel (herein defined as any attorney at the parties' outside law

firms retained in connection with this action) and its employees/staff responsible for supporting or assisting outside counsel in connection with this action;

b.      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A, and subject to the requirements in Paragraph 6.

c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.      The Court and court personnel;

e.      Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or if the producing party consents to such disclosure; and

f.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants and mock jurors, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

10.      All Source Code designated as "RESTRICTED CONFIDENTIAL - SOURCE CODE," shall be subject to the following provisions:

a.      Source Code, to the extent any producing party provides any such information, shall be made available in electronic format at one of the following locations chosen at the sole discretion of the producing party: (1) the offices of the producing party's outside counsel; (2) a single site located within any judicial district in which the Source Code is stored in the ordinary course of business; or (3)

7

a location mutually agreed upon by the receiving and producing parties. Source Code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked area ("Source Code Computer"). Use or possession of any input/output device (e.g., USB memory stick, phones, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited while accessing the Source Code Computer. All persons entering the locked room containing the Source Code Computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The Source Code Computer will be made available for inspection during regular business hours but in any event from at least 9 AM to 6 PM on non-holiday weekdays, upon reasonable notice to the producing party, which shall not be less than three (3) business days in advance of the requested inspection. The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. The producing party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log upon five (5) business days' notice. The log may not be used for any purpose other than to ensure compliance with this Order.

b.      The receiving party's outside counsel and/or experts may request that commercially available licensed software tools (including open source tools) for viewing, searching, and analyzing Source Code be installed on the Source Code Computer. The producing party shall install such tools, at the receiving party's expense, prior to any subsequent inspection by the receiving party. At least the following commercially available tools shall be acceptable under this provision:

8

UE Studio, Notepad++, Cygwin, MS Visual Studio Suite, Understand, Eclipse, Slick Edit 2013, PowerGREP, Cygnus Hex Editor, Altera, Microsoft Office 2007 or newer, Adobe Acrobat, Nuance PDF Create 8, 7-zip, and Source-Navigator. The receiving party must provide the producing party with copies of such software tool(s) at least two (2) business days in advance of the inspection at no expense to the producing party. Alternatively, the receiving party may provide links from which the producing party may download the licensed software tool(s) without paying a fee at least two (2) business days in advance of the inspection.

c.      The receiving party's outside counsel and/or expert shall be entitled to take handwritten notes relating to the Source Code but may not copy any portion of the Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

d.      No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except that the receiving party may request a reasonable number of pages of Source Code to be printed by the producing party, but only if and to the extent necessary for use in this action. Requests for less than one hundred (100) consecutive pages, and an aggregate total of less than five hundred (500) pages of Source Code, during the duration of the case, without prior written approval by the producing party shall be presumptively reasonable. Within five (5) business days of such a request, the producing party shall provide the requested printed material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED

CONFIDENTIAL - SOURCE CODE" unless objected to as set forth below. The printed pages shall constitute part of the Source Code produced by the producing party. At the inspecting party's request, up to three (3) additional sets (or subsets) of printed Source Code may be requested and shall be provided by the producing party in a timely fashion and within five (5) business days of such request.

e.       If the producing party objects that the requested printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days of the request. If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the parties may seek a Court resolution of whether the requested printed portions in question are reasonably necessary to any case preparation activity. In the event that the quantity of requested printed portions is "presumptively reasonable" under Paragraph 10.d, above, the producing party shall have the burden to move the Court and show that the request is unreasonable. If the producing party objects to the requested printing of presumptively reasonable portions, the parties shall meet and confer within five (5) business days. In the event that the parties are unable to resolve the dispute through good-faith negotiations, the producing party may move the Court to prevent such printing within seven (7) business days. The filing of such a motion shall toll the obligation to produce the requested printed portions and such contested Source Code printouts need not be produced to the requesting party until the matter is resolved by the Court.

f.       Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL - SOURCE CODE," may not be copied,

digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as set forth below.

g.    Any paper copies designated "RESTRICTED CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in secure location under the control of counsel responsible for maintaining the security and confidentiality of the designated materials or outside experts or consultants who have been approved to access Source Code, as the case may be. Outside experts or consultants in possession of Source Code outside of outside counsel's offices must store the Source Code in a secure location inaccessible to others.

