FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Randall E. Kahnke**
*Partner*

randall.kahnke@FaegreBD.com
Direct +1 612 766 7658

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Main +1 612 766 7000
Fax +1 612 766 1600

November 13, 2019

**VIA E-MAIL**

Hon. Leda Dunn Wettre
United States Magistrate Judge
District Court for the District of New Jersey
Martin Luther King Building
50 Walnut Street
Newark, NJ  07101

Re:   CommScope, Inc. v. Rosenberger Technology (Kunshan) Co. Ltd, et al., No. 19-cv-15962-MCA-LDW – Procedure for Submission of Joint Discovery Dispute Statements

Dear Judge Wettre:

      This letter is submitted on behalf of Plaintiff CommScope, Inc. ("CommScope") and Defendants Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and Rosenberger Hochfrequenztechnik GmbH & Co. KG (collectively "Rosenberger" and together with CommScope, the "Parties").

      Pursuant to the Court's guidance, the Parties have submitted two joint discovery dispute statements to the Court[1] and anticipate submitting additional discovery dispute statements during expedited discovery. The Parties disagree on the proper way to assemble and submit these statements to the Court. CommScope and Rosenberger have each presented their proposals below. The Parties respectfully request the Court's guidance on this issue.

---

[1] The first statement was submitted to the Court via email on September 19, 2019 and the second is Dkt. No. 47.

1. **CommScope's Position**

For the first two discovery dispute statements, the Parties exchanged their respective portions of the statements simultaneously. The moving party—in those two instances, CommScope—then combined those statements into one document and filed it without changes. This submission process led to dispute statements that were, at least partially, ships passing in the night. Because the Parties exchanged statements simultaneously, neither Party had the opportunity to directly respond to the other's arguments and case law. This process is not conducive to statements that cleanly and directly frame the issues, as the Court has requested.

CommScope therefore suggested to Rosenberger that the Parties agree to a standard briefing process for all future expedited discovery disputes. CommScope suggested the following sequence: (1) the moving party sends an opening statement, (2) the opposing party then sends a response, and (3) the moving party then sends a reply. The moving party would then combine these statements into a single document and file it.

Rosenberger responded that it would agree to a process with an opening statement followed by an opposition but would not agree to a reply. CommScope respectfully suggests that a reply statement will lead to a significantly more efficient presentation of issues to the Court because the moving party will have the opportunity to specifically address—before oral argument—the precise arguments made by the non-moving party. CommScope therefore respectfully requests that the Court instruct the Parties to follow the familiar opening-opposition-reply briefing process in assembling joint discovery dispute statements.

CommScope thanks the Court for its attention to this matter. CommScope apologizes for burdening the Court with this procedural dispute, but because the Parties anticipate submitting additional discovery dispute statements during expedited discovery, CommScope thought it important to seek the Court's guidance on the best way to present issues for the Court's resolution during expedited discovery.

2. **Rosenberger's Position**

At the September 12 hearing, this Court indicated that for discovery disputes it wanted to "see a joint letter…[with] plaintiff's position, defendants' position right there so I am not flipping back and forth between letters, between pages and so forth." Hr'g Tr., at 43, Sept. 12, 2019.  The parties understood that guidance to mean that the parties should exchange their position statements simultaneously and that each party's statement would be put into the joint letter.  Rosenberger agrees with this process and does not believe it needs to be changed to sequential service of the parties' positions.

-3-                                                                                       November 13, 2019

In the spirit of compromise, however, Rosenberger has informed CommScope it would agree to sequential service of (1) an opening statement by the moving party followed by (2) a responsive statement by the opposing party. The parties' statements would be combined into a single letter and filed with the Court.

Rosenberger disagrees with CommScope that the moving party should be able to serve two separate statements in the form of an opening paper and a reply paper for discovery disputes. This would only delay resolution of disputes, unnecessarily complicate discovery disputes, and give the moving party an unwarranted additional opportunity to raise arguments. Indeed, the standard practice in this District, as articulated in Local Rule 37.1(b) governing discovery motions, expressly prohibits reply papers in discovery disputes: "L.Civ.R.7.1 shall apply to discovery motions, *except that no reply papers shall be allowed* except with the permission of the Magistrate Judge." L. Civ. R. 37.1(b)(3) (emphasis added).

Therefore, Rosenberger submits that the discovery dispute process should remain as is with simultaneous exchange of position statements, or, in the alternative, be sequential service of an opening statement followed by an opposition statement; without a reply paper.

Very truly yours,


*/S/ Randall E. Kahnke*



Cc:     Counsel of Record