# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMSCOPE, INC., <br><br> Plaintiff, <br> v. <br><br> ROSENBERGER TECHNOLOGY KUNSHAN CO. LTD., *et al.*, <br><br> Defendants. | Civil Action No. <br><br> 19-15962 (MCA) (LDW) <br><br> **PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 5, 2021, and for good cause shown:

**IT IS, on this 8th day of January 2021,**

**ORDERED THAT:**

## I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures have already been exchanged.

## II. DISCOVERY

2. Fact discovery is to remain open through **August 31, 2021**. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties shall propound their initial written discovery demands on or before **January 19, 2021**. They shall meet and confer in good faith as to objections to the scope and number of those demands before addressing those issues to the Court.

4. Written discovery shall proceed as to the individual defendants Janet Javier and Robert Cameron, without prejudice to their right to seek leave to file a motion for summary judgment before the close of fact discovery. On or before **March 25, 2021**, the individual defendants shall file a pre-motion leave letter if they seek to move for summary judgment at that juncture. Any party opposing the individual defendants' application for leave to file a motion for summary judgment shall file a letter on or before **March 29, 2021**. If a party opposes on the basis that a dispositive motion would be premature without further discovery, it shall set forth in brief what further discovery in its view is necessary to complete prior to dispositive motion practice. The individual defendants shall respond to document requests that have already been propounded by **January 28, 2021**. CommScope shall propound any additional interrogatories upon the individual defendants by **February 12, 2021**.

5. Written discovery shall proceed as to defendant CellMax Technologies AB, without prejudice to its request to stay further discovery pending the outcome of its Motion To Dismiss (ECF No 295) that is *sub judice* before the Court. CellMax shall file a status letter on or before **March 25, 2021** setting forth its position on participating in further discovery if its Motion To Dismiss remains pending. CellMax shall respond to document requests that have already been propounded by **January 28, 2021**. CommScope shall propound any additional interrogatories with respect to CellMax by **February 12, 2021**.

6. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **August 31, 2021**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. As the parties do not intend to take depositions until written discovery has been completed, the Court shall take up the parties' differences as to the number of depositions that shall be permitted at the **April 1, 2021** status conference.

7. CommScope's request to take an immediate Fed. R. Civ. P. 30(b)(6) deposition of Rosenberger is denied without prejudice to renewal at an appropriate juncture, as the Court does not discern a need for the deposition at present; the requested deposition appears to relate to the preliminary injunction motion that has been fully briefed and argued, which is *sub judice* before the Court, and CommScope had ample opportunity to take discovery relating to the preliminary injunction before it was filed.

8. Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Any dispute not resolved shall be brought to the Court's attention by letter or telephone conference after counsel's good faith attempt to resolve the dispute has failed. Counsel shall advise the Court of the specific efforts that were made to resolve the dispute before contacting the Court. **No formal discovery motion shall be made without prior leave of Court.**

### III.  DISCOVERY CONFIDENTIALITY ORDERS

9. Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. See also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). Counsel are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules.

### IV.  FUTURE CONFERENCES

10. There shall be a telephonic status conference before the undersigned on **February 5, 2021 at 1:00 p.m.** for the purpose of discussing any unresolved disputes related to custodians and search terms. At the allotted time, counsel shall dial (888) 684-8852, access code 8948139.

Plaintiff and the Rosenberger defendants shall submit a joint letter with disputes, if any, related to custodians and search terms no later than **February 2, 2021**.

11. There shall also be a telephonic status conference before the undersigned on **April 1, 2021 at 2:00 p.m.**  At the allotted time, counsel shall dial (888) 684-8852, access code 8948139.  Plaintiff and the Rosenberger defendants shall submit a joint letter containing their discovery disputes, including any dispute with respect to the number of depositions that should be permitted, no later than **March 19, 2021** if they seek for the Court to rule on their disputes at the April 1, 2021 conference.  If no such letter is necessary because there are no disputes necessitating a joint letter, plaintiff and the Rosenberger defendants shall file concise status letters no later than three business days in advance of the conference.

12. The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party.

13. Counsel should be prepared to discuss settlement at every conference with the Court.  The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must attend unless excused by the Court.

14. Since all dates set forth herein are established with the input and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

15. A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

## V.  MOTIONS

16. **No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed. R. Civ. P. 12.**  These prerequisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules.

17. Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **April 15, 2021**.  Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment.  Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

18. All dispositive motions must first be subject to a dispositive motion pre-hearing.  Discovery generally must be completed prior to the filing of a dispositive motion.

## VI. EXPERTS

19. All affirmative expert reports shall be delivered by **a time and date to be assigned**. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

20. All responding expert reports shall be delivered by **a time and date to be assigned**. Any such report shall comport with the form and content requirements referenced above.

21. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

22. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **a time and date to be assigned**.

## VII. FINAL PRETRIAL CONFERENCE

23. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) **at a time and date to be assigned.**

24. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

25. The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **three full business days** before the final pretrial conference. All parties are responsible for the timely submission of the Final Pretrial Order.

26. **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

        *s/ Leda Dunn Wettre*
        Hon. Leda Dunn Wettre
        United States Magistrate Judge

Original: Clerk of the Court
cc: Hon. Madeline Cox Arleo, U.S.D.J.
     All Parties