# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

February 2, 2021

To:   All counsel of record

## LETTER OPINION AND ORDER

Re:   *CommScope, Inc. v. Rosenberger Technology (Kunshan) Co., Ltd. et al.*, 19-cv-15962 (MCA)(LDW)

Dear Counsel:

Before the Court is the motion of plaintiff CommScope, Inc. ("CommScope") to have all filings associated with 88 docket entries (which comprise well over 300 documents) removed from the electronic CM/ECF docket on the grounds that they purportedly constitute Highly Sensitive Documents ("HSD") under the Court's recently adopted Standing Order 2021-01 (the "Standing Order"). (ECF Nos. 375, 376). The other parties to this action take no position on the motion. (ECF No. 376 at 6).

This is an intellectual property action in which CommScope contends that defendants misappropriated its alleged trade secrets concerning base station antenna hardware and software. Due to the commercially sensitive nature of the technology at issue, many of the parties' filings have been sealed pursuant to Local Civil Rule 5.3, which incorporates by reference Third Circuit law governing limited exceptions to the common law right of access to judicial filings. *See Pansy v. Borough of Stroudsberg*, 23 F.3d 772 (3d Cir. 1994).

CommScope now moves to remove scores of documents from CM/ECF, including the Complaint in this case and transcripts of the Court's hearings, and to have the Clerk store these documents in paper form or on a standalone computer system under the Standing Order. CommScope contends that the documents at issue implicate national security and therefore qualify as HSDs under the Standing Order.[1] For the reasons set forth below, the motion is **DENIED**.

Adoption of the Standing Order was precipitated by a January 6, 2021 directive from the Judicial Conference of the United States that all federal courts implement procedures to safeguard highly sensitive materials in response to recent cyberintrusion of an undisclosed extent into government computer systems. It was left to each court to define what information would be

---

[1] Because the motion was filed under seal, the Court will not reiterate CommScope's specific arguments in this public filing.

subject to the new procedures.  Subsequently, the District of New Jersey adopted the Standing Order to address the handling, filing, service and management of HSDs.  In doing so, the Court, together with the other District Courts in the Third Circuit, adopted a very narrow definition of what constitutes a HSD.  This Court defined it as "documents that contain highly sensitive information a) that is likely to be of interest to the intelligence service of a hostile foreign government and whose use or disclosure by such a government would likely cause significant harm or b) whose disclosure could jeopardize the safety of specific individuals," and enumerated a narrow class of documents related to 18 U.S.C. § 2518 applications that would presumptively qualify for HSD protection.  *See* Standing Order § 1; *accord* District of Delaware, Standing Order January 29, 2021 ("sensitive or confidential information that is likely to be of interest to the intelligence service of a hostile foreign government or other actor intent on causing damage to this nation, and whose use or disclosure would likely cause significant harm" and "documents whose disclosure could jeopardize the safety of specific individuals"); Eastern District of Pennsylvania, Standing Order January 22, 2021 ("refers only to sensitive or confidential information that is likely to be of interest to a foreign power or agent of a foreign power and whose use or disclosure by such a foreign actor would cause significant harm"); Western District of Pennsylvania, Standing Order 21-50 ("generally refers to sensitive or confidential information that is likely to be of interest to the intelligence service of a hostile foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm" and "documents whose disclosure could jeopardize the safety of specific individuals"); Middle District of Pennsylvania, Standing Order 2021-2 (enumerating certain types of documents, including "documents or cases involving national security," deemed HSD) .

This Court and other District Courts in this Circuit emphasized that filings in civil cases are presumptively "not HSD" and that civil case filings will rarely, if ever, qualify as HSD.  *See* Standing Order § 1(c) (presuming "sealed filings in most civil cases" not to be HSD and providing that very few documents other than those enumerated will contain highly sensitive information); *accord* District of Delaware, Standing Order January 29, 2021 (presuming "most sealed filings in civil cases, including the overwhelming majority (if not all) sealed documents filed in intellectual property" cases not to be HSD); Eastern District of Pennsylvania, Standing Order January 22, 2021 ("most sealed filings in civil cases do **not** constitute HSDs") (bold in original); Western District of Pennsylvania, Standing Order 21-50 (presuming "most sealed filings in most civil cases" not to be HSD); Middle District of Pennsylvania, Standing Order 2021-2 (stating "sealed and restricted filings in certain civil cases" unlikely to be HSD).

In view of the narrow definition of HSD in the Standing Order, the documents at issue in CommScope's motion do not qualify as HSD.  Indeed, nearly every filing in this matter that has been subject to sealing under Local Civil Rule 5.3 – well over three hundred documents in total – CommScope now seeks to designate as HSD.  While CommScope argues that the documents have a relationship to national security, the relationship described in its motion is far too attenuated to demonstrate, as required, that the information at issue is "likely to be of interest to the intelligence service of a hostile foreign government and whose use or disclosure by such a government would likely cause significant harm."  Standing Order § 1.

The Court notes in this regard that in none of the many motions to seal did CommScope seek to justify sealing on the basis of the national security sensitivity of the documents. Rather, the motions to seal were based primarily on the purported competitive detriment that the parties would suffer if the information were to be filed publicly. *See, e.g.* Cardwell Decl. ¶ 2, ECF No. 66-3 (asserting disclosure "could cause clear injury to CommScope because it would allow competitors to gain an unfair advantage by disclosing proprietary information concerning CommScope's antennas"); Cardwell Decl. ¶ 2, ECF No. 109-3 (asserting disclosure would "possibly harm CommScope's competitive standing in the base station antenna marketplace and its customers"); Firouzbakht Decl. ¶ 4, ECF No. 208-1 (asserting disclosure "would expose to competitors CommScope's confidential processes for securing its trade-secret information, thus undermining the value of those strategies").

The Court is not insensitive to parties' legitimate concerns for maintaining the security of their confidential information, but the Standing Order is intended to address a very specific, severe and narrow threat. It is not intended to work a wholesale change of our CM/ECF sealing procedures, which have served as a vehicle for more than a decade of placing legions of confidential information under seal on the electronic docket. To interpret HSD as broadly as CommScope urges would be to impose a massive burden on this exceedingly busy District that is a premier venue for patent and other intellectual property cases. Accordingly, the Court presumptively considers civil filings not to contain HSD, and exceptions to this general rule will be extremely rare. CommScope's filings are not within this rare category.

The Court urges litigants to take seriously the Standing Order's presumption that civil filings rarely qualify as HSDs. Litigants' legitimate concerns for the security of their confidential information may be addressed in other ways. In accordance with the notion that an ounce of prevention is worth a pound of cure, parties should be judicious about the quantity of materials they file under seal. Often when a page of materials would suffice to make a party's point, hundreds of superfluous pages are filed together with the single relevant page. The Court has long discouraged such over-filing. Litigants would be well served, and the Court would be grateful, if they were more discriminating about the information they elect to file under seal on CM/ECF. This, in turn, would reduce the confidential information available to malicious actors.

For the reasons set forth above, the motion is DENIED on the grounds that the documents at issue do not constitute HSDs.

    *s/ Leda Dunn Wettre*
    Hon. Leda Dunn Wettre
    United States Magistrate Judge

Orig: Clerk
cc: Hon. Madeline C. Arleo, U.S.D.J.