**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CommScope, Inc.,<br><br>                              Plaintiff,<br><br><br>                    v.<br><br>Rosenberger Technology (Kunshan) Co. Ltd.;<br>Rosenberger Asia Pacific Electronic Co., Ltd.;<br>Rosenberger Technology LLC; Rosenberger USA<br>Corp., Rosenberger North America Pennsauken,<br>Inc.; Rosenberger Site Solutions, LLC; Rosenberger<br>Hochfrequenztechnik GmbH & Co. KG; Northwest<br>Instrument, Inc.; CellMax Technologies AB; Janet<br>Javier; and Robert Cameron,<br><br>                              Defendants. | Case No. 2:19-cv-15962-<br>MCA-LDW<br><br><br><br><br><br><br><br>**ANSWER**<br>**TO SECOND AMENDED**<br>**COMPLAINT** |

**PLEASE TAKE NOTICE** that the undersigned counsel, duly admitted to

practice in this Court, hereby appears in the above-captioned action for Defendant

CellMax Technologies AB.

## INTRODUCTION

1.      CellMax denies the allegations contained in paragraph 1 of the Second

Amended Complaint.

2.      CellMax denies the allegations contained in paragraph 2 of the Second

Amended Complaint, except denies knowledge or information sufficient to form a

belief as to whether other "Rosenberger Defendants" compete with CommScope or as to all "Rosenberger Defendants'" combined revenue.

3.     CellMax denies the allegations contained in paragraph 3 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other "Rosenberger Defendants."

4.     CellMax denies the allegations contained in paragraph 4 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other "Rosenberger Defendants."

5.     CellMax denies the allegations contained in paragraph 5 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other "Rosenberger Defendants."

6.     CellMax denies the allegations contained in paragraph 6 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other "Rosenberger Defendants."

7.     CellMax denies the allegations contained in paragraph 7 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other "Rosenberger Defendants."

8.     CellMax denies the allegations contained in paragraph 8 of the Second Amended Complaint and refers to the Second Amended Complaint for its contents.

**THE PARTIES**

9.      CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Second Amended Complaint.

10.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Second Amended Complaint.

11.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Second Amended Complaint.

12.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Second Amended Complaint.

13.     CellMax denies the allegations contained in paragraph 13 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other "Rosenberger Defendants."

14.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Second Amended Complaint.

15.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Second Amended Complaint.

16.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Second Amended Complaint.

17.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Second Amended Complaint.

18.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Second Amended Complaint.

19.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Second Amended Complaint.

20.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Second Amended Complaint.

21.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Second Amended Complaint.

22.     CellMax denies the allegations contained in paragraph 22 of the Second Amended Complaint, except admit that CellMax is an entity organized under the laws of Sweden, has its principal place of business at Gullfossgatan 1A & 1B, 164 40 Kista, Stockholm County, Sweden, is a subsidiary of Rosenberger Germany, is engaged in antenna design and development, and had limited involvement with Rosenberger Site Solutions, LLC's sale of Rosenberger Base Station Antennas to T-Mobile, which was limited to receiving purchase orders from T-Mobile for the Rosenberger Base Station Antennas, transmitting the purchase orders to Defendant Rosenberger Site Solutions, LLC, invoicing T-Mobile, collecting payments, and forwarding the payments to Defendant Rosenberger Site Solutions, LLC (collectively, "Invoicing Activities").

23.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Second Amended Complaint.

24.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Second Amended Complaint.

## SUBJECT MATTER JURISDICTION

25.     Paragraph 25 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  To the extent a response is required, CellMax denies the allegations contained in paragraph 25 of the Second Amended Complaint and refers to the Second Amended Complaint for its contents.

26.     Paragraph 26 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  To the extent a response is required, CellMax does not contest this Court's subject matter jurisdiction at this time, but reserves the right to do so should it determine that this Court lacks subject matter jurisdiction.

## PERSONAL JURISDICTION

27.     Paragraph 27 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Second Amended Complaint.

28.     Paragraph 28 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Second Amended Complaint.

29.     Paragraph 29 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Second Amended Complaint.

30.     Paragraph 30 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  CellMax denies the allegations contained in paragraph 30 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other "Rosenberger Defendants," and states that it does not contest this Court's personal jurisdiction over CellMax in this case.

