# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CommScope, Inc.; CommScope, Inc. of North Carolina; and CommScope Technologies LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., CellMax Technologies AB, Janet Javier, and Robert Cameron, <br><br> Defendants. | Civil Action No. 19-cv-15962-JXN-LDW |

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Rosenberger Technology (Kunshan) Co. Ltd. ("Rosenberger Kunshan"), Rosenberger Asia Pacific Electronic Co., Ltd. ("Rosenberger Asia Pacific"), and Rosenberger Technology LLC ("Rosenberger Technology") (collectively "Rosenberger"), by and through their undersigned attorneys, hereby answer Plaintiffs' Second Amended Complaint (the "Second Amended Complaint") as follows:

1.    Rosenberger denies the allegations set forth in Paragraph 1.

2.    Rosenberger denies the allegations set forth in the first and third sentences of Paragraph 2, except admits that certain Rosenberger entities develop, manufacture, and/or sell telecommunications equipment, including BSAs. Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 2, and, on that basis, denies the allegations.

3.    Rosenberger denies the allegations set forth in Paragraph 3.

4.    Rosenberger denies the allegations set forth in Paragraph 4.

5.    Rosenberger denies the allegations set forth in Paragraph 5.

6.    Rosenberger denies the allegations set forth in Paragraph 6, except admits that Robert Cameron commenced employment with Rosenberger Technology in March 2019 and avers that Janet Javier commenced employment with Rosenberger Technology in August 2018.

7.    Rosenberger denies the allegations set forth in Paragraph 7.

8.    Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 8 with respect to CommScope's intentions, and, on that basis, denies the allegations. Rosenberger denies the allegations set forth in the remainder of Paragraph 8.

9.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and, on that basis, denies the allegations.

10.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and, on that basis, denies the allegations.

11.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and, on that basis, denies the allegations.

12.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and, on that basis, denies the allegations.

13.     Rosenberger denies the allegations set forth in Paragraph 13, except admits that certain policies are effective at various entities, and respectfully refers the Court to the entirety of the referenced documents for their complete and accurate contents.

14.     Rosenberger denies the allegations set forth in Paragraph 14, except admits that Rosenberger Kunshan has its principal place of business in Kunshan, Jiangsu Province, China; and is majority owned by Rosenberger Asia Pacific.

15.     Rosenberger denies the allegations set forth in Paragraph 15, except admits that Rosenberger Asia Pacific has its principal place of business in Beijing, China; and is majority owned by Rosenberger Hochfrequenztechnik GmbH & Co. KG.

16.     Rosenberger admits the allegations set forth in the first and second sentences of Paragraph 16, and otherwise denies the allegations set forth in the remainder of Paragraph 16.

17.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentence of Paragraph 17, and, on that basis, denies the allegations, and otherwise denies the allegations set forth in the last sentence of Paragraph 17.

18.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and, on that basis, denies the allegations.  Rosenberger respectfully refers the Court to the entirety of the referenced documents for their complete and accurate contents.

19.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and, on that basis, denies the allegations.

20.     Rosenberger admits that Rosenberger Technology, Rosenberger Kunshan, and Rosenberger Asia Pacific are private, nonpublic entities and that

Rosenberger Germany is their ultimate parent.  Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and, on that basis, denies the allegations.

21.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and, on that basis, denies the allegations.  Rosenberger avers that Northwest Instrument, Inc., is the landlord for Rosenberger Technology.  Rosenberger respectfully refers the Court to the entirety of the referenced documents for their complete and accurate contents.

22.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, second, and third sentences of Paragraph 22, and, on that basis, denies the allegations.  Rosenberger denies the allegations set forth in the fourth sentence of Paragraph 22.

23.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and, on that basis, denies the allegations.

24.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and, on that basis, denies the allegations.

25.     Paragraph 25 states legal conclusions to which no response is required.

26.     Paragraph 26 states legal conclusions to which no response is required.

27.     Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 27, except admits that Rosenberger Technology is organized under the laws of the state of New Jersey, has its principal place of business in New Jersey, and is subject to personal jurisdiction in this Court.  Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 27, and, on that basis, denies the allegations.

28.     Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger denies the allegations set forth in the first two sentences of Paragraph 28.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last two sentences of Paragraph 28, and, on that basis, denies the allegations.

29.     Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger denies the allegations set forth in the first and second sentences of Paragraph 29.  Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 29, and, on that basis, denies the allegations.

30.     Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 30.

31.     Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger denies the allegations set forth in the first sentence of Paragraph 31.  Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 31, and, on that basis, denies the allegations.

