# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CommScope, Inc.; CommScope, Inc. of North Carolina; and CommScope Technologies LLC, ) ) ) ) | Civil Action No. 19-cv-15962-JXN-LDW |
| Plaintiffs, ) ) | |
| v. ) ) | |
| Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., CellMax Technologies AB, Janet Javier, and Robert Cameron, ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) ) | |
| _____ ) | |

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Rosenberger North America Pennsauken, Inc. ("Rosenberger Pennsauken"), by and through its undersigned attorneys, hereby answers Plaintiffs' Second Amended Complaint (the "Second Amended Complaint") as follows:

1.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 1.

2.      Rosenberger Pennsauken denies the allegations set forth in the first and third sentence of Paragraph 2, except admits that certain Rosenberger entities develop, manufacture, and/or sell telecommunications equipment, including BSAs. Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 2, and, on that basis, denies the allegations.

3.      Rosenberger Pennsauken denies the allegations set forth in Paragraph 3.

4.      Rosenberger Pennsauken denies the allegations set forth in Paragraph 4.

5.      Rosenberger Pennsauken denies the allegations set forth in Paragraph 5.

6.      Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence in Paragraph 6, and, on that basis, denies the allegations.  Rosenberger Pennsauken denies the allegations set forth in the remainder of Paragraph 6.

7.      Rosenberger Pennsauken denies the allegations set forth in Paragraph 7.

8.      Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of

Paragraph 8 with respect to CommScope's intentions, and, on that basis, denies the allegations.    Rosenberger Pennsauken denies the allegations set forth in the remainder of Paragraph 8.

9.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and, on that basis, denies the allegations.

10.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and, on that basis, denies the allegations.

11.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and, on that basis, denies the allegations.

12.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and, on that basis, denies the allegations.

13.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 13, except admits that certain policies are effective at various entities, and respectfully refers the Court to the entirety of the referenced documents for their complete and accurate contents.

14.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and, on that basis, denies the allegations.

15.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and, on that basis, denies the allegations.

16.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and, on that basis, denies the allegations.

17.    Rosenberger Pennsauken admits that it is a subsidiary of Rosenberger USA.    Rosenberger Pennsauken otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and, on that basis, denies the allegations.

18.    Rosenberger Pennsauken admits the allegations set forth in the first and second sentences of Paragraph 18.    Rosenberger Pennsauken admits that it is engaged in precision manufacturing, but otherwise denies the allegations set forth in the remainder of Paragraph 18 and respectfully refers the Court to the entirety of the referenced documents for their complete and accurate contents.

19.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and, on that basis, denies the allegations.

20.     Rosenberger Pennsauken admits that it is a private, nonpublic entity and that Rosenberger Germany is its ultimate parent.  Rosenberger Pennsauken otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 20, and, on that basis, denies the allegations.

21.     Rosenberger Pennsauken denies the allegations set forth in the fourth sentence of Paragraph 21.  Rosenberger Pennsauken otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 21, and, on that basis, denies the allegations. Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced documents for their complete and accurate contents.

22.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, second, and third sentences of Paragraph 22, and, on that basis, denies the allegations.  Rosenberger Pennsauken denies the allegations set forth in the fourth sentence of Paragraph 22.

23.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and, on that basis, denies the allegations.

24.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and, on that basis, denies the allegations.

25.     Paragraph 25 states legal conclusions to which no response is required.

26.     Paragraph 26 states legal conclusions to which no response is required.

27.     Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken admits that it is organized under the laws of the state of New Jersey, has its principal place of business in New Jersey, and is subject to personal jurisdiction in this Court. Rosenberger Pennsauken denies the allegations set forth in the second sentence of Paragraph 27. Rosenberger Pennsauken otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 27, and, on that basis, denies the allegations.

28.     Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28, and, on that basis, denies the allegations.

29.     Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in the first sentence of Paragraph 29. Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 29, and, on that basis, denies the allegations.

30.     Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 30.

31.     Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in the first sentence of Paragraph 31. Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 31, and, on that basis, denies the allegations.

32.     Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 32. Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced documents for their complete and accurate contents.

33.     Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, and, on that basis, denies the allegations.

34.     Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34, and, on that basis, denies the allegations.

35.     Paragraph 35 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and, on that basis, denies the allegations.

36.     Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and, on that basis, denies the allegations.

