```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

COMMSCOPE, INC.,                    .
                                    .
        Plaintiffs,                 .
                                    . Case No. 19-cv-15962
vs.                                 .
                                    . Newark, New Jersey
ROSENBERGER TECHNOLOGY              . November 17, 2021
KUNSHAN CO., LTD., et al.,          .
                                    .
        Defendants.                 .
```

                TRANSCRIPT OF HEARING: COURT'S RULING
               BEFORE THE HONORABLE LEDA DUNN WETTRE
                  UNITED STATES MAGISTRATE JUDGE

This transcript has been reviewed and revised in accordance
with L. Civ. R. 52.1.

This transcript has been **REDACTED (AVAILABLE FOR ALL PARTIES
AND THE PUBLIC)** pursuant to Loc. Civ. R. 5.3(c)(2).


APPEARANCES (the parties appeared via teleconference):

For the Plaintiffs:     EDWARD SPONZILLI, ESQ.
                        Norris McLaughlin, PA
                        400 Crossing Boulevard, 8th Floor
                        PO Box 5933
                        Bridgewater, NJ 08807-5933
                        (908) 722-0700
                        egsponzilli@norris-law.com




Audio Operator:

Transcription Service:     KING TRANSCRIPTION SERVICES
                           3 South Corporate Drive, Suite 203
                           Riverdale, NJ  07457
                           (973) 237-6080


