Daniel S. Eichhorn, Esq. (5505)
Cullen and Dykman LLP
433 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-1300
(201) 488-2460 - telecopier
Attorneys for Defendants, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik Gmbh & Co. Kg, Northwest Instrument, Inc. and CellMax Technologies

| | |
|---|---|
| COMMSCOPE, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>ROSENBERGER TECHNOLOGY KUSHAN CO., et al.<br><br>       Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.: 2:19cv15962 (JXN-LDW)<br><br>Civil Action<br><br>ORDER<br>FOR *PRO HAC VICE* ADMISSION OF<br>VINCENT FILARDO, JR., MARK RASKIN, MICHAEL DEVINCENZO, CHARLES WIZENFELD AND MICHAEL AMBERG |

  **THIS MATTER** having been presented to the Court by Daniel S. Eichhorn, Esq. of Cullen and Dykman LLP, co-counsel and attorneys for Defendants, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik Gmbh & Co. Kg, Northwest Instrument, Inc. and CellMax Technologies (collectively "Defendants"), pursuant to L. Civ. R. 101.1 seeking the pro hac vice admission in this action of Vincent Filardo, Jr., Mark Raskin, Michael DeVincenzo, Charles Wizenfeld and Michael Amberg for good cause shown;

  **IT IS ON THIS** _____ day of February, 2022

**ORDERED** that the application for the pro hac vice admission of Vincent Filardo, Jr., Mark Raskin, Michael DeVincenzo, Charles Wizenfeld and Mark Amberg, is hereby **GRANTED**; and it is further

**ORDERED** that counsel shall abide by all rules of this Court, including all disciplinary rules, and shall notify this Court immediately of any matter affecting counsels' standing at bar of any court; and it is further

**ORDERED** that counsel are deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions against counsels that may arise from counsels' participation in this matter; and it is further

**ORDERED** that the applicant shall: (a) be attorney of record in this case in accordance with L. Civ. R. 101.1(c); (b) be served all papers in this action and such service shall be deemed sufficient upon counsel; (c) sign (or arrange for a member of the firm admitted to practice in New Jersey to sign) all pleadings, briefs, and other papers submitted to this Court; (d) appear at all proceedings; and (e) be responsible for the conduct of the cause and counsels in this matter; and it is further

**ORDERED** that counsel shall each make payment to the New Jersey Lawyer's Fund for Client Protection, pursuant to N.J. Court Rule 1:28-2, for each year in which counsel represents the clients in this matter; and it is further

**ORDERED** that counsel shall each pay $150.00 to the Clerk of the United States District Court for the District of New Jersey for admission pro hac vice in accordance with L. Civ. R. 101.1(c)(3); and it is further

**ORDERED** that all terms of the Orders entered in this case, including all deadlines set forth therein, shall remain in full force and effect and no delay in discovery, motions, trial or any other proceeding shall occur because of the participation of counsel or their inability to be in attendance at proceedings.

_____