

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807
T: 908-722-0700
F: 908-722-0755

April 14, 2022

**VIA ECF**

The Honorable Leda Dunn Wettre, U.S.M.J
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    **CommScope, Inc. v. Rosenberger Technology (Kunshan) Co. Ltd., *et al.*
             Civil Action No. 2:19-cv-15962-JXN-LDW**

Dear Magistrate Judge Wettre:

      This firm, along with Faegre Drinker Biddle and Reath LLP, represent Plaintiffs CommScope, Inc., CommScope, Inc. of North Carolina, and CommScope Technologies, LLC (collectively, "CommScope") in the above-captioned matter. We write to respectfully request the Court's permission to file a joint motion on behalf of all parties for reconsideration—based on <u>new</u> information–of the denial of the parties' stipulation for an extension (Dkt. 525), or in the alternative, to stay the case pending mediation.

      As explained in more detail in the attached memorandum,[1] since the Court's order, the COVID restrictions in Mainland China have gotten worse. Most acutely, the majority of the 12 witnesses to be deposed are presently in lockdown unable to leave their homes for any non-essential purposes. Further, to the extent witness are not in lockdown, local authorities would not commit to issuing the required travel documents necessary for the witnesses to travel outside of Mainland China to sit for their depositions, and Chinese law prohibits these depositions from occurring in the mainland.

      Even for those witnesses trying to travel outside of Mainland China for their depositions, they face guaranteed quarantines, including the potential for lengthy quarantine periods of up to 56 days upon their return home. These quarantine periods have significant, real consequences for the witnesses. For example, the quarantine

---

[1] Included in this request for leave are copies of the notice of motion and other related motion documents, which are submitted for the Court's convenience in the event the Court decides to grant the relief requested.



BRIDGEWATER, NJ  |  NEW YORK, NY  |  ALLENTOWN, PA

WWW.NORRISMCLAUGHLIN.COM

**Norris McLaughlin, P.A.**

April 14, 2022
Page 2

policies may mean that one CommScope witness is not allowed to be with his minor son as he recovers from heart surgery, including to attend regular checkups to confirm the implant is working. Counsel for Rosenberger has likewise explained that several Rosenberger witnesses would have to leave their young children for many weeks without childcare options. Despite the uncertainty, the parties have been working diligently to plan for depositions and exploring options to meet the Court's current deadlines. But the COVID restrictions in China make any advance planning hypothetical at best.

The parties therefore request permission to file a joint motion for the Court to reconsider the denial of the stipulation and to amend the scheduling order 3.5 months to allow time for the COVID restrictions in China to ease. In the alternative, the parties request that the Court stay the case for 90 days under Local Rule 301.1 or the Court's inherent authority to allow renewed mediation efforts before the parties undertake the substantial expenses associated with depositions and expert discovery.

Respectfully submitted,

**NORRIS McLAUGHLIN, P.A.**

/s/ *Edward G. Sponzilli*
Edward G. Sponzilli