h.    A list of names of persons who will view the Source Code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.

i.    Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room containing the Source Code Computer that may contain work product and/or attorney-client privileged information. The producing party shall not be responsible for any items left in the room following each inspection session.

j.    The receiving party will not copy, remove, or otherwise transfer any portion

of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment. The receiving party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection. For clarity, notes taken as provided in Paragraph 10.c above may be removed from the location of the Source Code inspection.

k.      Material produced and marked as RESTRICTED CONFIDENTIAL - SOURCE CODE may be disclosed only to the following individuals under the following conditions:

i.      Outside counsel (herein defined as any attorney at the parties' outside law firms retained in connection with this action) and its employees/staff responsible for supporting or assisting outside counsel in connection with this action);

ii.     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A, and subject to the requirements in Paragraph 6;

iii.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

iv.     The Court and court personnel;

v.      Any deponent may be shown or examined on any information, document or thing designated RESTRICTED CONFIDENTIAL - SOURCE CODE if it appears that the witness authored or received a copy of it, or if the producing party consents to such disclosure; and

vi. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants and mock jurors, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

l. The receiving party's outside counsel shall maintain a log of all copies of the Source Code (received from a producing party) that are delivered by the receiving party to any qualified person under Paragraph 10.k above. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code.

m. Without consent from the producing party, the receiving party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).

n. To the extent portions of Source Code are quoted in a document, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE.

o.     All copies of any portion of the Source Code in whatever form shall be securely destroyed immediately after the conclusion of this action.

11.     Absent written consent of the producing party, any person reviewing Confidential or Attorneys' Eyes Only material containing technical information of a current or future product or service of any party shall not for a period commencing upon receipt of such information and ending one (1) year following the final conclusion of the above-captioned action (including any time to appeal and resolution of any appeal) engage in any Prosecution Activity (as defined below) substantially related to the subject matter of the alleged trade secrets asserted in this action. "Prosecution Activity" shall mean any activity related to competitive business decisions involving the preparation or prosecution (for any person or entity) of patent applications substantially related to the subject matter of the alleged trade secrets asserted in this action, or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling or drafting of claims for any patent application, reexamination, *inter partes* review, reissue patent application, or any other post-grant proceeding at any patent office. Prosecution Activity does not include (1) activities by parties' counsel or their clients and affiliates in challenging the validity of a patent in reexaminations, *inter partes* reviews, or other post-grant challenges to patents, or (2) activities by any person subject to this provision for purposes of performing administrative tasks for pending patent application on which the person is an inventor and which were filed before January 1, 2018. Administrative tasks in this context do not include directly or indirectly (*e.g.*, by advising) drafting or revising patent applications, responses to office actions, amendments, examiner interviews or any invention disclosures used in a patent application that are substantially related to the subject matter of the alleged trade secrets asserted in this action. Administrative tasks are only meant to include submitting prior art to the patent office, or signing of assignments, declarations, power of attorneys, terminal disclaimers and other documents not affecting the scope

of the disclosure or the claims. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in these actions from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in these actions with his or her client.

12. If counsel for a party receiving documents or information designated as Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL - SOURCE CODE hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL - SOURCE CODE. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL - SOURCE CODE designation of a document or item of

information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

2.    The parties hereby agree to limit the scope of discovery with respect to any expert.

a.    No testifying expert shall be subject to discovery with respect to any draft or non-final version of his or her report(s) in this case.  Draft reports, notes, comments, communications, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.  Drafts and/or non-final versions of summaries, charts, illustrative documents, exhibits, declarations, affidavits, models, computer programs, calculations, computations, data runs, or other documents or materials prepared by a testifying expert and/or persons working under the testifying expert's supervision, or at the testifying expert's firm, in connection with or related to the testifying expert's report or the opinions to which s/he will testify are also exempt from discovery.

b.    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other information actually relied upon by the testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion presented in this case.  No discovery can be taken from any non-testifying or consulting expert.

c.    No conversations or communications between parties and/or counsel and any testifying expert (or any persons working under his or her supervision) will be

subject to discovery unless the conversations or communications identify facts or data provided by counsel and are actually relied upon by such expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion presented in this case.