31.     Paragraph 31 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Second Amended Complaint.

32.     CellMax denies the allegations contained in paragraph 32 of the Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other "Rosenberger Defendants," refers to the relevant documents for their contents, and admits that it had limited involvement with Rosenberger Site Solutions, LLC's sale of Rosenberger Base Station Antennas to T-Mobile, which was limited to receiving purchase orders from T-Mobile for the Rosenberger Base Station Antennas, transmitting the purchase orders to Defendant Rosenberger Site Solutions, LLC, invoicing T-Mobile, collecting payments, and forwarding the payments to Defendant Rosenberger Site Solutions, LLC (collectively, "Invoicing Activities").

33.     Paragraph 33 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Second Amended Complaint.

34.     Paragraph 34 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Second Amended Complaint.

35.     Paragraph 35 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Second Amended Complaint.

36.     CellMax denies the allegations contained in paragraph 36 of the Second Amended Complaint, except admits that it had limited involvement with Rosenberger Site Solutions, LLC's sale of Rosenberger Base Station Antennas to T-Mobile, which was limited to receiving purchase orders from T-Mobile for the Rosenberger Base Station Antennas, transmitting the purchase orders to Defendant Rosenberger Site Solutions, LLC, invoicing T-Mobile, collecting payments, and forwarding the payments to Defendant Rosenberger Site Solutions, LLC (collectively, "Invoicing Activities") and does not contest personal jurisdiction.

## VENUE

37.     Paragraph 37 of the Second Amended Complaint is premised on a legal conclusion to which no response is required.  To the extent a response is required, CellMax does not contest venue in the District of New Jersey.

## FACTUAL BACKGROUND

### I.     CommScope is a Global Leader in the Wireless Infrastructure Industry

38.     CellMax denies the allegations contained in paragraph 38 of the Complaint.

39.     CellMax denies the allegations contained in paragraph 39 of the Complaint, except admits that BSAs sometimes can be complicated and valuable equipment and are sometimes attached to cellular towers or on rooftops.

40.     CellMax denies the allegations contained in paragraph 40 of the Complaint, except admits that BSAs sometimes use radio frequencies to exchange signals with mobile devices like cellphones and can receive and transmit radio signals at great distance with minimal interference.

### *CommScope's Trade Secret Software*

41.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Second Amended Complaint.

42.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Second Amended Complaint.

43.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Second Amended Complaint.

44.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Second Amended Complaint.

45.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Second Amended Complaint.

46.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Second Amended Complaint.

**II.   CommScope Invested Substantial Time, Effort, and Money to Develop Its BSA Trade Secrets, And Has Taken Reasonable Steps to Protect Them**

47.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Second Amended Complaint.

48.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Second Amended Complaint.

49.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Second Amended Complaint.

## III.   CommScope Invested Substantial Time, Effort, and Money to Develop Its BSA Trade Secrets, And Has Taken Reasonable Steps to Protect Them

### *Rosenberger Targets CommScope's Employees for Trade Secret Information*

50.     CellMax denies the allegations contained in paragraph 50 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

51.     CellMax denies the allegations contained in paragraph 51 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

52.     CellMax denies the allegations contained in paragraph 52 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

53.     CellMax denies the allegations contained in paragraph 53 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

54.     CellMax denies the allegations contained in paragraph 54 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

55.     CellMax denies the allegations contained in paragraph 55 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

56.     CellMax denies the allegations contained in paragraph 56 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

57.     CellMax denies the allegations contained in paragraph 57 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants, and refers to the relevant documents for their contents.

### *Rosenberger's Misappropriation of CommScope's Trade Secret Software*

58.     CellMax denies the allegations contained in paragraph 58 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

59.     CellMax denies the allegations contained in paragraph 59 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

60.     CellMax denies the allegations contained in paragraph 60 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

61.     CellMax denies the allegations contained in paragraph 61 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

62.     CellMax denies the allegations contained in paragraph 62 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

63.     CellMax denies the allegations contained in paragraph 63 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

64.     CellMax denies the allegations contained in paragraph 64 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

65.     CellMax denies the allegations contained in paragraph 65 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

66.     CellMax denies the allegations contained in paragraph 66 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

67.     CellMax denies the allegations contained in paragraph 67 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

68.     CellMax denies the allegations contained in paragraph 68 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

69.     CellMax denies the allegations contained in paragraph 69 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

70.     CellMax denies the allegations contained in paragraph 70 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

71.     CellMax denies the allegations contained in paragraph 71 of the

Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants.