32.     Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 32, except that Rosenberger Asia Pacific admits that it is a minority owner of Northwest Instrument (Shanghai) Co., Ltd.  Rosenberger respectfully refers the Court to the entirety of the referenced documents for their complete and accurate contents.

33.     Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence of Paragraph 33, and, on that basis, denies the allegations.  Rosenberger Asia Pacific and Rosenberger Kunshan admit that they are not subject to personal jurisdiction in any specific state.  Rosenberger otherwise denies the allegations set forth in the remainder of Paragraph 33.

34.     Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in the last sentence of Paragraph 34, and, on that basis, denies the allegations, and otherwise denies the allegations set forth in the remainder of Paragraph 34.

35.    Paragraph 35 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and, on that basis, denies the allegations.

36.    Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and, on that basis, denies the allegations.

37.    Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 37.

38.    Rosenberger denies the allegations set forth in Paragraph 38.

39.    Rosenberger denies the allegations set forth in Paragraph 39, except admits that BSAs can sometimes be complicated and valuable equipment and are sometimes attached to cellular towers or on rooftops.

40.    Rosenberger denies the allegations set forth in Paragraph 40, except admits that BSAs sometimes use radio frequencies to exchange signals with mobile

devices like cell phones and can receive and transmit radio signals at great distance with minimal interference.

41.     Rosenberger denies that AAAP and PSOAA are "trade secret software programs" and otherwise lacks knowledge or information sufficient to state a belief as to the truth of the allegations set forth in Paragraph 41, and, on that basis, denies the allegations.

42.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, and, on that basis, denies the allegations.

43.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43, and, on that basis, denies the allegations.

44.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44, and, on that basis, denies the allegations.

45.     Rosenberger denies that the referenced software programs are "trade secret software programs" and otherwise lacks knowledge or information sufficient to state a belief as to the truth of the allegations set forth in Paragraph 45, and, on that basis, denies the allegations.

46.    Rosenberger denies that Andrew Antenna Format is a "trade secret format" and that the other referenced software tools are trade secrets.  Rosenberger otherwise lacks knowledge or information sufficient to state a belief as to the truth of the allegations set forth in Paragraph 46, and, on that basis, denies the allegations.

47.    Rosenberger denies that the referenced design, methods, and software programs are trade secrets, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 47, and, on that basis, denies the allegations.

48.    Rosenberger denies the allegations set forth in Paragraph 48.

49.    Rosenberger denies the allegations set forth in Paragraph 49.

50.    Rosenberger denies the allegations set forth in Paragraph 50.

51.    Rosenberger denies the allegations set forth in Paragraph 51.

52.    Rosenberger denies the allegations set forth in Paragraph 52.

53.    Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence of Paragraph 53, and, on that basis, denies the allegations.  Rosenberger denies the allegations set forth in the remainder of Paragraph 53.

54.    Rosenberger denies the allegations set forth in Paragraph 54.

55.    Rosenberger denies the allegations set forth in Paragraph 55, except admits that Rosenberger Kunshan has employees who are former CommScope employees.

56.    Rosenberger denies the allegations set forth in Paragraph 56.

57.    Rosenberger denies the allegations set forth in Paragraph 57, except admits that Aili Liu is the President of Rosenberger Asia Pacific and that Rosenberger Asia Pacific is a minority owner of Northwest Instrument (Shanghai) Co., Ltd.  Rosenberger respectfully refers the Court to the referenced documents for their complete and accurate contents.

58.    Rosenberger denies the allegations set forth in Paragraph 58.

59.    Rosenberger denies that the referenced programs are trade secrets. Rosenberger admits that certain employees had AAAP, PSOAA, and one related program, and otherwise denies the allegations set forth in Paragraph 59. Rosenberger avers that CommScope has failed to take reasonable measures to protect the confidentiality of the referenced programs and has distributed the programs to third parties.

60.    Rosenberger denies that AAAP is a trade secret.  Rosenberger admits that certain employees had AAAP, but otherwise denies the allegations set forth in Paragraph 60.  Rosenberger avers that CommScope has failed to take reasonable

measures to protect the confidentiality of AAAP and has distributed the program to third parties.

61.    Rosenberger denies that PSOAA is a trade secret.  Rosenberger admits that certain employees had PSOAA, but otherwise denies the allegations set forth in Paragraph 61.  Rosenberger avers that CommScope has failed to take reasonable measures to protect the confidentiality of PSOAA and has distributed the program to third parties.