37.     Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and, on that basis, denies the allegations.

38.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, and, on that basis, denies the allegations.

39.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39, and, on that basis, denies the allegations.

40.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40, and, on that basis, denies the allegations.

41.     Rosenberger Pennsauken denies that AAAP and PSOAA are "trade secret software programs" and otherwise lacks knowledge or information sufficient to state a belief as to the truth of the allegations set forth in Paragraph 41, and, on that basis, denies the allegations.

42.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, and, on that basis, denies the allegations.

43.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43, and, on that basis, denies the allegations.

44.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44, and, on that basis, denies the allegations.

45.     Rosenberger Pennsauken denies that the referenced software programs are "trade secret software programs" and otherwise lacks knowledge or information sufficient to state a belief as to the truth of the allegations set forth in Paragraph 45, and, on that basis, denies the allegations.

46.     Rosenberger Pennsauken denies that Andrew Antenna Format is a "trade secret format" and that the other referenced software tools are trade secrets. Rosenberger Pennsauken otherwise lacks knowledge or information sufficient to state a belief as to the truth of the allegations set forth in Paragraph 46, and, on that basis, denies the allegations.

47.     Rosenberger Pennsauken denies that the referenced design, methods, and software programs are trade secrets, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 47, and, on that basis, denies the allegations.

48.     Rosenberger Pennsauken denies the allegations set forth in the first sentence of Paragraph 48. Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 48, and, on that basis, denies the allegations.

49.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 49.

50.     Rosenberger Pennsauken denies that the referenced software programs are trade secrets.   Rosenberger Pennsauken otherwise lacks knowledge or information sufficient to state a belief as to the truth of the allegations set forth in the remainder of Paragraph 50, and, on that basis, denies the allegations.

51.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 51.

52.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 52.

53.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence of Paragraph 53, and, on that basis, denies the allegations.  Rosenberger Pennsauken denies the allegations set forth in the remainder of Paragraph 53.

54.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 54.

55.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55, and, on that basis, denies the allegations.

56.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 56.

57.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second, third, and fourth sentences of Paragraph 57, and, on that basis, denies the allegations. Rosenberger Pennsauken denies the allegations set forth in the remainder of Paragraph 57, and respectfully refers the Court to the referenced documents for their complete and accurate contents.

58.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 58.

59.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 59.

60.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 60.

61.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 61.

62.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 62.

63.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 63.

64.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 64.

65.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 65.

66.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 66, except admits that CommScope makes Antenna Pattern Viewer publicly available.

67.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 67.

68.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 68.

69.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 69.

70.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 70.

71.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 71.

72.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 72.

73.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 73.

74.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 74.

75.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third and fourth sentence of Paragraph 75, and, on that basis, denies the allegations.  Rosenberger Pennsauken denies the allegations set forth in the remainder of Paragraph 75.

76.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 76.

77.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 77.

78.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 78, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

79.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 79, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

80.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 80, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

81.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

82.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

83.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

84.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 concerning the contents of CommScope's source code, and, on that basis, denies the allegations. Rosenberger Pennsauken otherwise denies the allegations set forth in the remainder of Paragraph 84.

85.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 85.

86.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86, and, on that basis, denies the allegations, and respectfully refers the Court to the referenced presentation for its complete and accurate contents.

87.     Rosenberger Pennsauken denies that CommScope software was "stolen" and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced presentations for their complete and accurate contents.

88.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 concerning CommScope's source code, and, on that basis, denies the allegations.  Rosenberger Pennsauken otherwise denies the allegations set forth in Paragraph 88, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

89.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89, and, on that basis, denies the allegations.

90.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 90.

91.     Rosenberger Pennsauken denies that CommScope software was "stolen" and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced presentations for their complete and accurate contents.

92.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 concerning AT&T's "typical[]" practices, and, on that basis, denies the allegations.   Rosenberger Pennsauken denies the allegations set forth in the remainder of Paragraph 92.

93.     Rosenberger Pennsauken denies that software was "stolen" and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93, and, on that basis, denies the allegations. Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced documents for their complete and accurate contents.

94.     Rosenberger Pennsauken denies the allegations set forth in Paragraph 94, and respectfully refers the Court to the entirety of the referenced presentation for its complete and accurate contents.