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

```
 1   (APPEARANCES continued)

 2   For the Plaintiffs:     RANDALL KAHNKE, ESQ.
                             Faegre Drinker Biddle & Reath LLP
 3                           2200 Wells Fargo Center
                             90 South Seventh Street
 4                           Minneapolis, Minnesota 55402,
                             (612) 766-7658
 5                           Randall.kahnke@faegredrinker.com

 6                           HARMONY A. MAPPES, ESQ.
                             Faegre Drinker Biddle & Reath LLP
 7                           300 N. Meridian Street
                             Suite 2500
 8                           Indianapolis, Indiana 46204
                             (317) 237-8246
 9                           Harmony.mappes@faegredrinker.com

10                           TYLER A. YOUNG, ESQ.
                             Faegre Drinker Biddle & Reath LLP
11                           2200 Wells Fargo Center
                             90 South Seventh Street
12                           Minneapolis, Minnesota 55402
                             (612) 766-8610
13                           Tyler.young@faegredrinker.com

14                           LAUREN W. LINDERMAN, ESQ.
                             Faegre Drinker Biddle & Reath LLP
15                           2200 Wells Fargo Center
                             90 South Seventh Street
16                           Minneapolis, Minnesota 55402
                             (612) 766-7251
17                           lauren.linderman@faegredrinker.com

18                           RACHEL L. CARDWELL, ESQ.
                             Faegre Drinker Biddle & Reath LLP
19                           1717 Main St., Ste. 5400
                             Dallas, Texas 75201,
20                           (612) 766-6971
                             rachel.cardwell@faegredrinker.com
21
                             CHRISTOPHER S. KWELTY, ESQ.
22                           Norris McLaughlin, P.A.
                             400 Crossing Boulevard
23                           Bridgewater Township, NJ 08807
                             (908) 252-4209
24                           cskwelty@norris-law.com

25
```

```
 1   (APPEARANCES continued)

 2   For the Plaintiffs:    ANNA E. SALLSTROM, ESQ.
                            Faegre Baker Daniels LLP
 3                          2200 Wells Fargo Center
                            90 S. Seventh Street
 4                          Minneapolis, Minnesota 55402
                            (612) 766 7614
 5                          anna.sallstrom@FaegreBD.com

 6                          NATHANIEL J. ZYLSTRA, ESQ.
                            Faegre Baker Daniels LLP
 7                          2200 Wells Fargo Center
                            90 S. Seventh Street
 8                          Minneapolis, Minnesota 55402
                            Nathaniel.zylstra@faegredrinker.com
 9                          (612) 766-6908

10                          KELLY J. FERMOYLE, ESQ.
                            Faegre Baker Daniels LLP
11                          2200 Wells Fargo Center
                            90 S. Seventh Street
12                          Minneapolis, Minnesota 55402
                            (612) 766-7207
13                          Kelly.fermoyle@faegredrinker.com

14                          DENNIS C. BREMER, ESQ.
                            Carlson Caspers Vandenburgh &
15                          Lindquist, PA
                            Capella Tower, Suite 4200
16                          225 South Sixth Street
                            Minneapolis, MN 55402
17                          (612) 436-9614
                            Dbremer@carlsoncaspers.com

18

19   For the Defendants:    MATTHEW M. OLIVER, ESQ.
                            Lowenstein Sandler LLP
20                          One Lowenstein Drive
                            Roseland, New Jersey 07068
21                          (212) 419-5852
                            Moliver@lowenstein.com

22

23

24

25
```

```
 1    (APPEARANCES continued)

 2    For the Defendants:     Y. JOHN LU, ESQ.
                              Milbank LLP
 3                            2029 Century Park East, 33rd Floor
                              Los Angeles, CA US 90067-3019
 4                            (424) 386-4318
                              jlu@milbank.com
 5
                              KIM GOLDBERG, ESQ.
 6                            Milbank LLP
                              55 Hudson Yards
 7                            New York, NY US 10001-2163
                              (212) 530-5412
 8                            kgoldberg@milbank.com

 9                            DAVID I. GINDLER, ESQ.
                              Milbank LLP
10                            2029 Century Park East, 33rd Floor
                              Los Angeles, CA 90067-3019
11                            (424) 386-4313
                              Dgindler@milbank.com
12
                              BRADLEY HERSHON, ESQ.
13                            Milbank
                              55 Hudson Yards
14                            New York, NY 10001-2163
                              (212) 530-5241
15                            bhershon@milbank.com

16                            HALEY LING, ESQ.
                              Milbank LLP
17                            55 Hudson Yards
                              New York, NY US 10001-2163
18                            (212) 530-5115
                              Hling@milbank.com
19
                              MATTHEW J. GRIER, ESQ.
20                            Milbank LLP
                              55 Hudson Yards
21                            New York, NY US 10001-2163
                              (212) 530-5597
22                            Mgrier@milbank.com

23

24

25
```

```
 1   (APPEARANCES continued)

 2   For the Defendant      MARK S. PINCUS, ESQ.
     CellMax                Pincus Law LLC
 3   Technologies AB:       90 Broad Street, 23rd Floor
                            New York, NY 10004
 4                          (212) 962-2900
                            Mark@pincus-law.com
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                               I N D E X

2

3   <u>Proceeding</u>                                             <u>Page</u>

4    Proceedings                                         7

5    The Court's ruling on request to produce all   11
   Rosenberger design files
6

   The Court's ruling on inspection of BSAs       14
7

   The Court's ruling on request for CommScope   19
8    third-party distribution of parts and information

9    The Court's ruling on inspection of CommScope  21
   BSAs containing alleged hardware trade secrets
10

   The Court's ruling on "33-page checklist"     24
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    (Commencement of proceedings)

 2

 3              THE COURT:  Good afternoon, Counsel.  This is

 4   Magistrate Judge Wettre.  We're on the record in CommScope

 5   Inc. versus Rosenberger Technology, et al.  19-CV-15962.

 6              May I have appearances, please, starting with the

 7   plaintiff.

 8              MR. SPONZILLI:  Edward Sponzilli from Norris

 9   McLaughlin, local counsel to plaintiff CommScope.

10              THE COURT:  Good afternoon.

11              MR. SPONZILLI:  Good afternoon, Your Honor.

12              MR. KAHNKE:  Also on behalf of CommScope, this is

13   Randy Kahnke.  With me are my colleagues Lauren Linderman,

14   Harmony Mappes, Tyler Young, Nathaniel Zylstra, Anna

15   Sallstrom, Kelly Fermoyle, and Rachel Cardwell.  As we have

16   done in the past, Your Honor, we have associates along with

17   Ms. Linderman and myself who will be arguing today -- and we

18   understand the Court's guidance here -- in a very short

19   manner.

20              THE COURT:  Okay.  Thank you.

21              And Mr. Sponzilli --

22         (Simultaneous conversation)

23              THE COURT:  Do you have Mr. Kwelty with you?  I

24   have him on my appearance sheet.

25              MR. SPONZILLI:  He's on the call, I believe,
```