13.     All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

14.     If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL - SOURCE CODE information, it may do so only after giving notice to the producing party and as directed by the Court.

15.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL – SOURCE CODE material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL – SOURCE CODE within a reasonable time after the discovery that such disclosure has occurred. Such notice shall constitute a designation of the information, document or thing as Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL – SOURCE CODE under this Discovery Confidentiality Order. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege, work-product protection, or any other protection from disclosure

17

is discovered by the producing party and brought to the attention of the receiving party, the receiving party shall make no further use or review of the material and its treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity and shall not be used as a basis for asserting that waiver has occurred. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

16.    The production of any information, document, or thing protected by privilege, work-product protection, or any other protection from disclosure, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other proceeding. This Discovery Confidentiality Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

17.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Discovery Confidentiality Order.

18.    This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

19.    If, at any time, any Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL - SOURCE CODE information is subpoenaed or requested by any court,

administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the party to whom the subpoena or request is directed shall, to the extent permitted by law, promptly give written notice to the producing party and include with that notice a copy of the subpoena or request. To the extent permitted by law, the party to whom the subpoena or request is directed also shall not produce documents for at least ten (10) days after notice of the subpoena is provided to the producing party in order to provide the producing party a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL - SOURCE CODE information. If the party to whom the subpoena or request is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten (10) days, the party to whom the subpoena or request is directed shall, to the extent permitted by law, notify the producing party of this fact. In no event shall such Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL - SOURCE CODE information be produced by a party receiving a subpoena or request without providing the producing party an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. In the event that Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL - SOURCE CODE information is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such information.

20.     This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

21.     Within 30 days of the final conclusion of this litigation, including the resolution of any appeals or time to appeal, each party or other individual subject to the terms hereof shall be

under an obligation (a) to either return to the originating source or destroy all originals and unmarked copies of documents and things containing Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL – SOURCE CODE material, and (b) destroy, should the originating source so request, all copies of Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL – SOURCE CODE material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL – SOURCE CODE material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL – SOURCE CODE material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, or time to appeal, the party shall file a motion seeking such relief.

22.     The designation of documents, testimony or other information as Confidential, Attorneys' Eyes Only or RESTRICTED CONFIDENTIAL - SOURCE CODE in accordance with this Discovery Confidentiality Order is intended solely to facilitate the preparation and trial of this action. A failure to so designate any document, testimony or other information shall not constitute a waiver of any party's claims either within or outside this lawsuit that any such documents or other information contain trade secrets, proprietary information or otherwise confidential information.

IT IS SO ORDERED.
Dated: 9/22/19

The Honorable Leda Dunn Wettre
U.S.M.J.

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

CommScope, Inc.,

        Plaintiff,

v.

Rosenberger Technology (Kunshan) Co. Ltd.,
Rosenberger Asia Pacific Electronic Co., Ltd.,
Rosenberger Technology LLC, Rosenberger
USA Corp., Rosenberger North America
Pennsauken, Inc., Rosenberger Site Solutions,
LLC, Rosenberger Hochfrequenztechnik
GmbH & Co. KG, Janet Javier, and Robert
Cameron;

        Defendants.

Civil Action No. 19-cv-15962-MCA-LDW

**AGREEMENT TO BE BOUND BY
DISCOVERY CONFIDENTIALITY
ORDER**

---

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case entered by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential, Attorneys' Eyes Only and RESTRICTED CONFIDENTIAL - SOURCE CODE material and any words, summaries, abstracts, or indices thereof disclosed to me.

    6.    I will limit use of Confidential, Attorneys' Eyes Only and RESTRICTED CONFIDENTIAL - SOURCE CODE material disclosed to me solely for purpose of this action. For avoidance of doubt, I shall not use Confidential or Attorneys' Eyes Only information to solicit for employment, interfere with the employment relationship of an employee of another party or hire as an employee, independent contractor, or otherwise, any employee of another party.

    7.    No later than 30 days following the final resolution of the case, I will return all Confidential, Attorneys' Eyes Only and RESTRICTED CONFIDENTIAL - SOURCE CODE material and summaries, abstracts, and indices thereof which come into my possession, and

documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

     I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____

                                      [Name]