72.     CellMax denies the allegations contained in paragraph 72 of the

Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants.

73.     CellMax denies the allegations contained in paragraph 73 of the

Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants.

74.     CellMax denies the allegations contained in paragraph 74 of the

Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants.

75.     CellMax denies the allegations contained in paragraph 75 of the

Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants, and admits that it had limited

involvement with Rosenberger Site Solutions, LLC's sale of Rosenberger Base

Station Antennas to T-Mobile, which was limited to receiving purchase orders

from T-Mobile for the Rosenberger Base Station Antennas, transmitting the

purchase orders to Defendant Rosenberger Site Solutions, LLC, invoicing T-

Mobile, collecting payments, and forwarding the payments to Defendant

Rosenberger Site Solutions, LLC (collectively, "Invoicing Activities").

76.    CellMax denies the allegations contained in paragraph 76 of the

Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants.

77.    CellMax denies the allegations contained in paragraph 77 of the

Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants.

78.    CellMax denies the allegations contained in paragraph 78 of the

Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants and refers to Exhibit 21 for its

contents.

79.    CellMax denies knowledge or information sufficient to form a belief

as to the allegations contained in paragraph 79 of the Complaint.

80.    CellMax denies knowledge or information sufficient to form a belief

as to the allegations contained in paragraph 80 of the Complaint.

81.    CellMax denies knowledge or information sufficient to form a belief

as to the allegations contained in paragraph 81 of the Complaint.

82.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82 of the Complaint and refers to Exhibit 22 for its contents.

83.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 83 of the Complaint.

84.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the Complaint.

85.     CellMax denies the allegations contained in paragraph 85 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

86.     CellMax denies the allegations contained in paragraph 86 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants and refers to Exhibit 23 for its contents.

87.     CellMax denies the allegations contained in paragraph 87 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

88.     CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 88 of the Complaint.

89.     CellMax denies the allegations contained in paragraph 89 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

90.     CellMax denies the allegations contained in paragraph 90 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

91.     CellMax denies the allegations contained in paragraph 91 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendant or CommScope and refers to Exhibits 24 and 25 for their contents.

92.     CellMax denies the allegations contained in paragraph 92 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

93.     CellMax denies the allegations contained in paragraph 93 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants, and refers to the relevant documents for their contents.

94.     CellMax denies the allegations contained in paragraph 94 of the Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants, and refers to the relevant documents for their contents.

95.     CellMax denies the allegations contained in paragraph 95 of the Second Amended Complaint as to its own actions and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 91 of the Complaint.

96.     CellMax denies the allegations contained in paragraph 96 of the Second Amended Complaint as to its own actions and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 92 of the Complaint.

97.     CellMax denies the allegations contained in paragraph 97 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants, and refers to the relevant documents for their contents.

98.     CellMax denies the allegations contained in paragraph 98 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

99.     CellMax denies the allegations contained in paragraph 99 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

100.    CellMax denies the allegations contained in paragraph 100 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

101.    CellMax denies the allegations contained in paragraph 101 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

102.    CellMax denies the allegations contained in paragraph 102 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

***Rosenberger Misappropriation of CommScope's Trade Secret Hardware***

103.    CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 103 of the Second Amended Complaint.

104.    CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 104 of the Second Amended Complaint.

105.    CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 105 of the Second Amended Complaint.

106.   CellMax denies the allegations contained in paragraph 106 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

107.   CellMax denies the allegations contained in paragraph 107 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

108.   CellMax denies the allegations contained in paragraph 108 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

### *Rosenberger's Misappropriation of CommScope's Trade Secret Business Information*

109.   CellMax denies the allegations contained in paragraph 109 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

### *Rosenberger USA, the Rosenberger USA Office, Rosenberger Germany, NWI, and CellMax's Involvement in Rosenberger's Misappropriation of CommScope's Trade Secrets*

110.   CellMax denies the allegations contained in paragraph 110 of the Second Amended Complaint, except admit that Rosenberger Germany owns multiple companies in multiple countries.