62.    Rosenberger denies the allegations set forth in Paragraph 62.

63.    Rosenberger denies that HFSS to AAF is a trade secret.  Rosenberger admits that certain employees had HFSS to AAF, but otherwise denies the allegations set forth in Paragraph 63.  Rosenberger avers that CommScope has failed to take reasonable measures to protect the confidentiality of HFSS to AAF and has distributed the program to third parties.

64.    Rosenberger denies the allegations set forth in Paragraph 64.

65.    Rosenberger denies the allegations set forth in Paragraph 65.

66.    Rosenberger denies the allegations set forth in Paragraph 66, except admits that CommScope makes Antenna Pattern Viewer publicly available.

67.    Rosenberger denies that Andrew Antenna Format is a trade secret. Rosenberger admits that certain employees had Andrew Antenna Format files, but otherwise denies the allegations set forth in Paragraph 67.  Rosenberger avers that

CommScope has failed to take reasonable measures to protect the confidentiality of the AAF file format and has distributed such files to third parties.

68.     Rosenberger denies the allegations set forth in Paragraph 68.

69.     Rosenberger denies the allegations set forth in Paragraph 69.

70.     Rosenberger denies the allegations set forth in Paragraph 70.

71.     Rosenberger denies the allegations set forth in Paragraph 71.

72.     Rosenberger denies the allegations set forth in Paragraph 72.

73.     Rosenberger denies the allegations set forth in Paragraph 73.

74.     Rosenberger denies that AAF is a "trade secret."  Rosenberger admits that certain employees may have received Andrew Antenna Format files, but otherwise denies the allegations set forth in Paragraph 74.  Rosenberger avers that CommScope has failed to take reasonable measures to protect the confidentiality of the AAF file format and has distributed such files to third parties.

75.     Rosenberger denies the allegations set forth in Paragraph 75, except admits that Rosenberger Kunshan, Rosenberger Asia Pacific, and Rosenberger Technology have stated that they have isolated AAAP and PSOAA programs and stated that they will not use any of the AAAP or PSOAA programs found in the possession of some employees.

76.     Rosenberger denies the allegations set forth in Paragraph 76.

77.     Rosenberger denies the allegations set forth in Paragraph 77.

78.    Rosenberger denies the allegations set forth in Paragraph 78, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

79.    Rosenberger denies the allegations set forth in Paragraph 79, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

80.    Rosenberger denies the allegations set forth in Paragraph 80, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

81.    Rosenberger denies the allegations set forth in Paragraph 81, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

82.    Rosenberger denies the allegations set forth in Paragraph 82, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

83.    Rosenberger denies the allegations set forth in Paragraph 83, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

84.    Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 concerning the contents of

CommScope's source code, and, on that basis, denies the allegations.  Rosenberger otherwise denies the allegations set forth in the remainder of Paragraph 84.

85.    Rosenberger denies the allegations set forth in Paragraph 85.

86.    Rosenberger admits that Cameron and Javier have communicated with T-Mobile regarding BSAs, and that Gallagher has been included in certain of these communications.    Rosenberger otherwise denies the allegations set forth in Paragraph 86, and respectfully refers the Court to the referenced presentation for its complete and accurate contents.

87.    Rosenberger denies the allegations set forth in Paragraph 87, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

88.    Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 concerning CommScope's source code, and, on that basis, denies the allegations.  Rosenberger otherwise denies the allegations set forth in Paragraph 88, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

89.    Rosenberger denies the allegations set forth in Paragraph 89, except admits that wireless service providers sometimes conduct field trials of antennas and Rosenberger has participated in field trials of BSAs with T-Mobile.

90.    Rosenberger denies the allegations set forth in Paragraph 90.

91.     Rosenberger denies the allegations set forth in Paragraph 91, except admits that certain Rosenberger entities obtained AT&T's approval to sell certain BSAs to AT&T.  Rosenberger respectfully refers the Court to the entirety of the referenced presentations for their complete and accurate contents.

92.     Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 concerning AT&T's "typical[]" practices, and, on that basis, denies the allegations.   Rosenberger denies the allegations set forth in the remainder of Paragraph 92.

93.     Rosenberger denies the allegations set forth in Paragraph 93, and respectfully refers the Court to the entirety of the referenced documents for their complete and accurate contents.

94.     Rosenberger denies the allegations set forth in Paragraph 94, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

95.     Rosenberger denies the allegations set forth in Paragraph 95, and respectfully refers the Court to the entirety of the referenced presentations for their complete and accurate contents.

96.     Rosenberger denies the allegations set forth in Paragraph 96, and respectfully refers the Court to the entirety of the referenced presentations for their complete and accurate contents.