95.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced presentations for their complete and accurate contents.

96.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced presentations for their complete and accurate contents.

97.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced document for its complete and accurate contents.

98.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98, and, on that basis, denies the allegations.

99.     Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99, and, on that basis, denies the allegations.

100.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 100.

101.   Rosenberger Pennsauken denies the allegations set forth in the first sentence of Paragraph 101 concerning "misappropriation of the Simulation Software," the fourth sentence describing PSOAA as "a CommScope proprietary program that only CommScope's employees can access," and the allegations set forth in the last sentence of Paragraph 101.  Rosenberger Pennsauken otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 101, and, on that basis, denies the allegations.

102.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 102.

103.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103, and, on that basis, denies the allegations.

104.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104, and, on that basis, denies the allegations.

105.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105, and, on that basis, denies the allegations.

106.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 106.

107.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 107.

108.   Paragraph 108 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 108.

109.   Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 109.

110.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 110.

111.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 111.

112.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 112, and respectfully refers the Court to the referenced website for its complete and accurate contents.

113.   Rosenberger Pennsauken admits that it is a subsidiary of Rosenberger USA and otherwise denies the allegations set forth in Paragraph 113.  Rosenberger Pennsauken respectfully refers the Court to the referenced documents and website for their complete and accurate contents.

114.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the referenced document for its complete and accurate contents.

115.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the referenced document for its complete and accurate contents.

116.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the referenced document for its complete and accurate contents.

117.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the referenced agreement for its complete and accurate contents.

118.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 118, and respectfully refers the Court to the referenced documents for their complete and accurate contents.

119.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 119.

120.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the referenced documents for their complete and accurate contents.

121.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121, and, on that basis, denies the allegations.

122.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122, and, on that basis, denies the allegations.

123.   Paragraph 123 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123, and, on that basis, denies the allegations.  Rosenberger Pennsauken

respectfully refers the Court to the referenced agreement for its complete and accurate contents.

124.   Paragraph 124 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124, and, on that basis, denies the allegations. Rosenberger Pennsauken respectfully refers the Court to the referenced agreement for its complete and accurate contents.

125.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced agreement for its complete and accurate contents.

126.   Paragraph 126 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126, and, on that basis, denies the allegations.

127.   Paragraph 127 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127, and, on that basis, denies the allegations.

128.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced agreement for its complete and accurate contents.

129.   Paragraph 129 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced agreement for its complete and accurate contents.

130.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced agreement for its complete and accurate contents.

131.   Paragraph 131 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the referenced agreement for its complete and accurate contents.

132.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132, and, on that basis, denies the allegations.

133.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133, and, on that basis, denies the allegations.

134.   Paragraph 134 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the referenced statement for its complete and accurate contents.

135.   Paragraph 135 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the referenced agreement for its complete and accurate contents.

136.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136, and, on that basis, denies the allegations.

137.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137, and, on that basis, denies the allegations.

138.    Paragraph 138 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the referenced agreement for its complete and accurate contents.

139.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139, and, on that basis, denies the allegations.

140.    Paragraph 140 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140, and, on that basis, denies the allegations.

141.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141, and, on that basis, denies the allegations.

142.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence in Paragraph 142, and, on that basis, denies the allegations.  Rosenberger Pennsauken denies the allegations set forth in the remainder of Paragraph 142.  Rosenberger Pennsauken respectfully refers the Court to the referenced documents for their complete and accurate contents.

143.    Rosenberger Pennsauken denies the allegations set forth in the last sentence of Paragraph 143.  Rosenberger Pennsauken otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 143, and, on that basis, denies the allegations.

144.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144, and, on that basis, denies the allegations.

145.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145, and, on that basis, denies the allegations.

146.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146, and, on that basis, denies the allegations.

147.   Rosenberger Pennsauken denies the allegations set forth in the first sentence of Paragraph 147, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 147, and, on that basis, denies the allegations.

148.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 148, and, on that basis, denies the allegations.  Rosenberger Pennsauken denies the allegations set forth in the third sentence of Paragraph 148.

149.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 149, and, on that basis, denies the allegations.  Rosenberger Pennsauken denies the allegations set forth in the third sentence of Paragraph 149.