1  Your Honor.  But he's not in the same room with myself.

2              THE COURT:  Okay.

3              MR. SPONZILLI:  He's calling in remotely.

4              THE COURT:  All right.  Very good.

5              MR. BREMER:  And, Your Honor, I apologize.  This is

6  Dennis Bremer also on behalf of CommScope.  I just entered my

7  appearance pro hac vice within last week or so.

8              THE COURT:  Okay.  Welcome.

9              MALE SPEAKER:  Thank you.

10             THE COURT:  All right.  And for the Rosenberger

11 defendants?

12             MR. OLIVER:  Good afternoon, Your Honor.  This is

13 Mathew Oliver from Lowenstein Sandler LLP.

14             THE COURT:  Good afternoon.

15             MR. GINDLER:  And, good afternoon, Your Honor.

16 This is David Gindler from Milbank.  With me are John Lu, Kim

17 Goldberg, Bradley Hershon, Mathew Grier, and Haley Ling.

18 We're all here on behalf of the Rosenberger defendants and

19 also on behalf of CellMax Technologies.  Also representing

20 CellMax Technologies on the call is Mark Pincus of Pincus

21 Law.

22             THE COURT:  Okay.  Good afternoon to all of you.

23             So did we miss anyone?

24             Hearing nothing, I will assume not.

25             So, Counsel, I have, as you know, already had many

1   lengthy hearings resolving an extensive number of written

2   discovery disputes that the parties have presented to me.

3   So -- and by order -- by my order of several months ago, I

4   had barred any further written discovery requests from being

5   propounded without leave of Court.

6          So this will be the last written discovery dispute

7   the Court will entertain.  And as I said off the record, I

8   need to keep this hearing relatively short due to the other

9   demands of my schedule.

10          So I don't feel the need for oral argument and

11  would only allow a minute or two per side if the parties, you

12  know, really insist on being heard.  Otherwise, I'm prepared

13  to rule on each issue that was outlined and extensively

14  briefed in your joint discovery dispute statement.

15          So let me turn to the first issue, CommScope

16  Issue Number 1, which is essentially that CommScope demands

17  that Rosenberger -- the Rosenberger defendants now produce

18  all of their BSA design files.

19          Anything, briefly, that CommScope would like to add

20  that's not redundant of their written submission?

21          MR. KAHNKE:  Your Honor, this is Randy Kahnke.

22  I'll be very brief.

23          We have proceeded in an incremental, step-by-step

24  manner.  We have focused on the ███████████████ that ██

25  ███████████████████████████████████ in the five

1   categories that were the subject of the Court's September 21

2   order.  We have produced and identified in our interrogatory

3   responses ████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████

8   ████████████████████

9          Your Honor, we respectfully request that we be

10  given access to all of the Rosenberger BSA design files so

11  that we can now determine the extent, scope, and breadth of

12  the misappropriation.

13         And happy to answer any questions the Court may

14  have.

15         THE COURT:  Okay.  Thank you, Mr. Kahnke.

16         Anything from Rosenberger?

17         MR. LU:  Yes, Your Honor.  This is John Lu.  Just

18  very briefly.

19         We have already produced long ago to CommScope ████

20  ████████████████████████████████████████████████████

21  ██████████████████████████████████████████████████████

22  ██████████████████████████████████████████████████████████

23  ██████████████████████████████   We've already produce ████

24  █████████████████████

25         So CommScope has had at its disposal a lot of

 1    discovery, already, related to hardware.  This is not

 2    incremental discovery.  CommScope has not pointed to any new

 3    information we've produced as a result of its motion to

 4    compel.  So it had a successful motion to compel.  There is

 5    nothing -- there was nothing there.  And so now CommScope is

 6    fishing just for exponential magnitudes more discovery of

 7    design files.