111.   CellMax denies the allegations contained in paragraph 111 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

112.   CellMax denies the allegations contained in paragraph 112 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants, and refers to the relevant documents for their contents.

113.   CellMax denies the allegations contained in paragraph 113 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants, and refers to the relevant documents for their contents.

114.   CellMax denies the allegations contained in paragraph 114 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants, and refers to the relevant documents for their contents.

115.   CellMax denies the allegations contained in paragraph 115 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants, and refers to the relevant documents for their contents.

116.    CellMax denies the allegations contained in paragraph 116 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants, and refers to the relevant documents for their contents.

117.    CellMax denies the allegations contained in paragraph 117 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

118.    CellMax denies the allegations contained in paragraph 118 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants, and refers to the relevant documents for their contents.

119.    CellMax denies the allegations contained in paragraph 119 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

120.    CellMax denies the allegations contained in paragraph 120 of the Second Amended Complaint, except admits it had limited involvement with Rosenberger Site Solutions, LLC's sale of Rosenberger Base Station Antennas to T-Mobile, which was limited to receiving purchase orders from T-Mobile for the Rosenberger Base Station Antennas, transmitting the purchase orders to Defendant Rosenberger Site Solutions, LLC, invoicing T-Mobile, collecting payments, and

forwarding the payments to Defendant Rosenberger Site Solutions, LLC (collectively, "Invoicing Activities"), and refers to the relevant documents for their contents.

121.   CellMax denies the allegations contained in paragraph 121 of the Second Amended Complaint.

## IV.   The Individual Defendants' Breach of their Agreements with CommScope

### *The Individual Defendants' Employment with CommScope*

122.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 122 of the Second Amended Complaint.

123.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 123 of the Second Amended Complaint, and refers to the relevant documents for their contents.

124.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 124 of the Second Amended Complaint, and refers to the relevant documents for their contents.

125.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 125 of the Second Amended Complaint, and refers to the relevant documents for their contents.

126.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 126 of the Second Amended Complaint.

127.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 127 of the Second Amended Complaint.

128.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 128 of the Second Amended Complaint, and refers to the relevant documents for their contents.

129.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 129 of the Second Amended Complaint, and refers to the relevant documents for their contents.

130.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 130 of the Second Amended Complaint, and refers to the relevant documents for their contents.

131.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 131 of the Second Amended Complaint, and refers to the relevant documents for their contents.

132.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 132 of the Second Amended Complaint.

133.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 133 of the Second Amended Complaint.

134.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 134 of the Second Amended Complaint, and refers to the relevant documents for their contents.

135.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 135 of the Second Amended Complaint, and refers to the relevant documents for their contents.

136.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 136 of the Second Amended Complaint.

137.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 137 of the Second Amended Complaint.

138.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 138 of the Second Amended Complaint, and refers to the relevant documents for their contents.

### *Javier and Cameron Solicit T-Mobile's Antennas Business for Rosenberger*

139.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 139 of the Second Amended Complaint.

140.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 140 of the Second Amended Complaint.

141.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 141 of the Second Amended Complaint.

142.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 142 of the Second Amended Complaint, and refers to the relevant documents for their contents.

143.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 143 of the Second Amended Complaint.

144.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 144 of the Second Amended Complaint.

145.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 145 of the Second Amended Complaint.

146.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 146 of the Second Amended Complaint.

### *Javier Solicits CommScope Employees*

147.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 147 of the Second Amended Complaint.

### *Javier and Cameron Violate their Non-Disclosure Agreements*

148.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 148 of the Second Amended Complaint.

149.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 149 of the Second Amended Complaint.

*Javier and Cameron Use CommScope Trade Secrets for Rosenberger's Benefit*

150.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 150 of the Second Amended Complaint.

151.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 151 of the Second Amended Complaint.

152.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 152 of the Second Amended Complaint, and refers to the relevant documents for their contents.