97.    Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97, and, on that basis, denies the allegations.   Rosenberger respectfully refers the Court to the entirety of the referenced document for its complete and accurate contents.

98.    Rosenberger denies the allegations set forth in Paragraph 98.

99.    Rosenberger denies the allegations set forth in Paragraph 99.

100.    Rosenberger denies the allegations set forth in Paragraph 100.

101.    Rosenberger denies the allegations set forth in the first sentence of Paragraph 101 concerning "misappropriation of the Simulation Software," the fourth sentence describing PSOAA as "a CommScope proprietary program that only CommScope's employees can access," and the allegations in the last sentence of Paragraph 101.  Rosenberger otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 101, and, on that basis, denies the allegations.

102.    Rosenberger denies the allegations set forth in Paragraph 102.

103.    Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103, and, on that basis, denies the allegations.

104.    Rosenberger denies the allegations set forth in Paragraph 104.

105.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 105, and, on that basis, denies the allegations.  Rosenberger denies the allegations set forth in the remainder of Paragraph 105.

106.   Rosenberger denies the allegations set forth in Paragraph 106.

107.   Rosenberger denies the allegations set forth in Paragraph 107.

108.   Paragraph 108 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 108.

109.   Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 109.

110.   Rosenberger denies the allegations set forth in Paragraph 110.

111.   Rosenberger denies the allegations set forth in Paragraph 111.

112.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112, and, on that basis, denies the allegations, and respectfully refers the Court to the referenced website for its complete and accurate contents.

113.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113, and, on that basis, denies

the allegations.  Rosenberger respectfully refers the Court to the referenced website for its complete and accurate contents.

114.   Rosenberger denies the allegations set forth in Paragraph 114. Rosenberger respectfully refers the Court to the referenced document for its complete and accurate contents.

115.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115, and, on that basis, denies the allegations, and respectfully refers the Court to the referenced document for its complete and accurate contents.

116.   Rosenberger denies the allegations set forth in Paragraph 116, and respectfully refers the Court to the referenced document for its complete and accurate contents.

117.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117, and, on that basis, denies the allegations, and respectfully refers the Court to the referenced agreement for its complete and accurate contents.

118.   Rosenberger denies the allegations set forth in Paragraph 118, and respectfully refers the Court to the referenced documents for their complete and accurate contents.

119.   Rosenberger denies the allegations set forth in Paragraph 119.

120.   Rosenberger denies the allegations set forth in Paragraph 120, and respectfully refers the Court to the referenced documents for their complete and accurate contents.

121.   Rosenberger denies the allegations set forth in Paragraph 121.

122.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122, and, on that basis, denies the allegations.

123.   Paragraph 123 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123, and, on that basis, denies the allegations, and respectfully refers the Court to the referenced agreement for its complete and accurate contents.

124.   Paragraph 124 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124, and, on that basis, denies the allegations, and respectfully refers the Court to the referenced agreement for its complete and accurate contents.

125.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125, and, on that basis, denies

the allegations, and respectfully refers the Court to the entirety of the referenced agreement for its complete and accurate contents.

126.   Paragraph 126 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126, and, on that basis, denies the allegations.

127.   Paragraph 127 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127, and, on that basis, denies the allegations.

128.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128, and, on that basis, denies the allegations, and respectfully refers the Court to the entirety of the referenced agreement for its complete and accurate contents.

129.   Paragraph 129 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129, and, on that basis, denies the allegations, and respectfully refers the Court to the entirety of the referenced agreement for its complete and accurate contents.

130.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130, and, on that basis, denies the allegations, and respectfully refers the Court to the entirety of the referenced agreement for its complete and accurate contents.

131.   Paragraph 131 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131, and, on that basis, denies the allegations, and respectfully refers the Court to the referenced agreement for its complete and accurate contents.

132.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132, and, on that basis, denies the allegations.

133.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133, and, on that basis, denies the allegations.

134.   Paragraph 134 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134, and, on that basis, denies the allegations, and respectfully refers the Court to the referenced statement for its complete and accurate contents.

135.    Paragraph 135 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135, and, on that basis, denies the allegations, and respectfully refers the Court to the referenced agreement for its complete and accurate contents.

136.    Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136, and, on that basis, denies the allegations.

137.    Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137, and, on that basis, denies the allegations.

138.    Paragraph 138 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138, and, on that basis, denies the allegations, and respectfully refers the Court to the referenced agreement for its complete and accurate contents.

139.    Rosenberger denies the allegations set forth in Paragraph 139, except admits that Javier is a Vice President of Product Line Management and Cameron is a Product Line Manager.