150.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 150.

151.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 151.

152.   Rosenberger Pennsauken denies the allegations set forth in the first sentence of Paragraph 152.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 152, and, on that basis, denies the allegations. Rosenberger Pennsauken respectfully refers the Court to the referenced document for its complete and accurate contents.

153.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 153.

154.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 154.

155.   Paragraph 155 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155, and, on that basis, denies the allegations.

156.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156, and, on that basis, denies the allegations.

157.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157, and, on that basis, denies the allegations.

158.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 158, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the entirety of the referenced document for its complete and accurate contents.

159.   Rosenberger Pennsauken denies that Dkt. No. 6 applies to CellMax Technologies AB or to Northwest Instrument, Inc., and respectfully refers the Court to the referenced document for its complete and accurate contents.

160.   Rosenberger Pennsauken denies that Dkt. No. 6 applies to CellMax Technologies AB or to Northwest Instrument, Inc., and respectfully refers the Court to the referenced document for its complete and accurate contents.

161.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 161, except admits that it received a copy of Dkt. No. 6 when the ex parte seizure was executed at its facility on August 27, 2019.

162.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 162, and, on that basis, denies the allegations.

163.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 163, and, on that basis, denies the allegations.

164.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 164, and, on that basis, denies the allegations.

165.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 165, and, on that basis, denies the allegations.

166.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166, and, on that basis, denies the allegations.

167.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167, and, on that basis, denies the allegations.

168.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168, and, on that basis, denies the allegations.

169.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 169, and, on that basis, denies the allegations.

170.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170, and, on that basis, denies the allegations.

171.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 171.

172.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 172.

173.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 173, and, on that basis, denies the allegations.

174.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 174.

175.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 175.

176.   Rosenberger Pennsauken incorporates by reference its responses to the foregoing allegations.

177.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 177.

178.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 178.

179.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 179.

180.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 180.

181.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 181.

182.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 182.

183.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 183.

184.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 184.

185.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 185.

186.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 186.

187.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 187.

188.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 188.

189.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 189.

190.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 190.

191.   Rosenberger Pennsauken incorporates by reference its responses to the foregoing allegations.

192.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 192.

193.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 193.

194.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 194.

195.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 195.

196.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 196.

197.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 197.

198.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 198.

199.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 199.

200.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 200.

201.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 201.

202.   Rosenberger Pennsauken incorporates by reference its responses to the foregoing allegations.

203.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 203.

204.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 204.

205.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 205.

206.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 206.

207.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 207.

208.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 208.

209.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 209.

210.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 210.

211.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 211.

212.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 212.

213.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 213.

214.    Rosenberger Pennsauken incorporates by reference its responses to the foregoing allegations.

215.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215, and, on that basis, denies the allegations.

216.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 216.

217.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 217.

218.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 218.

219.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 219.

220.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 220.

221.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 221.

222.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 222.

223.    Rosenberger Pennsauken denies the allegations set forth in Paragraph 223.

224.    Rosenberger Pennsauken incorporates by reference its responses to the foregoing allegations.

225.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225, and, on that basis, denies the allegations.  Rosenberger Pennsauken respectfully refers the Court to the referenced document for its complete and accurate contents

226.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226, and, on that

basis, denies the allegations. Rosenberger Pennsauken respectfully refers the Court to the referenced document for its complete and accurate contents

227.    Paragraph 227 states a legal conclusion to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227, and, on that basis, denies the allegations.

228.    Paragraph 228 states a legal conclusion to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228, and, on that basis, denies the allegations.

229.    Paragraph 229 states a legal conclusion to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229, and, on that basis, denies the allegations.

230.    Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 230, and, on that basis, denies the allegations.

231.    Paragraph 231 states a legal conclusion to which no response is required. To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 231.

232.   Paragraph 232 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 232.

233.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233, and, on that basis, denies the allegations.

234.   Paragraph 234 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 234.

235.   Paragraph 235 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 235.

236.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 236.

237.   Paragraph 237 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 237.

238.   Paragraph 238 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger Pennsauken respectfully

refs the Court to the entirety of the referenced agreements for their complete and accurate contents.

239.   Rosenberger Pennsauken incorporates by reference its responses to the foregoing allegations.

240.   Paragraph 240 states legal conclusions to which no response is required. To the extent a response is required. Rosenberger Pennsauken denies the allegations set forth in Paragraph 240.