 8          As we said in the letter, it would be an

 9    extraordinary and very time-consuming burden to manually

10    search for and download ███████████████████ and would

11    require -- likely require an extension of the schedule.  It

12    would just be a hugely burdensome undertaking to try and find

13    all design files for all BSAs that Rosenberger has ever

14    designed.

15          THE COURT:  Okay.  Thank you, Mr. Lu.

16          So Federal Rule of Civil Procedure 26 provides --

17    provides that the scope of discovery is limited to relevant

18    and proportional information.  During the course of many

19    months of discovery, the Court has required Rosenberger to

20    produce ████████████████████████, after determining

21    through painstaking analysis and extensive -- and after

22    extensive submissions from the parties, that such files may

23    be relevant and proportional.

24          And here I incorporate by reference my rationale

25    for the prior decisions, which are the foundation for today's

1   decision on this expanded request by CommScope.

2           CommScope's request for the number of design files

3   ordered to be produced be increased to all files pertaining

4   to Rosenberger's BSAs, ██████████████████████████████

5   █████████████████████████████████████████████,

6   according to Rosenberger, is -- this Court finds

7   disproportional within the meaning of Rule 26.  CommScope

8   offers little to justify its demand for discovery of this

9   extreme breadth.  Although it points to ████████████████

10  ████████████████████████████████████████ found in

11  the extensive information the Court has already ordered

12  Rosenberger to produce, there is little more than CommScope's

13  suspicions that the misappropriations go further to justify a

14  further search of the broad scope proposed by CommScope now.

15  And there appears to be little, if anything, that CommScope

16  recently discovered -- and that is since the last extensive

17  round of submissions -- that would justify this additional

18  request.  And the request is accordingly denied.

19          Okay.  Moving on to CommScope's Issue Number 2,

20  CommScope contends Rosenberger has failed to comply with the

21  Court's September 21st, 2021, order instructing Rosenberger

22  to ████████████████████████████████████████████████████████

23  ████████████████████████████

24          Anything further from CommScope on this issue?

25          MS. LINDERMAN:  Hi, Your Honor.  This is Lauren

1   Linderman on behalf of CommScope.

2           Just in brief, I think the heart of the parties'

3   dispute here is that Rosenberger agrees that it's obligated

4   to be producing ████████████████████████████████████████

5   ████████████████████████████.  But it is refusing

6   and viewing it outside the scope of the Court's order █████

7   ████████████████████████████████████████████████████████

8   ███████████

9           And especially in light of the fact that they

10  produced ████████████████████████████████████████████████

11  ████████████████████████, we think that their view of the Court's

12  order is unreasonably limited, if -- and that because of the

13  fact that they're planning to raise a █████████████████████

14  ████████████████████████████████████████

15  ████████████████████████████, those BSAs should be within the

16  scope of Court's prior order as well.

17          Thank you.

18          THE COURT:  Okay.  Thank you, Ms. Linderman.

19          Anyone from Rosenberger wish to be heard.

20          MR. LU:  Hi, Your Honor.  This is John Lu again.  I

21  will be brief as well.

22          Rosenberger has produced or offered to make

23  available ████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████

25  ████████████████████████████████████████████

1   ████████████ and we sent a letter to CommScope on that.

2           Rosenberger understood the Court's order to make

3   available for inspection ████████████████████████████████

4   ██████████████████████████████████████████████████

5   ████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████

7   █████████████████████████████████████████████

8   ████████████████████████████████████████████████████████

9   █████████████████████████████████████████████████████

10  ████████████████████████████

11       ██████████████████████████████████████████

12  █████████████████████████████████████████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████████ Rosenberger did not

15  understand Your Honor to order ████████████████████████████

16  █████████████████████████████████████████████████████

17  ██████████████████████████████████.