*Rosenberger's Knowledge of Javier and Cameron's Employment Agreements*

153.   CellMax denies the allegations contained in paragraph 153 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

154.   CellMax denies the allegations contained in paragraph 154 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

155.   CellMax denies the allegations contained in paragraph 155 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

156.   CellMax denies the allegations contained in paragraph 156 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

157.   CellMax denies the allegations contained in paragraph 157 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

158.   CellMax denies the allegations contained in paragraph 158 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants, admits that it had limited involvement with Rosenberger Site Solutions, LLC's sale of Rosenberger Base Station Antennas to T-Mobile, which was limited to receiving purchase orders from T-Mobile for the Rosenberger Base Station Antennas, transmitting the purchase orders to Defendant Rosenberger Site Solutions, LLC, invoicing T-Mobile, collecting payments, and forwarding the payments to Defendant Rosenberger Site Solutions, LLC (collectively, "Invoicing Activities"), and refers to the relevant document for its contents.

## V.    Rosenberger Employees' Deletion of Relevant Evidence in Violation of the Court's Evidence Preservation Order

159.   CellMax denies the allegations contained in paragraph 159 of the Second Amended Complaint, and refers to the Evidence Preservation Order for its contents.

160.   CellMax denies the allegations contained in paragraph 160 of the Second Amended Complaint, and refers to the Evidence Preservation Order for its contents.

161.   CellMax denies the allegations contained in paragraph 161 as to itself, except admits that it has access to the Evidence Preservation Order and refers to the Evidence Preservation Order for its contents, and denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

162.   CellMax denies the allegations contained in paragraph 162 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

163.   CellMax denies the allegations contained in paragraph 163 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

164.   CellMax denies the allegations contained in paragraph 164 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

165.   CellMax denies the allegations contained in paragraph 165 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

166.   CellMax denies the allegations contained in paragraph 166 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

167.   CellMax denies the allegations contained in paragraph 167 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

168.   CellMax denies the allegations contained in paragraph 168 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

169.   CellMax denies the allegations contained in paragraph 169 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

170.   CellMax denies the allegations contained in paragraph 170 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

171.   CellMax denies the allegations contained in paragraph 171 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

172.   CellMax denies the allegations contained in paragraph 172 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

173.   CellMax denies the allegations contained in paragraph 173 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

174.   CellMax denies the allegations contained in paragraph 174 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

175.   CellMax denies the allegations contained in paragraph 175 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

## COUNT I
## VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. 1836(b)
### (Against All Defendants)

176.   CellMax repeats and realleges its responses to all previous paragraphs as if set forth at length herein.

177.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 177 of the Second Amended Complaint.

178.   CellMax denies the allegations contained in paragraph 178 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

179.   CellMax denies the allegations contained in paragraph 179 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

180.   CellMax denies the allegations contained in paragraph 180 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

181.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 181 of the Second Amended Complaint.

182.   CellMax denies the allegations contained in paragraph 182 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

183.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 183 of the Second Amended Complaint.

184.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 184 of the Second Amended Complaint.

185.   CellMax denies the allegations contained in paragraph 185 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

186.   CellMax denies the allegations contained in paragraph 186 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

187.   CellMax denies the allegations contained in paragraph 187 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

188.   CellMax denies the allegations contained in paragraph 188 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

189.   CellMax denies the allegations contained in paragraph 189 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

190.    CellMax denies the allegations contained in paragraph 190 of the
Second Amended Complaint, except denies knowledge or information sufficient to
form a belief as to the acts of any other Defendants.

## COUNT II
## VIOLATION OF THE NEW JERSEY TRADE SECRETS ACT, N.J.S.A. §§ 56:15-1
## (Against All Defendants)

191.    CellMax repeats and realleges its responses to all previous paragraphs
as if set forth at length herein.

192.    CellMax denies knowledge or information sufficient to form a belief
as to the allegations contained in paragraph 192 of the Second Amended
Complaint.

193.    CellMax denies the allegations contained in paragraph 193 of the
Second Amended Complaint, except denies knowledge or information sufficient to
form a belief as to the acts of any other Defendants or CommScope.

194.    CellMax denies the allegations contained in paragraph 194 of the
Second Amended Complaint, except denies knowledge or information sufficient to
form a belief as to the acts of any other Defendants or CommScope.