140.    Paragraph 140 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger admits that Javier and Cameron have contacted T-Mobile on behalf of Rosenberger.  Rosenberger otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 140, and, on that basis, denies the allegations.

141.    Rosenberger admits the allegations set forth in Paragraph 141.

142.    Rosenberger admits that Javier worked with T-Mobile with respect to a field trial in New York, and otherwise denies the allegations in Paragraph 142. Rosenberger respectfully refers the Court to the referenced documents for their complete and accurate contents.

143.    Rosenberger admits that Javier was involved in a trial for T-Mobile and has communicated with certain T-Mobile employees.  Rosenberger otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence and the second clause of the second sentence of Paragraph 143, and, on that basis, denies the allegations, and otherwise denies the allegations in Paragraph 143.

144.    Rosenberger admits that Javier and Cameron were involved in a trial for T-Mobile and have communicated with T-Mobile regarding Rosenberger BSAs. Rosenberger otherwise lacks knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in the remainder of Paragraph 144, and, on that basis, denies the allegations.

145.   Rosenberger admits that Javier worked with T-Mobile on a project in Los Angeles and that Cameron assisted with that trial.  Rosenberger otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145, and, on that basis, denies the allegations.

146.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146, and, on that basis, denies the allegations.

147.   Rosenberger denies the allegations set forth in the first sentence of Paragraph 147, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 147, and, on that basis, denies the allegations.

148.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 148, and, on that basis, denies the allegations.  Rosenberger denies the allegations set forth in the third sentence of Paragraph 148.

149.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of

Paragraph 149, and, on that basis, denies the allegations. Rosenberger denies the allegations set forth in the third sentence of Paragraph 149.

150.   Rosenberger denies the allegations set forth in Paragraph 150.

151.   Rosenberger denies the allegations set forth in Paragraph 151.

152.   Rosenberger denies the allegations set forth in Paragraph 152, and respectfully refers the Court to the referenced document for its complete and accurate contents.

153.   Rosenberger denies the allegations set forth in Paragraph 153.

154.   Rosenberger denies the allegations set forth in Paragraph 154.

155.   Paragraph 155 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155, and, on that basis, denies the allegations.

156.   Rosenberger denies the allegations set forth in Paragraph 156.

157.   Rosenberger admits that Javier and Cameron are employed by Rosenberger Technology, focus on sales of BSAs in the United States, and use Rosenberger Asia Pacific email addresses. Rosenberger otherwise denies the allegations set forth in Paragraph 157, except admits that Rosenberger Asia Pacific is the parent company of Rosenberger Technology.

158.   Rosenberger admits that Javier and Cameron have been in contact with T-Mobile concerning BSA sales.  Rosenberger otherwise denies the allegations set forth in Paragraph 158, and respectfully refers the Court to the entirety of the referenced document for its complete and accurate contents.

159.   Rosenberger denies that Dkt. No. 6 applies to CellMax Technologies AB or to Northwest Instrument, Inc., and respectfully refers the Court to the referenced document for its complete and accurate contents.

160.   Rosenberger denies that Dkt. No. 6 applies to CellMax Technologies AB or to Northwest Instrument, Inc., and respectfully refers the Court to the referenced document for its complete and accurate contents.

161.   Rosenberger denies the allegations set forth in Paragraph 161, except admits that the ex parte seizure was executed at Rosenberger Technology's facility on August 27, 2019.