241.   Paragraph 241 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 241.

242.   Paragraph 242 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 242.

243.   Paragraph 243 states legal conclusions to which no response is required. To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 243, and, on that basis, denies the allegations. Rosenberger Pennsauken denies the remainder of the allegations set forth in Paragraph 243.

244.   Paragraph 244 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 244, and, on that basis, denies the allegations.

245.   Paragraph 245 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 245, and, on that basis, denies the allegations.

246.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 246.

247.   Rosenberger Pennsauken incorporates by reference its responses to the foregoing allegations.

248.   Rosenberger Pennsauken admits that it is not a party to the Agreements referenced in Paragraph 248 and respectfully refers the Court to the referenced agreements for their complete and accurate contents.

249.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 249, and, on that basis, denies the allegations.

250.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 250.

251.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251, and, on that basis, denies the allegations.

252.   Paragraph 252 states legal conclusions to which no response is required. To the extent a response is required. Rosenberger Pennsauken denies the allegations set forth in Paragraph 252.

253.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 253.

254.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 254, and, on that basis, denies the allegations.

255.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 255.

256.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 256.

257.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 257.

258.   Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence and the first clause of the second sentence of Paragraph 258, and, on that basis, denies the

allegations.    Rosenberger Pennsauken denies the allegations set forth in the remainder of Paragraph 258.

259.   Paragraph 259 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 259, and, on that basis, denies the allegations.

260.   Paragraph 260 states a legal conclusion to which no response is required.   To the extent a response is required, Rosenberger Pennsauken lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 260, and, on that basis, denies the allegations.

261.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 261.

262.   Rosenberger Pennsauken incorporates by reference its responses to the foregoing allegations.

263.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 263.

264.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 264.

265.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 265.

266.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 266.

267.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 267.

268.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 268.

269.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 269.

270.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 270.

271.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 271.

272.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 272.

273.   Rosenberger Pennsauken incorporates by reference its responses to the foregoing allegations.

274.   Paragraph 274 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 274.

275.   Rosenberger Pennsauken denies the allegations set forth in the first two sentences of Paragraph 275.  Rosenberger Pennsauken admits that Rosenberger Site Solutions makes certain decisions independently of other entities named as defendants, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of the last sentence of Paragraph 275, and, on that basis, denies the allegations.

276.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 276.

277.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 277.

278.   Rosenberger Pennsauken incorporates by reference its responses to the foregoing allegations.

279.   Paragraph 279 states a legal conclusion to which no response is required.

280.   Paragraph 280 states a legal conclusion to which no response is required.  To the extent a response is required, Rosenberger Pennsauken denies the allegations set forth in Paragraph 280.

281.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 281.

282.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 282.

283.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 283.

284.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 284.

285.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 285.

286.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 286.

287.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 287.

288.   Rosenberger Pennsauken denies the allegations set forth in Paragraph 288.

## <u>AFFIRMATIVE DEFENSES</u>

289.   By alleging the Affirmative Defenses set forth below, Rosenberger Pennsauken intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are pleaded in the alternative,

and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever.

## First Affirmative Defense

290.   Plaintiffs' claims are barred in whole or in part because the Second Amended Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

291.   Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, laches, and the statute of repose.

## Third Affirmative Defense

292.   Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, consent, release, estoppel, unclean hands, and/or ratification.

## Fourth Affirmative Defense

293.   Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.

## Fifth Affirmative Defense

294.   Plaintiffs' claims are barred because Plaintiffs have failed to show that what they allege to be trade secrets are actually trade secrets under the law.

## Sixth Affirmative Defense

295.   Plaintiffs' claims are barred because, to the extent any form of trade secrets exists, Plaintiffs have not shown that Plaintiffs are the owners of the alleged trade secrets.

Seventh Affirmative Defense

296.   Plaintiffs' claims are barred because Plaintiffs have failed to identify the specific trade secrets allegedly misappropriated and used by Defendants.

Eighth Affirmative Defense

297.   Plaintiffs' claims are barred because the alleged trade secrets are either generally known or readily ascertainable by proper means, were not valuable business information, or were not the subject of efforts that were reasonable under the circumstances to maintain their secrecy.