18           THE COURT:  Okay.  Thank you, Mr. Lu.  So, first, I

19  have to observe that the parties' submissions demonstrate

20  that they've complicated this issue almost beyond the Court's

21  understanding and almost beyond the Court's recognition of

22  its own order on this issue.

23           In any event, having carefully read both sides'

24  submissions on this issue and striving to understand it,

25  having read the submissions several times, the Court does

1   find sufficient Rosenberger's proposal to produce an

2   additional Rosenberger BSA model for inspection ███████

3   ████████████████████████████████████████████████████

4   ██████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████

6   ███████████.  The Court believes that allowing CommScope to

7   examine altogether █████████████████████████████████

8   ██████████████████████████████████████████████

9   ████████████████████████████████████████████████

10  ██████████████████████████████████████████

11          Okay.  Turning to the Rosenberger issues,

12  Mr. Oliver had advised my chambers in response to my request

13  to both parties, that Rosenberger Issue 1 is moot.  So the

14  Court turns to Rosenberger Issue 2.

15          Rosenberger contends that CommScope refuses to

16  provide "date information" about third-party distribution of

17  alleged hardware trade secret design files, which files were

18  distributed, and to whom."

19          CommScope remarks that this issue is not ripe.

20          So here I would like the parties to give me an

21  update on this in whichever order makes sense.

22          MS. GOLDBERG:  Yes, Your Honor, this is Kim

23  Goldberg from Milbank.

24          THE COURT:  Yes, hi, Ms. Goldberg.

25          MS. GOLDBERG:  Hello.  We have an interrogatory out



1  to CommScope that seeks the identification of each third

2  party to whom it disclosed any alleged trade secret, the date

3  or dates of each disclosure, and each alleged trade secret

4  disclosed.

5          So as we've explained in our submission, this is a

6  significant issue, because discovery in the expedited phase

7  shows that CommScope distributed its alleged trade secret

8  software program to third parties without adequate or

9  sometimes any protection.

10          So looking at each and every distribution is very

11  important because if any of those distributions lack

12  reasonable measures of protection, that could be fatal to

13  CommScope's ability to claim trade secret protection for that

14  information.

15          So we did receive amended responses from CommScope

16  since the parties' joint submission, but that response

17  appears to remain inadequate.  So number one --

18          THE COURT:  May I ask you, were documents produced

19  in satisfaction of the interrogatory?  Or was there an

20  attempt to answer the interrogatory as such?

21          MS. GOLDBERG:  So CommScope ████████████████████

22  ███████████████████████████████████████████████████████

23  ████████████████████████

24          So the Question Number 1 is whether that

25  information that they have provided to us includes each and

1   every distribution --

2           THE COURT:  Okay.

3           MS. GOLDBERG:  -- of these parts.

4           THE COURT:  And does it represent -- I mean, it

5   wasn't provided, the answer itself, though I could -- as far

6   as I know, and I looked through all the exhibits.  So I

7   wasn't able to tell if CommScope represented that was all

8   there was or if they were still in progress.

9           What can you tell me about that?

10          MS. GOLDBERG:  ████████████████████████████████████

11  ████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████

14  ██████████████████████████  It's not clear to us that we've received

15  that, and we think we're entitled to it.

16          THE COURT:  Okay.  Got it.

17          So let me hear from CommScope on this.

18          MS. GOLDBERG:  Did you want to handle that issue?

19  Or should I raise a couple of other points?

20          THE COURT:  No, I want to hear what CommScope says,

21  because they contended that the issue was unripe, so I'm

22  mainly focusing on that.

23          MR. FERMOYLE:  Thanks, Your Honor.  This is Kelly

24  Fermoyle on behalf of CommScope, and I'll take this issue.

25          THE COURT:  Yeah --

|Hearing: Court's Ruling
|19-cv-15962, November 17, 2021                                    18
|REDACTED (available for all parties and the public)

1    MR. FERMOYLE:  Your Honor -- yeah, thank you.

2    

3

4

5

6

7

8

9

10    THE COURT:  Okay.  So CommScope would say that they

11   have provided this information.  To the extent it's available

12   after a reasonable search, it's provided all the information.