195.    CellMax denies knowledge or information sufficient to form a belief
as to the allegations contained in paragraph 195 of the Second Amended
Complaint.

196.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 196 of the Second Amended Complaint.

197.   CellMax denies the allegations contained in paragraph 197 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

198.   CellMax denies the allegations contained in paragraph 198 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

199.   CellMax denies the allegations contained in paragraph 199 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

200.   CellMax denies the allegations contained in paragraph 200 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

201.   CellMax denies the allegations contained in paragraph 201 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

## COUNT III
## MISAPPROPRIATION OF TRADE SECRETS
### (Against All Defendants)

202.   CellMax repeats and realleges its responses to all previous paragraphs as if set forth at length herein.

203.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 203 of the Second Amended Complaint.

204.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 204 of the Second Amended Complaint.

205.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 205 of the Second Amended Complaint.

206.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 206 of the Second Amended Complaint.

207.   CellMax denies the allegations contained in paragraph 207 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

208.   CellMax denies the allegations contained in paragraph 208 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

209.   CellMax denies the allegations contained in paragraph 209 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

210.   CellMax denies the allegations contained in paragraph 210 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

211.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 211 of the Second Amended Complaint.

212.   CellMax denies the allegations contained in paragraph 212 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

213.   CellMax denies the allegations contained in paragraph 213 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

**COUNT IV**
**MISAPPROPRIATION OF CONFIDENTIAL INFORMATION**
**(Against All Defendants)**

214.   CellMax repeats and realleges its responses to all previous paragraphs as if set forth at length herein.

215.    CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 215 of the Second Amended Complaint.

216.    CellMax denies the allegations contained in paragraph 216 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

217.    CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 217 of the Second Amended Complaint.

218.    CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 218 of the Second Amended Complaint.

219.    CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 219 of the Second Amended Complaint.

220.    CellMax denies the allegations contained in paragraph 220 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

221.   CellMax denies the allegations contained in paragraph 221 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

222.   CellMax denies the allegations contained in paragraph 222 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

223.   CellMax denies the allegations contained in paragraph 223 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

## COUNT V
## BREACH OF CONTRACT
### (Against the Individual Defendants)

224.   CellMax repeats and realleges its responses to all previous paragraphs as if set forth at length herein.

225.   CellMax is not required to respond to the allegations contained in paragraph 225 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

226.   CellMax is not required to respond to the allegations contained in paragraph 226 because CommScope does not assert this Count against CellMax.

To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

227.   CellMax is not required to respond to the allegations contained in paragraph 227 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

228.   CellMax is not required to respond to the allegations contained in paragraph 228 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

229.   CellMax is not required to respond to the allegations contained in paragraph 229 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

230.   CellMax is not required to respond to the allegations contained in paragraph 230 because CommScope does not assert this Count against CellMax.

To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

231.   CellMax is not required to respond to the allegations contained in paragraph 231 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

232.   CellMax is not required to respond to the allegations contained in paragraph 232 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

233.   CellMax is not required to respond to the allegations contained in paragraph 233 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

234.   CellMax is not required to respond to the allegations contained in paragraph 234 because CommScope does not assert this Count against CellMax.

To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

235.   CellMax is not required to respond to the allegations contained in paragraph 235 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies the allegations contained in this paragraph, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

236.   CellMax is not required to respond to the allegations contained in paragraph 236 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph.

237.   CellMax is not required to respond to the allegations contained in paragraph 237 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

238.   CellMax is not required to respond to the allegations contained in paragraph 238 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies knowledge or information

sufficient to form a belief as to the allegations contained in this paragraph, and refers to the relevant documents for their contents.

## COUNT VI
## BREACH OF THE FIDUCIARY DUTY OF LOYALTY
### (Against the Individual Defendants)

239.   CellMax repeats and realleges its responses to all previous paragraphs as if set forth at length herein.

240.   CellMax is not required to respond to the allegations contained in paragraph 240 because CommScope does not assert this Count against CellMax and it also states a legal conclusion.  To the extent a response is required, CellMax denies the allegations contained in this paragraph, and refers to the relevant law.