162.   Rosenberger denies the allegations set forth in Paragraph 162.

163.   Rosenberger denies the allegations set forth in Paragraph 163.

164.   Rosenberger denies the allegations set forth in Paragraph 164.

165.   Rosenberger denies the allegations set forth in Paragraph 165.

166.   Rosenberger denies the allegations set forth in Paragraph 166.

167.   Rosenberger denies the allegations set forth in Paragraph 167.

168.   Rosenberger denies the allegations set forth in Paragraph 168.

169.   Rosenberger denies the allegations set forth in Paragraph 169.

170.   Rosenberger denies the allegations set forth in Paragraph 170.

171.   Rosenberger denies the allegations set forth in Paragraph 171.

172.   Rosenberger denies the allegations set forth in Paragraph 172.

173.   Rosenberger denies the allegations set forth in Paragraph 173.

174.   Rosenberger denies the allegations set forth in Paragraph 174.

175.   Rosenberger denies the allegations set forth in Paragraph 175.

176.   Rosenberger incorporates by reference its responses to the foregoing allegations.

177.   Rosenberger denies the allegations set forth in Paragraph 177.

178.   Rosenberger denies the allegations set forth in Paragraph 178.

179.   Rosenberger denies the allegations set forth in Paragraph 179.

180.   Rosenberger denies the allegations set forth in Paragraph 180.

181.   Rosenberger denies the allegations set forth in Paragraph 181.

182.   Rosenberger denies the allegations set forth in Paragraph 182.

183.   Rosenberger denies the allegations set forth in Paragraph 183.

184.   Rosenberger denies the allegations set forth in Paragraph 184.

185.   Rosenberger denies the allegations set forth in Paragraph 185.

186.   Rosenberger denies the allegations set forth in Paragraph 186.

187.   Rosenberger denies the allegations set forth in Paragraph 187.

188.   Rosenberger denies the allegations set forth in Paragraph 188.

189.   Rosenberger denies the allegations set forth in Paragraph 189.

190.   Rosenberger denies the allegations set forth in Paragraph 190.

191.   Rosenberger incorporates by reference its responses to the foregoing allegations.

192.   Rosenberger denies the allegations set forth in Paragraph 192.

193.   Rosenberger denies the allegations set forth in Paragraph 193.

194.   Rosenberger denies the allegations set forth in Paragraph 194.

195.   Rosenberger denies the allegations set forth in Paragraph 195.

196.   Rosenberger denies the allegations set forth in Paragraph 196.

197.   Rosenberger denies the allegations set forth in Paragraph 197.

198.   Rosenberger denies the allegations set forth in Paragraph 198.

199.   Rosenberger denies the allegations set forth in Paragraph 199.

200.   Rosenberger denies the allegations set forth in Paragraph 200.

201.   Rosenberger denies the allegations set forth in Paragraph 201.

202.   Rosenberger incorporates by reference its responses to the foregoing allegations.

203.   Rosenberger denies the allegations set forth in Paragraph 203.

204.   Rosenberger denies the allegations set forth in Paragraph 204.

205.   Rosenberger denies the allegations set forth in Paragraph 205.

206.   Rosenberger denies the allegations set forth in Paragraph 206.

207.   Rosenberger denies the allegations set forth in Paragraph 207.

208.   Rosenberger denies the allegations set forth in Paragraph 208.

209.   Rosenberger denies the allegations set forth in Paragraph 209.

210.   Rosenberger denies the allegations set forth in Paragraph 210.

211.   Rosenberger denies the allegations set forth in Paragraph 211.

212.   Rosenberger denies the allegations set forth in Paragraph 212.

213.   Rosenberger denies the allegations set forth in Paragraph 213.

214.   Rosenberger incorporates by reference its responses to the foregoing allegations.

215.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215, and, on that basis, denies the allegations.

216.   Rosenberger denies the allegations set forth in Paragraph 216.

217.   Rosenberger denies the allegations set forth in Paragraph 217.

218.   Rosenberger denies the allegations set forth in Paragraph 218.

219.   Rosenberger denies the allegations set forth in Paragraph 219.

220.   Rosenberger denies the allegations set forth in Paragraph 220.

221.   Rosenberger denies the allegations set forth in Paragraph 221.

222.   Rosenberger denies the allegations set forth in Paragraph 222.

223.   Rosenberger denies the allegations set forth in Paragraph 223.

224.   Rosenberger incorporates by reference its responses to the foregoing allegations.

225.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225, and, on that basis, denies the allegations.   Rosenberger respectfully refers the Court to the referenced documents for their complete and accurate contents.

226.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226, and, on that basis, denies the allegations.   Rosenberger respectfully refers the Court to the referenced documents for their complete and accurate contents.

227.   Paragraph 227 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227, and, on that basis, denies the allegations.

228.   Paragraph 228 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228, and, on that basis, denies the allegations.

229.   Paragraph 229 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229, and, on that basis, denies the allegations.

230.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 230, and, on that basis, denies the allegations.

231.   Paragraph 231 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 231.

232.   Paragraph 232 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 232.

233.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233, and, on that basis, denies the allegations.

234.   Paragraph 234 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 234.

235.   Paragraph 235 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 235.

236.   Rosenberger denies the allegations set forth in Paragraph 236.

237.   Paragraph 237 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 237.

238.   Paragraph 238 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger respectfully refers the Court to the entirety of the referenced agreements for their complete and accurate contents.

239.   Rosenberger incorporates by reference its responses to the foregoing allegations.

240.   Paragraph 240 states legal conclusions to which no response is required. To the extent a response is required. Rosenberger denies the allegations set forth in Paragraph 240.