Ninth Affirmative Defense

298.   Plaintiffs' claims are barred because Plaintiffs failed to take reasonable steps to maintain and safeguard the secrecy of any information claimed in this action to be a trade secret.

Tenth Affirmative Defense

299.   Plaintiffs' claims are barred because they have not suffered any losses or damages proximately caused by the conduct of Defendants alleged in the Second Amended Complaint.

Eleventh Affirmative Defense

300.   Plaintiffs' trade secret misappropriation claims fail, in whole or in part, because Plaintiffs' alleged trade secrets have been disclosed publicly or were generally known.

## Twelfth Affirmative Defense

301.   Plaintiffs' trade secret misappropriation claims fail, in whole or in part, because the technology and processes used to make the accused products were independently developed.

## Thirteenth Affirmative Defense

302.   Plaintiffs' trade secret misappropriation claims fail, in whole or in part, because, to the extent Rosenberger acquired any alleged trade secret, it did so in a lawful manner.

## Fourteenth Affirmative Defense

303.   Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate any damages they may have suffered.

## Fifteenth Affirmative Defense

304.   Plaintiffs' claims are barred in whole or in part because they cannot demonstrate that Defendants acted with the requisite intent.

## Sixteenth Affirmative Defense

305.   Plaintiffs' claims for misappropriation of trade secrets fail, in whole or in part, on the grounds that the alleged trade secrets or other confidential and proprietary information for which Plaintiffs claim they are entitled to the relief sought are not trade secrets because Plaintiffs cannot meet their burden to show that the information derives independent economic value, actual or potential, from not

being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

### Seventeenth Affirmative Defense

306.   Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### Eighteenth Affirmative Defense

307.   Plaintiffs are not entitled to injunctive relief because any injury to them is not immediate or irreparable, Plaintiffs would have an adequate remedy at law, the balance of hardships weighs against an injunction, and the public interest is best served by not issuing an injunction.

### Nineteenth Affirmative Defense

308.   Plaintiffs have not suffered and will not suffer harm as a result of Rosenberger's alleged misconduct.

### Twentieth Affirmative Defense

309.   Plaintiffs' claims under United States or state law have no extraterritorial effect.  Plaintiffs are barred from asserting such claims concerning conduct outside the United States.

<u>Twenty-First Affirmative Defense</u>

310.   Any decision by a court outside the United States, or agreement entered into by the parties outside the United States, should be given deference as a matter of comity.

<u>Twenty-Second Affirmative Defense</u>

311.   Rosenberger Pennsauken hereby adopts by reference any additional applicable defense pleaded by any other defendant and not otherwise pleaded herein, as well as any defense available under the statutes relied upon by Plaintiffs. Rosenberger Pennsauken intends to rely upon any additional defense that is now or may become available or appears during or as a result of the discovery proceedings in this action, and expressly reserves its right to amend its answer to assert any such defense.

WHEREFORE, Rosenberger Pennsauken demands judgment in its favor and against the Plaintiffs, as follows:

(a)   For Rosenberger Pennsauken and against Plaintiffs on each and every claim set forth in the Second Amended Complaint;

(b)   Awarding Rosenberger Pennsauken reasonable attorneys' fees and costs as well as such other and further relief as the Court may deem just and proper.

Dated: September 7, 2021

Respectfully submitted,

LOWENSTEIN SANDLER LLP

By: /s/ *Matthew M. Oliver*

Matthew M. Oliver, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
moliver@lowenstein.com

MILBANK LLP
Daniel M. Perry (*pro hac vice*)
Kim B. Goldberg (*pro hac vice*)
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
dperry@milbank.com
kgoldberg@milbank.com

David I. Gindler (*pro hac vice*)
Y. John Lu (*pro hac vice*)
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
dgindler@milbank.com
jlu@milbank.com

*Attorneys for Defendants Rosenberger
Technology (Kunshan) Co. Ltd.,
Rosenberger Asia Pacific Electronic Co.,
Ltd., Rosenberger Technology LLC,
Rosenberger USA Corp., Rosenberger North
America Pennsauken, Inc., Rosenberger Site
Solutions, LLC, Rosenberger
Hochfrequenztechnik GmbH & Co. KG, and
Northwest Instrument, Inc.*