13    MR. FERMOYLE:  Yes, Your Honor.

14    THE COURT:  Okay.  So what's wrong with that,

15   Ms. Goldberg?

16    MS. GOLDBERG:  So, number one, we're happy to hear

17   that they believe they've

18                          So that's helpful in that

19   regard.

20    But what also seems to be missing and which we've

21   raised from them is that

22                                          , which are

23   alleged to be the trade secrets.  And we've asked CommScope

24   to amend their response                    , which,

25   you know, matters to the extent that there might have been

1 ████████████████████████████████████████████████

2 ██████████

3          We've also asked them to identify by Bates numbers,

4 the documents constituting these distributions or reflecting

5 the distributions, but ███████████████████████

6 ██████████████████████████████████████████████████████

7 ████████████████████████████████████████

8 ██████████████████████ which they haven't done or agreed to

9 do.

10          THE COURT:  Okay.  So it sounds like CommScope now

11 represents -- if it wasn't clear before, they've said so on

12 the record -- that they've provided all responsive

13 information, and the rest of it is cleanup.  So I'm going to

14 count on counsel to do that themselves.  That's pretty far in

15 the weeds for the -- you know, this discovery dispute hearing

16 from me.  So I think this is satisfactorily resolved, and

17 counsel can work with one another so that they're -- you

18 know, Rosenberger is -- can find the information readily and

19 can test bona fides of whether, in fact, all the

20 information's been produced.

21          Turning to Rosenberger Issue 3 Rosenberger seeks

22 inspection of CommScope BSAs containing "alleged hardware

23 trade secrets," which was requested by its RFP Number 89,

24 which I note was served without Court leave after the date,

25 the cut-off date the Court gave.

1          Anything Rosenberger wishes to add?

2          MR. LU:  This is John Lu, Your Honor.  Very

3     briefly.

4          So I just want to clarify that we also served

5     Requests For Production Numbers 87 and 88, which --

6          THE COURT:  Right.  And CommScope said they weren't

7     going to object to the timeliness of that, but they didn't

8     say that as to 89.

9          MR. LU:  Correct.  Okay.  Yes, Your Honor.

10         And for 89, we have limited the scope to

11    representative models only if CommScope argues that its --

12    that a particular part or that information ████████████

13    ████████████████████.  So Request Number 89 is very

14    limited in scope.  And we do request leave to serve 89.

15         THE COURT:  Okay.

16         Counsel?

17         MS. LINDERMAN:  Thank you, Your Honor.  This is

18    Lauren Linderman on behalf of CommScope.

19         We disagree that Request Number 89 is all limited

20    in scope.  As we mentioned in our papers, as we understand

21    what Mr. Lu just articulated as their new narrower

22    interpretation of the request, it still necessarily

23    encompasses many, many hundreds, if not over 2,000 base

24    station antennas.  And so we continue to object to their

25    request for leave to file that request.

1     And I will just add that Rosenberger has at its

2  fingertips through the information that we've already

3  produced in our interrogatory responses, the information it

4  needs if it would like to craft a more narrowly tailored

5  request for specific BSAs containing specific components.

6  But as crafted, we certainly object to something that's

7  asking for potentially over 2,000 BSAs to be produced at this

8  late stage of the case.

9     THE COURT:  Okay.  Thank you.

10     So the Court is denying this request.  First of

11  all, it was served after the Court's clearly announced

12  cut-off date for serving new discovery demands.  Second, the

13  Court is not convinced that the demand even seeks relevant

14  and proportional evidence.  Rosenberger explains that it

15  seeks to explore CommScope's assertion during prior motion

16  practice that certain of its trade secret hardware

17  information ███████████████████████████████████████████

18  ███████████  Rosenberger wants to test this theory.

19     To take a step back and put it in the context in

20  which it arises, CommScope alleges that -- as I understand

21  it -- that similar parts in Rosenberger's BSAs are the result

22  of trade secret theft.  ████████████████████████████

23  ████████████████████████  Rosenberger says not so.  ████████

24  ██████████████████████████████████████  which does

25  not constitute trade secret theft.