241.   CellMax is not required to respond to the allegations contained in paragraph 241 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies the allegations contained in this paragraph, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

242.   CellMax is not required to respond to the allegations contained in paragraph 242 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies the allegations contained in this paragraph, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

243.   CellMax is not required to respond to the allegations contained in paragraph 243 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies the allegations contained in this paragraph, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

244.   CellMax is not required to respond to the allegations contained in paragraph 244 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies the allegations contained in this paragraph, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

245.   CellMax is not required to respond to the allegations contained in paragraph 245 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies the allegations contained in this paragraph, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

246.   CellMax is not required to respond to the allegations contained in paragraph 246 because CommScope does not assert this Count against CellMax. To the extent a response is required, CellMax denies the allegations contained in this paragraph, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants or CommScope.

**COUNT VII**
**TORTIOUS INTERFERENCE WITH CONTRACT**
**(Against Javier and All Rosenberger Defendants)**

247.   CellMax repeats and realleges its responses to all previous paragraphs as if set forth at length herein.

248.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 248, except admits that it was not party to any agreement between CommScope and any other Defendant.

249.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 249.

250.   CellMax denies the allegations contained in paragraph 250, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

251.   CellMax denies the allegations contained in paragraph 251, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

252.   CellMax is not required to respond to the allegations contained in paragraph 252 because it is premised on a legal conclusion.  To the extent a response is required, CellMax denies the allegations contained in paragraph 252, and refers to the relevant law.

253.   CellMax denies the allegations contained in paragraph 253, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

254.   CellMax denies the allegations contained in paragraph 254, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

255.   CellMax denies the allegations contained in paragraph 255, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

256.   CellMax denies the allegations contained in paragraph 256, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

257.   CellMax denies the allegations contained in paragraph 257, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

258.   CellMax denies the allegations contained in paragraph 258, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

259.   CellMax denies the allegations contained in paragraph 259, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

260.   CellMax denies the allegations contained in paragraph 260, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

261.   CellMax denies the allegations contained in paragraph 261, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

**COUNT VIII**
**UNFAIR COMPETITION**
**(Against All Defendants)**

262.   CellMax repeats and realleges its responses to all previous paragraphs as if set forth at length herein.

263.   CellMax is not required to respond to the allegations contained in paragraph 263 because it is premised on a legal conclusion.  To the extent a response is required, CellMax denies the allegations contained in this paragraph, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

264.   CellMax is not required to respond to the allegations contained in paragraph 264 because it is premised on a legal conclusion.  To the extent a

response is required, CellMax denies the allegations contained in this paragraph, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

265.   CellMax denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 265 of the Second Amended Complaint, and refers to the relevant documents for their contents.

266.   CellMax is not required to respond to the allegations contained in paragraph 266 because it is premised on a legal conclusion.  To the extent a response is required, CellMax denies the allegations contained in this paragraph, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

267.   CellMax denies the allegations contained in paragraph 267 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

268.   CellMax denies the allegations contained in paragraph 268 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

269.   CellMax denies the allegations contained in paragraph 269 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

270.   CellMax denies the allegations contained in paragraph 270 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

271.   CellMax denies the allegations contained in paragraph 271 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

272.   CellMax denies the allegations contained in paragraph 272 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

### COUNT XI
### CIVIL CONSPIRACY
### (Against All Defendants)

273.   CellMax repeats and realleges its responses to all previous paragraphs as if set forth at length herein.

274.   CellMax is not required to respond to the allegations contained in paragraph 274 because it is premised on a legal conclusion.  To the extent a response is required, CellMax denies the allegations contained in this paragraph.

275.   CellMax denies the allegations contained in paragraph 275 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

276.   CellMax denies the allegations contained in paragraph 276 of the

Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants.

277.   CellMax denies the allegations contained in paragraph 277 of the

Second Amended Complaint, except denies knowledge or information sufficient to

form a belief as to the acts of any other Defendants.

## COUNT XII
## FRAUDULENT CONCEALMENT (SPOLIATION)
### (Against All Rosenberger Defendants)

278.   CellMax repeats and realleges its responses to all previous paragraphs

as if set forth at length herein.

279.   CellMax is not required to respond to the allegations contained in

paragraph 279 because it is premised on a legal conclusion.  To the extent a

response is required, CellMax denies the allegations contained in this paragraph

and refers to the applicable law for its contents.