241.   Paragraph 241 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 241.

242.   Paragraph 242 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 242.

243.   Paragraph 243 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 243, and, on that basis, denies the allegations.  Rosenberger denies the remainder of the allegations set forth in Paragraph 243.

244.   Paragraph 244 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 244, and, on that basis, denies the allegations.

245.   Paragraph 245 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 245, and, on that basis,  denies the allegations.

246.   Rosenberger denies the allegations set forth in Paragraph 246.

247.   Rosenberger incorporates by reference its responses to the foregoing allegations.

248.   Rosenberger admits that it is not a party to the Agreements referenced in Paragraph 248 and respectfully refers the Court to the referenced agreements for their complete and accurate contents.

249.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 249, and, on that basis, denies the allegations.

250.   Rosenberger denies the allegations set forth in Paragraph 250.

251.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251, and, on that basis, denies the allegations.

252.   Paragraph 252 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 252.

253.   Rosenberger denies the allegations set forth in Paragraph 253.

254.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 254, and, on that basis, denies the allegations.

255.   Rosenberger denies the allegations set forth in Paragraph 255.

256.   Rosenberger denies the allegations set forth in Paragraph 256.

257.   Rosenberger denies the allegations set forth in Paragraph 257.

258.   Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence and the first clause of the second sentence of Paragraph 258, and, on that basis, denies the allegations, and otherwise denies the allegations set forth in Paragraph 258.

259.   Paragraph 259 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 259, and, on that basis, denies the allegations.

260.   Paragraph 260 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 260, and, on that basis, denies the allegations.

261.   Rosenberger denies the allegations set forth in Paragraph 261.

262.   Rosenberger incorporates by reference its responses to the foregoing allegations.

263.   Rosenberger denies the allegations set forth in Paragraph 263.

264.   Rosenberger denies the allegations set forth in Paragraph 264.

265.   Rosenberger denies the allegations set forth in Paragraph 265.

266.   Rosenberger denies the allegations set forth in Paragraph 266.

267.   Rosenberger denies the allegations set forth in Paragraph 267.

268.   Rosenberger denies the allegations set forth in Paragraph 268.

269.   Rosenberger denies the allegations set forth in Paragraph 269.

270.   Rosenberger denies the allegations set forth in Paragraph 270.

271.   Rosenberger denies the allegations set forth in Paragraph 271.

272.   Rosenberger denies the allegations set forth in Paragraph 272.

273.   Rosenberger incorporates by reference its responses to the foregoing allegations.

274.   Paragraph 274 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 274.

275.   Rosenberger denies the first two sentences of Paragraph 275. Rosenberger admits that Rosenberger Site Solutions makes certain decisions independently of other entities named as defendants, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of the last sentence of Paragraph 275, and, on that basis, denies the allegations.

276.   Rosenberger denies the allegations set forth in Paragraph 276.

277.   Rosenberger denies the allegations set forth in Paragraph 277.

278.   Rosenberger incorporates by reference its responses to the foregoing allegations.

279.   Paragraph 279 states a legal conclusion to which no response is required.

280.   Paragraph 280 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger denies the allegations set forth in Paragraph 280.

281.   Rosenberger denies the allegations set forth in Paragraph 281.

282.   Rosenberger denies the allegations set forth in Paragraph 282.

283.   Rosenberger denies the allegations set forth in Paragraph 283.

284.   Rosenberger denies the allegations set forth in Paragraph 284.

285.   Rosenberger denies the allegations set forth in Paragraph 285.

286.   Rosenberger denies the allegations set forth in Paragraph 286.

287.   Rosenberger denies the allegations set forth in Paragraph 287.

288.   Rosenberger denies the allegations set forth in Paragraph 288.

## **AFFIRMATIVE DEFENSES**

289.   By alleging the Affirmative Defenses set forth below, Rosenberger intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever.

### First Affirmative Defense

290.   Plaintiffs' claims are barred in whole or in part because the Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

291.   Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, laches, and the statute of repose.

### Third Affirmative Defense

292.   Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, consent, release, estoppel, unclean hands, and/or ratification.

### Fourth Affirmative Defense

293.   Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.

### Fifth Affirmative Defense

294.   Plaintiffs' claims are barred because Plaintiffs have failed to show that what they allege to be trade secrets are actually trade secrets under the law.

### Sixth Affirmative Defense

295.   Plaintiffs' claims are barred because, to the extent any form of trade secrets exists, Plaintiffs have not shown that Plaintiffs are the owners of the alleged trade secrets.