1            CommScope responds -- or seems to respond -- that

2     Rosenberger could not have ████████████████████████

3     through legitimate means because it is simply not possible.

4            On the fourth round of this argument, Rosenberger

5     contends it should be able to examine CommScope's BSAs to see

6     if the parts in them ██████████████████████████████.

7            The Court finds that each round of this argument

8     becomes of diminishing relevance.  And taking the fourth step

9     of this ping-ponging debate as a reason to start doing BSA

10    inspections that were not timely requested at this late stage

11    of discovery is squarely disproportional within the meaning

12    of Rule 26.  So that is denied.

13           Finally, Rosenberger Issue 4, whether CommScope's

14    productions of its BSA business reports and presentations is

15    complete.

16           Here I'm going to say at the outset, CommScope says

17    in many ways and says it said so after -- over numerous

18    iterations that it has produced all information it could

19    locate after a reasonable search and has represented that in

20    writing.

21           So is this dispute about Rosenberger's request that

22    CommScope fill in a 33-page checklist?

23           Mr. Lu or whomever from Rosenberger, do you want to

24    respond?

25           MS. GOLDBERG:  Yes, Your Honor.  This is Kim

1  Goldberg from Milbank.

2           So what the dispute is about is the -- CommScope's

3  compliance with what we understood to be Your Honor's ruling

4  at the last conference, which was to identify by Bates number

5  what is provided that Rosenberger still thinks is missing,

6  and state where it's the case, there is nothing available to

7  provide.

8           So, you know, we -- we spent -- we put together a

9  list of everything that we thought was missing, and sent it

10 to them basically to be very clear about what exactly we

11 thought was missing.  And for them to indicate the extent to

12 which certain of those reports don't exist or weren't able to

13 be found after their search.

14          So, you know, we've gotten back, you know, very

15 broad Bates range identifications and saying, you know, we've

16 produced what we've been able to find.  See these, you know,

17 ███████████████████████████.

18          What we're asking for is what we understood the

19 Court to order, which is that to the extent we've pointed to

20 a report that, you know, we think is missing, for them to

21 actually say here's the Bates number for that report; it's

22 not missing after all.  Or to say that something just doesn't

23 exist.

24          THE COURT:  All right.

25          CommScope?

1          MS. CARDWELL:  Thank you, Your Honor.  This is

2    Rachel Cardwell for CommScope, and I'll be taking this issue.

3          To keep it brief, CommScope has complied with the

4    Court's directives.  CommScope has provided the Bates range,

5    produced the documents found in a reasonable search, and

6    confirmed that we do not have any further documents to

7    produce.  We have nothing else to do here.

8          In our view, Rosenberger's 33-page checklist is

9    make-work that is not required under the federal rules and,

10   we do not believe, within the scope of your September 21st

11   order.

12         That's it, I think, from our end, but happy to

13   answer any questions, if you have them.

14         THE COURT:  No.  I agree with CommScope on this.

15   So I'm denying Rosenberger's request.

16         All right.  That all the issues I have.

17         Anything else the parties wish to discuss by way of

18   case management?  --

19     (Simultaneous conversation)

20         MR. LU:  Your Honor, this is John Lu from

21   Rosenberger.

22         I just wanted a quick clarification on Issue

23   Number 3 about the RFPs, that late-served RFP.

24         So Rosenberger's RFP Number 87 and 88, which

25   CommScope did not object to, those are okay.  Correct?

1          THE COURT:  That wasn't presented to me.  I am not

2   going to comment on it.  What parties agree to produce

3   consensually, is none of my business.

4          MR. LU:  Okay.  Thank you, Your Honor.

5          MR. KAHNKE:  Your Honor.

6          THE COURT:  Yeah.

7          MR. KAHNKE:  Randy Kahnke on behalf CommScope.

8          With respect to Issue 1, the request for production

9   of additional Rosenberger design files, respectful of the

10  Court's ruling on this issue and would respectfully respect

11  leave to file a formal motion to compel on that front.