280.   CellMax is not required to respond to the allegations contained in

paragraph 280 because it is premised on a legal conclusion.  To the extent a

response is required, CellMax denies the allegations contained in this paragraph

and refers to the applicable law for its contents.

281.   CellMax denies the allegations contained in paragraph 281 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

282.   CellMax denies the allegations contained in paragraph 282 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

283.   CellMax denies the allegations contained in paragraph 283 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

284.   CellMax denies the allegations contained in paragraph 284 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

285.   CellMax denies the allegations contained in paragraph 285 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

286.   CellMax denies the allegations contained in paragraph 286 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

287.   CellMax denies the allegations contained in paragraph 287 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

288.   CellMax denies the allegations contained in paragraph 288 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the acts of any other Defendants.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred in whole or in part because the Second Amended Complaint fails to state a claim upon which relief can be granted.

2.     CellMax had no involvement in designing or manufacturing the Rosenberger Base Station Antennas at issue in this case.  CellMax's involvement with the Rosenberger Base Station Antennas at issue in this case was limited to receiving purchase orders from T-Mobile for the Rosenberger Base Station Antennas, transmitting the purchase orders to Defendant Rosenberger Site Solutions, LLC, invoicing T-Mobile, collecting payments, and forwarding the payments to Defendant Rosenberger Site Solutions, LLC ("Invoicing Activities").

3.     Plaintiff's claims are barred in whole or in part by applicable statutes of limitations, laches, and the statute of repose.

4.     Plaintiff's claims are barred in whole or in part by the doctrines of waiver, consent, release, estoppel, unclean hands, and/or ratification.

5.      Plaintiff's claims are barred in whole or in part because Plaintiff has not demonstrated it is the owner of some or all of what it claims to be trade secrets or confidential information.

6.      Plaintiff's claims are barred in whole or in part because Plaintiff has not identified the specific trade secrets allegedly misappropriated and used by CellMax.

7.      Some or all of what Plaintiff claims to be trade secrets either are not trade secrets or no longer are trade secrets, including but not limited to because they have been disclosed to the public, are generally known, are readily ascertainable by proper means, are not valuable business information, does not derive independent economic value from not being generally known to the public, or were not subject to reasonable efforts to maintain their secrecy.

8.      Some or all of what Plaintiff claims to be confidential information either is not confidential information or no longer is confidential information.

9.      Plaintiff's claims are barred in whole or in part because Plaintiff has not demonstrated how it has suffered damages and/or how any conduct by CellMax proximately caused its damages.

10.     Plaintiff failed to mitigate its damages.

11.     CellMax never had possession, custody, control, or knowledge of one or more of the purported trade secrets at issue in this case.

12.     CellMax did not hire and had no involvement with one or more of the other Defendants' hiring of Defendant Janet Javier.

13.     CellMax did not hire and had no involvement with one or more of the other Defendants' hiring of Defendant Robert Cameron.

14.     To the extent any other Defendant misappropriated Plaintiff's trade secret or confidential information, CellMax had no involvement or knowledge of one or more of these instances.

15.     To the extent one or more of the Rosenberger Base Station Antennas for which CellMax performed Invoicing Activities was designed or manufactured using Plaintiff's trade secrets, CellMax was unaware and should not have been aware.

16.     Plaintiff's claims under United States or state law have no extraterritorial effect and Plaintiff is barred from asserting such claims concerning conduct outside the United States.

17.     Any decision by a court outside the United States, or agreement entered into by the parties outside the United States, should be given deference as a matter of comity.

18.     CellMax hereby adopts by reference any additional applicable defense pleaded by any other defendant and not otherwise pleaded herein, as well as any defense available under the statutes relied upon by Plaintiff.  CellMax intends to

reply upon any additional defense that is now or may become available or appears during or as a result of the discovery proceedings in this action and expressly reserves its right to amend its answer to assert any such defense.

Dated:  August 23, 2021

 /s Mark S. Pincus
Mark S. Pincus
PINCUS LAW LLC
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 962-2900
mark@pincus-law.com
*Attorneys for Defendant CellMax*
*Technologies AB*