<u>Seventh Affirmative Defense</u>

296.   Plaintiffs' claims are barred because Plaintiffs have failed to identify the specific trade secrets allegedly misappropriated and used by Defendants.

<u>Eighth Affirmative Defense</u>

297.   Plaintiffs' claims are barred because the alleged trade secrets are either generally known or readily ascertainable by proper means, were not valuable business information, or were not the subject of efforts that were reasonable under the circumstances to maintain their secrecy.

<u>Ninth Affirmative Defense</u>

298.   Plaintiffs' claims are barred because Plaintiffs failed to take reasonable steps to maintain and safeguard the secrecy of any information claimed in this action to be a trade secret.

<u>Tenth Affirmative Defense</u>

299.   Plaintiffs' claims are barred because they have not suffered any losses or damages proximately caused by the conduct of Defendants alleged in the Second Amended Complaint.

<u>Eleventh Affirmative Defense</u>

300.   Plaintiffs' trade secret misappropriation claims fail, in whole or in part, because Plaintiffs' alleged trade secrets have been disclosed publicly or were generally known.

Twelfth Affirmative Defense

301.   Plaintiffs' trade secret misappropriation claims fail, in whole or in part, because the technology and processes used to make the accused products were independently developed.

Thirteenth Affirmative Defense

302.   Plaintiffs' trade secret misappropriation claims fail, in whole or in part, because, to the extent Rosenberger acquired any alleged trade secret, it did so in a lawful manner.

Fourteenth Affirmative Defense

303.   Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate any damages they may have suffered.

Fifteenth Affirmative Defense

304.   Plaintiffs' claims are barred in whole or in part because they cannot demonstrate that Defendants acted with the requisite intent.

Sixteenth Affirmative Defense

305.   Plaintiffs' claims for misappropriation of trade secrets fail, in whole or in part, on the grounds that the alleged trade secrets or other confidential and proprietary information for which Plaintiffs claim they are entitled to the relief sought are not trade secrets because Plaintiffs cannot meet their burden to show that the information derives independent economic value, actual or potential, from not

being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

### Seventeenth Affirmative Defense

306.   Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### Eighteenth Affirmative Defense

307.   Plaintiffs are not entitled to injunctive relief because any injury to them is not immediate or irreparable, Plaintiffs would have an adequate remedy at law, the balance of hardships weighs against an injunction, and the public interest is best served by not issuing an injunction.

### Nineteenth Affirmative Defense

308.   Plaintiffs have not suffered and will not suffer harm as a result of Rosenberger's alleged misconduct.

### Twentieth Affirmative Defense

309.   Plaintiffs' claims under United States or state law have no extraterritorial effect.  Plaintiffs are barred from asserting such claims concerning conduct outside the United States.

<u>Twenty-First Affirmative Defense</u>

310.   Any decision by a court outside the United States, or agreement entered into by the parties outside the United States, should be given deference as a matter of comity.

<u>Twenty-Second Affirmative Defense</u>

311.   Rosenberger hereby adopts by reference any additional applicable defense pleaded by any other defendant and not otherwise pleaded herein, as well as any defense available under the statutes relied upon by Plaintiffs.  Rosenberger intends to rely upon any additional defense that is now or may become available or appears during or as a result of the discovery proceedings in this action, and expressly reserves its right to amend its answer to assert any such defense.

WHEREFORE, Rosenberger demands judgment in its favor and against the Plaintiffs, as follows:

(a)   For Rosenberger and against Plaintiffs on each and every claim set forth in the Second Amended Complaint;

(b)   Awarding Rosenberger reasonable attorneys' fees and costs as well as such other and further relief as the Court may deem just and proper.

Dated: September 7, 2021

Respectfully submitted,

LOWENSTEIN SANDLER LLP

By: /s/ *Matthew M. Oliver*

Matthew M. Oliver, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
moliver@lowenstein.com

MILBANK LLP
Daniel M. Perry (*pro hac vice*)
Kim B. Goldberg (*pro hac vice*)
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
dperry@milbank.com
kgoldberg@milbank.com

David I. Gindler (*pro hac vice*)
Y. John Lu (*pro hac vice*)
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
dgindler@milbank.com
jlu@milbank.com

*Attorneys for Defendants Rosenberger
Technology (Kunshan) Co. Ltd.,
Rosenberger Asia Pacific Electronic Co.,
Ltd., Rosenberger Technology LLC,
Rosenberger USA Corp., Rosenberger North
America Pennsauken, Inc., Rosenberger Site
Solutions, LLC, Rosenberger
Hochfrequenztechnik GmbH & Co. KG, and
Northwest Instrument, Inc.*