12         THE COURT:  I don't understand.  You want to

13  reiterate?

14         MR. KAHNKE:  We would like to file a formal motion

15  to compel on it, Your Honor, that gets into the full basis

16  for, as opposed to what was presented in the joint discovery

17  dispute statement in very summary fashion, get into the full

18  basis for our reason seeking this information and its

19  relevance to the case.

20         THE COURT:  Okay.  That could have been requested

21  before I spent my time looking through this.

22         So I'll have the same issue again.  I'll grant you

23  leave to do that.

24         But let me be very clear:  Discovery will not be

25  extended.  You are to go forward with depositions.  You are

 1   to hold nothing, not fact depositions, not expert discovery

 2   for my ruling on this issue.  I've spent a lot of time

 3   focusing on design files.  You started with a request for

 4   all, and it was out of line.  And I've given information,

 5   increasing amounts of information as it appeared to be

 6   proportional to the issues.  So I think you merely disagree.

 7   And -- but you may brief it again formally and submit

 8   whatever you like.  Everyone has the right to be heard.

 9           But it's -- it's not to hold up anything further in

10   the case.

11           MR. KAHNKE:  Understood, Your Honor.  We appreciate

12   that.

13           Regarding other issues, Mr. Sponzilli sent you a

14   letter yesterday -- we tried to keep it to one paragraph --

15   about deposition issues.

16           I just note -- I might note on that front,

17   Your Honor, that Rosenberger has suggested, we hear you loud

18   and clear about moving forward with depositions, moving

19   forward with expert work.  Rosenberger has suggested that it

20   may be appropriate because of -- -related issues to

21   consolidate or coordinate the depositions of China-based

22   witnesses in the trade secret case and the patent case

23   pending in Delaware.  The patent case has a discovery -- a

24   fact discovery cut-off that's two months later than ours.

25   And so I just flag that issue for the Court, again, hearing

1  you loud and clear on that, Your Honor, but just want to make

2  you aware of that -- that issue regarding timing.

3          And then also, if we could get some guidance from

4  you.  We're work -- the parties are working through this

5  issue regarding the number of depositions that may be

6  appropriate in this case.  We hope to get that wrestled to

7  the ground very promptly, if at all possible.  But if that is

8  not possible, we would appreciate guidance from Your Honor

9  about how to proceed on that front procedurally.

10         THE COURT:  Okay.  Well, our Local Civil Rule 37.1

11  is how you're supposed to present the issues that you've

12  reached impasse on.

13         MR. KAHNKE:  Okay.  Appreciate that.

14         THE COURT:  All right.  So I'll see what you submit

15  on depositions.

16         Anything further?

17         MR. KAHNKE:  Not from CommScope, Your Honor.

18         MR. OLIVER:  Not from Rosenberger and CellMax.

19         THE COURT:  Okay.  Very good.

20         Have a good day, everyone.

21         UNIDENTIFIED SPEAKERS:  Thank you.

22              (Conclusion of proceedings)

23

24

25

1              Certification

2          I, SARA L. KERN, Transcriptionist, do hereby certify

3    that the 28 pages contained herein constitute a full, true,

4    and accurate transcript from the official electronic

5    recording of the proceedings had in the above-entitled

6    matter; that research was performed on the spelling of proper

7    names and utilizing the information provided, but that in

8    many cases the spellings were educated guesses; that the

9    transcript was prepared by me or under my direction and was

10   done to the best of my skill and ability.

11         I further certify that I am in no way related to any of

12   the parties hereto nor am I in any way interested in the

13   outcome hereof.

14

15

16

17

18   S/ *Sara L. Kern*                      19th of November, 2021

19   _____    _____
     Signature of Approved Transcriber               Date

20

21
     Sara L. Kern, CET**D-338
22   King Transcription Services
     3 South Corporate Drive, Suite 203
23   Riverdale, NJ  07457
     (973) 237-6080

24

25