# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CommScope, Inc., CommScope Inc. of North Carolina, and CommScope Technologies, LLC, | ) Civil Action No. 19-cv-15962-JXN-<br>) LDW<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) **DECLARATION OF RANDALL**<br>) **KAHNKE IN SUPPORT OF**<br>) **JOINT MOTION OF ALL** |
| Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., CellMax Technologies AB, | ) **PARTIES FOR**<br>) **RECONSIDERATION OF THE**<br>) **DENIAL OF THE REQUESTED**<br>) **EXTENSION BASED ON <u>NEW</u>**<br>) **INFORMATION, OR, IN THE**<br>) **ALTERNATIVE, TO STAY THE**<br>) **LITIGATION**<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

I, Randall E. Kahnke, declare as follows:

1.      I am over the age of 18 and have personal knowledge of the following facts.

2.      I am an attorney with the law firm of Faegre Drinker Biddle & Reath LLP and am counsel of record in this case on behalf of CommScope, Inc., CommScope, Inc. of North Carolina., and CommScope Technologies, LLC (collectively "CommScope").

3.      I make this declaration in support of the Joint Motion of All Parties for Reconsideration of the Denial of the Requested Extension Based on New Information, or, in the Alternative, to Stay the Litigation.

4.      CommScope and Rosenberger collectively have 12 witnesses based in Mainland China who need to sit for depositions.

| 1 | Cai Lishao |
|---|---|
| 2 | Charles Yang |
| 3 | Chen Guoqun |
| 4 | Cherry Wang[1] |
| 5 | Jiang Tao |
| 6 | Jing Sun |
| 7 | Li Fan |
| 8 | Li Yuemin (Paul) |
| 9 | Qian Hanyu |
| 10 | Sun He |
| 11 | Wu Ligang |
| 12 | Xu Guolong (Dragon) |

---

[1] The parties are currently addressing whether Ms. Wang, who is a former Rosenberger employee, will sit for a deposition.

2

5.       I understand that five of the twelve witnesses have also been requested for deposition in the Delaware patent case, 1:20-cv-01053-RGA.

6.       Given the overlapping witnesses, the parties have tried to coordinate deposition scheduling in the Delaware patent case and this case. (Dkt. 492.) The parties in the Delaware patent case also intend to request an extension or stay.

7.       Attached as Exhibit A is a true and correct copy of the Responses and Objections to Second Amended Notice of 30(b)(6) Deposition of Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc.

8.       Attached as Exhibit B is a true and correct copy of the Responses and Objections to Second Amended Notice of 30(B)(6) Deposition of Rosenberger Site Solutions, LLC.

9.       Attached as Exhibit C is a true and correct copy of the Civil Procedure Law of the People's Republic of China, which includes the at issue law, Article 284.

10.       Attached as Exhibit D is a true and correct copy of Alexandra Stevenson, *A Chinese city tells overseas visitors to quarantine for 28 days, then do another 28*, N.Y. Times (Nov. 10, 2021) https://www.nytimes.com/2021/11/10/world/asia/covid-china-shenyang-quarantine.html

3

11.     Attached as Exhibit E is a true and correct copy of Alexandra Stevenson, *China's economy pays a price as lockdowns restrict nearly a third of its population*, N.Y. Times (Apr. 14, 2022) https://www.nytimes.com/2022/04/14/business/china-lockdowns-economy.html

12.     Attached as Exhibit F is a true and correct copy of Brenda Go & Engen Tham, *Shanghai separates COVID-positive children from parents in virus fight*, Reuters (Apr. 2, 2022) https://www.reuters.com/world/china/shanghai-separates-covid-positive-children-parents-virus-fight-2022-04-02

13.     Attached as Exhibit G is a true and correct copy of Britt Clennett & Karson Yiu, *Shanghai lockdown tests resilience of 'Zero-COVID' strategy, as economic and social tolls grow*, ABC News (Apr. 13, 2022), https://abcnews.go.com/International/shanghai-lockdown-tests-resilience-covid-strategy-economic-social/story?id=84052348

14.     Attached as Exhibit H is a true and correct copy of John Liu & Paul Mozur, *'Totally Inhumane': Child Separations Feed Anger in a Locked-Down Shanghai*, N.Y. Times (Apr. 2, 2022) https://www.nytimes.com/2022/04/02/business/shanghai-covid-child-separation.html

15.     Attached as Exhibit I is a true and correct copy of U.S. State Department, *China Judicial Assistance Country Information*,

https://travel.state.gov/content/ travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited Apr. 14, 2022).

16.    Attached as Exhibit J is a true and correct copy of U.S. State Department, *China Travel Advisory*,

https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/china-travel-advisory.html (last visited Apr. 14, 2022).

17.    Attached as Exhibit K is a true and correct copy of Vivian Wang & Isabelle Niu, *Shanghai Seethes in Covid Lockdown, Posing Test to China's Leadership*, N.Y. Times (Apr. 7, 2022)

https://www.nytimes.com/2022/04/07/world/asia/shanghai-covid-china.html.

18.    To plan for overseas depositions, CommScope vetted numerous domestic and international locations for the depositions of China-based witnesses and the related travel restrictions. And CommScope has interviewed or identified interpreters for each location where these depositions might take place.

19.     In addition, to help deposition planning to move forward as much as possible, the parties have:

- exchanged the names of foreign and domestic witnesses;

- exchanged 30(b)(6) deposition notices and objections for 10 parties;

- participated in meet-and-confer calls regarding those notices and objections;

- exchanged proposed dates for the more than 50 Rule 30(b)(1) depositions that will be taken between this case and the Delaware patent case;

- agreed on the number of hours for translated depositions;

- agreed on a "joint-use" agreement that will allow the use of information in both this case and the Delaware patent case, while respecting the discovery confidentiality orders entered in each case; and,

- taken steps to comply with this Court's orders dated September 21, 2021 (Dkt. 471), and February 17, 2022 (Dkt. 511) compelling the production of discovery, and are continuing to work through related issues.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 14, 2022

*s/ Randall E. Kahnke*

Randall E. Kahnke

# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CommScope, Inc., CommScope Inc. of North Carolina, and CommScope Technologies, LLC | ) ) ) ) | Civil Action No. 19-cv-15962-JXN-LDW |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **RESPONSES AND OBJECTIONS TO SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF** |
| Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., CellMax Technologies AB, Janet Javier, and Robert Cameron, | ) ) ) ) ) ) ) ) ) ) ) | **ROSENBERGER TECHNOLOGY (KUNSHAN) CO. LTD., ROSENBERGER ASIA PACIFIC ELECTRONIC CO., LTD., ROSENBERGER TECHNOLOGY LLC, ROSENBERGER HOCHFREQUENZTECHNIK GMBH & CO. KG, AND NORTHWEST INSTRUMENT, INC.** |
| Defendants. | ) ) ) | |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC (collectively, "Defendants"), hereby object to and respond to CommScope, Inc., CommScope, Inc. of North Carolina, and CommScope Technologies LLC's ("CommScope") Second Amended Notice of 30(b)(6) Deposition of Defendants, dated March 24, 2022 ("Notice") in the above-captioned matter.

These responses and objections are only on behalf of those entities that were both subject to CommScope's Notice and included in CommScope's January 7, 2022 letter listing individuals and entities CommScope wishes to depose. As such, Rosenberger Hochfrequenztechnik GmbH & Co. KG and Northwest Instrument, Inc. do not respond or object to CommScope's Notice at this

time, as CommScope has indicated that it does not intend to take depose them at this time, nor do Rosenberger Site Solutions, LLC and CellMax Technologies AB, as they are not subject to CommScope's Notice. Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB reserve all rights to response and object if they become subject to a 30(b)(6) deposition.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants are willing to confer in good faith with CommScope about the matters for examination pursuant to CommScope's Notice.

## **STATEMENTS**

Defendants have made a good faith effort to respond to the Notice, including all topics on which CommScope requests examination ("Topics," and each a "Topic") subject to their objections. These responses are based on the best information currently available to Defendants. Defendants' search for responsive information is ongoing. These responses are made without waiver of, or prejudice to, Defendants' right to raise any defense, and do not indicate Defendants' consent to personal jurisdiction.

Defendants also reserve the right to supplement their responses and to assert additional objections based upon their ongoing review of the files or preparation for hearing or trial. These responses are made without waiver of, or prejudice to, any such objection or right. To the extent Defendants respond to a Topic to which they also object, such responses are without waiver of any such objections. Defendants make no admission of any nature, and no admission may be implied by, or inferred from, these objections and responses.

To the extent that Defendants respond to any of the Topics, such response is not an admission that the information requested is relevant to this action, nor does it waive or is intended

to waive any objection to the competency, relevancy, or admissibility as evidence of any information provided, referred to, or made the subject of any response. Defendants expressly reserves the right to object to further discovery of the subject matter of any Topic and the introduction into evidence of any produced information. A partial response to any Topic that has been objected to, in whole or in part, is not intended to be a waiver of the objection. By making these objections and responses, Defendants do not concede that it is in possession of any information responsive to the Topics or that any information requested or provided are relevant to this litigation.

## **GENERAL OBJECTIONS**

These General Objections are incorporated into each response set forth herein.

1.      Defendants object to the definition of "You," "Your," "Yours," and "Rosenberger" to the extent that the definition would include information or documents outside of Defendants' possession, custody, or control, including to the extent that it purports to include "former agents, employees, officers, directors, representatives, members, shareholders, subsidiaries, parents, or affiliates."

2.      Defendants object to the definition of "Rosenberger" and "Rosenberger Defendants" to the extent that it purports to include Northwest Instrument, Inc. and CellMax Technologies AB, which are entities owned and managed independently from each other and from the other entities included in CommScope's definition of "Rosenberger" and "Rosenberger Defendants." Defendants further object to the extent that the definition would include information or documents outside of Defendants' possession, custody, or control by nature of the fact that Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB are not subject to this Notice.

- 3 -

3.      Defendants object to the definition of "Cameron" to the extent that the definition would include information or documents outside of Defendants' possession, custody, or control, including to the extent that it purports to include "anyone acting or purporting to act on [Robert Cameron's] behalf."

4.      Defendants object to the definition of "Javier" to the extent that the definition would include information or documents outside of Defendants' possession, custody, or control, including to the extent that it purports to include "anyone acting or purporting to act on [Janet Javier's] behalf."

5.      Defendants object to the definition of "CommScope" as vague and ambiguous because Defendants may not know all of CommScope, Inc., CommScope, Inc. of North Carolina, and CommScope Technologies, LLC's "agents, employees, directors, representatives, members, shareholders, subsidiaries, parents, or affiliates (including, but not limited to, former agents, employees, officers, directors, representatives, members, shareholders, subsidiaries, parents, or affiliates."  Rosenberger will interpret "CommScope" to mean CommScope, Inc., CommScope, Inc. of North Carolina, and CommScope Technologies, LLC.

6.      Defendants object to the definition of ".AAF Files" to the extent that it incorporates CommScope's Responses to Rosenberger's Amended First Set of Interrogatories to CommScope, dated October 11, 2019, which have been designated Attorneys' Eyes Only, such that Defendants are limited in their ability to investigate and respond to requests based upon that response

7.      Defendants object to the definition of "CellMax" to the extent that the definition would include information or documents outside of Defendants' possession, custody, or control, including to the extent that it purports to include "former agents, employees, officers, directors, representatives, members, shareholders, subsidiaries, parents, or affiliates."  Defendants further

object to the extent that the definition would include information or documents outside of Defendants' possession, custody, or control by nature of the fact that CellMax Technologies AB is not subject to this Notice.

8.      Defendants object to the definition of "Communication" and "Communications" to the extent that it purports to impose obligations on Rosenberger that are inconsistent with the Federal Rules of Civil Procedure or this District's Local Rules.

9.      Defendants object to the definition of "Component" or "Components" as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute. Defendants will interpret the term "Component" to mean any physical part of a Base Station Antenna.

10.     Defendants object to the definition of "CommScope BSA" as vague, ambiguous, unduly burdensome, seeking information not relevant to the resolution of this dispute, and would include information or documents outside of Defendants' possession, custody, or control.

11.     Defendants object to the definition of "CommScope Trade Secret Software" to the extent it presupposes that any of the listed software programs are, in fact, trade secrets and to the extent it presupposes that any of the listed software programs impact the design of BSAs. Defendants further object to the definition to the extent that it incorporates CommScope's Fourth Supplemental Response to Interrogatory No. 1 in Rosenberger's First Set of Interrogatories, dated January 16, 2020, which have been designated Attorneys' Eyes Only, such that Defendants are limited in their ability to investigate and respond to requests based upon that response.

12.     Defendants object to the definition of "Design," "Designing," "Develop," or "Developing" a Base Station Antenna as argumentative, vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute to the extent it includes

"any activity involved in designing, developing, testing, or validating" "any Component or aspect of a Base Station Antenna." Defendants will interpret "Design" and "Designing" to mean design and designing. Defendants will interpret "Develop" and "Developing" to mean develop and developing.

13.     Defendants object to the definition of "Design and Development File" as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute.

14.     Defendants object to the definition of "Document" to the extent that it purports to impose obligations on Rosenberger that are inconsistent with the Federal Rules of Civil Procedure or this District's Local Rules.

15.     Defendants object to the definition of "Employee" to the extent that it purports to include individuals who "formerly worked for or on behalf of a business entity," as it may not know all of CommScope's former employees, independent contractors, or consultants. Defendants will respond to the Interrogatories to the best of their knowledge.

16.     Defendants object to the definition of "Employment" or "Employ" as vague and ambiguous to the extent that it refers to "all the relationships which would make a person an Employee." Defendants will interpret the term Employment or Employ as it is commonly understood.

17.     Defendants object to the definition of "Manufacture" or "Manufacturing," ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute.

18.     Defendants object to the definition of "Market," "Marketed," or "Marketing ans vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution

of this dispute. Defendants further object to this definition as seeking irrelevant information and information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market.

19.     Defendants object to the definition of "Northwest Instrument (Shanghai) Co., Ltd." to the extent that the definition would include information or documents outside of Defendants' possession, custody, or control, including to the extent that it purports to include "former agents, employees, officers, directors, representatives, members, shareholders, subsidiaries, parents, or affiliates." Defendants further object to the extent that the definition would include information or documents outside of Defendants' possession, custody, or control. Northwest Instrument (Shanghai) Co., Ltd. is not named as a party to this lawsuit, nor is it subject to this Notice, and it is owned and managed independently from each Defendant, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB.

20.     Defendants object to the definition of "PCB Design Guidelines" as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute.

21.     Defendants object to the definition of "Replacement BSAs" as argumentative, vague, ambiguous, unduly burdensome, overly broad, and as seeking information not relevant to the resolution of this dispute. Defendants further object to the definition of "Replacement BSAs" to the extent that it purports to include BSA models other than 2D2WC-21-AN and 2D2WC-21A-AN, which were identified in Rosenberger Technology (Kunshan) Co. Ltd.'s Seventh Amended Responses and Objections to CommScope's First Set of Full Merits Interrogatories Interrogatory No. 8. As such, Defendants will interpret "Replacement BSAs" to mean BSA models 2D2WC-21-AN and 2D2WC-21A-AN.

22.     Defendants object to the definition of "Rosenberger BSA" to the extent it includes entities other than Rosenberger Technology (Kunshan) Co. Ltd. or Rosenberger Technologies LLC. Defendants will interpret "Rosenberger BSA" to mean any BSA designed, developed, manufactured, marketed, sold, or offered for sale by Rosenberger Technology (Kunshan) Co. Ltd. or Rosenberger Technologies LLC.

23.     Defendants object to the definition of "Rosenberger BSA Components" as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute.

24.     Defendants object to the definition of "Sales," "Sold," "Offered for Sale," "Sell," "Offered to Sell," or "Sales" as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute. Defendants further object to this definition as seeking irrelevant information and information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market.

25.     Defendants object to the definition of "Withdrawn BSAs" as vague, ambiguous, unduly burdensome, overly broad, and to the extent that it purports to include BSAs other than those identified in Rosenberger Technology (Kunshan) Co. Ltd.'s Seventh Amended Responses and Objections to CommScope's First Set of Full Merits Interrogatories Interrogatory No. 8, which Rosenberger voluntarily discontinued selling solely in order to narrow the issues for the Court to resolve. As such, Defendants will interpret "Withdrawn BSAs" to mean only those BSA models identified in Rosenberger Technology (Kunshan) Co. Ltd.'s Seventh Amended Responses and Objections to CommScope's First Set of Full Merits Interrogatories Interrogatory No. 8. Defendants object to definitions set forth by CommScope ("Definitions") and Topics to the extent that they seek to impose requirements on Defendants that are inconsistent with, in addition to, or

impose obligations beyond the provisions of the Federal Rules of Civil Procedure, or any local rule or Court order limiting discovery.

26.     Defendants' responses and objections are made to the best of their present knowledge, information, and belief. Defendants reserve the right to amend, revise, correct, supplement, or clarify any of the responses and objections herein at any time subsequent to the date of these responses. Defendants further reserve the right to make use of, or to introduce at hearing or at trial, documents and things responsive to the Topics discovered subsequent to the date of Rosenberger's response.

27.     Defendants object to the Definitions and Topics to the extent that they seek the disclosure of information subject to claims of privilege or otherwise protected from disclosure, including information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, any other right or obligation of confidentiality, or any other applicable privilege or immunity, or whose production would otherwise invade the privacy rights of any person. No such privileged or protected information will be produced. Rosenberger will not knowingly disclose any information that is subject to such privilege or protection. In connection with the Notice, Defendants do not intend to waive, and shall not be construed as having waived, any such privilege or protection. Any inadvertent production or disclosure of information protected from disclosure, including but not limited to by virtue of the attorney-client privilege or attorney work product doctrine, shall not be deemed a waiver of any such privilege or protection. Any testimony provided by Defendants pursuant to the Notice is subject to the Discovery Confidentiality Order, dated September 22, 2019.

28.     Defendants object to the Definitions and Topics to the extent that they seek information for which disclosure is prohibited by any domestic or judicial order, Discovery

Confidentiality Order, stipulation of confidentiality, non-disclosure agreement, or confidentiality agreement with any non-party restricting the disclosure of such information by Defendants. Defendants' corporate designee(s) will not produce any testimony that is subject to any such protection or privilege.

29.     Defendants object to the Definitions and Topics to the extent that they seek information in the possession, custody, or control of persons or entities other than each Defendant, which persons or entities are not under each Defendant's control. Each Defendant will undertake only to produce information reasonably within its possession, custody, or control.

30.     Defendants object to the Definitions and Topics to the extent that they seek information other than that which may be obtained through a reasonably diligent search of their records. In responding to the Notice, Defendants have made or will conduct a reasonable inquiry and search of materials within their possession, custody, or control in those places where information responsive to the Notice is most likely to be found. To the extent that CommScope seeks to require Defendants to undertake any action beyond that described above, Defendants object to the Notice as unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and harassing and seeking information not within the possession, custody, or control of Defendants.

31.     In providing a witness or witnesses to testify on the Topics (or portions thereof), Defendants do not concede the relevance or materiality of any of the Topics or of the subject matters to which they refer. Defendants' objections and any production of a witness or witnesses are made subject to, and without waiving, any objections as to the competency, relevance, materiality, privilege, and admissibility of the information.

- 10 -

32.     Defendants object to the Definitions and Topics to the extent they call for expert opinion, legal conclusions, or legal contentions rather than factual information and are, therefore, an inappropriate subject matter for a 30(b)(6) deposition of Defendants' corporate representative(s).

33.     Defendants object to the Notice to the extent that it is duplicative, unreasonably cumulative, and harassing, and to the extent that responding thereto will cause burden and expense that are not proportional to the needs of the case.

34.     Although Defendants have made a reasonable and good faith effort to respond herein, further information may be discovered that might be responsive to the Notice. Accordingly, without assuming any obligation other than as may be imposed by law, Defendants reserve the right to revise, supplement, correct, or amend these responses based upon information, evidence, documents, facts, and things that hereafter may be discovered.

35.     Defendants object to the Notice to the extent that it is overly broad, unduly burdensome, seeks information not relevant to any issue in this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence.

36.     Defendants object to the Notice to the extent that it is vague and ambiguous, fails to identify with the necessary specificity the information sought, and would require Defendants to speculate as to the nature and/or scope of the information sought thereby.

37.     Defendants object to the Notice to the extent that it seeks information that is neither relevant to the subject matter involved in this action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants reserve all objections, in this or any other proceeding, with respect to the relevance, materiality, and admissibility of information produced pursuant to the Notice.

- 11 -

38.     Defendants object to the Notice to the extent it seeks information that is subject to confidentiality obligations with any non-party restricting the disclosure of such information by Rosenberger.

39.     Defendants object to the Notice to the extent that it seeks information that is already in CommScope's possession, custody, or control, that is publicly available, that is equally available to CommScope or from other parties to the litigation, or that is duplicative of documents or information already produced in the litigation.

40.     Defendants object to the extent that any Topic attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action.

41.     Defendants object to the Notice to the extent that it purports to require Defendants to form legal conclusions in order to respond.

42.     Defendants make no admission of any nature, and no admission may be implied by, or inferred from, these objections and responses.

43.     To the extent that Defendants respond to or makes a witness available with respect to any of the Topics, such response is not an admission that the information requested is relevant to this action, nor does it waive or is intended to waive any objection to the competency, relevancy, or admissibility as evidence of any information provided, referred to, or made the subject of any response. Defendants expressly reserve the right to object to further discovery of the subject matter of any Topic and to the introduction into evidence of any produced information. A partial response to any Topic that has been objected to, in whole or in part, is not intended to be a waiver of the objection. By making these objections and responses, Defendants do not concede that it is in

possession of any information responsive to the Notice or that any information requested or provided is relevant to this litigation.

44.     Defendants object to the deposition topics cumulatively as overly burdensome and harassing.  The sheer number of topics is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  In addition, the number of topics will reduce the amount of preparation available for each individual topic.

45.     Each of the foregoing General Objections is hereby incorporated by reference into each of the following specific responses to CommScope's Topics.

## SPECIFIC OBJECTIONS AND RESPONSES TO TOPICS

Without waiving and subject to their General Objections, which are incorporated into each response below, Defendants object and respond to each of the Topics as follows:

## TOPIC NO. 1:

The Design, Development, and Tuning of each Rosenberger BSA and each Rosenberger BSA Component, including:

a.      The Persons involved, the documents created, the time and resources required, the expenses incurred, the amount of money spent, the resources invested, the documents or other sources consulted, and the process of Design, Development, and Tuning; and

b.      Revisions, changes or alterations, including related documentation, regarding each Rosenberger BSA and each Rosenberger BSA Component.

- 13 -

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice.  Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice.  Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them.  Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

- 14 -

**TOPIC NO. 2:**

The Design and Development File for each Rosenberger BSA and Rosenberger BSA Component; the Design Files for each Rosenberger BSA and Rosenberger BSA Component; and the information reflected in such files, including differences between and among Rosenberger's Design Files, Rosenberger's bills of materials, and Rosenberger's physical BSA models, and the reasons for these differences.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific

and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this.  Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 3:**

The process through which Rosenberger creates, stores, and maintains Design Files for Rosenberger BSAs and Rosenberger BSA Components, including:

a. The standards Rosenberger employs for assigning a new part number, as opposed to creating a new revision;

b. Rosenberger's "centralized document repository," and the standards Rosenberger uses for storing Design Files in its "centralized document repository" versus individual engineers' computers;

c. Rosenberger's "electronic change notice(s)" or "ECN documentation," including the function, creation, submission, review, approval, and storage of electronic change notices or ECN documentation;

d. The specific roles and responsibilities that lead certain Rosenberger employees to be identified on Rosenberger Design Files and other technical documents;

e. The standards Rosenberger uses for storing and preserving Design Files, including whether there are any Rosenberger BSAs or Rosenberger BSA Components for which Rosenberger does not have Design Files and the reason for that absence; and

f. The software program(s) that Rosenberger uses to create Design Files.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague,

broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this.  Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**<u>TOPIC NO. 4</u>:**

The basis for Rosenberger's claim that it has "more than 100,000 design files." *See* Joint Discovery Dispute Statement at 4 (Nov. 26, 2021).

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 5:**

The basis for Rosenberger's claim that it would be burdensome for Rosenberger to collect "prior versions" of Design Files in addition to "operative design files," including because prior versions are not stored in a central database. *See id.*; *see also* Rosenberger's Opposition to CommScope's Letter Motion to Compel at 6 (Dec. 20, 2021) (Dkt. 495) (stating that it "would take several months" to collect "all design files of parts that use PCB material"); Declaration of Cai Lishao in Support of Rosenberger's Opposition to CommScope's Motion to Compel at ¶¶ 16-18 ("There is no central repository from which the prior versions of design files could easily be pulled.") (Dkt. 495-03).

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd.,

Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 6:**

Rosenberger's production of Design Files in response to the Court's September 21, 2021 Order (Dkt. 471) and the Court's February 17, 2022 Order (Dkt. 511), including whether Rosenberger has produced all revisions of all Design Files in the following categories (and, if not, why not): (a) PCB-based low-band cloaked parasitic elements; (b) PCB-based low-band cloaked dipole radiating elements, including stalks and cloaked dipole arms; (c) low-band radiating element base boards; (d) PCB-based high-band dipole radiating elements, including dipole arms, feed stalks with resonance rejection circuits, and directors; (e) high-band radiating element feed boards, including base boards; (f) phase shifters; (g) wipers; and (h) hybrid couplers.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to

describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 7:**

The relationship(s) between and among all Rosenberger BSAs and all Rosenberger BSA Components, including Rosenberger BSAs in the same product "family," "platform," "product line," or "group," whether formal or informal; Rosenberger BSAs that share common Rosenberger BSA Components; any Rosenberger BSAs that are related to, derived from, or otherwise influenced by other Rosenberger BSAs; the use of Rosenberger BSA Components in multiple Rosenberger BSAs, any Rosenberger BSA Components that are related to, derived from, or otherwise influenced by other Rosenberger BSA Components; and documents related to any of the foregoing.

- 21 -

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 8:**

Identification of all Rosenberger BSA Components that are PCB-based.

- 22 -

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

- 23 -

**TOPIC NO. 9:**

Any rules, procedures, protocols, conventions, guidelines, or nomenclature regarding the naming or numbering of Rosenberger BSAs or Rosenberger BSA Components, including how Rosenberger assigns external and internal model numbers to Rosenberger BSAs; what the relationships are, if any, between internal and external model numbers; and any project names, codenames, or nicknames assigned to or related to Rosenberger BSAs or Rosenberger BSA Components.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or

- 24 -

affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this.  Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 10:**

The performance, attributes, and capabilities of each Rosenberger BSA, including any specification sheets, data sheets, or other documentation of any Rosenberger BSA's performance, attributes, or capabilities.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd.,

Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 11:**

Rosenberger's simulations of Rosenberger BSA performance or Rosenberger BSA Component performance, including Rosenberger's use of simulations or development of simulations, any data generated by the simulations, and any revisions, changes, or alterations made to a Rosenberger BSA or Rosenberger BSA Component following or related to a simulation.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this

- 26 -

Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO 12:**

Rosenberger's training, education, and guidance relating to Design, assembly, Manufacturing, installation, and Tuning of BSAs.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this topic to the extent it refers to "installation" of BSAs which is not a defined term and not relevant to the issues in this litigation. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity

the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 13:**

All Persons who have Designed, Developed, or helped to Design or Develop Rosenberger BSAs or Rosenberger BSA Components, including Employees and third parties.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such

privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**<u>TOPIC NO. 14</u>**:

Any testing, analysis, Reverse Engineering, or property comparisons performed by you or on your behalf with respect to any BSAs or BSA Components Sold, Manufactured, or Marketed by anyone other than you, including your study and Reverse Engineering of CommScope BSA model nos. RV4PX310R-V2 and RV4-65D-M; your study and Reverse Engineering of the "CommScope antenna of an unknown model number" that Rosenberger claims to have acquired in 2014; and Rosenberger's reasons for copying or Reverse Engineering CommScope's BSAs and

BSA Components, including any reasons for copying or Reverse Engineering CommScope's BSAs and BSA Components rather than those of other competitors.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

- 30 -

**TOPIC NO. 15:**

Rosenberger's process for identifying:

a.   The Rosenberger BSA Components it claims were Designed based, in part, on Reverse Engineering from CommScope BSAs (or with reference to Components from a CommScope BSA), and the Rosenberger BSA Components it claims were designed based, in part, on those Rosenberger BSA Components, *see* Eighth Amended Responses and Objections to First Set of Interrogatories for Full Merits Discovery to Rosenberger Technology (Kunshan) Co. Ltd. at 82-85 (Jan. 31, 2022) (Response to Interrogatory No. 3); and

b.   The Rosenberger BSA Components it claims were Designed "with reference to Broadradio design drawings and/or discussions with Broadradio engineers," and the Rosenberger BSA Components it claims were designed based, in part, on those Rosenberger BSA Components, *see id.* at 88-91 (Response to Interrogatory No. 3).).

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as

- 31 -

subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 16:**

Rosenberger's efforts to purchase, acquire, or access competitors' BSAs, including Rosenberger's ability to purchase, acquire, or access competitors' BSAs; the expense and effort required to purchase, acquire, or access competitors' BSAs; any instances of Rosenberger's actual or attempted purchase or acquisition of, or access to, competitors' BSAs, including CommScope BSAs; and Rosenberger's disposition, handling, or treatment of any CommScope BSAs Rosenberger acquired since 2010, including those CommScope BSAs' current location.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the

- 32 -

needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice.  Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 17:**

Any efforts or attempts to Design or Develop any Rosenberger BSA or Rosenberger BSA Component (including but not limited to any Replacement BSA or BSA Component contained therein) with the goal of:

a.   Avoiding Referencing, accessing, using, or disclosing CommScope information, whether directly or indirectly;

- 33 -

      b.      Avoiding Referencing, accessing, or using any Rosenberger BSA or Rosenberger BSA Component that discloses CommScope information, whether directly or indirectly; or

      c.      Avoiding Referencing, accessing, or using any Rosenberger BSA or Rosenberger BSA Component as to which CommScope information was Referenced, accessed, or used, whether directly or indirectly.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific

- 34 -

and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 18:**

Rosenberger's acquisition, possession, receipt, retention, deletion, disclosure, storage, sharing, distribution, or use of any CommScope files or information, including:

a. Design Files for CommScope BSAs or CommScope BSA Components that were created by, created for, used by, or originated at CommScope, including those produced at ROSEN00300457, ROSEN00441961, ROSEN00441962, ROSEN00486706 at ROSEN00486713, ROSEN00595785 at ROSEN00595787-94, ROSEN00605049; Bates no. 00001734 and 00004289; and those located on Drive 3;

b. The documents produced by Rosenberger, Javier, or Cameron in discovery that were created by, created for, used by, or originated at CommScope; and

c. Any information related to CommScope's BSAs, including CommScope's specifications, plans, and strategy with respect to CommScope BSAs.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such

privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Defendants object to this Topic to the extent it seeks information within CommScope's possession, custody, or control to the extent it concerns "CommScope files or information."  Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 19:**

The significance or value of Rosenberger BSA designs or Rosenberger BSA Components to BSA performance, quality, value, and reliability.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor

deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC,  will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them.

**TOPIC NO. 20:**

Rosenberger's catalog, list, and inventory of BSAs, including identifying the total number of Rosenberger BSAs Offered for Sale in the United States or outside the United States at any time from 2010 to the present; identifying the Rosenberger BSAs Offered for Sale in the United States at any time from 2010 to present; and identifying any Rosenberger BSAs that have been in

Development at any point since the commencement of this litigation but have not been Offered for Sale.

**OBJECTIONS AND RESPONSE:** Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Defendants further object to this deposition topic as overly broad and unduly burdensome to the extent that it seeks information regarding BSA models that were not made, used, sold, offered for sale or imported into the United States.  Defendants will not provide a witness to testify regarding BSA models that were not made, used, sold, offered for sale or imported into the United States.  Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate

representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 21:**

Rosenberger's vendors and suppliers of BSA Components, and any Agreements, communications, terms, business practices, technical practices, and work with such vendors or suppliers.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd.,

- 39 -

Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 22:**

Rosenberger's use of any third party, including Broadradio, to Design or contribute to or otherwise support the Design of any Rosenberger BSAs or Rosenberger BSA Components; Rosenberger's identification, qualification, and selection of such third parties; any agreements Rosenberger negotiated or executed with such third parties; Rosenberger's use of such third parties' designs, drawings, or communications with such third parties to help Develop Rosenberger BSAs or Rosenberger BSA Components; and any Design Files or other information relating to BSAs or BSA Components that Rosenberger received from or that originated at any third party, including Broadradio.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related

- 40 -

information. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 23:**

The Withdrawn BSAs, including:

a.   Rosenberger's withdrawal from the market of the Withdrawn BSAs, the identity of all Withdrawn BSAs, the timing of the withdrawal of the Withdrawn BSAs, the date(s) the Withdrawn BSAs were last Sold or Offered for Sale, the disposition of the Withdrawn BSAs, and the Sale or Offering for Sale of any Replacement BSAs;

- 41 -

b.      Rosenberger's communications regarding the Withdrawn BSAs, including with customers or prospective customers, Employees, and third parties;

c.      Rosenberger's use of or limitations on the use of the Withdrawn BSAs, the Design and Development File for the Withdrawn BSAs, or any Rosenberger BSA Component included in any Withdrawn BSA, and monitoring, enforcement, and compliance with same;

d.      Rosenberger's Design or Development of Rosenberger BSAs or Rosenberger BSA Components based on, by reference to, or in reliance on the Withdrawn BSAs or any Rosenberger BSA Component included in any Withdrawn BSA;

e.      The relationship(s) between the Withdrawn BSAs and other Rosenberger BSAs, including any Withdrawn BSAs or Rosenberger BSAs in the same product "family," "platform," "product line," or "group," whether formal or informal, as other Rosenberger BSAs, any Withdrawn BSAs that share common Rosenberger BSA Components with other Rosenberger BSAs, any other Rosenberger BSAs that are related to, derived from, or otherwise influenced by any Withdrawn BSAs, and any Rosenberger BSA Components that are related to, derived from, or otherwise influenced by any Rosenberger BSA Component included in any Withdrawn BSA; and

f.      Modifications to the Design Files for the Withdrawn BSAs or any Components of the Withdrawn BSAs.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor

deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic as vague and ambiguous to the extent it refers to "the market" without reference to any geography or product whatsoever. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 24:**

Rosenberger's compliance with the December 6, 2019 Stipulated Order (Dkt. 102), and monitoring and enforcement of same.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them.

**TOPIC NO. 25:**

Rosenberger's use of any software programs—including the CommScope Trade Secret Software—to Design, Develop, Market, or Sell any Rosenberger BSAs or Rosenberger BSA Components.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to

- 45 -

the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 26:**

Rosenberger's use of any software programs to create, read, or modify any Design Files for BSAs or BSA Components.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning BSAs or components other than those at issues in this case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd.,

Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 27:**

The value to Rosenberger of using the CommScope Trade Secret Software, including any changes to the design of a Rosenberger BSA or Rosenberger BSA Component made after or as a result of using the software or its outputs, any time saved during the development process, any benefits from avoiding the time and resource investment required to develop equivalent software internally, and any benefits from using the software or its outputs during the BSA Sales, Marketing, or qualification processes.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object

- 47 -

to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic.  Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 28:**

Rosenberger's expenditures for research and development to Design and Develop any Rosenberger BSA or Rosenberger BSA Component.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning BSAs or components other than

those at issues in this case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 29:**

Rosenberger's process for identifying Rosenberger BSAs on which it used the CommScope Trade Secret Software, including Rosenberger's process for identifying particular Rosenberger BSAs as "Software-Related Rosenberger US BSAs" or "Software-Related Rosenberger ex-US BSAs" as those terms are defined and used in Rosenberger's Interrogatory Responses.

- 49 -

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 30:**

Rosenberger's Design or Development of Rosenberger BSAs or Rosenberger BSA Components based on, by reference to, or in reliance on any "Software-Related Rosenberger US BSAs" or "Software-Related Rosenberger ex-US BSAs" as those terms are defined and used in Rosenberger's Interrogatory Responses.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate

- 51 -

representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 31:**

Rosenberger's creation, possession, retention, deletion, storage, sharing, distribution, and use of .AAF Files and .XPS Files, including all Rosenberger BSAs to which those files relate and all Persons involved in the creation, possession, retention, deletion, storage, sharing, distribution, or use of those files.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger

Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 32:**

The process by which Rosenberger associated .AAF and .XPS Files with specific Rosenberger BSAs as reflected in its Interrogatory Responses, including why .AAF and .XPS Files may be associated with several different Rosenberger BSAs.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site

- 53 -

Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 33:**

Rosenberger's development and use of confidential business information concerning its relationships with BSA customers and prospective BSA customers, including AT&T, Verizon, T-Mobile, Sprint, U.S. Cellular, and Dish.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination.

Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 34:**

Rosenberger's acquisition, development, creation, possession, receipt, retention, deletion, disclosure, storage, sharing, distribution, and use of:

    a.    Confidential business information concerning its relationships with BSA customers and prospective BSA customers, including AT&T, Verizon, T-Mobile, Sprint, U.S. Cellular, and Dish;

    b.    BSA pricing or other information related to the Sale or Marketing of its BSAs, including how Rosenberger determines pricing, Sales or Marketing approaches or

strategy, and what information Rosenberger uses or refers to in setting its BSA pricing, Sales or Marketing approaches or strategy; and

c.      CommScope's BSA pricing information.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and

- 56 -

Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 35:**

All assembly, installation, tuning, or manufacturing instructions, directions, guides, guidelines, or manuals related to Rosenberger BSAs or Rosenberger BSA Components, including how Rosenberger Designed and Developed these materials, what knowledge Rosenberger relied on or referred to in Developing these materials, the Persons involved in these materials' Development, the Persons who have used these materials, the location and date of any such use, and any documents referring or relating to these materials.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to the phrases "what knowledge Rosenberger relied on or referred to in Developing these materials" and "the Persons who have used these materials, the location and date of any such use, and any documents referring or relating to these materials" as vague and ambiguous, as Defendants may not know "what knowledge Rosenberger relied on or referred to in Developing these materials" or all "Persons who have used these materials," "the location and date of any such use," and all "documents referring or relating to these materials. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged

or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic with respect to the assembly, installation, tuning, or manufacturing instructions, directions, guides, guidelines, or manuals related to Rosenberger BSAs or Rosenberger BSA Components, and how Rosenberger Designed and Developed these materials. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 36:**

Rosenberger's acquisition, development, creation, possession, receipt, retention, deletion, disclosure, storage, sharing, distribution, and use of PCB Design Guidelines, including:

a.       How Rosenberger Designed and Developed its PCB Design Guidelines (including those produced at ROSEN00274902), what knowledge Rosenberger relied on or

referred to in Developing its PCB Design Guidelines, the Persons involved in the Development of Rosenberger's PCB Design Guidelines, the Persons who have used Rosenberger's PCB Design Guidelines, the location and date of any such use, and any documents referring or relating to PCB Design Guidelines;

b.      The identification of each Rosenberger BSA or Rosenberger BSA Component as to which Rosenberger's PCB Design Guidelines (including those produced at ROSEN00274902), were followed, applied, used, referenced, or referred to, and any benefits gained by following, applying, using, referencing, or referring to Rosenberger's PCB Design Guidelines; and

c.      Rosenberger's acquisition, possession, receipt, retention, deletion, disclosure, storage, sharing, distribution, and use of CommScope's PCB Design Guidelines (including those produced at ROSEN00304096), identification of each Rosenberger BSA or Rosenberger BSA Component as to which CommScope's PCB Design Guidelines (including those produced at ROSEN00304096), were followed, applied, used, referenced, or referred to, and any benefits gained by following, applying, using, referencing, or referring to CommScope's PCB Design Guidelines.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to the phrase "the Persons who have used Rosenberger's PCB Design Guidelines, the location and date of any such use, and any documents referring or relating to PCB Design Guidelines" as vague and ambiguous. Defendants object to this Topic to the extent

- 59 -

that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 37:**

All trainings, and all materials prepared for and notes from said trainings, regarding Rosenberger's PCB Design Guidelines, including the training and meetings referenced at ROSEN00275401 and ROSEN00596294.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague,

broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to the phrase "all materials prepared for and notes from said trainings" as vague and ambiguous, and because they may not know "all materials prepared for and notes from said trainings." Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 38:**

Rosenberger's acquisition, possession, receipt, retention, deletion, disclosure, creation, maintenance, revision, changes, alterations, storage, sharing, distribution, and use of:

    a.    Any customer-specific ordering guides or preferences documents, including those related to AT&T, Verizon, T-Mobile, Sprint, U.S. Cellular, or Dish, and the Persons involved; and

    b.    CommScope customer-specific ordering guides or preferences documents.

**OBJECTIONS AND RESPONSE:**   Defendants incorporate by reference each of the General Objections as though fully stated herein.   Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information and to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants

- 62 -

interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them.  Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 39:**

Rosenberger's strategy with respect to selling Rosenberger BSAs to U.S. customers or otherwise obtaining BSA market share in the United States, including any estimates by Rosenberger of the value of particular customer relationships, and the identification of documents reflecting, and Persons involved with, these strategies or estimates.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as

subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 40:**

Rosenberger's Marketing, Sales, Offers to Sell, and distribution of Rosenberger BSAs or Rosenberger BSA Components both in the United States and outside the United States, including:

a. Any documents and communications exchanged with customers or prospective customers;

b. The identification of all Persons who have engaged in the Marketing, Sale, or Offering for Sale to any customer or prospective customer of Rosenberger BSAs or Rosenberger BSA Components;

c. Rosenberger's sales arrangements, contracts, and use of distributors; and

d. Rosenberger's Sales of other products in connection with Rosenberger BSA Sales.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Defendants further object to this deposition topic as overly broad and unduly burdensome to the extent that it seeks information regarding BSA models that were not made, used, sold, offered for sale or imported into the United States. Defendants will not provide a witness to testify regarding BSA models that were not made, used, sold, offered for sale or imported into the United States. Subject

- 65 -

to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 41:**

Customers' qualification, evaluation, assessment, and purchasing processes for Rosenberger BSAs, including Rosenberger's actual or anticipated participation in those processes.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger

Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 42:**

Rosenberger's development of, maintenance of, and investment in its relationships with BSA customers and prospective BSA customers, including:

    a.    The circumstances in which these relationships were initiated, how they are maintained, who is responsible for maintaining these relationships, and what information Rosenberger gathers, generates, or uses in connection with establishing, developing, or maintaining these customer relationships;

    b.    Rosenberger's investment in its relationships with its BSA customers to whom it has Sold or Offered to Sell a Rosenberger BSA or to whom Rosenberger has Marketed its Rosenberger BSAs, including the time and resources required to develop and sustain these relationships and ongoing sales;

    c.    The time and resources necessary to Sell a Rosenberger BSA to a customer, including both existing customers and prospective customers; and

    d.    Any benefits to bringing products to market quickly or before other competitors.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor

deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 43:**

For both the U.S. BSA market and any BSA markets outside the United States (broken down by country or region), any estimates by Rosenberger of the size or value of that market in

total; any analysis, calculations, or estimates by Rosenberger of the value of Rosenberger's actual, projected, or potential participation in that market, including any sales forecasts; and the identification of documents reflecting, and Persons involved with, these estimates.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic as vague and ambiguous to the extent it refers to "the U.S. market and any markets outside the United States" and otherwise refers to a "market" without reference to any geography or product whatsoever. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH

& Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Defendants further object to this deposition topic as overly broad and unduly burdensome to the extent that it seeks information regarding BSA models that were not made, used, sold, offered for sale or imported into the United States.  Defendants will not provide a witness to testify regarding BSA models that were not made, used, sold, offered for sale or imported into the United States.  Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 44:**

Rosenberger's past, current, and projected:

a.   Sales of Rosenberger BSAs in the United States and outside the United States (broken down by country or region), including all sales shown on ROSEN00576118, ROSEN00604694, ROSEN00604695, ROSEN00617762, ROSEN00617763, ROSEN00624114, and ROSEN00624116;

b.   BSA market share in the United States and outside the United States (broken down by country or region);

c.   Profits and margins on Rosenberger BSA Sales in the United States and outside the United States (broken down by country or region); and

d.   Pricing of Rosenberger BSAs in the United States and outside the United States (broken down by country or region), its basis for that pricing, the process by which

that pricing was determined, and identification of each Person involved in the process and their roles.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Defendants further object to this deposition topic as overly broad and unduly burdensome to the extent that it seeks information regarding BSA models that were not made, used, sold, offered for sale or

imported into the United States.  Defendants will not provide a witness to testify regarding BSA models that were not made, used, sold, offered for sale or imported into the United States. Defendants further object to this deposition topic as overly broad and unduly burdensome to the extent that it seeks information regarding BSA models that were not made, used, sold, offered for sale or imported into the United States.  Defendants will not provide a witness to testify regarding BSA models that were not made, used, sold, offered for sale or imported into the United States. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 45:**

Any assessment or estimate by Rosenberger of:

a.      CommScope's BSA Sales in the United States and/or outside the United States;

b.      CommScope's BSA market share in the United States and/or outside the United States;

c.      CommScope's profits and margins on BSA Sales in the United States and/or outside the United States; and

d.      CommScope's pricing of BSAs in the United States and/or outside the United States.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor

deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 46:**

Rosenberger's Design, Development, Marketing, Sale, and business strategy in the United States relating to a "slim" or "skinny" BSA measuring 4 feet in length, including model number 2F4WC-21, and any field trials or strategy with respect to T-Mobile related to a "slim" or "skinny" BSA measuring 4 feet in length.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger

- 74 -

Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 47:**

The information about CommScope contained in the documents produced at ROSEN00439247–ROSEN00439229 and JAV0055492–JAV0055511, including the source of this information, Rosenberger's acquisition, possession, receipt, retention, deletion, disclosure, storage, sharing, distribution, or use of the information, the value of the information, and the reasons for including it in the slides.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants

- 75 -

interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice.  Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 48:**

All facts supporting:

a.      Rosenberger's contentions that CommScope has not taken reasonable efforts to protect its trade secrets at issue in this action;

b.      Rosenberger's contentions that any CommScope trade secret is publicly available, readily ascertainable, or reverse engineerable, including the ease of reverse engineering it;

c.      Rosenberger's contentions that Rosenberger acquired any CommScope trade secret in a lawful manner; and

d.      Any of Rosenberger's affirmative defenses.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the

needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Defendants object to this Topic to the extent it seeks information within CommScope's possession, custody, or control to the extent is concern's CommScope's alleged trade secrets. Defendants object to this Topic to the extent it seeks to shift CommScope's burden of proof to the Defendants.  In addition, this Topic seeks legal analysis that is not properly the topic of a Rule 30(b)(6) deposition. Defendants will not produce witnesses with respect to this Topic.

**TOPIC NO. 49:**

Rosenberger's efforts to protect the confidentiality of its Design and Development Files or other design information for any Rosenberger BSAs or Rosenberger BSA Components, including the People with access to Rosenberger's Design and Development Files or other design information, the storage of Rosenberger's Design and Development Files and other design

information, any limitations Rosenberger places on Reverse Engineering of Rosenberger BSAs and Rosenberger BSA Components, and Rosenberger's contracts, practices, and relationships with Employees, customers, vendors, suppliers, distributors, service providers, and any other third parties.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably

prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 50:**

Rosenberger's confidential information, and Rosenberger's competitively sensitive technical, marketing, financial, sales or other confidential business information, if any, related to Rosenberger BSAs, Rosenberger BSA Components, or Rosenberger's BSA business, including:

a.   The steps Rosenberger takes to protect the confidentiality of any such information;

b.   Any policies, procedures, employment agreements, or contracts Rosenberger uses to protect any such information; and

c.   Rosenberger's of any such information with its customers, vendors, suppliers, distributors, service providers, or other third parties, including any agreements relating to such sharing.

**OBJECTIONS AND RESPONSE:**   Defendants incorporate by reference each of the General Objections as though fully stated herein.   Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case.   Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this

Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

## TOPIC NO. 51:

Rosenberger's efforts, if any, to ensure that its Employees and any third parties with whom Rosenberger has or has had a relationship do not provide, reference, disclose, or make use of:

a.      Another Person's trade secrets or confidential information; and

b.       CommScope information.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related

information. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them.

**TOPIC NO. 52:**

Rosenberger's company-wide training session to remind Rosenberger Employees not to use unauthorized software programs, *see* Declaration of Cai Lishao in Support of Rosenberger's Opposition to CommScope, Inc.'s Motion for Preliminary Injunction at ¶ 9 (Feb. 21, 2020) (Dkt. 219-01), and monitoring, enforcement, and compliance with same.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 53:**

Rosenberger's requirement that all software programs to be installed on Rosenberger computers must be approved by the IT department prior to installation, *see id.*, and monitoring, enforcement, and compliance with same.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic.

Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 54:**

Rosenberger's participation in BSA Requests for Proposals/Requests for Quotation for the U.S. market, including its responses to and the customer's subsequent feedback for the Requests for Proposals/Requests for Quotation from T-Mobile and Verizon.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic as vague and ambiguous to the extent it refers to "the U.S. market" without reference to any product whatsoever. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest

- 84 -

Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Defendants understand the reference in this Topic to "the Requests for Proposals/Requests for Quotation from T-Mobile and Verizon" as referring to the Requests for Proposal/Quotation identified in CommScope's Responses to Interrogatory Nos. 7 and 12 in Rosenberger's Fourth Set of Interrogatories. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them. Rosenberger Asia Pacific Electronic Co. Ltd. lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 55:**

Rosenberger's BSA related activities in the United States, including:

a.  Manufacturing activities;

b.  Design activities;

c.  Solicitation of and communications with customers or prospective customers;

d.  Solicitation and communications with Employees, contractors, or consultants, or prospective Employees, contractors, or consultants;

e.  Participation in trade shows and industry groups;

f.  Rosenberger's facilities in the United States; and

g.  Storage or transmission of documents or information to, from, or in the United States.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor

deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them.

**TOPIC NO. 56:**

Rosenberger's relationship with Northwest Instrument, Inc. and Northwest Instrument (Shanghai) Co., Ltd., including Northwest Instrument (Shanghai) Co., Ltd.'s employment of Sun Jing while she Designed and Developed BSAs for other Rosenberger entities.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information.  Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries, affiliates or Northwest Instrument (Shanghai) Co., Ltd., who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them.

**TOPIC NO. 57:**

Rosenberger's filings, submissions, and communications in this Action and the Delaware Action, including:

    a.    Rosenberger's responses to each of CommScope's Interrogatories, Requests for Production of Documents, and Requests for Admission in this Action and the Delaware Action;

    b.    In this Action, Rosenberger's Answers to the Complaint, the Amended Complaint, and the Second Amended Complaint, including Rosenberger's Affirmative Defenses;

    c.    In the Delaware Action, Rosenberger's Answers to the Complaint and the Amended Complaint, including Rosenberger's Affirmative Defenses and Rosenberger's Counterclaims;

    d.    Rosenberger's correspondence in this Action and the Delaware Action.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this

Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify to information presented and/or documents identified in the pleadings or discovery referenced in this Topic to the extent it relates to each of them and to the extent that information or documents were available to them under the Discovery Confidentiality Order entered in this case.

**TOPIC NO. 58:**

Rosenberger's designation of information as "Confidential" or "Confidential—Attorneys' Eyes Only" under the Discovery Confidentiality Order (Dkt. No. 22), and it de-designations of any such information, including:

a.  Rosenberger's basis for any designations of information as "Confidential" or "Confidential—Attorneys' Eyes Only";

b.  The declarations Rosenberger has filed with the Court in connection with motions to seal; and

c.  Rosenberger's de-designation of information previously designated as "Confidential" or "Confidential—Attorneys' Eyes Only," including Rosenberger's

de-designation of Rosenberger Design Files for Rosenberger BSAs that have been "publicly sold" (as Rosenberger has used that term), Rosenberger software programs such as ANTDataAnalysis, and CommScope Design Files in Rosenberger's possession, and including Rosenberger's basis for the initial designation and Rosenberger's basis for the de-designation.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Defendants object to this Topic to the extent it calls for a legal analysis of the proper designation of confidential information under

the Discovery Confidentiality Order entered in this case. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic with respect to the degree of confidentiality of any information or documents provided in this case to the extent it relates to each of them.

**TOPIC NO. 59:**

Rosenberger's preservation, deletion, collection, and production of documents, computer programs, source code, and other ESI in this Action, including:

a. Rosenberger's compliance with the Court's August 23, 2019 "Evidence Preservation Order," and monitoring and enforcement of same;

b. The matters addressed in the text message exchange produced as COMM00022403-22404;

c. Any instruction, guidance, demand, or request made by Rosenberger or one of its agents or Employees, on or after August 27, 2019, instructing, requesting, or urging deletion, destruction, removal, or modification of software or other documents relevant to this case;

d. Rosenberger's document deletion and destruction activities following the ex parte seizure on August 27, 2019, including deletions from Sun Jing and Xiao Lie's laptops, deletions from an additional laptop to which Xiao Lie "backed up work-related material on occasion," deletions from Drive 1, Drive 2, and Drive 3, and destruction of an external USB drive that was connected by Xiao Lie to his laptop on the evening of the ex parte seizure;

e.     Rosenberger's document retention and document destruction policies, practices, and procedures, including automatic destruction or deletion of electronic documents or other data compilations and all back-up procedures that Rosenberger follows with regards to electronic documents, software programs, and data compilations;

f.     Rosenberger's destruction or deletion of any documents, files, or programs that originated at CommScope after the commencement of this litigation; and

g.     The use of Drive 3 on any Rosenberger computer, including any preservation, deletion, and restoration of ESI on Drive 3, and Rosenberger's investigation of any use of Drive 3 or any files obtained from Drive 3 at Rosenberger.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent it refers to "the text message exchange produced as COMM00022403-22404," which have been designated Attorneys' Eyes Only, such that Defendants are limited in their ability to investigate and respond to this Topic. Defendants will not produce a witness to testify to that document without de-designation of the document.  Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or

affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them.

**TOPIC NO. 60:**

The relationships between and among the defendants in the action and Rosenberger Hochfrequenztechnik GmbH & Co. KG's affiliates, subsidiaries, and related entities, including but not limited to Netop Technology Co., Ltd., Westingcastle Ltd., Westingcastle Inc., and HBP Corporation Ltd.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. Defendants object to the phrase "Rosenberger Hochfrequenztechnik GmbH & Co.

KG's affiliates, subsidiaries, and related entities" as vague and ambiguous, including to the extent that entities other than Rosenberger Hochfrequenztechnik GmbH & Co. KG, which CommScope does not intend to depose, of any other Defendant may not know all of those "affiliates, subsidiaries, and related entities." Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic to the extent it relates to each of them.

**TOPIC NO. 61:**

Rosenberger's relationship with CellMax, including its acquisition of CellMax, motivation for such acquisition, legal relationship with CellMax, sharing with CellMax of technical or

business information relating to BSAs, coordination with CellMax regarding the Sale or Marketing

of BSAs (whether Sold or Marketed under Rosenberger's name or CellMax's name), and strategy

regarding the markets, customers, or niches into which BSAs Sold or Marketed under

Rosenberger's name or CellMax's name are Sold.

    **OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the

General Objections as though fully stated herein.  Defendants object to this Topic, as so vague,

broad, general, factually inaccurate, and all-inclusive that it does not permit a proper or reasonable

response nor deponent preparation, and as being, therefore, unduly burdensome and not

proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant

information and information not proportional to the needs of the case to the extent it is not limited

to BSA-related information. Defendants object to this Topic as seeking irrelevant information not

proportional to the needs of the case to the extent it seeks information concerning markets other

than the United States BSA market. Defendants object to this Topic as vague and ambiguous to

the extent it refers to "markets" without reference to any geography or "niches" as it is not a defined

term. Defendants object to this Topic to the extent that it calls for information subject to claims of

privilege or protected from disclosure by the attorney work product doctrine. No such privileged

or protected information will be produced. Defendants object to this Topic as it fails to describe

with reasonable particularity the matters for examination. Defendants object to this Topic to the

extent that it attempts to include information from other parties or entities, such as subsidiaries or

affiliates, who are not named as defendants in this action. Defendants object to this Topic to the

extent that it attempts to include information from other parties or entities, such as Rosenberger

USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and

CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as

being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify as to the relationship, if any, that each has with CellMax Technologies AB.

**TOPIC NO. 62:**

For each of the Rosenberger Defendants and CellMax:

a.    the identity any mutual or shared employees, executives, or owners;

b.    the identity of any Agreements between or among CellMax and any Rosenberger Defendant;

c.    the legal relationship(s) between or among CellMax and any Rosenberger Defendant;

d.    CellMax's involvement in any Rosenberger Defendant's Design, Marketing, Sale or Offering for Sale of BSAs;

e.    any Rosenberger Defendant's involvement in CellMax's Design, Marketing, Sale or Offering for Sale of BSAs;

f.    any shared bank accounts between or among CellMax and the Rosenberger Defendants; and

g.    any transfers of funds between or among CellMax and the Rosenberger Defendants.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. Defendants object to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative

- 97 -

or corporate representatives reasonably prepared to testify as to the relationship, if any, that each

has with CellMax Technologies AB.

**TOPIC NO. 63:**

Each Rosenberger Defendant's and CellMax's financial performance in the United States

and outside the United States (broken down by country or region), including:

a.    Assets, liabilities, revenues, expenses, and profits, for each fiscal quarter from January 1, 2015 to the present;

b.    The finances of the business unit(s) or entities responsible for the Manufacture and Sale of BSAs, including their assets, liabilities, revenues, expenses, and profits, for each fiscal quarter from January 1, 2015 to the present;

c.    The current and historical projections or forecasts for revenues, costs, and profits for its BSAs;

d.    Tax returns, including supporting schedules;

e.    Annual audited, reviewed, or compiled financial statements;

f.    Monthly detailed profit and loss statements (by general ledger account);

g.    Monthly unit and dollar sales information for BSAs by customer; and

h.    Monthly margin and cost data for BSA sales, by individual BSA model.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the

General Objections as though fully stated herein.  Defendants object to this Topic, as so vague,

broad, general, and all-inclusive that it does not permit a proper or reasonable response nor

deponent preparation, and as being, therefore, unduly burdensome and not proportional to the

needs of the case. Defendants object to this Topic as seeking irrelevant information and

information not proportional to the needs of the case to the extent it is not limited to BSA-related

information. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Defendants further object to this deposition topic as overly broad and unduly burdensome to the extent that it seeks information regarding BSA models that were not made, used, sold, offered for sale or imported into the United States. Defendants will not provide a witness to testify regarding BSA models that were not made, used, sold, offered for sale or imported into the United States. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify on this Topic as it relates to each of them.

**TOPIC NO. 64:**

The PROSE Transaction, including the post-closing relationship between PROSE and any Rosenberger Defendant, which Rosenberger Kunshan assets PROSE is purchasing, which Rosenberger Kunshan assets PROSE is not purchasing, which Rosenberger employees PROSE anticipates employing, the post-closing owners of PROSE, and the impact on Rosenberger.

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or

affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify with respect to the effect of the PROSE rebranding and changes in ownership interest generally.

**TOPIC NO. 65:**

Rosenberger's purpose, intent, or state of mind in acquiring, using, or disclosing any CommScope trade secret, including all facts supporting Rosenberger's affirmative defense that CommScope "cannot demonstrate that Defendants acted with the requisite intent."

**OBJECTIONS AND RESPONSE:**  Defendants incorporate by reference each of the General Objections as though fully stated herein.  Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd.,

Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., and Rosenberger Technologies LLC will produce a corporate representative or corporate representatives reasonably prepared to testify with respect to this Topic as it relates to each of them.

**TOPIC NO. 66:**

The process by which Rosenberger determines the tolerance values for its BSA components, including but not limited to printed circuit board components.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to "tolerance values" as vague and ambiguous. Defendants interpret this term to refer to manufacturing tolerances. Defendants object to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic

Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, Rosenberger Technology (Kunshan) Co. Ltd. will produce a corporate representative reasonably prepared to testify with respect to this Topic. Rosenberger Asia Pacific Electronic Co. Ltd. and Rosenberger Technologies LLC lack knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 67:**

Rosenberger's strategy in seeking intellectual property protection related to Rosenberger BSAs or Rosenberger BSA Components or the Designing, Developing, Marketing, Sales, Offers to Sell, and distribution of Rosenberger BSAs or Rosenberger BSA Components, including Rosenberger's strategy for using trade secret, patent, and/or copyright protection.

**OBJECTIONS AND RESPONSE:** Defendants incorporate by reference each of the General Objections as though fully stated herein. Defendants object to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. Defendants object to this Topic to the extent that it calls exclusively for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. Defendants object to this Topic as it fails to describe with reasonable particularity the matters for examination. Defendants object to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. Defendants object to this Topic to the extent that it attempts to include information from other

- 103 -

parties or entities, such as Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, and CellMax Technologies AB, who are not subject to this Notice. Defendants interpret this Topic as being directed to only Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., not their subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Defendants will not produce witnesses with respect to this Topic.

Dated:  March 31, 2022

> */s/ Michael DeVincenzo*
> Mark S. Raskin
> Vincent Filardo, Jr.
> Michael DeVincenzo
> Charles Wizenfeld
> Michael Amberg
> KING & WOOD MALLESONS LLP
> 500 5th Avenue, 50th Floor
> New York, New York 10110
> (212) 319-4755
> mark.raskin@us.kwm.com
> vincent.filardo@us.kwm.com
> michael.devincenzo@us.kwm.com
> charles.wizenfeld@us.kwm.com
> michael.amberg@us.kwm.com
>
>
> Daniel S. Eichhorn (5505)
> Cullen and Dykman LLP
> 433 Hackensack Avenue
> Hackensack, NJ 07601
> (201) 488-1300
> deichhorn@cullenllp.com

*Attorneys for Defendants Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., and Rosenberger Technologies LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., and CellMax Technologies AB*

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CommScope, Inc., CommScope Inc. of North Carolina, and CommScope Technologies, LLC | ) ) ) | Civil Action No. 19-cv-15962-JXN-LDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **RESPONSES AND OBJECTIONS TO** |
| v. | ) ) | **SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF** |
| Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., CellMax Technologies AB, Janet Javier, and Robert Cameron, | ) ) ) ) ) ) ) ) ) ) ) | **ROSENBERGER SITE SOLUTIONS, LLC** |
| | ) | |
| Defendants. | ) ) | |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Rosenberger Site Solutions, LLC ("RSS"), hereby objects to and responds to CommScope, Inc., CommScope, Inc. of North Carolina, and CommScope Technologies LLC's ("CommScope") Second Amended Notice of 30(b)(6) Deposition of Rosenberger Site Solutions, LLC, dated March 24, 2022 ("Notice") in the above-captioned matter.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, RSS is willing to confer in good faith with CommScope about the matters for examination pursuant to CommScope's Notice.

## STATEMENTS

RSS has made a good faith effort to respond to the Notice, including all topics on which CommScope requests examination ("Topics," and each a "Topic") subject to its objections. These responses are based on the best information currently available to RSS.  RSS's search for responsive information is ongoing. These responses are made without waiver of, or prejudice to, RSS's right to raise any defense, and do not indicate RSS's consent to personal jurisdiction.

RSS also reserve the right to supplement its responses and to assert additional objections based upon its ongoing review of the files or preparation for hearing or trial. These responses are made without waiver of, or prejudice to, any such objection or right. To the extent RSS responds to a Topic to which it also objects, such responses are without waiver of any such objections. RSS makes no admission of any nature, and no admission may be implied by, or inferred from, these objections and responses.

To the extent that RSS responds to any of the Topics, such response is not an admission that the information requested is relevant to this action, nor does it waive or is intended to waive any objection to the competency, relevancy, or admissibility as evidence of any information provided, referred to, or made the subject of any response. RSS expressly reserves the right to object to further discovery of the subject matter of any Topic and the introduction into evidence of any produced information. A partial response to any Topic that has been objected to, in whole or in part, is not intended to be a waiver of the objection. By making these objections and responses, RSS does not concede that it is in possession of any information responsive to the Topics or that any information requested or provided are relevant to this litigation.

## GENERAL OBJECTIONS

These General Objections are incorporated into each response set forth herein.

- 2 -

1.      RSS object to the definition of "You," "Your," "Yours," and "Rosenberger" to the extent that the definition would include information or documents outside of RSS's possession, custody, or control, including to the extent that it purports to include "former agents, employees, officers, directors, representatives, members, shareholders, subsidiaries, parents, or affiliates."

2.      RSS objects to the definition of "Rosenberger" and "Rosenberger Defendants" to the extent that it purports to include Northwest Instrument, Inc. and CellMax Technologies AB, which are entities owned and managed independently from each other and from the other entities included in CommScope's definition of "Rosenberger" and "Rosenberger Defendants."   RSS further objects to the extent that the definition would include information or documents outside of RSS's possession, custody, or control by nature of the fact that Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB are not subject to this Notice.

3.      RSS objects to the definition of "Cameron" to the extent that the definition would include information or documents outside of RSS's possession, custody, or control, including to the extent that it purports to include "anyone acting or purporting to act on [Robert Cameron's] behalf."

4.      RSS objects to the definition of "Javier" to the extent that the definition would include information or documents outside of RSS's possession, custody, or control, including to the extent that it purports to include "anyone acting or purporting to act on [Janet Javier's] behalf."

5.      RSS objects to the definition of "CommScope" as vague and ambiguous because RSS may not know all of CommScope, Inc., CommScope, Inc. of North Carolina, and

CommScope Technologies, LLC's "agents, employees, directors, representatives, members, shareholders, subsidiaries, parents, or affiliates (including, but not limited to, former agents, employees, officers, directors, representatives, members, shareholders, subsidiaries, parents, or affiliates." RSS will interpret "CommScope" to mean CommScope, Inc., CommScope, Inc. of North Carolina, and CommScope Technologies, LLC.

6.      RSS objects to the definition of ".AAF Files" to the extent that it incorporates CommScope's Responses to Rosenberger's Amended First Set of Interrogatories to CommScope, dated October 11, 2019, which have been designated Attorneys' Eyes Only, such that RSS is limited in its ability to investigate and respond to requests based upon that response

7.      RSS objects to the definition of "Communication" and "Communications" to the extent that it purports to impose obligations on RSS that are inconsistent with the Federal Rules of Civil Procedure or this District's Local Rules.

8.      RSS objects to the definition of "Component" or "Components" as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute. RSS will interpret the term "Component" to mean any physical part of a Base Station Antenna.

9.      RSS objects to the definition of "CommScope BSA" as vague, ambiguous, unduly burdensome, seeking information not relevant to the resolution of this dispute, and would include information or documents outside of RSS's possession, custody, or control.

10.     RSS objects to the definition of "CommScope Trade Secret Software" to the extent it presupposes that any of the listed software programs are, in fact, trade secrets and to the extent it presupposes that any of the listed software programs impact the design of BSAs. RSS further objects to the definition to the extent that it incorporates CommScope's Fourth Supplemental

Response to Interrogatory No. 1 in Rosenberger's First Set of Interrogatories, dated January 16, 2020, which have been designated Attorneys' Eyes Only, such that RSS is limited in its ability to investigate and respond to requests based upon that response.

11.     RSS objects to the definition of "Design," "Designing," "Develop," or "Developing" a Base Station Antenna as argumentative, vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute to the extent it includes "any activity involved in designing, developing, testing, or validating" "any Component or aspect of a Base Station Antenna." RSS will interpret "Design" and "Designing" to mean design and designing. RSS will interpret "Develop" and "Developing" to mean develop and developing.

12.     RSS objects to the definition of "Design and Development File" as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute.

13.     RSS objects to the definition of "Document" to the extent that it purports to impose obligations on RSS that are inconsistent with the Federal Rules of Civil Procedure or this District's Local Rules.

14.     RSS object to the definition of "Employee" to the extent that it purports to include individuals who "formerly worked for or on behalf of a business entity," as it may not know all of CommScope's former employees, independent contractors, or consultants. RSS will respond to the Interrogatories to the best of its knowledge.

15.     RSS objects to the definition of "Employment" or "Employ" as vague and ambiguous to the extent that it refers to "all the relationships which would make a person an Employee." RSS will interpret the term Employment or Employ as it is commonly understood.

- 5 -

16.     RSS objects to the definition of "Manufacture" or "Manufacturing," ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute.

17.     RSS object to the definition of "Market," "Marketed," or "Marketing as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute. RSS further objects to this definition as seeking irrelevant information and information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market.

18.     RSS object to the definition of "Northwest Instrument (Shanghai) Co., Ltd." to the extent that the definition would include information or documents outside of RSS's possession, custody, or control, including to the extent that it purports to include "former agents, employees, officers, directors, representatives, members, shareholders, subsidiaries, parents, or affiliates." RSS further objects to the extent that the definition would include information or documents outside of RSS's possession, custody, or control. Northwest Instrument (Shanghai) Co., Ltd. is not named as a party to this lawsuit, nor is it subject to this Notice, and it is owned and managed independently from RSS.

19.     RSS objects to the definition of "PCB Design Guidelines" as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute.

20.     RSS objects to the definition of "Replacement BSAs" as argumentative, vague, ambiguous, unduly burdensome, overly broad, and as seeking information not relevant to the resolution of this dispute. RSS further objects to the definition of "Replacement BSAs" to the extent that it purports to include BSA models other than 2D2WC-21-AN and 2D2WC-21A-AN, which were identified in Rosenberger Technology (Kunshan) Co. Ltd.'s Seventh Amended Responses and Objections to CommScope's First Set of Full Merits Interrogatories Interrogatory

No. 8. As such, RSS will interpret "Replacement BSAs" to mean BSA models 2D2WC-21-AN and 2D2WC-21A-AN.

21.     RSS objects to the definition of "Rosenberger BSA" to the extent it includes entities other than Rosenberger Technology (Kunshan) Co. Ltd. or Rosenberger Technologies LLC. RSS will interpret "Rosenberger BSA" to mean any BSA designed, developed, manufactured, marketed, sold, or offered for sale by Rosenberger Technology (Kunshan) Co. Ltd. or Rosenberger Technologies LLC.

22.     RSS objects to the definition of "Rosenberger BSA Components" as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute.

23.     RSS objects to the definition of "Sales," "Sold," "Offered for Sale," "Sell," "Offered to Sell," or "Sales" as vague, ambiguous, unduly burdensome, and as seeking information not relevant to the resolution of this dispute. RSS further objects to this definition as seeking irrelevant information and information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market.

24.     RSS object to the definition of "Withdrawn BSAs" as vague, ambiguous, unduly burdensome, overly broad, and to the extent that it purports to include BSAs other than those identified in Rosenberger Technology (Kunshan) Co. Ltd.'s Seventh Amended Responses and Objections to CommScope's First Set of Full Merits Interrogatories Interrogatory No. 8, which Rosenberger voluntarily discontinued selling solely in order to narrow the issues for the Court to resolve. As such, RSS will interpret "Withdrawn BSAs" to mean only those BSA models identified in Rosenberger Technology (Kunshan) Co. Ltd.'s Seventh Amended Responses and Objections to CommScope's First Set of Full Merits Interrogatories Interrogatory No. 8. RSS objects to

- 7 -

definitions set forth by CommScope ("<u>Definitions</u>") and Topics to the extent that they seek to impose requirements on RSS that are inconsistent with, in addition to, or impose obligations beyond the provisions of the Federal Rules of Civil Procedure, or any local rule or Court order limiting discovery.

25.      RSS's responses and objections are made to the best of its present knowledge, information, and belief. RSS reserves the right to amend, revise, correct, supplement, or clarify any of the responses and objections herein at any time subsequent to the date of these responses. RSS further reserves the right to make use of, or to introduce at hearing or at trial, documents and things responsive to the Topics discovered subsequent to the date of Rosenberger's response.

26.      RSS objects to the Definitions and Topics to the extent that they seek the disclosure of information subject to claims of privilege or otherwise protected from disclosure, including information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, any other right or obligation of confidentiality, or any other applicable privilege or immunity, or whose production would otherwise invade the privacy rights of any person. No such privileged or protected information will be produced. RSS will not knowingly disclose any information that is subject to such privilege or protection. In connection with the Notice, RSS does not intend to waive, and shall not be construed as having waived, any such privilege or protection. Any inadvertent production or disclosure of information protected from disclosure, including but not limited to by virtue of the attorney-client privilege or attorney work product doctrine, shall not be deemed a waiver of any such privilege or protection. Any testimony provided by RSS pursuant to the Notice is subject to the Discovery Confidentiality Order, dated September 22, 2019.

27.      RSS objects to the Definitions and Topics to the extent that they seek information for which disclosure is prohibited by any domestic or judicial order, protective order, stipulation

of confidentiality, non-disclosure agreement, or confidentiality agreement with any non-party restricting the disclosure of such information by RSS.  RSS's corporate designee(s) will not produce any testimony that is subject to any such protection or privilege.

28.     RSS objects to the Definitions and Topics to the extent that they seek information in the possession, custody, or control of persons or entities other than RSS, which persons or entities are not under RSS's control. RSS will undertake only to produce information reasonably within its possession, custody, or control.

29.     RSS objects to the Definitions and Topics to the extent that they seek information other than that which may be obtained through a reasonably diligent search of its records. In responding to the Notice, RSS has made or will conduct a reasonable inquiry and search of materials within its possession, custody, or control in those places where information responsive to the Notice is most likely to be found. To the extent that CommScope seeks to require RSS to undertake any action beyond that described above, RSS objects to the Notice as unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and harassing and seeking information not within the possession, custody, or control of RSS.

30.     In providing a witness or witnesses to testify on the Topics (or portions thereof), RSS does not concede the relevance or materiality of any of the Topics or of the subject matters to which they refer. RSS's objections and any production of a witness or witnesses are made subject to, and without waiving, any objections as to the competency, relevance, materiality, privilege, and admissibility of the information.

31.     RSS objects to the Definitions and Topics to the extent they call for expert opinion, legal conclusions, or legal contentions rather than factual information and are, therefore, an inappropriate subject matter for a 30(b)(6) deposition of Defendants' corporate representative(s).

32.     RSS objects to the Notice to the extent that it is duplicative, unreasonably cumulative, and harassing, and to the extent that responding thereto will cause burden and expense that are not proportional to the needs of the case.

33.     Although RSS has made a reasonable and good faith effort to respond herein, further information may be discovered that might be responsive to the Notice. Accordingly, without assuming any obligation other than as may be imposed by law, RSS reserves the right to revise, supplement, correct, or amend these responses based upon information, evidence, documents, facts, and things that hereafter may be discovered.

34.     RSS objects to the Notice to the extent that it is overly broad, unduly burdensome, seeks information not relevant to any issue in this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence.

35.     RSS objects to the Notice to the extent that it is vague and ambiguous, fails to identify with the necessary specificity the information sought, and would require RSS to speculate as to the nature and/or scope of the information sought thereby.

36.     RSS objects to the Notice to the extent that it seeks information that is neither relevant to the subject matter involved in this action, nor relevant to a claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. RSS reserves all objections, in this or any other proceeding, with respect to the relevance, materiality, and admissibility of information produced pursuant to the Notice.

37.     RSS objects to the Notice to the extent it seeks information that is subject to confidentiality obligations with any non-party restricting the disclosure of such information by RSS.

- 10 -

38.     RSS objects to the Notice to the extent that it seeks information that is already in CommScope's possession, custody, or control, that is publicly available, that is equally available to CommScope or from other parties to the litigation, or that is duplicative of documents or information already produced in the litigation.

39.     RSS objects to the extent that any Topic attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action.

40.     RSS objects to the Notice to the extent that it purports to require RSS to form legal conclusions in order to respond.

41.     RSS makes no admission of any nature, and no admission may be implied by, or inferred from, these objections and responses.

42.     To the extent that RSS responds to or makes a witness available with respect to any of the Topics, such response is not an admission that the information requested is relevant to this action, nor does it waive or is intended to waive any objection to the competency, relevancy, or admissibility as evidence of any information provided, referred to, or made the subject of any response. RSS expressly reserves the right to object to further discovery of the subject matter of any Topic and to the introduction into evidence of any produced information. A partial response to any Topic that has been objected to, in whole or in part, is not intended to be a waiver of the objection. By making these objections and responses, RSS does not concede that it is in possession of any information responsive to the Notice or that any information requested or provided is relevant to this litigation.

43.     RSS objects to the deposition topics cumulatively as overly burdensome and harassing.  The sheer number of topics is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   In addition, the number of topics will reduce the amount of preparation available for each individual topic.

44.     Each of the foregoing General Objections is hereby incorporated by reference into each of the following specific responses to CommScope's Topics.

**SPECIFIC OBJECTIONS AND RESPONSES TO TOPICS**

Without waiving and subject to their General Objections, which are incorporated into each response below, RSS objects and responds to each of the Topics as follows:

**TOPIC NO. 1:**

The relationship(s) between and among all Rosenberger BSAs and all Rosenberger BSA Components, including Rosenberger BSAs in the same product "family," "platform," "product line," or "group," whether formal or informal; Rosenberger BSAs that share common Rosenberger BSA Components; any Rosenberger BSAs that are related to, derived from, or otherwise influenced by other Rosenberger BSAs; the use of Rosenberger BSA Components in multiple Rosenberger BSAs, any Rosenberger BSA Components that are related to, derived from, or otherwise influenced by other Rosenberger BSA Components; and documents related to any of the foregoing.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or

- 12 -

protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 2:**

Any rules, procedures, protocols, conventions, guidelines, or nomenclature regarding the naming or numbering of Rosenberger BSAs or Rosenberger BSA Components, including how Rosenberger assigns external and internal model numbers to Rosenberger BSAs; what the relationships are, if any, between internal and external model numbers; and any project names, codenames, or nicknames assigned to or related to Rosenberger BSAs or Rosenberger BSA Components.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation,

and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 3:**

The performance, attributes, and capabilities of each Rosenberger BSA, including any specification sheets, data sheets, or other documentation of any Rosenberger BSA's performance, attributes, or capabilities.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS

objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 4:**

Rosenberger's simulations of Rosenberger BSA performance or Rosenberger BSA Component performance, including Rosenberger's use of simulations or development of simulations, any data generated by the simulations, and any revisions, changes, or alterations made to a Rosenberger BSA or Rosenberger BSA Component following or related to a simulation.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS

objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 5:**

All Persons who have Designed, Developed, or helped to Design or Develop Rosenberger BSAs or Rosenberger BSA Components, including Employees and third parties.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected

information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 6:**

Rosenberger's efforts to purchase, acquire, or access competitors' BSAs, including Rosenberger's ability to purchase, acquire, or access competitors' BSAs; the expense and effort required to purchase, acquire, or access competitors' BSAs; any instances of Rosenberger's actual or attempted purchase or acquisition of, or access to, competitors' BSAs, including CommScope BSAs; and Rosenberger's disposition, handling, or treatment of any CommScope BSAs Rosenberger acquired since 2010, including those CommScope BSAs' current location.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS

objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice.  Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 7:**

Rosenberger's acquisition, possession, receipt, retention, deletion, disclosure, storage, sharing, distribution, or use of any CommScope files or information, including:

> a.   Design Files for CommScope BSAs or CommScope BSA Components that were created by, created for, used by, or originated at CommScope, including those produced at ROSEN00300457, ROSEN00441961, ROSEN00441962, ROSEN00486706 at ROSEN00486713, ROSEN00595785 at ROSEN00595787-94, ROSEN00605049; Bates no. 00001734 and 00004289; and those located on Drive 3;

b.      The documents produced by Rosenberger, Javier, or Cameron in discovery that were created by, created for, used by, or originated at CommScope; and

c.      Any information related to CommScope's BSAs, including CommScope's specifications, plans, and strategy with respect to CommScope BSAs.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. RSS objects to this Topic to the extent it seeks information within CommScope's possession, custody, or control to the extent it concerns "CommScope files or information."  Subject to the foregoing

- 19 -

specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 8:**

The significance or value of Rosenberger BSA designs or Rosenberger BSA Components to BSA performance, quality, value, and reliability.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

- 20 -

**TOPIC NO. 9:**

Rosenberger's catalog, list, and inventory of BSAs, including identifying the total number of Rosenberger BSAs Offered for Sale in the United States or outside the United States at any time from 2010 to the present; identifying the Rosenberger BSAs Offered for Sale in the United States at any time from 2010 to present; and identifying any Rosenberger BSAs that have been in Development at any point since the commencement of this litigation but have not been Offered for Sale.

**OBJECTIONS AND RESPONSE:** RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate

representative reasonably prepared to testify on this Topic with respect to any Rosenberger BSAs sold to or through RSS.

**TOPIC NO. 10:**

The Withdrawn BSAs, including:

a.   Rosenberger's withdrawal from the market of the Withdrawn BSAs, the identity of all Withdrawn BSAs, the timing of the withdrawal of the Withdrawn BSAs, the date(s) the Withdrawn BSAs were last Sold or Offered for Sale, the disposition of the Withdrawn BSAs, and the Sale or Offering for Sale of any Replacement BSAs;

b.   Rosenberger's communications regarding the Withdrawn BSAs, including with customers or prospective customers, Employees, and third parties;

c.   Rosenberger's use of or limitations on the use of the Withdrawn BSAs, the Design and Development File for the Withdrawn BSAs, or any Rosenberger BSA Component included in any Withdrawn BSA, and monitoring, enforcement, and compliance with same;

d.   Rosenberger's Design or Development of Rosenberger BSAs or Rosenberger BSA Components based on, by reference to, or in reliance on the Withdrawn BSAs or any Rosenberger BSA Component included in any Withdrawn BSA;

e.   The relationship(s) between the Withdrawn BSAs and other Rosenberger BSAs, including any Withdrawn BSAs or Rosenberger BSAs in the same product "family," "platform," "product line," or "group," whether formal or informal, as other Rosenberger BSAs, any Withdrawn BSAs that share common Rosenberger BSA Components with other Rosenberger BSAs, any other Rosenberger BSAs that are related to, derived from, or otherwise influenced by any Withdrawn BSAs, and

any Rosenberger BSA Components that are related to, derived from, or otherwise influenced by any Rosenberger BSA Component included in any Withdrawn BSA; and

f.   Modifications to the Design Files for the Withdrawn BSAs or any Components of the Withdrawn BSAs.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic as vague and ambiguous to the extent it refers to "the market" without reference to any geography or product whatsoever. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general

objections, RSS will produce a corporate representative reasonably prepared to testify on subtopics (a) and (b) of this Topic. RSS lacks knowledge with respect to subtopics (c), (d), (e) and (f) of this Topic and will not undertake to prepare a witness with respect to those subtopics.

**TOPIC NO. 11:**

Rosenberger's compliance with the December 6, 2019 Stipulated Order (Dkt. 102), and monitoring and enforcement of same.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to

the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 12:**

Rosenberger's use of any software programs—including the CommScope Trade Secret Software—to Design, Develop, Market, or Sell any Rosenberger BSAs or Rosenberger BSA Components.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC,

- 25 -

not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic to the extent it relates to sales of Rosenberger-manufactured BSAs in the United States

**TOPIC NO. 13:**

The value to Rosenberger of using the CommScope Trade Secret Software, including any changes to the design of a Rosenberger BSA or Rosenberger BSA Component made after or as a result of using the software or its outputs, any time saved during the development process, any benefits from avoiding the time and resource investment required to develop equivalent software internally, and any benefits from using the software or its outputs during the BSA Sales, Marketing, or qualification processes.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include

information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice.  Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic to the extent it relates to sales of Rosenberger-manufactured BSAs in the United States.

**TOPIC NO. 14:**

Rosenberger's expenditures for research and development to Design and Develop any Rosenberger BSA or Rosenberger BSA Component.

**OBJECTIONS AND RESPONSE:**   RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning BSAs or components other than those at issues in this case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who

are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice.  Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 15:**

Rosenberger's process for identifying Rosenberger BSAs on which it used the CommScope Trade Secret Software, including Rosenberger's process for identifying particular Rosenberger BSAs as "Software-Related Rosenberger US BSAs" or "Software-Related Rosenberger ex-US BSAs" as those terms are defined and used in Rosenberger's Interrogatory Responses.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to

include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice.  RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 16:**

Rosenberger's creation, possession, retention, deletion, storage, sharing, distribution, and use of .AAF Files and .XPS Files, including all Rosenberger BSAs to which those files relate and all Persons involved in the creation, possession, retention, deletion, storage, sharing, distribution, or use of those files.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to

- 29 -

include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 17:**

The process by which Rosenberger associated .AAF and .XPS Files with specific Rosenberger BSAs as reflected in its Interrogatory Responses, including why .AAF and .XPS Files may be associated with several different Rosenberger BSAs.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not

named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice.  RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 18:**

Rosenberger's development and use of confidential business information concerning its relationships with BSA customers and prospective BSA customers, including AT&T, Verizon, T-Mobile, Sprint, U.S. Cellular, and Dish.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to

include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice.  Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 19:**

Rosenberger's acquisition, development, creation, possession, receipt, retention, deletion, disclosure, storage, sharing, distribution, and use of:

a.     Confidential business information concerning its relationships with BSA customers and prospective BSA customers, including AT&T, Verizon, T-Mobile, Sprint, U.S. Cellular, and Dish;

b.     BSA pricing or other information related to the Sale or Marketing of its BSAs, including how Rosenberger determines pricing, Sales or Marketing approaches or strategy, and what information Rosenberger uses or refers to in setting its BSA pricing, Sales or Marketing approaches or strategy; and

c.     CommScope's BSA pricing information.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general,

and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 20:**

Rosenberger's acquisition, possession, receipt, retention, deletion, disclosure, creation, maintenance, revision, changes, alterations, storage, sharing, distribution, and use of:

    a.        Any customer-specific ordering guides or preferences documents, including those related to AT&T, Verizon, T-Mobile, Sprint, U.S. Cellular, or Dish, and the Persons involved; and

    b.        CommScope customer-specific ordering guides or preferences documents.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information and to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to

the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 21:**

Rosenberger's strategy with respect to selling Rosenberger BSAs to U.S. customers or otherwise obtaining BSA market share in the United States, including any estimates by Rosenberger of the value of particular customer relationships, and the identification of documents reflecting, and Persons involved with, these strategies or estimates.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to

the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 22:**

Rosenberger's Marketing, Sales, Offers to Sell, and distribution of Rosenberger BSAs or Rosenberger BSA Components both in the United States and outside the United States, including:

  a.  Any documents and communications exchanged with customers or prospective customers;

  b.  The identification of all Persons who have engaged in the Marketing, Sale, or Offering for Sale to any customer or prospective customer of Rosenberger BSAs or Rosenberger BSA Components;

  c.  Rosenberger's sales arrangements, contracts, and use of distributors; and

  d.  Rosenberger's Sales of other products in connection with Rosenberger BSA Sales.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include

information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. RSS further object to this deposition topic as overly broad and unduly burdensome to the extent that it seeks information regarding BSA models that were not made, used, sold, offered for sale or imported into the United States.  RSS will not provide a witness to testify regarding BSA models that were not made, used, sold, offered for sale or imported into the United States.  Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 23:**

Customers' qualification, evaluation, assessment, and purchasing processes for Rosenberger BSAs, including Rosenberger's actual or anticipated participation in those processes.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to

include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

## TOPIC NO. 24:

Rosenberger's development of, maintenance of, and investment in its relationships with BSA customers and prospective BSA customers, including:

a.   The circumstances in which these relationships were initiated, how they are maintained, who is responsible for maintaining these relationships, and what information Rosenberger gathers, generates, or uses in connection with establishing, developing, or maintaining these customer relationships;

b.   Rosenberger's investment in its relationships with its BSA customers to whom it has Sold or Offered to Sell a Rosenberger BSA or to whom Rosenberger has Marketed its Rosenberger BSAs, including the time and resources required to develop and sustain these relationships and ongoing sales;

c.   The time and resources necessary to Sell a Rosenberger BSA to a customer, including both existing customers and prospective customers; and

d.      Any benefits to bringing products to market quickly or before other competitors.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic

**TOPIC NO. 25:**

For both the U.S. BSA market and any BSA markets outside the United States (broken down by country or region), any estimates by Rosenberger of the size or value of that market in total; any analysis, calculations, or estimates by Rosenberger of the value of Rosenberger's actual, projected, or potential participation in that market, including any sales forecasts; and the identification of documents reflecting, and Persons involved with, these estimates.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic as vague and ambiguous to the extent it refers to "the U.S. market and any markets outside the United States" and otherwise refers to a "market" without reference to any geography or product whatsoever. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG,

- 40 -

Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. RSS further object to this deposition topic as overly broad and unduly burdensome to the extent that it seeks information regarding BSA models that were not made, used, sold, offered for sale or imported into the United States. RSS will not provide a witness to testify regarding BSA models that were not made, used, sold, offered for sale or imported into the United States. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 26:**

Rosenberger's past, current, and projected:

a.    Sales of Rosenberger BSAs in the United States and outside the United States (broken down by country or region), including all sales shown on ROSEN00576118, ROSEN00604694, ROSEN00604695, ROSEN00617762, ROSEN00617763, ROSEN00624114, and ROSEN00624116;

b.    BSA market share in the United States and outside the United States (broken down by country or region);

c.    Profits and margins on Rosenberger BSA Sales in the United States and outside the United States (broken down by country or region); and

d.    Pricing of Rosenberger BSAs in the United States and outside the United States (broken down by country or region), its basis for that pricing, the process by which that pricing was determined, and identification of each Person involved in the process and their roles.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice.  RSS further object to this deposition topic as overly broad and unduly burdensome to the extent that it seeks information regarding BSA models that were not made, used, sold, offered for sale or imported into the United States.  RSS will not provide a witness to testify regarding BSA models that were not made, used, sold, offered for sale or imported into the United States.  Subject to the

- 42 -

foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 27:**

Any assessment or estimate by CellMax and/or Rosenberger of:

a.      CommScope's BSA Sales in the United States and/or outside the United States;

b.      CommScope's BSA market share in the United States and/or outside the United States;

c.      CommScope's profits and margins on BSA Sales in the United States and/or outside the United States; and

d.      CommScope's pricing of BSAs in the United States and/or outside the United States.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include

- 43 -

information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 28:**

Rosenberger's Design, Development, Marketing, Sale, and business strategy in the United States relating to a "slim" or "skinny" BSA measuring 4 feet in length, including model number 2F4WC-21, and any field trials or strategy with respect to T-Mobile related to a "slim" or "skinny" BSA measuring 4 feet in length.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include

information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 29:**

All facts supporting:

a.      Rosenberger's contentions that CommScope has not taken reasonable efforts to protect its trade secrets at issue in this action;

b.      Rosenberger's contentions that any CommScope trade secret is publicly available, readily ascertainable, or reverse engineerable, including the ease of reverse engineering it;

c.      Rosenberger's contentions that Rosenberger acquired any CommScope trade secret in a lawful manner; and

d.      Any of Rosenberger's affirmative defenses.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or

protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice.  RSS objects to this Topic to the extent it seeks information within CommScope's possession, custody, or control to the extent is concern's CommScope's alleged trade secrets. RSS objects to this Topic to the extent it seeks to shift CommScope's burden of proof to the Defendants.  In addition, this Topic seeks legal analysis that is not properly the topic of a Rule 30(b)(6) deposition. RSS will not produce witnesses with respect to this Topic.

**TOPIC NO. 30 [First Part]:**

Rosenberger's efforts to protect the confidentiality of its Design and Development Files or other design information for any Rosenberger BSAs or Rosenberger BSA Components, including the People with access to Rosenberger's Design and Development Files or other design information, the storage of Rosenberger's Design and Development Files and other design information, any limitations Rosenberger places on Reverse Engineering of Rosenberger BSAs and Rosenberger BSA Components, and Rosenberger's contracts, practices, and relationships with

Employees, customers, vendors, suppliers, distributors, service providers, and any other third parties.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 30 [Second Part]:**

Rosenberger's confidential information, and Rosenberger's competitively sensitive technical, marketing, financial, sales or other confidential business information, if any, related to Rosenberger BSAs, Rosenberger BSA Components, or Rosenberger's BSA business, including:

    a.    The steps Rosenberger takes to protect the confidentiality of any such information;

    b.    Any policies, procedures, employment agreements, or contracts Rosenberger uses to protect any such information; and

    c.    Rosenberger's of any such information with its customers, vendors, suppliers, distributors, service providers, or other third parties, including any agreements relating to such sharing.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp.,

Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 31:**

Rosenberger's efforts, if any, to ensure that its Employees and any third parties with whom Rosenberger has or has had a relationship do not provide, reference, disclose, or make use of:

a.      Another Person's trade secrets or confidential information; and

b.       CommScope information.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd.,

Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 32:**

Rosenberger's company-wide training session to remind Rosenberger Employees not to use unauthorized software programs, *see* Declaration of Cai Lishao in Support of Rosenberger's Opposition to CommScope, Inc.'s Motion for Preliminary Injunction at ¶ 9 (Feb. 21, 2020) (Dkt. 219-01), and monitoring, enforcement, and compliance with same.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd.,

Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 33:**

Rosenberger's requirement that all software programs to be installed on Rosenberger computers must be approved by the IT department prior to installation, *see id.*, and monitoring, enforcement, and compliance with same.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger

Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

**TOPIC NO. 34:**

Rosenberger's participation in BSA Requests for Proposals/Requests for Quotation for the U.S. market, including its responses to and the customer's subsequent feedback for the Requests for Proposals/Requests for Quotation from T-Mobile and Verizon.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic as vague and ambiguous to the extent it refers to "the U.S. market" without reference to any product whatsoever. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd.,

Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. RSS understands the reference in this Topic to "the Requests for Proposals/Requests for Quotation from T-Mobile and Verizon" as referring to the Requests for Proposal/Quotation identified in CommScope's Responses to Interrogatory Nos. 7 and 12 in Rosenberger's Fourth Set of Interrogatories. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic.

**TOPIC NO. 35:**

Rosenberger's BSA related activities in the United States, including:

a.      Manufacturing activities;

b.      Design activities;

c.      Solicitation of and communications with customers or prospective customers;

d.      Solicitation and communications with Employees, contractors, or consultants, or prospective Employees, contractors, or consultants;

e.      Participation in trade shows and industry groups;

f.      Rosenberger's facilities in the United States; and

g.      Storage or transmission of documents or information to, from, or in the United States.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general,

and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on subtopics (c), (d), (e), (f), and (g) of this Topic. RSS lacks knowledge with respect to subtopics (a) and (b) of this Topic and will not undertake to prepare a witness with respect to those subtopics.

**TOPIC NO. 36:**

Rosenberger's relationship with Northwest Instrument, Inc. and Northwest Instrument (Shanghai) Co., Ltd., including Northwest Instrument (Shanghai) Co., Ltd.'s employment of Sun Jing while she Designed and Developed BSAs for other Rosenberger entities.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries, affiliates or Northwest Instrument (Shanghai) Co., Ltd., who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS lacks knowledge with respect to this Topic and will not undertake to prepare a witness.

## TOPIC NO. 37:

RSS's relationship with Rosenberger Technology, LLC, including its sale of any BSAs for Rosenberger Technology, LLC, its legal relationship with Rosenberger Technology, LLC, its

sharing with Rosenberger Technology, LLC of technical or business information relating to BSAs, its coordination with Rosenberger Technology, LLC regarding the Sale or Marketing of BSAs, its strategy regarding the markets, customers, or niches into which BSAs Sold or Marketed under Rosenberger's name or CellMax's name are Sold, and any division of the U.S. Market between RSS and Rosenberger Technology, LLC.:

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify to this Topic.

**TOPIC NO. 38:**

Rosenberger's filings, submissions, and communications in this Action and the Delaware Action, including:

      a.      Rosenberger's responses to each of CommScope's Interrogatories, Requests for Production of Documents, and Requests for Admission in this Action and the Delaware Action;

      b.      In this Action, Rosenberger's Answers to the Complaint, the Amended Complaint, and the Second Amended Complaint, including Rosenberger's Affirmative Defenses;

      c.      In the Delaware Action, Rosenberger's Answers to the Complaint and the Amended Complaint, including Rosenberger's Affirmative Defenses and Rosenberger's Counterclaims;

      d.      Rosenberger's correspondence in this Action and the Delaware Action.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include

information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify to information presented and/or documents identified in the pleadings or discovery referenced in this Topic to the extent that information or documents were available to them under the Discovery Confidentiality Order entered in this case.

**TOPIC NO. 39:**

The relationships between and among the defendants in the action and Rosenberger Hochfrequenztechnik GmbH & Co. KG's affiliates, subsidiaries, and related entities, including but not limited to Netop Technology Co., Ltd., Westingcastle Ltd., Westingcastle Inc., and HBP Corporation Ltd.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. RSS objects to the phrase "Rosenberger Hochfrequenztechnik GmbH & Co. KG's affiliates, subsidiaries, and related entities" as vague and ambiguous, including to the extent that entities other than Rosenberger

Hochfrequenztechnik GmbH & Co. KG, which CommScope does not intend to depose, of any other Defendant may not know all of those "affiliates, subsidiaries, and related entities." RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic as to the relationship that RSS has with any other Rosenberger entities.

**TOPIC NO. 40:**

Rosenberger's relationship with CellMax, including its acquisition of CellMax, motivation for such acquisition, legal relationship with CellMax, sharing with CellMax of technical or business information relating to BSAs, coordination with CellMax regarding the Sale or Marketing of BSAs (whether Sold or Marketed under Rosenberger's name or CellMax's name), and strategy

regarding the markets, customers, or niches into which BSAs Sold or Marketed under Rosenberger's name or CellMax's name are Sold.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, factually inaccurate, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. RSS objects to this Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic as vague and ambiguous to the extent it refers to "markets" without reference to any geography or "niches" as it is not a defined term. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries

or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify as to the relationship that RSS has with CellMax Technologies AB.

## TOPIC NO. 41:

As between RSS and CellMax:

a.     the identity any mutual or shared employees, executives, or owners;

b.     the identity of any Agreements between or among CellMax and any Rosenberger Defendant;

c.     the legal relationship(s) between or among CellMax and any Rosenberger Defendant;

d.     CellMax's involvement in any Rosenberger Defendant's Design, Marketing, Sale or Offering for Sale of BSAs;

e.     any Rosenberger Defendant's involvement in CellMax's Design, Marketing, Sale or Offering for Sale of BSAs;

f.     any shared bank accounts between or among CellMax and the Rosenberger Defendants; and

g.     any transfers of funds between or among CellMax and the Rosenberger Defendants.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. RSS objects to this

Topic as seeking irrelevant information not proportional to the needs of the case to the extent it seeks information concerning markets other than the United States BSA market. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify as to the relationship that RSS has with CellMax Technologies AB.

**TOPIC NO. 42:**

RSS's and CellMax's financial performance in the United States and outside the United States (broken down by country or region), including:

a. Assets, liabilities, revenues, expenses, and profits, for each fiscal quarter from January 1, 2015 to the present;

b.      The finances of the business unit(s) or entities responsible for the Manufacture and Sale of BSAs, including their assets, liabilities, revenues, expenses, and profits, for each fiscal quarter from January 1, 2015 to the present;

c.      The current and historical projections or forecasts for revenues, costs, and profits for its BSAs;

d.      Tax returns, including supporting schedules;

e.      Annual audited, reviewed, or compiled financial statements;

f.      Monthly detailed profit and loss statements (by general ledger account);

g.      Monthly unit and dollar sales information for BSAs by customer; and

h.      Monthly margin and cost data for BSA sales, by individual BSA model.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd.,

Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to the foregoing specific and general objections, RSS will produce a corporate representative reasonably prepared to testify on this Topic as it relates to RSS.

**TOPIC NO. 43:**

Rosenberger's strategy in seeking intellectual property protection related to Rosenberger BSAs or Rosenberger BSA Components or the Designing, Developing, Marketing, Sales, Offers to Sell, and distribution of Rosenberger BSAs or Rosenberger BSA Components, including Rosenberger's strategy for using trade secret, patent, and/or copyright protection.

**OBJECTIONS AND RESPONSE:**  RSS incorporates by reference each of the General Objections as though fully stated herein.  RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case.  RSS objects to this Topic to the extent that it calls exclusively for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as Rosenberger Technology (Kunshan)

- 64 -

Co. Ltd., Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC, not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. RSS will not produce a witness with respect to this Topic.

**TOPIC NO. 44:**

The PROSE Transaction, including the post-closing relationship between PROSE and any Rosenberger Defendant, which Rosenberger Kunshan assets PROSE is purchasing, which Rosenberger Kunshan assets PROSE is not purchasing, which Rosenberger employees PROSE anticipates employing, the post-closing owners of PROSE, and the impact on RSS.

**OBJECTIONS AND RESPONSE:** RSS incorporates by reference each of the General Objections as though fully stated herein. RSS objects to this Topic, as so vague, broad, general, and all-inclusive that it does not permit a proper or reasonable response nor deponent preparation, and as being, therefore, unduly burdensome and not proportional to the needs of the case. RSS objects to this Topic as seeking irrelevant information and information not proportional to the needs of the case to the extent it is not limited to BSA-related information. RSS objects to this Topic to the extent that it calls for information subject to claims of privilege or protected from disclosure by the attorney work product doctrine. No such privileged or protected information will be produced. RSS objects to this Topic as it fails to describe with reasonable particularity the matters for examination. RSS objects to this Topic to the extent that it attempts to include information from other parties or entities, such as subsidiaries or affiliates, who are not named as defendants in this action. RSS objects to this Topic to the extent that it attempts to include

- 65 -

information from other parties or entities, such as Rosenberger Technology (Kunshan) Co. Ltd.,

Rosenberger Asia Pacific Electronic Co. Ltd., Rosenberger Technologies LLC, Rosenberger

Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., Rosenberger USA Corp.,

Rosenberger North America Pennsauken, Inc., and CellMax Technologies AB, who are not subject

to this Notice. RSS interprets this Topic as being directed to only Rosenberger Site Solutions, LLC,

not its subsidiaries or affiliates, nor any party or entity that is not subject to this Notice. Subject to

the foregoing specific and general objections, RSS will produce a corporate representative

reasonably prepared to testify with respect to the effect of the PROSE rebranding and changes in

ownership interest as it relates to RSS.

Dated:  March 31, 2022

/s/ Michael DeVincenzo
Mark S. Raskin
Vincent Filardo, Jr.
Michael DeVincenzo
Charles Wizenfeld
Michael Amberg
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
mark.raskin@us.kwm.com
vincent.filardo@us.kwm.com
michael.devincenzo@us.kwm.com
charles.wizenfeld@us.kwm.com
michael.amberg@us.kwm.com

Daniel S. Eichhorn (5505)
Cullen and Dykman LLP
433 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-1300
deichhorn@cullenllp.com

*Attorneys for Defendants Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., and Rosenberger Technologies LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, and Northwest Instrument, Inc., and CellMax Technologies AB*

# Exhibit C



Civil Procedure Law of the People's Republic of China (Revised in 2021)

| Promulgation date | 2021/12/24 | Effective region | NATIONAL |
|---|---|---|---|
| Promulgator | Standing Committee of the National People's Congress | Document no | Order of the President of the People's Republic of China No. 106 |
| Effectiveness | Effective | Effective date | 2022/01/01 |
| Category | Civil Action ( Civil Procedure Law->Civil Action ) | | |

Civil Procedure Law of the People's Republic of China (Revised in 2021)

Order of the President of the People's Republic of China No. 106

December 24, 2021

(Adopted at the fourth Session of the seventh National People's Congress on April 9, 1991 and amended for the first time in accordance with the Decision on Amending the Civil Procedure Law of the People's Republic of China at the 30th session of the Standing Committee of the tenth National People's Congress on October 28, 2007; amended for the second time in accordance with the Decision on Amending the Civil Procedure Law of the People's Republic of China at the 28th session of the Standing Committee of the 11th National People's Congress on August 31, 2012; amended for the third time in accordance with the Decision on Revising the Civil Procedure Law of the People's Republic of China and the Administrative Procedure Law of the People's Republic of China at the 28th session of the Standing Committee of the 12th National People's Congress on June 27, 2017; and amended for the fourth time in accordance with the Decision of the Standing Committee of the National People's Congress on Revising the Civil Procedure Law of the People's Republic of China at the 32nd session of the 13th Standing Committee of the National People's Congress of the People's Republic of China on December 24, 2021)

Table of Contents

Part One General Provisions
Chapter I Purpose, Scope of Application and Basic Principles
Chapter II Jurisdiction
Section 1 Court-Level Jurisdictions
Section 2 Territorial Jurisdictions
Section 3 Referral and Designation of Jurisdictions
Chapter III Judicial Organizations
Chapter IV Withdrawal
Chapter V Participants in Legal Actions
Section 1 Parties
Section 2 Agents Ad Litem
Chapter VI Evidence
Chapter VII Time Periods and Service
Section 1 Time Periods
Section 2 Service
Chapter VIII Mediation
Chapter IX Preservation and Preliminary Execution
Chapter X Compulsory Measures against Obstruction of Civil Actions
Chapter XI Litigation Costs
Part Two Trial Procedure
Chapter XII Ordinary Procedure at First Instance
Section 1 Institution and Acceptance of Actions
Section 2 Pretrial Preparations
Section 3 Trial in Court
Section 4 Suspension and Termination of Actions
Section 5 Judgments and Rulings
Chapter XIII Summary Procedure
Chapter XIV Procedure at Second Instance

Case 3:19-cv-12551-MGM-KXN Document 352-2 Filed 04/19/22 Page 182 of 256 PageID:
47547

Chapter XV Special Procedure
Section 1 General Provisions
Section 2 Cases Concerning Voter Qualifications
Section 3 Cases Concerning the Declaration of a Missing or Dead Person
Section 4 Cases Concerning the Determination of a Citizen as Having No Capacity for Civil Acts or as Having Limited Capacity for Civil Acts
Section 5 Cases Concerning the Determination of Property as Ownerless
Section 6 Confirmation of Mediation Agreement
Section 7 Enforcement of Real Rights for Security
Chapter XVI Procedure for Trial Supervision
Chapter XVII Procedure for the Recovery of Debts
Chapter XVIII Procedure for Public Invitation to Assert Claims
Part Three Execution Procedures
Chapter XIX General Provisions
Chapter XX Application for and Referral of Execution
Chapter XXI Execution Measures
Chapter XXII Suspension and Termination of Execution
Part Four Special Provisions on Civil Actions Involving Foreign Parties
Chapter XXIII General Provisions
Chapter XXIV Jurisdiction
Chapter XXV Service and Time Periods
Chapter XXVI Arbitration
Chapter XXVII Judicial Assistance

Part One General Provisions

Chapter I Purpose, Scope of Application and Basic Principles

Article 1 The Civil Procedure Law of the People's Republic of China is formulated on the basis of the Constitution and in light of the experience and actual circumstances of the trial of civil cases in China.

Article 2 The purpose of the Civil Procedure Law of the People's Republic of China (hereinafter referred to as the "the Law") is to protect the parties' exercise of their procedural rights, to ensure that the people's courts ascertain facts clearly, distinguish right from wrong, apply the law correctly, try civil cases promptly, affirm civil rights and obligations, impose sanctions for civil offences, protect the lawful rights and interests of the parties, educate citizens to observe the law conscientiously, maintain the social and economic order and safeguard the smooth progress of socialist construction and development.

Article 3 In dealing with the civil actions arising from disputes on property and personal relations between citizens, legal persons or other organizations and among citizens, legal persons and other organizations, the people's courts shall apply the provisions of the Law.

Article 4 All those who are engaged in civil actions within the territory of the People's Republic of China shall abide by the Law.

Article 5 Aliens, stateless persons and foreign enterprises and organizations that institute or respond to proceedings in a people's court shall have the same procedural rights and obligations as citizens, legal persons and other organizations of the People's Republic of China.
If the courts of a foreign country impose restrictions on the civil procedural rights of citizens, legal persons and other organizations of the People's Republic of China, the people's courts of the People's Republic of China shall implement the principle of reciprocity in respect of the civil procedural rights of citizens, enterprises and organizations of that foreign country.

Article 6 Jurisdiction over civil cases shall be exercised by the people's courts.
The people's courts shall try civil cases independently in accordance with the law, and shall be subject to no interference by any administrative authority, social organization or individual.

Article 7 In trying civil cases, the people's courts shall take the facts as the basis and the law as the standard.

Article 8 The parties to a civil action shall have equal procedural rights. In trying civil cases, the people's courts shall safeguard and facilitate the parties' exercise of their procedural rights, and shall treat the

parties equally in the application of law.

Article 9 In trying civil cases, the people's courts shall carry out mediation on a voluntary and lawful basis, failing which, a judgment shall be rendered forthwith.

Article 10 In trying civil cases, the people's courts shall, in accordance with the law, implement the systems of panel hearing, withdrawal, public trial and two-tier trial.

Article 11 Citizens of all ethnic groups shall have the right to use their native spoken and written languages in civil proceedings.
In areas inhabited predominantly by a minority ethnic group or by several minority ethnic groups, the people's courts shall conduct hearings and issue legal documents in the spoken and written languages commonly used by the local ethnic groups.
The people's courts shall provide interpretation and translation for participants in an action who are not familiar with the spoken or written languages commonly used by the local ethnic groups.

Article 12 In the trial of civil cases by people's courts, the parties shall have the right to argue for themselves.

Article 13 Civil proceedings shall follow the principle of good faith.
The parties shall have the right, within the scope stipulated by the law, to deal with their own civil and procedural rights.

Article 14 The people's procuratorates have the right to exercise legal supervision over civil proceedings.

Article 15 If the rights and interests of the State, a collective body or an individual are infringed, the government authorities, enterprises and public institutions may support the injured unit or individual in instituting proceedings in the people's courts.

Article 16 Subject to consent by the parties concerned, a civil proceeding may be conducted online through an information platform.
Where any civil proceeding is conducted online through an information platform, it shall have the same legal effect as a civil proceeding conducted on site.

Article 17 The people's congresses of the autonomous regions of the ethnic groups may formulate flexible or supplementary provisions in accordance with the principles of the Constitution and the Law, and taking into account the specific circumstances of local ethnic groups. Such provisions made by an autonomous region shall be submitted to the Standing Committee of the National People's Congress for approval. Provisions made by autonomous prefectures and autonomous counties shall be submitted to the standing committee of the people's congress of the respective provinces or autonomous regions for approval, and to the Standing Committee of the National People's Congress for filing.

Chapter II Jurisdiction

Section 1 Court-Level Jurisdictions

Article 18 Unless otherwise stipulated in the Law, basic people's courts shall have jurisdiction as courts of first instance over all civil cases.

Case 2:25-cv-13985-JXN-LDW   Document 252-2   Filed 04/14/22   Page 184 of 256 PageID: 46589

Article 19 Intermediate people's courts shall have jurisdiction as courts of first instance over the following types of civil cases:
1. major cases involving foreign parties;
2. cases with significant impact in the areas over which the courts exercise jurisdiction; and
3. cases determined by the Supreme People's Court to come under the jurisdiction of the intermediate people's courts.

Article 20 Higher people's courts shall have jurisdiction as courts of first instance over civil cases with significant impact in the areas over which they exercise jurisdiction.

Article 21 The Supreme People's Court shall have jurisdiction as the court of first instance over the following types of civil cases:
1. cases with significant impact on the whole country; and

3/35

2. cases that the Supreme People's Court deems it should try itself.

Section 2 Territorial Jurisdictions

Article 22 A civil action instituted against a citizen shall come under the jurisdiction of the people's court in the place where the defendant is domiciled; if the defendant's place of domicile is different from the place of his or her habitual residence, the people's court in the place of his or her habitual residence shall have jurisdiction.
A civil action instituted against a legal person or any other organization shall come under the jurisdiction of the people's court in the place where the defendant is domiciled.
If the places of domicile or habitual residence of several defendants in the same lawsuit come under the jurisdiction of two or more people's courts, each of those people's courts shall have jurisdiction.

Article 23 The following civil actions shall come under the jurisdiction of the people's court of the place where the plaintiff is domiciled; if the plaintiff's place of domicile is different from the place of his or her habitual residence, the people's court in the place of his or her habitual residence shall have jurisdiction:
1. actions concerning personal relationships instituted against persons not residing within the territory of the People's Republic of China;
2. actions concerning personal relationships instituted against persons whose whereabouts are unknown or who have been declared missing;
3. actions instituted against persons who are undergoing compulsory correction; and
4. actions instituted against persons who are imprisoned.

Article 24 An action involving a contractual dispute shall come under the jurisdiction of the people's court of the place where the defendant is domiciled or where the contract is performed.

Article 25 An action involving a dispute over an insurance contract shall come under the jurisdiction of the people's court of the place where the defendant is domiciled or where the insured object is located.

Article 26 An action involving a negotiable instrument shall come under the jurisdiction of the people's court of the place where payment on the instrument was made or where the defendant is domiciled.

Article 27 Proceedings initiated in connection with disputes over the incorporation of a company, confirmation of the eligibility of shareholder(s) of the company, profit distribution or dissolution of the company shall be under the jurisdiction of the people's court at the domicile of the company.

Article 28 An action involving a dispute over a contract for railway, road, water or air transportation or combined transportation shall come under the jurisdiction of the people's court of the place of departure or place of destination or of the place where the defendant is domiciled.

Article 29 An action involving a tort shall come under the jurisdiction of the people's court of the place where the tort was committed or where the defendant is domiciled.

Article 30 An action involving a claim for damages arising from a railway, road, water or aviation accident shall come under the jurisdiction of the people's court of the place where the accident took place, where the vehicle or vessel first arrived, where the aircraft first landed or where the defendant is domiciled.

Article 31 An action involving a claim for damages arising from a collision of vessels or other maritime accident shall come under the jurisdiction of the people's court of the place where the collision took place, where the vessel in collision first docked, where the vessel at fault was detained or where the defendant is domiciled.

Case 3:18-cv-12689-TKW-TDW Document 252-3 Filed 09/15/55 Page 182 of 326 PageID:

Article 32 An action involving maritime salvage expenses shall come under the jurisdiction of the people's court of the salvage took place or of the place where the salvaged ship first docked.

Article 33 An action involving general average shall come under the jurisdiction of the people's court of the place where the ship first docked, where the general average was adjusted or where the voyage ended.

Article 34 The following cases shall come under the exclusive jurisdiction of the people's courts specified in this Article:
1. an action involving a dispute over immovable property shall come under the jurisdiction of the people's court of the place where the immovable property is located;

2. an action involving a dispute arising from port operations shall come under the jurisdiction of the people's court of the place where the port is located; and
3. an action involving a dispute over an inheritance shall come under the jurisdiction of the people's court of the place of domicile at the time of death of the person whose property is inherited or where the major portion of the estate is located.

Article 35 The parties to a contractual dispute or any other property dispute may agree in writing to be subject to the jurisdiction of the people's court at the place having connection with the dispute, such as where the defendant is domiciled, where the contract is performed, where the contract is signed, where the plaintiff is domiciled or where the subject matter is located, etc., provided that such agreement does not violate the provisions of the Law regarding court-level jurisdictions and exclusive jurisdictions.

Article 36 When two or more people's courts have jurisdiction over an action, the plaintiff may institute his or her action in one of those people's courts; if the plaintiff institutes the action in two or more people's courts with jurisdiction over the action, the people's court that first puts the case on its trial docket shall have jurisdiction.

Section 3 Referral and Designation of Jurisdictions

Article 37 If a people's court discovers that a case it has accepted is not within its jurisdiction, it shall refer the case to the people's court with jurisdiction, which shall accept the case. If a people's court to which a case is referred considers that the case does not come under its jurisdiction in accordance with regulations, it shall report to the superior people's court for designation of jurisdiction and shall not further refer the case at its own discretion.

Article 38 If a people's court with jurisdiction over the case is unable to exercise jurisdiction due to special reasons, the superior people's court shall designate jurisdiction.
A dispute over jurisdiction between people's courts shall be resolved by the disputing courts through consultation. If the dispute cannot be resolved through consultation, it shall be submitted to the people's court that is the mutual superior people's court of the disputing courts for the designation of jurisdiction.

Article 39 A superior people's court shall have the right to try first instance civil cases of an inferior people's court; where it is necessary for a people's court as the court of first instance to transfer a civil case to an inferior court, the people's court shall apply to its superior people's court for approval.
If an inferior people's court deems it necessary for a civil case of first instance under its jurisdiction to be tried by a superior people's court, it may request such people's court to try the case.

Chapter III Judicial Organizations

Article 40 When trying a civil case of the first instance, a people's court shall form a collegiate bench consisting of both judges and jurors or of judges alone. A collegiate bench must have an odd number of members.
Civil cases to which the summary procedure is applied shall be tried by a single judge alone. For a civil case of first instance tried by a basic people's court in which the basic facts are clear and the relationship of rights and obligations is evident, it may be tried by a single judge alone by applying the ordinary procedure.

Article 41 When trying a civil case of the second instance, a people's court shall form a collegiate bench of judges. The collegiate bench must have an odd number of members.

Case 3:19-cv-12983-JXN-TJDW   Document 238-2   Filed 04/14/25   Page 186 of 256 PageID:

For a civil case of second instance, under which the first instance has been concluded by an intermediate people's court based on the summary procedure, or for which an appeal is brought up due to dissatisfaction with the ruling, if there are clear basic facts and the relationship of rights and obligations is evident, subject to consent by the parties, such case may be tried by a single judge alone.
When trying a case remanded for retrial, the people's court that originally tried the case shall form a new collegiate bench in accordance with the procedure at first instance.
If a case to be retried was originally tried at first instance, a new collegiate bench shall be formed in accordance with the procedure at first instance; if the case was originally tried at second instance or was removed to a superior people's court for trial, a new collegiate bench shall be formed in accordance with the procedure at second instance.

Article 42 A people's court shall not try the following cases with a single judge alone:
1. cases involving the interests of the State and the public;

2. case involving a mass dispute, which may affect social stability;
3. cases of great public concern or with other major social effect;
4. cases of new types, or difficult or complex cases;
5. cases to be tried by a collegiate bench as required by law;
6. others cases to which single-judge trial is not appropriate.

Article 43 When trying a case, if a people's court finds that it is not appropriate to apply single-judge trial, it shall rule that the case should be tried by a collegiate bench instead.
If a party concerned holds that the application of single-judge trial in a case violates the provisions of a law, it may raise an objection to the people's court. The people's court shall examine the objection raised by the party concerned and rule that the case should be tried by a collegiate bench if the objection is tenable or reject the objection if it is untenable.

Article 44 The court president or the presiding judge shall designate a judge to serve as the presiding judge of the collegiate bench; if the court president or the presiding judge participates in the trial and , he or she shall serve as the presiding judge.

Article 45 When deliberating a case, a collegiate bench shall observe the rule of majority. The deliberations shall be recorded in writing, and the transcript shall be signed by the members of the collegiate bench. Dissenting opinions in the deliberations must be faithfully recorded in the transcript.

Article 46 Judicial officers shall handle all cases impartially and in accordance with the law.
Judicial officers may not accept invitations to meals or gifts from the parties or their agents ad litem.
Any member of the judicial officers who is involved in corruption, accepts bribes, engages in malpractice for personal benefits or makes a judgment that perverts the law, shall be investigated for legal liability; if a criminal offence is constituted, such person's criminal liability shall be pursued according to the law.

Chapter IV Withdrawal

Article 47 Any member of the judicial officers under any of the following circumstances shall withdraw from the case, and a party shall also have the right to request, orally or in writing, for the withdrawal of such a judicial officer from the case:
1. the judicial officer is a party or a close relative of a party or an agent ad litem to the case;
2. the judicial officer is an interested party in the case; or
3. the judicial officer has some other relationship with a party or agent ad litem to the case, which may affect the impartial trial of the case.
Where a member of the judicial officers accepts any gift or meal invitation from any party or agent ad litem to the case, or he or she meets with the party or agent in violation of the relevant provisions, the parties shall have the right to request for the withdrawal of such judicial officer from the case.
Any member of the judicial officers that commits any of the violations stipulated in the preceding paragraph shall have his or her legal liabilities investigated for according to the law.
The above provisions shall also apply to clerks, interpreters, experts and inspectors.

Article 48 When requesting for the withdrawal of a member of the judicial officers, a party shall explain the reasons and shall raise the request at the beginning of the trial; if the reason for the request becomes known after the trial has commenced, the request may also be raised prior to the conclusion of the court arguments.
Pending a decision on withdrawal by the people's court, the member of the personnel requested to be withdrawn shall temporarily suspend his or her participation in the work for the case, unless the circumstances of the case require urgent measures.

Case 3:16-cv-12085-JXN-TJB  Document 252-2  Filed 04/14/23  Page 187 of 256 PageID:

Article 49 The withdrawal of a court president serving as presiding judge shall be decided on by the judicial committee. The withdrawal of judicial officers shall be decided on by the court president. The withdrawal of other persons shall be decided on by the presiding judge or single judge.

Article 50 The decision by a people's court on a request for withdrawal raised by a party shall be made orally or in writing within three days after the request was raised. If the applicant disagrees with the decision, he or she may apply for review once upon receipt of the decision. During the period of review, the person requested to be withdrawn shall not suspend his or her participation in the work for the case. The decision by a people's court on an application for review shall be made within three days and the applicant shall be notified of the decision.

Chapter V Participants in Legal Actions

Section 1 Parties

Article 51 Any citizen, legal person or other organization may be a party to a civil action.
Legal persons shall be represented in litigation by their legal representatives. Other organizations shall be represented in litigation by their officers in charge.

Article 52 Parties shall have the right to appoint agents, to request for the withdrawal of judicial officers, to collect and present evidence, to engage in arguments in court, to request for mediation, to file appeals and to apply for execution.
Parties may have access to the materials relating to the case, and make copies thereof and other legal documents relating to the case. The scope and method of accessing and copying materials relating to the case shall be determined by the Supreme People's Court.
Parties to a case must exercise their procedural rights in accordance with the law, observe litigation procedures, and perform the terms of written judgments, rulings or mediation statements that have become legally effective.

Article 53 Two parties to a case may reach a settlement on their own.

Article 54 A plaintiff may relinquish or modify his or her claims. A defendant may admit or rebut the claims and shall have the right to institute a counterclaim.

Article 55 If one party or both parties consist of two or more persons, the object of the action is the same or of the same category and the people's court considers that the case can be tried as a joint action, the case shall be tried as a joint action, subject to the consent of the parties.
If the persons constituting a party to a joint action have common rights and obligations with respect to the object of the action, and a procedural act by one member of the party is recognized by the other members of the party, such act shall be binding on all the other members of the party. If the persons constituting a party to a joint action do not have common rights and obligations with respect to the object of action, a procedural act by one of those persons shall not be binding on the other members of the party.

Article 56 A joint action in which one party consists of numerous persons may be brought by a representative elected by such persons. The procedural acts of such representative shall be binding on all members of the party he or she represents. However, the representative's modification or relinquishment of claims, or recognition of the other party's claims or involvement in mediation shall be subject to the consents of the parties he or she represents.

Article 57 If the object of the action is of the same category and a party consists of numerous persons, and upon institution of the action the number of persons is not determined yet, the people's court may issue a public notice stating the particulars of the case and the claims and requesting that the claimants register with the people's court within a certain period of time.
Claimants who have registered with the people's court may elect a representative to engage in litigation; if no such representative can be elected, the people's court may discuss with the registered claimants in determining on such representative.
The procedural acts of a representative shall be binding on the party he or she represents. However, the representative's modification or withdrawal of claims, or recognition of the other party's claims or involvement in mediation shall require the consent of the party he or she represents.
Judgments or rulings rendered by a people's court shall be binding on all the claimants who have registered with the court. Such judgments or rulings shall apply to claimants who have not registered with the court but who institute actions during the limitation period.

Article 58 Legally designated institutions and relevant organizations may initiate proceedings at the people's court against acts jeopardizing public interest such as causing pollution to the environment or damaging the legitimate rights or interests of consumers at large.
In the event that a people's procuratorate finds any act that does harm to the protection of the ecological environment and resources, any practice in the food and drug safety field that infringes upon the legitimate rights and interests of consumers, or any other behavior that damages the social benefits of the masses, while performing its duties and functions, it may file an action to the people's court, provided that there is no such organ or institution specified in the preceding paragraph or the organ or institution specified in the preceding paragraph decides not to bring a lawsuit. Where the organ or institution specified in the preceding paragraph files a lawsuit, the people's procuratorate may give endorsement to such

Case 3:19-cv-18695-1XN-TDW  Document 25e-2  Filed 04/19/33  Page 188 of 256 PageID:

lawsuit.

Article 59 If a third party considers that it has an independent claim against the object of an action of two parties, the third party shall have the right to institute an action.

If a third party has no independent claim against the object of an action of two parties but the outcome of the case will affect his or her legal interests, he or she may apply to join in the action, or the people's court shall notify him or her requesting his or her participation. If the people's court judges that a third party shall bear civil liability, such third party shall have the same procedural rights and obligations as those of a party to the case.

Where a third party stipulated in the preceding two paragraphs fails to participate in the lawsuit due to cause(s) other than such third party, but nonetheless has evidence providing that a legally effective judgment, ruling or mediation statement is partially or wholly incorrect in its contents and hence damages the civil rights and interests of the third party, such third party may, within six months after becoming aware or is reasonably assumed to have become aware of such damage to his or her civil rights and interests, institute legal proceedings at the people's court that issues the judgment, ruling or mediation statement. If the people's court finds that the claims are tenable, it shall alter or revoke such judgment, ruling or mediation statement; if the claims of the third party are untenable, the people's court shall reject the claims of the third party.

## Section 2 Agents Ad Litem

Article 60 A person with no capacity to engage in litigation shall be represented in an action by his or her guardians, who shall act as his or her statutory agents. If the statutory agents shift onto one another the responsibility to act as agents, the people's court shall appoint one of them to represent the principal in the action.

Article 61 A party or statutory agent may appoint one or two persons to act as his or her agent ad litem(s). The following persons may be entrusted as agents ad litem of a party to a lawsuit:
1. lawyers and basic legal service workers;
2. close relatives or employees of the party to the case;
3. citizens recommended by the community where the party resides, the employer of the party or any other social organization concerned.

Article 62 When a person appoints another person to represent him or her in an action, he or she shall submit to the people's court a power of attorney bearing his or her signature or seal.

A power of attorney must specify the subject matter and limits of authority granted. An agent ad litem shall possess special authorization from his or her principal to admit, waive or modify claims, to compromise, to file a counterclaim or to lodge an appeal on behalf of his or her principal.

A power of attorney sent from abroad or delivered under the care of others by a citizen of the People's Republic of China residing abroad must be certified by the embassy or a consulate of the People's Republic of China in that country. If there is no embassy or consulate of the People's Republic of China in that country, the power of attorney shall be certified by an embassy or a consulate in that country of a third country that has diplomatic relations with the People's Republic of China, and then transferred for authentication to the embassy or a consulate of the People's Republic of China in that third country, or by a local patriotic overseas Chinese organization.

Article 63 If a party modifies or revokes the authority granted to its agent ad litem, it shall inform the people's court in writing and the people's court shall inform the other party.

Article 64 Lawyers and other agents ad litem who serve as persons ad litem to a case shall have the right to investigate and collect evidence, and may have access to the materials relating to the case. The scope and method of accessing materials relating to the case shall be determined by the Supreme People's Court.

Article 65 Where a party to a divorce case is represented by an agent ad litem, the party shall still appear in court, unless he or she is incapable of expressing himself or herself. A party who is truly unable to appear in court due to special reasons shall present his or her opinion in writing to the people's court.

## Chapter VI Evidence

Article 66 Evidence shall comprise the following categories:
1. statements of the parties;
2. documentary evidence;

3. physical evidence;
4. audio-visual materials;
5. electronic data;
6. testimony of witnesses;
7. expert opinions; and
8. records of inspections and examinations.
Any of the above-mentioned evidence must be verified before it can be taken as a basis for ascertaining facts.

Article 67 A party shall be responsible for providing evidence in support of his or her allegations.
Where a party and his or her agent ad litem are unable to collect evidence on their own for reasons beyond their control, or where the people's court deems that the evidence is necessary for the trial of the case, the people's court shall investigate and collect the evidence.
The people's court shall thoroughly and objectively investigate and verify evidence in accordance with legal procedures.

Article 68 A party shall provide evidence in a timely manner for his or her claims.
The people's court shall, based on the claims of the parties to the case and the circumstances of the hearing of the case, determine the evidence that a party is required to provide and the corresponding time limit. Where it is difficult for a party to provide such evidence within the time limit prescribed, the party may apply to the people's court for an extension of time. The people's court may grant an appropriate extension of time based on the application of the party. Where a party fails to provide the required evidence within the prescribed time limit, the people's court shall order the party to provide reasons for such failure; where the party refuses to provide reasons, or the reason provided is not tenable, the people's court may, in accordance with the actual circumstances, either reject the evidence or accept the evidence but with a reprimand or fine imposed on the party.

Article 69 When a people's court receives the evidence provided by a party, it shall issue a receipt, stating the name, number of pages and copies, whether the evidence is an original or duplicate as well as the time and date of receipt, and shall be signed or sealed by the officer in charge.

Article 70 The people's court shall have the right to investigate and take evidence from the relevant units or individuals, and such units or individuals shall not refuse to cooperate.
The people's court shall examine and determine the authenticity and validity of documentary evidence provided by relevant units and individuals.

Article 71 Evidence shall be presented in court and cross-examined by the parties. Evidence involving State secrets, trade secrets or private matters of individuals shall be kept confidential. If it needs to be presented in court, such evidence shall not be presented in a public court session.

Article 72 The people's court shall admit legal facts and documents that are notarized in accordance with applicable legal procedures as its basis for ascertaining facts, unless there is evidence to the contrary sufficient to invalidate the notarization.

Article 73 Documentary evidence shall be presented in its original form. When presenting physical evidence, the original object shall be presented. If it is truly difficult to present the original document or object, then reproductions, photographs, duplicates or extracts of the original may be presented.
When documentary evidence in a foreign language is to be submitted, it must be accompanied by a Chinese translation.

Case 2:19-cv-13265-LXN-LVM   Document 25-2   Filed 04/14/22   Page 190 of 256   PageID:

Article 74 The people's court shall verify the authenticity of audio-visual materials and determine, in the light of other evidence in the case, whether they can be taken as a basis for ascertaining facts.

Article 75 All units and individuals that have knowledge of the circumstances of a case shall be obliged to give testimony in court. The persons in charge of the relevant units shall support the witnesses in testifying.
An individual that is incapable of expressing oneself accurately shall not be allowed to give testimony.

Article 76 A witness shall testify in court upon notification by a people's court. A witness may testify by way of written testimony, via audio-visual transmission technology or by audio-visual testimony if he or she is:
1. unable to appear in court due to health reasons;

2. unable to appear in court due to geographical distance or inconvenient transport;
3. unable to appear in court due to force majeure such as natural disasters; and
4. unable to appear in court due to any other legitimate reasons.

Article 77 The necessary costs and expenses incurred by a witness in connection with the fulfillment of an obligation to give testimony in court, including for transport, accommodation and meals, as well as loss of salary or wage, shall be borne by the losing party of the case. Where a party applies for testimony given by a witness, the abovementioned costs and expenses shall be advanced by the party; where the people's court notifies a witness to give testimony without the application by any party, the costs and expenses shall be advanced by the people's court.

Article 78 The people's court shall investigate and determine, in the light of other evidence of the case, whether the statements of a party can be taken as a basis for ascertaining facts.
Refusal by a party to make a statement shall not affect the ascertainment of the facts of the case by the people's court on the basis of the evidence of the case.

Article 79 A party may apply to a people's court for the examination of a specialized issue for the verification of a fact. When a party so applies, both parties shall determine a qualified expert through negotiation; where such negotiation fails, the people's court shall designate an expert.
Where parties do not apply for examination but the people's court deems it necessary to examine a specialized issue, it shall appoint a qualified expert to conduct the examination.

Article 80 An expert has the right to consult the materials necessary for the examination and may question parties and witnesses where necessary.
The expert shall issue a written expert opinion duly signed or sealed by that expert.

Article 81 Where a party objects to the expert opinion or where the people's court deems it necessary, the expert shall testify in court. Where upon notification by the people's court, the expert refuses to testify in court, the written expert opinion of the expert shall not be adopted as a factual basis for the case, and the party that bears the costs and expenses in connection with the examination may require the reimbursement of the costs and expenses incurred for the expert opinion.

Article 82 A party may apply to a people's court to notify person(s) with specialized expertise to appear in court and provide opinions on an expert's opinions or specialized issues.

Article 83 When carrying out an inspection of physical evidence or a site, the inspector must show the identification document issued by the people's court and invite local basic-level organizations or the units of the parties to send representatives to participate in the examination. Parties to the case or an adult member of parties' family shall be present. Such person's refusal to attend on the scene shall not affect the conduct of the examination.
Upon notification by the people's court, relevant units and individuals shall be obliged to protect the site and to assist the examination work.
An inspector shall prepare a written record of the circumstances and results of the examination, which shall be signed or sealed by the inspector, the parties to the case and the invited participants.

Article 84 Where it is likely that evidence may be destroyed, lost or become difficult to obtain later on, a party may apply to the people's court in the course of the lawsuit for the preservation of the evidence. The people's court may also take initiative to preserve such evidence.
In the case of an emergency event where it is likely that an evidence may be destroyed, lost or become difficult to obtain later on, an interested party may, prior to instituting a lawsuit or applying for arbitration, apply to the people's court of the place where the evidence is located or of the domicile of the party against which the application is made, or the people's court with jurisdiction over the case, to preserve the evidence.
The provisions in Chapter IX of the Law concerning evidence preservation shall apply mutatis mutandis to other procedures concerning evidence preservation.

Chapter VII Time Periods and Service

Section 1 Time Periods

Article 85 Time periods include statutory time periods and time periods designated by the people's courts.
Time periods shall be calculated in hours, days, months and years. The hour and day from which a time

period commences shall not be counted within such time period.

If the expiration date of a time period falls on a statutory holiday, the day immediately following the holiday shall be the expiration date.

A time period shall not include transit time. Procedural documents mailed before the expiration of the time period shall not be deemed overdue.

Article 86 If a party exceeds a time limit due to an event of force majeure or for other legitimate reasons, the party may apply for an extension of the time period within ten days after the removal of the obstacles. The application for extension of time shall be subject to the approval by the people's court.

Section 2 Service

Article 87 Service of any procedural document must be evidenced by an acknowledgement of service. The person served shall clearly state the date of receipt on the acknowledgement of service, and affix his or her signature or seal to it.

The date of the signature for receipt as entered on the acknowledgement of service by the person served shall be the date of service.

Article 88 A procedural document shall be served directly on the person to be served. If the person to be served is a citizen, the document shall, in case of his or her absence, be delivered to an adult member of his or her family living with him or her, who shall sign for the same. If the person to be served is a legal person or other organizations, the document shall be signed for receipt by the legal representative of the legal person or by the officer in charge of the organization, or by the legal person's or organization's person in charge of receiving documents. If the person to be served has an agent ad litem, the document may be served on his or her agent ad litem who shall sign for the same. If the person to be served has notified the people's court of his or her designation of an agent to receive documents on his or her behalf, the document may be served on the agent, who shall sign for the same.

The date of the signature for receipt as entered on the acknowledgement of service by an adult family member of the person to be served who is living with such person, by the legal person's or organization's person in charge of receiving documents, by the agent ad litem or the agent designated to receive documents shall be the date of service.

Article 89 If a party on which a procedural document is served or any of his or her adult family members living with such party refuses to accept the document, the person serving the document may invite representatives of the relevant basic-level organization or the unit of the party to be served to come to the scene, explain the situation to them, and record the date and reasons of the refusal on the acknowledgement of service. After the person serving the document and the witnesses affixed their signatures or seals on the acknowledgement of service, the document may be left at the domicile of the party and the service process shall be recorded by means such as photography or video-taping, after which the service shall be deemed served.

Article 90 Subject to the consent by the person to whom a procedural document is to be served, a people's court may serve the document by means of electronic service in which the receipt thereof can be confirmed. Where any judgment, ruling or mediation statement is served electronically, and the person to whom such document is served requests the provision of such document in paper form, the people's court shall provide the same.

Where a procedural document is served in the way specified in the preceding paragraph, the date when the information to be served reaches the system designated by the person to be served shall be deemed the date of service.

Article 91 If direct service of a procedural service proves difficult, service of the document may be entrusted to another people's court or effected by post. If a document is served by post, the date as stated on the receipt shall be the date of service.

Article 92 If the person to be served is a military person, the document shall be forwarded to him or her by the political organ of or above his or her regiment.

Article 93 Where a person on whom a document is to be served is imprisoned, the document shall be sent to the prison authority in which the person is held for onward transmission to the recipient.

Where the person on whom a document is to be served is undergoing compulsory correction, the document shall be sent to the compulsory correctional facility in which the person is situated for onward transmission to the person.

Article 94 A forwarding authority or unit must, immediately upon receiving a procedural document, deliver the document to the person to be served, who shall sign the same. The date of signature for receipt as entered on the acknowledgement of service shall be the date of service.

Article 95 If the whereabout of the person to be served is unknown, or if a document cannot be served by any other method specified in this Section, the document shall be served by public announcement. The document shall be deemed to have been served 30 days upon the date of the public announcement. Where service is effected by public announcement, the reason for doing so and the steps taken shall be recorded in the case file.

Chapter VIII Mediation

Article 96 In trying civil cases, a people's court shall distinguish right from wrong and conduct mediation in accordance with the principle of voluntary participation of the parties and on the basis of clear facts.

Article 97 Mediation conducted by a people's court may be presided over by a single judge or by a collegiate bench. Mediation shall be conducted locally whenever possible.
When conducting mediation, a people's court may use a simplified method to notify the parties and witnesses to appear in court.

Article 98 When conducting mediation, a people's court may request for the assistance of relevant units and individuals. The units and individuals invited shall assist the people's court in the mediation.

Article 99 A mediation agreement shall be reached by the parties voluntarily, and shall not be coerced. The contents of a mediation agreement shall not violate the law.

Article 100 When a mediation agreement is reached, the people's court shall prepare a written mediation statement, stating the claims, the facts of the case and the result of the mediation.
The written mediation statement shall be signed by the judicial officers and the court clerk, be affixed with the seal of the people's court and shall be served on both parties.
A written mediation statement shall come into force immediately upon signatures by both parties.

Article 101 The people's court need not prepare a written mediation statement in the following types of cases when an agreement is reached through mediation:
1. divorce cases in which the parties have become reconciled through mediation;
2. cases in which an adoptive relationship has been maintained through mediation;
3. cases in which the agreements can be performed immediately; and
4. other cases that do not require written mediation statements.
An agreement that does not require a written mediation statement shall be set down in the written record and shall come into force immediately upon signatures or seals by both parties, the judicial officers and the court clerk.

Article 102 If no agreement is reached through mediation or if one party repudiates the agreement prior to service of the mediation settlement, the people's court shall promptly make a judgment.

Chapter IX Preservation and Preliminary Execution

Article 103 In the event that the judgment in the case may become impossible to enforce or such judgment may cause damage to a party because of the conduct of the other party to the case or because of any other reason, the people's court may, upon the request of the said party, order the preservation of the property of the other party, specific performance or injunction; in the absence of such request, the people's court may, where it deems necessary, may also order property preservation measures.
When a people's court adopts any preservation measure, it may order the applicant to provide security; where the party refuses to provide such security, the court shall reject the application.
When a people's court receives an application for preservation in an emergency, it shall decide within 48 hours after the receipt of the application; if the court accepts the application, such measures shall come into force immediately.

Article 104 Where an interested party whose legitimate rights and interests, due to an emergency, would suffer irreparable damage if the party fails to petition for property preservation promptly, may, before instituting a lawsuit or applying for arbitration, apply to the people's court at the locality of the property,

the domicile of the party on which the application is made, or the people's court with jurisdiction over the case, for the property preservation measures. The applicant shall provide security for such application; where the party fails to provide such security, the court shall reject the application.

When a people's court receives an application for preservation, it shall decide within 48 hours after the receipt of the application; if the court accepts the application, the preservation measures shall come into force immediately.

Where the applicant fails to institute lawsuit or apply for arbitration in accordance with the law within 30 days after the people's court adopts preservation measures, the people's court shall revoke the preservation order.

Article 105 Preservation shall be limited to the scope under the application or to the property related to the case in question.

Article 106 Property preservation may be in the form of seizure, detainment, freezing of property or by any other means prescribed by the law. When a people's court grants property preservation, it shall promptly notify the party whose property is subject to preservation.

Property that has already been seized or frozen may not be seized or frozen again.

Article 107 If the person against whom the application is made provides security in a case concerning property dispute, the people's court shall cease the preservation order.

Article 108 If an application is made wrongfully, the applicant shall compensate the person against whom the application is made for any loss incurred as a result of the preservation of property.

Article 109 Upon the request of a party, a people's court may make a ruling for preliminary execution in the following cases:
1. those involving claims for overdue alimony, maintenance, child support, pensions for the disabled or the family of the deceased, or medical expenses;
2. those involving claims for remuneration for labor; and
3. those involving urgent circumstances that require preliminary execution.

Article 110 Cases in which a people's court makes a ruling for preliminary execution shall meet the following conditions
1. The relationship of rights and obligations between the parties is evident and, without preliminary execution, the life, production activities or business operations of the applicant would be seriously affected; and
2. The person against whom the application is made is capable of performing the ruling for preliminary execution.

The people's court may order the applicant to provide security. If the applicant fails to provide security, his application shall be rejected. The applicant losing the action shall compensate the person against whom the application is made for any loss of property incurred from the preliminary execution.

Article 111 If a party is dissatisfied with a ruling for preservation of property or preliminary execution, he may apply once for review. Execution of the ruling shall not be suspended during the period of review.

Chapter X Compulsory Measures against Obstruction of Civil Actions

Article 112 If a defendant who shall appear in court has been served a summons twice but refuses to appear in court without proper causes, the people's court may summon him by means of arrest.

Case 3:18-cv-12385-TXPFTDW  Document 35e-2  Filed 04/14/55  Page 194 of 256 PageID:

Article 113 Participants in actions and other persons shall comply with court rules.

Persons who violate court rules may be reprimanded, ordered to leave the court, fined or detained by the people's court.

Persons who seriously disrupt court order by making noises or creating uproar in the courtroom, or by insulting, slandering, threatening, or battering judicial officers, shall be prosecuted by the people's court in accordance with the law. If the offence is minor one, such offender may be fined or detained.

Article 114 If a participant in an action or another person commits any of the following acts, the people's court may fine him or detain him according to the seriousness of the case; if the act constitutes a crime, the person shall be prosecuted in accordance with the law:
1. forging or destroying important evidence, thereby obstructing the trial of the case by the people's court;
2. using violence, threats or subornation to prevent a witness from giving testimony, or instigating,

suborning, or coercing others to commit perjury;

3. concealing, removing, selling off or destroying property that has been sealed up or distrained, or that has been inventoried and placed in his custody by order, or moving assets that have been frozen;

4. insulting, slandering, falsely incriminating, battering or retaliating against judicial personnel, participants in the action, witnesses, interpreters, experts, inspectors, or personnel assisting in execution;

5. using violence, threats or other methods to obstruct judicial personnel from performing their duties; or

6. refusing to perform a legally effective judgment or ruling of the people's court.

Where a unit commits any of the acts listed in the preceding paragraph, the people's court may impose a fine or period of detention on the head of the unit or the person directly responsible for the act. If the act constitutes a criminal offence, such person shall be prosecuted according to law.

Article 115 Where more than two parties to a case maliciously collaborate among themselves for the purpose of infringing the legitimate rights and interests of any other party by making use of initiating lawsuits or mediation, the people's court shall reject the claims of such parties and order a fine or detention against such parties depending on the circumstances; where the violation on the part of the parties is suspected to constitute a crime, such parties shall be subject to criminal prosecution in accordance with the law.

Article 116 Where the party subject to enforcement maliciously collaborates with any other party to evade any of its legal obligations specified in the legal documents by way of lawsuit, arbitration or mediation, the people's court shall order a fine or detention against such parties depending on the circumstances; where the violation of the parties is suspected of constituting a crime, such parties shall be subject to criminal prosecution in accordance with the law.

Article 117 If any of the following units under an obligation to assist in investigation and execution commits any of the listed acts, the people's court may, in addition to ordering it to perform its assistance obligation, impose a fine:

1. relevant units that refuse to cooperate with or that obstruct the investigation or collection of evidence by the people's court;

2. where units concerned refuse to provide assistance in connection with the inquiry, seizure, freeze, transfer or appraisal of property after receiving the notice of the people's court requiring such assistance;

3. relevant units that, after receiving a notice from the people's court to assist in execution, refuse to assist in withholding the revenue of the person subject to execution, or in transferring the relevant title deeds, or in passing on the relevant negotiable instruments, certificates, or other property; or

4. other units that refuse to assist in execution.

A people's court may fine the principally responsible person or any other person directly responsible for an unit that commits any of the acts described in the preceding paragraph; the people's court may detain any person that refuses to carry out his duty to assist and submit a judicial proposal to the supervisory authorities or other relevant authorities suggesting the imposition of disciplinary sanctions.

Article 118 A fine imposed against an individual shall be less than CNY100,000. A fine imposed against a unit shall be more than CNY50,000 and less than CNY1 million.

A period of detention shall not be longer than 15 days.

The people's court shall deliver detainees to the custody of the public security authority. If a detainee admits and corrects his wrongdoings during the period of detention, the people's court may decide to grant an early release.

Article 119 Summoning a person by means of arrest, the imposition of a fine and detention shall be subject to approval by the court presidents.

Case 3:19-cv-18985-FLW-TJB Document 256-2 Filed 04/14/22 Page 195 of 256 PageID: 13510

Summoning a person by means of arrest shall require the issue of an arrest warrant.

Written decisions shall be issued for the imposition of fines and detention. If an offender is dissatisfied with a decision, he may apply once to the immediate superior people's court for review. Execution of the decision shall not be suspended during the period of review.

Article 120 Decisions on the adoption of compulsory measures against obstruction of civil actions must be made by the people's court. Any unit or individual that seeks performance of an obligation by illegal detention of a person or by illegal, private distrainment of another's property shall be prosecuted in accordance with the law, or shall be detained or fined.

Chapter XI Litigation Costs

Article 121 Parties engaged in civil litigation shall pay a case acceptance fee in accordance with regulations.

In property cases, the parties shall also pay other litigation costs in addition to the case acceptance fee.
If a party truly has difficulty in paying litigation costs, it may, in accordance with regulations, apply to the people's court for deferment, reduction or exemption of payment.
The methods for charging costs shall be formulated separately.

Part Two Trial Procedure

Chapter XII Ordinary Procedure at First Instance

Section 1 Institution and Acceptance of Actions

Article 122 To institute an action, the following conditions must be satisfied:
1. the plaintiff must be a citizen, legal person or other organization with a direct interest in the case;
2. there must be a specific defendant;
3. there must be a specific claim and a specific factual basis and grounds; and
4. the action must fall within the range of civil actions accepted by the people's courts and within the jurisdiction of the people's court with which it is filed.

Article 123 When instituting an action, a statement of claim shall be submitted to the people's court, copies of which shall be provided according to the number of defendants.
If a plaintiff truly has difficulty in writing a statement of claim, he may lodge the claim verbally. The people's court shall transcribe such verbal complaint and notify the opposing party.

Article 124 A statement of claim shall specify the following:
1. the plaintiff's name, gender, age, ethnicity, occupation, employer, domicile and contact information; in the event that the plaintiff is a legal person or an organization of any other form, the name and domicile of the legal person or organization, the name, title and contact information of the legal representative or principally responsible person thereof shall be provided;
2. the defendant's name, gender, employer and domicile; in the event that the defendant is a legal person or an organization of any other form, its name and domicile shall be provided;
3. the claim and its supporting facts and grounds; and
4. evidence and the source thereof, and the names and domiciles of witnesses.

Article 125 Where mediation is appropriate in a civil lawsuit instituted by a party to a people's court, the parties should first go through mediation, provided that the parties to the dispute rejects mediation.

Article 126 The people's courts shall safeguard a party's right to institute an action in accordance with law. A people's court shall accept the action prescribed in Article 122 of the Law. If the people's court finds it satisfies the conditions for the institution of actions, the people's court shall place the action on its trial docket within seven days and notify the parties. If the people's court finds it does not satisfy the conditions for the institution of actions, the people's court shall rule within seven days not to accept the action. The plaintiff may appeal against such ruling if he is dissatisfied with the ruling.

Article 127 The people's courts shall handle the following actions according to the specific circumstances of the individual case:
1. where an action falls within the scope of cases that may be accepted as administrative actions under the Law of the People's Republic of China on Administrative Proceedings, the plaintiff shall be notified that he should institute administrative action;
2. if the parties to a contract dispute have voluntarily and lawfully concluded a written arbitration agreement stipulating that disputes must be taken to an arbitration institution and that an action may not be initiated in the people's court, the plaintiff shall be notified that he should apply for arbitration to the arbitration institution;
3. if the law provides that the dispute shall be handled by another authority, the plaintiff shall be notified that he should apply for settlement of the dispute to the relevant authority;
4. if the action does not come under the jurisdiction of the court with which it is filed, the plaintiff shall be notified that he should file the action with the people's court with jurisdiction;
5. if a party to a case in which the judgment or ruling has become legally effective files a new action for the same case, the plaintiff shall be notified that the case will be handled as a petition for a review, provided that the ruling in question is a ruling by the people's court permitting withdrawal of the action;
6. if the law provides that no actions may be filed within a specified period and the action is filed within such period, it shall not be accepted; and
7. in divorce cases, where a judgment has been made denying divorce or where the parties have become

Case 3:18-cv-teae5-1XP1-DW Document 25e-2 Filed 04/19/33 Page 1ae of 3ae Bagei̇D:

reconciled after mediation, and in cases where a judgment has been made to maintain an adoptive relationship or an adoptive relationship is maintained upon mediation, a new action filed for the same case by the plaintiff within six months shall not be accepted without new developments or grounds.

## Section 2 Pretrial Preparations

Article 128 The people's court shall deliver a copy of a statement of claim to the defendant within five days after the claim is filed; the defendant shall file a statement of defence within 15 days after receiving the copy of the statement of claim. The statement of defence shall contain the name, gender, age, ethnicity, occupation, employer, domicile and contact information of the defendant; in the event that the defendant is a legal person or an organization of any other form, the name and domicile of the legal person or organization, the name, title and contact information of the legal representative or principally responsible person thereof shall also be specified; The people's court shall deliver a copy of the statement of defence to the plaintiff within five days from the date when it receives the same.
Failure by the defendant to provide a statement of defence does not affect the hearing of the case by the people's court.

Article 129 In cases that it has decided to accept, a people's court shall advise the parties orally, or in the notice of acceptance of the case and the notice of response to the action, of their procedural rights and obligations.

Article 130 If a party objects to the jurisdiction over a case after its acceptance by a people's court, the party shall raise the objection during the time limit for filing the statement of defence. The people's court shall examine such objection. If the objection is tenable, the people's court shall rule that the case be referred to the people's court with jurisdiction over the case; if the objection is untenable, it shall be overruled.
Where the party does not raise any objection to the jurisdiction of the case and responds to the claim and enters defense, the party shall be deemed to have agreed that the people's court accepting the case has jurisdiction over the case, unless it is in violation of the provisions regarding jurisdiction by level and exclusive jurisdiction.

Article 131 The parties shall be notified within three days after the judicial officers have been determined.

Article 132 Judicial officers must conscientiously examine the materials relating to the action and investigate and collect the necessary evidence.

Article 133 Personnel sent by a people's court to conduct an investigation shall show their credentials to the person under investigation.
The written record of the investigation shall be checked by the person under investigation, which shall be signed or sealed by the person under investigation and the investigator.

Article 134 When necessary, a people's court may entrust a people's court in another locality with an investigation.
When entrusting such other people's court, the entrusting people's court must clearly set out the matter to be investigated and its requirements. The entrusted people's court may conduct supplementary investigations on its own initiative.
An entrusted people's court shall complete its investigation within 30 days after receipt of the letter of entrustment. If it cannot complete the investigation for reasons, it shall notify the entrusting people's court in writing within the above time limit.

Case 5.18-cv-15285-JXN-LDW   Document 2-S52   Filed 04/14/22   Page 197 of 256 PageID: 4254

Article 135 If a party who must participate in a joint action fails to participate in the same, the people's court shall notify him of participation in the action.

Article 136 The people's courts shall handle the accepted cases according to the specific circumstances of the individual case:
1. If the parties do not raise any objection, and the case meets the requirements prescribed in procedure for the recovery of debts, the procedure for the recovery of debts may be initiated on the case;
2. If mediation is appropriate for a case before the hearing of the case begins, the dispute shall be settled through mediation in a timely manner;
3. Based on the circumstances of the case, determine whether to apply the summary procedure or ordinary procedure; and
4. If it is necessary to hold a hearing, the focus of dispute in the case shall be determined by ordering the

parties to exchange evidence.

Section 3 Trial in Court

Article 137 People's courts shall try civil cases in public, except for those involving State secrets or private matters of individuals or otherwise stipulated in the law.
Divorce cases and cases that involve trade secrets may be tried in camera if a party so requests.

Article 138 In trying civil cases, the people's courts shall conduct circuit trials to handle cases on the spot when necessary.

Article 139 When trying a civil case, the people's court shall notify the parties and other participants in the action three days prior to the hearing. If the case is to be tried in public, the names of the parties, the cause of action and the time and place of the hearing shall be publicly announced.

Article 140 Before holding a trial hearing, the court clerk shall ascertain the presence of the parties and the other participants in the action and announce the discipline of the court.
At the opening of a trial hearing, the presiding judge or single judge shall check the parties present, announce the cause of action, the names of the judicial officers and the name of the court clerk, advise the parties of their procedural rights and obligations and inquire whether the parties wish to challenge any judicial officers.

Article 141 Investigation in court shall be conducted in the following order:
1. presentation of statements by the parties;
2. advising witnesses of their rights and obligations, giving testimony by the witnesses and reading out the depositions of absent witnesses;
3. presentation of documentary evidence, physical evidence, audio-visual data and electronic data;
4. reading out expert opinions; and
5. reading out the record of the inquest.

Article 142 The parties may produce new evidence in court.
With the permission of the court, the parties may question the witnesses, experts and inspectors.
Any request by the parties for a new investigation, expert examination or inquest shall be subject to the approval by the people's court.

Article 143 If the plaintiff presents an additional claim, or the defendant brings a counterclaim or a third party presents a claim related to the case, such claim or counterclaim may be tried together.

Article 144 Court debates shall be conducted in the following order:
1. presentation of oral statements by the plaintiff and his agent ad litem;
2. presentation of oral response by the defendant and his agent ad litem;
3. presentation of oral statement or response by the third party and his agent ad litem;
4. debate between the parties.
At the conclusion of the court debate, the presiding judge or single judge shall first ask the plaintiff, then the defendant and finally the third party to make their final comments.

Article 145 At the conclusion of the court debate, a judgment shall be made according to law. If possible, mediation may be conducted prior to making a judgment. If mediation is unsuccessful, a judgment shall promptly be made.

Case 3:19-cv-13993-RXN-LDW   Document 252-2   Filed 04/14/22   Page 198 of 256 PageID: 3213

Article 146 If a plaintiff has been served a summons but refuses without proper cause to appear in court, or if a plaintiff leaves the courtroom during the trial without the court's permission, he may be deemed to have withdrawn his suit and, if the defendant has brought a counterclaim, a judgment by default may be made.

Article 147 If a defendant has been served a summons, but refuses without proper cause to appear in court or if a defendant leaves the courtroom during the trial without the court's permission, a judgment by default may be made.

Article 148 If a plaintiff applies for withdrawal of action before judgment is pronounced, the people's court shall decide on whether or not to grant approval.
If the withdrawal of action has been denied by an order of the people's court, and the plaintiff, having been

served a summons, refuses without proper cause to appear in court, a judgment by default may be made.

Article 149 A trial hearing may be adjourned in any of the following circumstances:
1. the parties or other participants in the action required to appear in court fail to do so with proper cause;
2. a party extemporarily challenges judicial officers;
3. it is necessary to summon new witnesses to court, collect new evidence, make a new expert examination or inquest, or make a supplementary investigation; or
4. other circumstances that require adjournment have arisen.

Article 150 The court clerk shall make a written record of all the activities during a trial hearing, which shall be signed by him and the judicial officers.
The court record shall be read out in court or the parties and other participants in the action may be notified to read the court record in court or within five days. If the parties or other participants in the action consider that there are omissions or errors in the record of their statements, they shall have the right to apply for addition or correction. If such addition or correction is not made, the application shall be recorded in the case file.
The court record shall be signed or sealed by the parties and other participants in the action. Any refusal to do so shall be recorded in a note to be attached to the file.

Article 151 People's courts shall publicly pronounce their judgments in all cases, whether tried in public or in camera.
If a judgment is pronounced in court, the written judgment shall be dispatched within ten days. If a judgment is pronounced on a fixed date, the written judgment shall be issued immediately after the pronouncement.
Upon pronouncement of a judgment, the parties must be advised of their right to appeal, the time limit for appeal and the court with which an appeal should be lodged.
Upon pronouncement of a divorce judgment, the parties must be advised that they may not remarry before the judgment becomes legally effective.

Article 152 when handling a case to which ordinary procedure is applicable, a people's court shall conclude the case within six months from the date of placing the case on file. Where an extension is required under special circumstances, a six-month extension may be given subject to the approval by the president of the court. Any further extension shall be reported to the people's court of higher level for approval.

Section 4 Suspension and Termination of Actions

Article 153 An action shall be suspended in any of the following circumstances:
1. one of the parties dies and it is necessary to wait for his successor to state whether he wishes to participate in the action;
2. one of the parties has lost the capacity to engage in litigation, and his statutory agent has not been determined yet;
3. the legal person or other organization acting as one of the parties has terminated, and the successor to its rights and obligations has not been determined yet;
4. one of the parties is unable to participate in the action due to an event of force majeure;
5. the case in question is dependent upon the outcome of the trial of another case that has not been concluded; or
6. other circumstances require the suspension of proceedings.
Proceedings shall be resumed after the cause of suspension has been eliminated.

Case 2:19-cv-12985-DXN-LDW Document 252-2 Filed 04/14/22 Page 199 of 256 PageID: 4524

Article 154 An action shall be terminated in any of the following circumstances:
1. the plaintiff dies without a successor, or the successor waives his procedural rights;
2. the defendant dies without estate and without a person to succeed to his obligations;
3. one of the parties in a divorce case dies; or
4. one of the parties in a case involving claims for overdue alimony, maintenance, child support or the termination of an adoptive relationship dies.

Section 5 Judgment and Ruling

Article 155 A written judgment shall clearly state the decision and the reasons supporting the judgment.
The contents of the written judgment shall include:
1. the cause of action, the claims, the facts and grounds of the dispute;
2. the facts and grounds as found in the judgment, and the applicable laws and reasons;

3. the result of the judgment and the apportionment of litigation costs; and
4. the time limit for appeal and the court with which an appeal should be lodged.
A written judgment shall be signed by the judicial officers and the court clerk, and the seal of the people's court shall be affixed to it.

Article 156 If some of the facts of a case being tried are evident already, the people's court may make a judgment on those facts first.

Article 157 Rulings shall be applicable to the following:
1. refusal to entertain a case;
2. objection to the jurisdiction of a court;
3. dismissal of a complaint;
4. preservation and preliminary execution;
5. approval or disapproval of withdrawal of an action;
6. suspension or termination of an action;
7. correction of clerical errors in a written judgment;
8. suspension or termination of execution;
9. cancellation of or refusal to enforce an arbitration award;
10. refusal to enforce a document on creditor's rights that has been rendered enforceable by a notary agency; and
11. other matters to be settled by a ruling.
An appeal may be filed against a ruling on the matters under Item 1 to Item 3 of the preceding paragraph.
A written ruling shall specify the results and the reasons for the ruling. The written ruling shall be signed by the adjudicatory personnel and the court clerk, and affixed with the seal of the people's court. An oral ruling shall be entered into the written records.

Article 158 Judgments and rulings made by the Supreme People's Court, and judgments and rulings that may not be appealed against according to the law or that have not been appealed against within the prescribed time limit, shall be legally effective.

Article 159 The general public may have access to the effective written legal judgments and rulings, except for those involving state secrets, trade secrets or personal privacy.

Chapter XIII Summary Procedure

Article 160 Where a basic people's courts and a tribunal dispatched by it try simple civil cases in which the facts are evident, the relationship of rights and obligations is definite and the disputes are minor, the provisions of this Chapter shall apply.
Where a basic people's court or a tribunal dispatched by it hears civil cases other than those stipulated under the preceding paragraph, the parties may also agree on the application of summary procedure.

Article 161 In simple civil cases, the plaintiff may institute actions verbally.
Both parties may simultaneously appear before a basic people's court or a tribunal dispatched by it to request settlement of their dispute. The basic people's court or the tribunal dispatched by it may try the case immediately or set a date for trial.

Article 162 When trying a simple civil case, a basic people's court or a tribunal dispatched by it may adopt a simplified and convenient method to summon the parties and witnesses, serve the lawsuit documents and conduct the trial, provided that the parties' rights to be heard shall be protected.

Case 3:13-cv-12983-TXN-TDW Document 252-2 Filed 0N/17/15 Page 300 of 356 PageID:

Article 163 Simple civil cases shall be tried by a single judge alone, which shall not be subject to the restriction of Articles 139, 141 and 144 of the Law.

Article 164 When trying a case by applying summary procedure, a people's court shall conclude the case within three months upon the date of case acceptance. Where it is necessary to extend such time limit due to special circumstances, it may be extended by one month, subject to approval by the president of the court.

Article 165 When trying a simple civil case of monetary payment in which the facts are clear, the relationship of rights and obligations is evident and the disputes are minor, if the subject amount is lower than fifty percent of the average annual salary of the employees of all provinces, autonomous regions, municipalities directly under the Central Government in the previous year, the basic people's court or the

tribunal dispatched by it may apply small claim procedure, under which the ruling in the first instance shall be final.

When the basic people's court or the tribunal dispatched by it tries a civil case prescribed in the preceding paragraph, if the subject amount is higher than fifty percent but is lower than double of the average annual salary of the employees of all provinces, autonomous regions, municipalities directly under the Central Government in the previous year, the parties may agree on the application of small claim procedure.

Article 166 When trying the following cases, a people's court shall not apply small claim procedure:
1. cases involving determination of personal relations and property right;
2. foreign-related cases;
3. cases in which evaluation or appraisal is required, or in which objection is raised against a pre-litigation evaluation or appraisal;
4. cases in which the whereabout of one party concerned is unknown;
5. cases in which one party raises counterclaim;
6. other cases in which small claim procedure is inappropriate.

Article 167 Where a people's court applies small claim procedure in trying a case, the case may be concluded after one case hearing and a judgement may be rendered in court.

Article 168 Where a people's court applies small claim procedure in trying a case, the case shall be concluded within two months upon acceptance of the case. Where it is necessary to extend such time limit due to special circumstances, it may be extended by one month, subject to approval by the president of the court.

Article 169 When trying a case, if a people's court finds that it is inappropriate to apply small claim procedure, it shall apply other provisions on summary procedure, or rule that ordinary procedure should be applied instead.
If a party concerned holds that the application of small claim procedure in a case violates the provisions of a law, it may raise an objection to the people's court. The people's court shall examine the objection raised by the party concerned, and shall try the case by applying other provisions on summary procedure or rule that ordinary procedure should be applied if the objection is tenable, or reject the objection if it is untenable.

Article 170 Where in hearing a case, the people's court finds that it is inappropriate to apply the summary procedure to the case, it may rule to evoke the regular procedure.

Chapter XIV Procedure at Second Instance

Article 171 If a party disagrees with a first instance judgment made by a local people's court, the party shall have the right to lodge an appeal with the immediate superior people's court within 15 days from the date on which the written judgment was served.
If a party disagrees with a first instance ruling made by a local people's court, the party shall have the right to lodge an appeal with the immediate superior people's court within ten days from the date on which the written ruling was served.

Article 172 To lodge an appeal, an appeal petition shall be submitted. The contents of an appeal petition shall include the names of the parties, the names of the legal persons and their legal representatives or the names of other organizations and their principally responsible persons; the name of the people's court that originally tried the case, the file number of the case and the cause of action; and the claims and grounds of the appeal.

Case 5:18-cv-12855-JXN-TDW Document 238-2 Filed 04/14/55 Page 501 of 556 PageID:

Article 173 An appeal petition shall be submitted through the people's court that originally tried the case, copies of which shall be provided according to the number of persons in the other party or of the representatives thereof.
If a party appeals directly to a people's court of second instance, such court shall transfer the appeal petition to the people's court that originally tried the case within five days.

Article 174 Within five days after receiving an appeal petition, the people's court that originally tried the case shall serve the copy of the appeal petition on the other party, who shall, within 15 days from the date of receipt, submit a statement of defence. The people's court shall, within five days after receiving the statement of defence, serve a copy of the statement on the appellant. Failure on the part of the other party to submit a statement of defence shall not affect the trial of the case by the people's court.

Within five days after receiving the appeal petition and the statement of defence, the people's court that originally tried the case shall deliver the same to the people's court of second instance together with the entire case file and all the evidence.

Article 175 A people's court of second instance shall investigate the relevant facts and the applicable law pertaining to the appeal.

Article 176 The people's court of the second instance shall hear the appeal. Where, upon reviewing the case files, conducting investigations and questioning the parties, no new facts, evidence or reasons are submitted, the people's court may decide not to hold a hearing if it deems unnecessary.
A people's court of second instance may try an appeal case in its own court or in the place where the case originated or where the people's court that originally tried the case is located.

Article 177 After an appeal hearing, a people's court of the second instance shall decide according to the following circumstances:
1. where the original judgment or ruling is supported by clear facts and correct application of law, a judgment or ruling shall be made to dismiss the appeal and uphold the original judgment or ruling;
2. where the verification of facts or application of law are erroneous in the original judgment or ruling, a judgment or ruling amending, revoking or modifying the original judgment or ruling shall be made in accordance with law;
3. where the verification of fundamental facts is not clearly ascertained in the original judgment, a ruling shall be made to revoke the original judgment, return the case to the people's court that originally tried the case for retrial, or amend the judgment after the facts have been clearly ascertained; and
4. where the original judgment seriously violates the statutory procedure, such as omitting a party or illegally entering a default judgment, a ruling shall be made to dismiss the original judgment and return the case to the original people's court for retrial.
Where, after the original people's court makes a judgment for the case remanded for retrial, any of the parties thereto files an appeal, the people's court of the second instance may not remand the case again for retrial.

Article 178 In handling an appeal against a ruling made by a people's court of first instance, the people's court of second instance shall in all cases use rulings.

Article 179 In trying an appeal case, a people's court of second instance may conduct mediation. If an agreement is reached upon mediation, a written mediation statement shall be prepared. Such written mediation statement shall be signed by the judicial officers and the court clerk, and the seal of the people's court shall be affixed to it. Immediately upon service of the written mediation statement, the judgment of the people's court that originally tried the case shall be deemed to have been quashed.

Article 180 If an appellant applies for withdrawal of his appeal prior to the pronouncement of judgment by the people's court of second instance, the people's court of second instance shall make a ruling on whether to approve the application.

Article 181 In trying an appeal case, the people's court of second instance shall, in addition to complying with the provisions of this Chapter, apply the ordinary procedure at first instance.

Article 182 The judgments and rulings of the people's court of second instance shall be final.

Article 183 In trying a case of an appeal against a judgment, a people's court shall conclude the case within three months from the date of putting it on its trial docket as a case of the second instance. Any extension of the time limit necessitated by special circumstances shall be subject to approval by the president of the court.
In trying a case of an appeal against a ruling, a people's court shall make a final ruling within 30 days from the date of putting it on its trial docket as a case of the second instance.

Chapter XV Special Procedure

Section 1 General Provisions

Article 184 When the people's court tries cases concerning voter's qualification, declaration of a person as missing or dead, determination of a citizen as having no capacity for civil acts or as having limited capacity for civil acts, or determination of ownerless property, confirmation of mediation agreement and the

Case 3:16-cv-TeaeS-JXN-TDW  Document CPese-2  Filed 0y/07/SS  Page SOS of SSe Page:D:

enforcement of real rights for security, this Chapter shall apply. Regarding matters not covered in this Chapter, the relevant provisions of the Law and other laws shall apply.

Article 185 Where a case is tried in accordance with the procedure set forth in this Chapter, the judgment of first instance shall be the final judgment. The trial of cases concerning voter qualifications or major or difficult cases shall be conducted by a collegiate bench of judges. Other cases shall be tried by a single judge alone.

Article 186 If, in the course of trying a case in accordance with the procedure set forth in this Chapter, a people's court discovers that the case involves a dispute over civil rights and interests, it shall rule to terminate the special procedure, and inform the interested parties that they may institute a separate action.

Article 187 A people's court shall conclude a case tried according to special procedure within 30 days from the date of entering it on its trial docket or within 30 days from the expiration of the time limit set forth in the public notice. Any extension of the time limit necessitated by special circumstances shall be subject to approval by the president of the court in question, except for cases concerning voter qualifications.

Section 2 Cases Concerning Voter Qualifications

Article 188 If a citizen disagrees with the decision of an election committee on his petition concerning his qualifications to be a voter, he may institute an action at the basic people's court of his election district five days before election day.

Article 189 After accepting a case concerning voter qualifications, a people's court must conclude the trial before election day.
The suitor, representatives of the election committee and the citizens concerned must attend the trial.
The written judgment of the people's court shall be served on the election committee and the suitor before election day, and the citizens concerned shall be notified of the judgment.

Section 3 Cases Concerning the Declaration of a Person as Missing or Dead

Article 190 Where the whereabouts of a citizen has been unknown for two years, and an interested party applies for declaration of the citizen to be missing, the application shall be filed with the basic people's court of the place where the missing person is domiciled.
The application shall clearly state the facts and time of the disappearance and the request, which shall be accompanied by a written certificate concerning the disappearance of the said citizen issued by a public security authority or other relevant authorities.

Article 191 Where the whereabouts of a citizen has been unknown for four years, or has been unknown for two years as a result of an incident, or has been unknown as a result of an incident which, as certified by the relevant authorities, the citizen could not have survived, if an interested party applies for declaration of the citizen to be dead, the application shall be filed with the basic people's court of the place where the missing citizen is domiciled.
The application shall clearly state the facts and time of the disappearance and the request, which shall be accompanied by a written certificate concerning the disappearance of the said citizen issued by a public security authority or other relevant authorities.

Article 192 After accepting a case concerning the declaration of a citizen as missing or dead, a people's court shall issue a public notice in search of the citizen whose whereabouts is unknown. The period for the notice of declaration of a person as missing shall be three months, and the period for the notice of declaration of a person as dead shall be one year. If the whereabouts of a citizen is unknown as a result of an incident which, as certified by the relevant authorities, the citizen could not have survived, the period of notice for the declaration of the citizen as death shall be three months.
Upon the expiration of the time limit of the public notice, the people's court shall, depending on whether the facts about the disappearance or death of the person have been confirmed, make a judgment declaring the person missing or dead or make a judgment to reject the application for such a declaration.

Article 193 If a citizen who has been declared missing or dead reappears, the people's court shall, upon the application of that person or an interested party, make a new judgment to quash the original judgment.

Section 4 Cases Concerning the Determination of a Citizen as Having No Capacity for Civil Acts or as

Case 3:18-cv-12685-JXN-LDW  Document 396-2  Filed 04/11/55  Page 503 of 586 PageID:

Having Limited Capacity for Civil Acts

Article 194 An application for determining a citizen as having no capacity for civil acts or as having limited capacity for civil acts shall be filed by an interested party or relevant organization with the basic people's court of the place where the citizen is domiciled.
The application shall clearly state the facts and grounds on which the citizen's incompetence for civil acts or limited capacity for civil acts is asserted.

Article 195 After accepting such an application, the people's court shall, when necessary, carry out an expert examination of the citizen who is requested to be declared as having no capacity for civil acts or having limited capacity for civil acts. If the applicant has already provided an expert opinion, the people's court shall examine such expert opinion.

Article 196 When a people's court tries a case for determining a citizen as having no capacity for civil acts or as having limited capacity for civil acts, a close relative of the citizen, with the exception of the applicant, shall be his agent ad litem. If the close relatives shift onto one another the responsibility to act as agent ad litem, the people's court shall appoint one of them as the agent ad litem. If the health of the citizen permits, his opinion shall also be solicited.
If, by trying the case, the people's court determines that the application is based on facts, it shall make a judgment determining the citizen to have no capacity for civil acts or to have limited capacity for civil acts. If the people's court determines that the application is not based on facts, it shall make a judgment to reject the application.

Article 197 If, upon the application of a citizen who has been determined to have no capacity for civil acts or to have limited capacity for civil acts or upon the application of an interested party or relevant organization, a people's court verifies that the cause of such citizen's incompetence for civil acts or limited capacity for civil acts has been eliminated, it shall make a new judgment to quash the original judgment.

Section 5 Cases Concerning the Determination of Property as Ownerless

Article 198 An application for determining a property as ownerless shall be filed by a citizen, legal person or other organization with the basic people's court of the place where the property is located.
The application shall clearly state the type and quantity of the property and the grounds on which the request for determination of the property as ownerless is made.

Article 199 After accepting such an application, the people's court shall, upon examination and verification, issue a public notice requesting that the property be claimed. If no one claims the property within one year from the issue of the public notice, the people's court shall make a judgment determining that the property is ownerless, whereupon the property shall become the property of the State or the collective.

Article 200 If, after a property has been determined ownerless by judgment, the owner of the property or the successor thereto appears, the owner or the successor may file a claim to the property within the limitation of action as specified in the Civil Code of the People's Republic of China. The people's court shall, after examination and verification, make a new judgment to quash the original judgment.

Section 6 Cases Concerning the Confirmation of Mediation Agreement

Article 201 To apply for judicial confirmation of a mediation agreement which is reached under the mediation by a lawfully established mediation institution, the parties shall, within 30 days upon effectiveness of the mediation agreement, jointly file an application with the people's court as specified below:
1. where a people's court invites the mediation institution for prior mediation, the application shall be submitted to the people's court making such invitation;
2. where the mediation institution conducts mediation independently, the application shall be submitted to the basic people's court where the party, the subject matter or the mediation institution is located; where the mediation agreement involves any dispute subject to the jurisdiction of an intermediate people's court, the application shall be submitted to the corresponding intermediate people's court.

Article 202 After the acceptance of the application, if the application complies with the legal requirements upon examination, the people's court shall affirm that the mediation agreement is valid; if any party thereto refuses to perform or fails to fully perform the agreement, the other parties thereto may apply to the people's court for enforcement; if the application fails to comply with the legal requirements, the court

Case 3.78-cv-12805-1JXV-TDW  Document 258-2  Filed 04/14/55  Page 509 of 526 b906ID:

shall reject the application, and the parties thereto may modify the original mediation agreement by way of mediation or draft a new mediation agreement; they may also file a lawsuit with the people's court.

Section 7 Cases Concerning Enforcement of Real Rights for Security

Article 203 For the application for enforcement of real rights for security, the owner of real rights and other parties with the enforcement rights may, in accordance with the Civil Code and other laws, file an application with the basic people's court where the secured property is located or the secured real rights is registered.

Article 204 After the acceptance of the application, if the application complies with the legal requirements upon examination, the people's court may issue a ruling to the auction or sale of the secured property, and the parties thereto may apply to the people's court for enforcement pursuant to the ruling. If the application fails to comply with the legal requirements, the court shall reject the application, and the parties thereto may file a lawsuit with the people's court.

Chapter XVI Procedure for Trial Supervision

Article 205 If the presidents of people's courts at any level finds any verified error in a legally effective judgment, ruling or mediation statement and deems it necessary to have the case retried, they shall refer the case to the judicial committee for discussion and decision.
If the Supreme People's Court discovers any verified error in a legally effective judgment, ruling or mediation statement issued by a local people's court at any level, or if a people's court at a higher level finds any verified error in a legally effective judgment, ruling or mediation statement issued by a subordinate people's court, it shall have the right to bring up the case for trial or instruct a subordinate people's court to conduct a retrial of the case.

Article 206 Any party that considers a legally effective judgment or ruling to be wrong may apply to the immediate superior people's court for retrial; as for the case where one party comprises of a large number of individuals or both parties thereto are citizens, the parties may apply for retrial of the case to the original people's court. Nevertheless, the application for retrial does not mean that the enforcement of the judgment or ruling is suspended.

Article 207 Where an application for retrial by a party falls under any of the following circumstances, the people's court shall conduct a retry:
1. there is new evidence that is sufficient to overturn the original judgment or ruling;
2. the evidence used as a basis for ascertaining the essential facts in the original judgment or ruling was insufficient;
3. the main evidence used as a basis for ascertaining the facts in the original judgment or ruling was falsified;
4. the main evidence used as a basis for ascertaining the facts in the original judgment or ruling was not cross-examined;
5. With regard to the main evidence necessary for the trial, if the party concerned is unable to collect the evidence personally due to objective reasons, and the people's court fails to investigate or collect such evidence after the party submits a written application to the people's court to investigate and collect such evidence;
6. an error was found in the application of the law in the original judgment or ruling;
7. the judicial organization was not composed in accordance with the law or a member of the judicial officers who should have withdrawn in accordance with the law did not do so;

Case 1:19-cv-18885-JXN-LDW  Document 252-2  Filed 04/17/25  Page 205 of 256 PageID:

8. in the event that the statutory agent of a party with no capacity to bring a case failed to act as an agent in the relevant case or where a party required to participate in the case failed to do so for reasons for which the party or his or her litigation agent is not responsible;
9. where the party was deprived of his or her right to argue the case in breach of the law;
10. where a default judgment was entered without serving a summons;
11. where the original judgment or ruling omitted or exceeded the claims sought in the case;
12. the legal documentation on which the original judgment or ruling is based has been cancelled or amended; or
13. where any member of the judicial officers commits malpractice in trying a case, such as embezzlement, bribery, engagement in malpractice for personal benefits, or rendering of a judgment that perverts the law.

Article 208 For a legally effective mediation statement, a party may apply for a retrial if it can present evidence that the mediation violates the principle of voluntary participation or that the content of the

mediation agreement violates the law. If the people's court finds the evidence to be true upon examination, it shall retry the case.

Article 209 A party may not apply for retrial of a case where a legally effective judgment or mediation statement has been made to dissolve a marriage.

Article 210 Any party that applies for a retrial shall submit retrial request and other relevant materials. The people's court shall give a copy of the retrial request to the other party within five days from the date on which it is received. The other party shall submit a written response within 15 days from the date on which it receives the copy of the retrial request; the other party's failure to submit a written response shall not affect the review of the case by the people's court. The people's court may require the applicant and the other party to submit additional relevant materials and may inquire about relevant issues.

Article 211 The people's court shall carry out the examination within three months upon receipt of the retrial request. Where the circumstances of the case meet the applicable provisions of the Law, a retrial shall be ordered; where the circumstances of the case fail to meet the applicable provisions herein, the application shall be rejected. Any extension of time limit due to special circumstances shall be subject to the approval by the president of the court.
A case that is to be retried upon the application by a party thereto shall be tried by an intermediate people's court or by a people's court at a higher level, unless the party opts to apply to the basic people's court for retrial in accordance with the provisions in Article 206 herein. Where the Supreme People's Court or the Higher People's Court finds that the case should be retried, the case may be retried by that court or assigned to another people's court or returned to the people's court that made the original judgment or ruling for retrial.

Article 212 A party shall apply for a retrial within six months after the date on which the judgment or ruling becomes legally effective; in any of the circumstances described in Items 1, 3, 12 and 13 of Article 207 of the Law, a retrial application may be submitted within six months after the date on which the party becomes aware or is reasonably believed to become aware of the relevant facts.

Article 213 When an order is made to retry a case in accordance with the procedure for trial supervision, a ruling shall be made to suspend the enforcement of the original judgment, ruling or mediation statement, with the exception of cases of claims of alimony, maintenance fee, child support, pension, medical expenses, and labor remuneration.

Article 214 Where a case is to be retried by a people's court in accordance with the procedure for trial supervision, if the legally effective judgment or ruling was made by a court of first instance, the case shall be retried in accordance with the procedure at first instance, and the parties may appeal against the judgment or ruling made. If the legally effective judgment or ruling was made by a court of second instance, it shall be retried in accordance with the procedure at second instance, and the judgment or ruling made shall be legally effective. If the case was removed for trial by a people's court at a higher level in accordance with the procedure for trial supervision, it shall be tried in accordance with the procedure at second instance, and the judgment or ruling made shall be legally effective.
When retrying cases, the people's court shall form a new collegiate bench.

Article 215 Where the Supreme People's Procuratorate finds that a legally effective judgment or ruling made by a people's court at any level falls under any of the circumstances described in Article 207 of the Law or where a superior people's procuratorate finds that a legally effective judgment or ruling made by a subordinate people's court falls under any of the circumstances described in Article 207 of the Law; or the Supreme People's Procuratorate or a superior people's procuratorate finds that a mediation statement is against the interests of the State or the public, the Supreme People's Procuratorate or the superior people's procuratorate shall lodge an objection thereto.
Where a local people's procuratorate at any level finds that a legally effective judgment or ruling made by the people's court at the same level falls under any of the circumstances described in Article 200 of the Law, or finds that a mediation statement is against the interests of the State or the public, it shall lodge a procuratorial proposal to the people's court at the same level and file the proposal to its immediate superior people's procuratorate for record, or refer the case to its immediate superior people's procuratorate to lodge an objection with the people's court at the same level.
Where a people's procuratorate at any level discovers that a member of the judicial officers commits any violation during the trial procedure that is beyond the scope of the trial supervision procedure, it could submit a procuratorial proposal to the people's court at the same level.

Article 216 Under any one of the following circumstances, a party may apply to the competent people's procuratorate for a procuratorial proposal or objection:
1. where the people's court rejects the retrial application;
2. where the people's court does not issue a ruling over the retrial application within the specified time limit; or
3. where the judgment or ruling of the retrial is obviously erroneous.
The people's procuratorate shall examine the retrial application within three months after the receipt thereof and decide whether to make a procuratorial proposal or objection, after which the parties are not allowed to apply to the people's procuratorate for a procuratorial proposal or objection again.

Article 217 Where a people's procuratorate in exercising legal supervision lodges a procuratorial proposal or objection, it may interview the parties to the case or any person that is not a party to the case to investigate and verify the relevant facts.

Article 218 In the event that a people's procuratorate files an objection, the people's court that accepts the objection shall order a retrial within 30 days after the date on which it receives the Objection Letter; under any of the circumstances described in Items 1 to 5 of Article 207 of the Law, the people's court shall transfer the case to a competent immediate subordinate people's court, unless the case has been retried by the immediate subordinate people's court.

Article 219 When a people's procuratorate decides to lodge an objection against a judgment, ruling or mediation statement made by a people's court, it shall prepare a written objection.

Article 220 When retrying a case that is protested against by a people's procuratorate, a people's court shall notify the people's procuratorate that it should send personnel to appear in court.

Chapter XVII Procedure for the Recovery of Debts

Article 221 When a creditor requests payment of money or delivery of a negotiable instrument from a debtor, he may apply to the basic people's court with jurisdiction for a payment order provided that:
1. the creditor and the debtor are not involved in any other dispute over obligations; and
2. the payment order can be served on the debtor.
The written application shall clearly state the requested amount of money or quantity of the negotiable instruments and the facts and evidence on the basis of which the application is made.

Article 222 A people's court shall, within five days after a creditor has submitted his application, notify the creditor whether it has accepted the case.

Article 223 After accepting an application for a payment order, a people's court, having found the relationship of debtor and creditor to be definite and lawful upon examination of the facts and evidence presented by the creditor, shall issue a payment order to the debtor within 15 days from the date of acceptance of the application. If the application is untenable, a ruling shall be made to reject it.
The debtor shall, within 15 days from the date of receipt of the payment order, settle his debt or submit a written objection to the people's court.
If the debtor neither submits an objection nor performs the payment order within the time limit specified in the preceding paragraph, the creditor may apply to the people's court for execution.

Article 224 After receiving a written objection submitted by the debtor, if the objection is tenable upon examination, the people's court shall issue a ruling to terminate the procedure for debt recovery, whereupon the payment order shall automatically become null and void.
Where the payment order becomes null and void, the case shall enter the litigation procedure, unless the party applying for the payment order disagrees to institute an action.

Chapter XVIII Procedure for Public Invitation to Assert Claims

Article 225 The holder of a negotiable instrument transferable by endorsement may, if the instrument is stolen, lost, or destroyed, apply for a public invitation to assert claims to the basic people's court of the place where payment on the negotiable instrument is to be made. This Chapter shall apply to other matters for which, according to the law, applications may be submitted for a public invitation to assert claims.
An applicant shall submit to the people's court a written application, clearly stating the main particulars of the negotiable instrument such as its face amount, drawer, holder and endorser, and the reasons and facts pertaining to the application.

Case 3:16-cv-12065-TXN-TJW Document 25e-2 Filed 0N1Y1SS Page 501 of See PageID:

Article 226 When a people's court decides to accept an application, it shall simultaneously notify the drawee that he should suspend payment, and within three days issue a public notice to invite interested parties to assert their claims. The period of the public invitation to assert claims shall be decided by the people's court according to the circumstances, provided that it shall not be less than 60 days.

Article 227 Upon receipt of a notice from the people's court to suspend payment, the drawee shall act accordingly until the conclusion of the procedure for public invitation to assert claims.
During the period of the public invitation to assert claims, any act relating to the assignment of rights in the negotiable instrument shall be invalid.

Article 228 Interested parties as claimants shall submit an application to the people's court during the period of the public invitation to assert claims.
After receiving an application from an interested party, the people's court shall rule to conclude the procedure for public invitation to assert claims, and shall notify the applicant and the drawee.
The applicant or the claimant may institute an action in the people's court.

Article 229 If no one asserts claims, the people's court shall make a judgment to declare the negotiable instrument void according to the application of the applicant. Judgment shall be announced in a public notice, and the drawee shall be notified of it. From the date of public pronouncement of the judgment, the applicant shall have the right to claim payment from the drawee.

Article 230 If an interested party was unable for proper cause to report to the people's court prior to judgment, he shall, within one year from the day he knew or ought to have known of the public announcement of the judgment, institute an action at the people's court that made the judgment.

Part Three Execution Procedures

Chapter XIX General Provisions

Article 231 A legally effective civil judgment or ruling, or that portion of a legally effective criminal judgment or ruling that pertains to property, shall be enforced by the people's court of first instance or the people's court at the same level as the people's court where the property subject to execution is located. Other legal documents that shall be enforced by the people's courts as provided for by law shall be enforced by the people's court of the place where the person subject to execution is domiciled or where the property subject to execution is located.

Article 232 Any party or interested party may submit a written objection to the people's court responsible for executing a judgment if he or she considers execution of the judgment to be contrary to the provisions of the law. Where any party or interested party raises a written objection, the people's court shall examine the circumstances of the case within 15 days from the date on which it receives the written objection. Where the objection is tenable, a ruling shall be made that the judgment be quashed or amended; where the objection is untenable, it shall be overruled. Where the party or interested party concerned disagrees with the ruling, he or she may make an application for review to the immediate superior people's court within ten days from the date on which he or she receives the ruling.

Article 233 Where the people's court does not execute a judgment within six months from the date on which it receives an application for execution, the applicant may make an application for execution to the immediate superior people's court. After examining the case, the immediate superior people's court may order the original people's court to execute the judgment within a specified period of time, may determine to execute the judgment itself, or may instruct another people's court to execute the judgment.

Article 234 Where, in the course of executing a judgment, a person who is not a party to the case raises a written objection to the execution of the judgment against the subject matter, the people's court shall examine the objection within 15 days after receiving it. Where the objection is tenable, the court shall rule that execution be suspended; where the objection is untenable, the court shall rule that it be rejected. Where the person who is not a party to the case or any party to the case is not satisfied with the ruling and considers the original judgment or ruling to be erroneous, the case shall be handled in accordance with the procedure for trial supervision; where the original judgment or ruling is considered to be irrelevant, the relevant party may lodge a case with the people's court within 15 days after receiving the ruling.

Article 235 Execution shall be carried out by execution officers.

An execution officer shall show his credentials when taking enforcement measures. After execution is completed, a record shall be made of its particulars, which shall be signed or sealed by the persons present.

The people's court may establish execution authorities as needed.

Article 236 If the person or the property subject to execution is in another locality, the people's court of that locality may be entrusted with execution. The entrusted people's court must commence execution within 15 days after receipt of the letter of entrustment and shall not refuse to comply. After execution is completed, the entrusted people's court shall promptly reply to the entrusting people's court by letter, setting forth the result of the execution. If execution is not completed within 30 days, the entrusted people's court shall also inform the entrusting people's court by letter of the particulars of execution.

If the entrusted people's court does not execute the judgment or ruling within 15 days from the date of receipt of the letter of entrustment, the entrusting people's court may request the immediate superior people's court than the entrusted people's court to instruct it to execute the judgment or ruling.

Article 237 Where, in the course of execution, the parties reach an agreement upon mediation at their own initiative, the execution officer shall make a record of the contents of the agreement and both parties shall sign or seal such record.

Where the person applying for enforcement reaches an agreement upon mediation with the person subject to the enforcement due to deception or coercion, or if a party fails to perform the mediation agreement, the people's court may, upon application by the other party, resume the enforcement of the original effective legal document.

Article 238 Where, in the course of execution, the person subject to execution provides security to the people's court, the people's court may decide to suspend the execution and decide the term of such suspension, subject to the consent of the person applying for execution. If the person subject to execution fails to perform within the specified term, the people's court shall have the power to execute the judgment or ruling against the property provided as security by the person subject to execution or the property of his guarantor.

Article 239 When a citizen subject to execution dies, his debts shall be repaid from his estate. When a legal person or another organization subject to execution is terminated, the successor to the rights and obligations of the legal person or organization shall perform the obligation.

Article 240 Where, after execution is completed, an error is discovered in a judgment, ruling or other legal document on which execution is based and such judgment, ruling or other legal document is quashed by the people's court, the people's court shall make a ruling ordering the person who has obtained property subject to execution to return the property. If such person refuses to return the property, the ruling ordering the return of the property shall be enforced.

Article 241 This Part shall apply to the execution of written mediation statements prepared by a people's court.

Article 242 The people's procuratorates shall have the right to exercise legal supervision over civil enforcement.

Chapter XX Application for and Referral of Execution

Article 243 The parties must perform civil judgments or rulings that have become legally effective. Where a party refuses to perform a ruling or judgment, the other party may apply to the people's court for execution. Alternatively, a judge may refer such judgment or ruling to an execution officer for execution. The parties must perform any written mediation agreement or other legal document that is enforceable by the people's courts. Where a party refuses to perform such a document, the other party may apply to the people's court for execution.

Article 244 Where a party fails to perform an award of an arbitration institution established according to law, the other party may apply for execution to the people's court with jurisdiction. The people's court to which an application is made shall execute the award.

Where the party against whom the application is made presents evidence that the arbitral award falls under any of the following circumstances, the people's court shall, after examination and verification by a collegiate bench formed by the people's court, rule to deny execution:

1. the parties have neither included an arbitration clause in their contract, nor subsequently reached a

C9a6 S73-C4-T28d5-1Xn-TDM  DocumeuresP2  EU6d 0N74SS2  Bade S0a 0t S26 Ead6ID-

written arbitration agreement;

2. any matter decided in the award goes beyond the scope of the arbitration agreement or beyond the jurisdiction of the arbitration institution;

3. the composition of the arbitral tribunal or the arbitration procedure did not conform to statutory procedure;

4. the evidence used as a basis for rendering an award is fabricated;

5. the other party to the case conceals important evidence, which is substantial enough to affect the impartial ruling by the arbitration institution; or

6. one or several arbitrators acts corruptly, accepts bribes or engages in malpractice for personal benefits or made an award that perverted the law.

Where the people's court determines that the execution of the award would be against the public interest, it shall rule to deny execution.

The written ruling shall be served on both parties and on the arbitration institution.

Where a people's court rules to deny execution of an arbitral award, a party may, in accordance with the written arbitration agreement between the two parties, re-apply to the arbitration institution for arbitration or institute an action in a people's court.

Article 245 Where a party fails to perform its obligations pursuant to a document that has been lawfully rendered enforceable by a notary public, the other party may apply to the people's court with jurisdiction for execution. The people's court to which the application is made shall execute the document.

Where a notarized document of obligation contains an error, the people's court shall rule to deny execution and shall serve the written ruling on both parties and on the notary public.

Article 246 The time limit applicable to applications to execute a judgment is two years. The provisions relating to the suspension or discontinuance of the litigation limitation period shall be applicable to the suspension or discontinuance of the limitation period for applications to execute a judgment.

The time limit referred to in the preceding paragraph shall commence from the last day of the time limit for satisfaction of the judgment specified in the legal documentation; where the legal documentation provides for satisfaction of the judgment in stages, the time limit shall commence from the date of expiration of the last period for satisfaction of the judgment; where the legal documentation does not provide a time limit for satisfaction of the judgment, the time limit shall commence from the effective date of the legal documentation.

Article 247 Upon receiving an application for enforcement or a document for the handover of enforcement, an enforcement officer shall send a notice of enforcement to the person subject to execution and may immediately proceed to execute the enforcement measures.

Chapter XXI Execution Measures

Article 248 Where the person subject to execution fails to perform the obligation specified in the legal documentation in accordance with the execution notice, he or she shall provide a report on the circumstances relating to the assets concerned during the current period or in the year prior to the date on which he receives the execution notice. Where the person subject to execution refuses to provide such a report or makes a false report, the people's court may fine or detain that person subject to execution, its statutory agent, principally responsible person or the directly responsible person in the relevant work unit, according to the seriousness of the case.

Article 249 Where a person subject to execution fails to perform the obligation specified in the legal document in accordance with the notice of execution, the people's court shall have the power to direct inquiries to the relevant units about the property of deposits, bonds, stocks and funds of the person subject to execution, and shall have the power to distrain, freeze, transfer or sell the property of such person, provided that such inquiries, distraint, freezing, transfer or sale does not exceed the scope of the obligation to be performed by the person subject to execution.

For distraint, freezing, transfer or sale of deposits, a people's court shall make a ruling and issue a notice requesting for assistance for enforcement, which must be complied with by relevant units.

Article 250 If a person subject to execution fails to perform the obligation specified in the legal document in accordance with the notice of execution, the people's court shall have the power to withhold or garnish a portion of the revenue of the person subject to execution that is sufficient to cover the obligation he should perform, provided that such measures leave enough revenue to cover the necessary living expenses of the person subject to execution and of his dependants.

When deciding to withhold or garnish revenue, a people's court shall make a ruling and issue a notice

Case 3:18-cv-...-... Document ... Filed ... Page ... of ...

requesting assistance with execution. Such notice must be complied with by the work unit of the person subject to execution, banks, credit cooperatives and other savings units.

Article 251 If a person subject to execution fails to perform the obligation specified in the legal document in accordance with the notice of execution, the people's court shall have the power to seal up, distrain, freeze, auction off or sell off a portion of the property of the person subject to execution sufficient to cover the obligation he should perform, provided that such action does not deprive the person subject to execution and his dependents of daily necessities.
When adopting any of the foregoing measures, a people's court shall make a ruling.

Article 252 When a people's court seals up or distrains property and the person subject to execution is a citizen, the court shall notify the person subject to execution or an adult member of his family that he should come to the scene. If the person subject to execution is a legal person or another organization, the court shall notify the legal representative or principally responsible person of the person subject to execution that he should come to the scene. Their refusal to come to the scene shall not affect the execution. If the person subject to execution is a citizen, his work unit or the basic-level organization in the place where his property is located shall send representatives to attend the execution.
An execution officer must prepare a list of the sealed-up or distrained property. A copy of the list shall be delivered to the person subject to execution after the persons present at the scene have signed or sealed the list. If the person subject to execution is a citizen, his copy may alternatively be delivered to an adult member of his family.

Article 253 An execution officer may designate the person subject to execution to take custody of the sealed-up property. The person subject to execution shall bear any losses incurred due to his fault.

Article 254 After the property has been sealed up or distrained, the enforcement officer(s) shall order the person subject to execution to perform the obligation specified in the legal document within the specified time limit. If such person does not perform the obligation within the specified time limit, the people's court shall auction off the sealed-up or distrained property; if the property is unfit for auction or the parties agree not to conduct such auction, the court may on its own accord or engage the relevant units to sell the property. Goods that the State has prohibited to be traded freely shall be delivered to the relevant units to be purchased at the prices stipulated by the State.

Article 255 Where a person subject to execution fails to perform the obligations specified in the legal document and conceals property, the people's court shall have the power to issue a search warrant to search the place of residence of the person subject to execution or the place where the property is concealed.
The court presidents shall issue a search warrant when adopting any of the foregoing measures.

Article 256 Where a legal document stipulates that property or a negotiable instrument must be delivered, the execution officer shall either summon both parties before him to effect delivery or deliver the item himself. The person taking delivery shall sign for the same.
If the relevant work unit is holding such property or negotiable instrument, it shall deliver the item in accordance with the notice requesting assistance with execution issued by the people's court and the person taking delivery shall sign for the same.
If the citizen concerned is holding such property or negotiable instrument, the people's court shall order him to release the item. If he refuses to do so, the people's court shall enforce such release.

Article 257 To evict a person subject to execution from a house or a piece of land, the court president shall issue a public notice to order him to perform within the specified time limit. If the person subject to execution fails to perform within the specified time limit, an execution officer shall enforce the order.
At the time of eviction, if the person subject to execution is a citizen, he or an adult member of his family shall be notified that he should come to the scene. If the person subject to execution is a legal person or another organization, the legal representative or the principally responsible person of the organization subject to execution shall be notified that he should come to the scene. Their refusal to come to the scene shall not affect the execution. If the person subject to execution is a citizen, his work unit or the basic-level organization of the place where the house or land is located shall send representatives to attend the execution. The execution officer shall make a record of the particulars of the execution, which shall be signed or sealed by the persons at the scene.
The people's court shall send personnel to transport the property removed from the house from which the person subject to execution was evicted to a designated location for delivery to the person subject to execution. If such person is a citizen, such property and belongings may also be delivered to an adult

member of his family. The person subject to execution shall bear any losses arising from the refusal to accept the property and belongings on the party of himself or the adult member of his family.

Article 258 If procedures for the transfer of title deeds must be carried out in the course of execution, the people's court may issue a notice requesting assistance with execution to the relevant work units, which must comply with such notice.

Article 259 If a person subject to execution fails to perform the act specified in a judgment, ruling or other legal document in accordance with the notice of execution, the people's court may compel performance or entrust a relevant work unit or other person with such performance, at the expense of the person subject to execution.

Article 260 If a person subject to execution fails to perform his obligations to pay within the time limit specified in a judgment, ruling or other legal document, he shall pay twice the amount of interest on the debt for the period during which the performance is deferred. If a person subject to execution fails to perform any other obligations within the time limit specified in a judgment, ruling or other legal document, he shall pay a fine for deferred performance.

Article 261 If a person subject to execution is still unable to repay his debts after a people's court has adopted any of the execution measures provided for in Articles 249, 250 and 251 of the Law, he shall continue to perform his obligation. If a creditor finds that the person subject to execution has other property, he may request execution by the people's court at any time.

Article 262 Where any person fails to perform the obligation specified in the legal documentation, the people's court may take steps towards or seek the assistance of his employer in the imposition of restrictions on him leaving the country, record in the public credit system or publicize through the media the fact case he has failed to perform his obligation, or adopt other measures provided by the law.

Chapter XXII Suspension and Termination of Execution

Article 263 Under any of the following circumstances, the people's court may rule to suspend execution:
1. the applicant indicates that the execution may be deferred;
2. a person who is not a participant in the case raises an objection on reasonable grounds with respect to the object of execution;
3. a citizen, being one of the parties, dies and it is necessary to wait for his successor to succeed to his rights or to assume his obligations;
4. a legal person or another organization, being one of the parties, is terminated and the person that will succeed to its rights and obligations has not yet been determined; or
5. other circumstances which the people's court deems to call for suspension of execution.
Execution shall be resumed when the circumstances calling for suspension of execution cease.

Article 264 Under any of the following circumstances, a people's court shall rule to terminate execution:
1. the applicant withdraws his application;
2. the legal document on which the execution is based is quashed or revoked;
3. the person subject to execution is a citizen, who dies without an estate against which execution can be effected and without a person to assume his obligations;
4. the person who has the right to claim payment of overdue alimony, maintenance or child support dies;
5. the person subject to execution is a citizen who has lost his ability to work and is unable to repay a loan due to poor financial circumstances and lacks a source of revenue; or
6. other circumstances occur that the people's court deems to require the termination of execution.

Case 3:19-cv-18985-TXN-TDM  Document 258-2  Filed 04/14/55  Page 212 of 256 PageID:

Article 265 A ruling of suspension or termination of execution shall become effective immediately after it has been served on the parties.

Part Four Special Provisions on Civil Actions Involving Foreign Parties

Chapter XXIII General Provisions

Article 266 This Part shall apply to civil actions within the territory of the People's Republic of China involving foreign parties. For matters not addressed in this Part, the other relevant provisions of the Law shall apply.

Article 267 If an international treaty that the People's Republic of China has concluded or acceded to contains provisions that are inconsistent with the Law, the provisions of the international treaty shall prevail, except for those provisions to which the People's Republic of China has declared its reservations.

Article 268 Civil actions instituted against foreigners, foreign organizations or international organizations that enjoy diplomatic privileges and immunities shall be handled in accordance with the relevant laws of the People's Republic of China and the relevant international treaties concluded or acceded to by the People's Republic of China.

Article 269 In trying civil cases involving foreign parties, a people's court shall use the written and spoken language commonly used in the People's Republic of China. At the request of a party, translation may be provided at the expense of such party.

Article 270 An alien, stateless person or foreign enterprise or organization that needs to be represented by a lawyer as his or its agent ad litem in instituting and responding to an action in a people's court shall appoint a lawyer of the People's Republic of China.

Article 271 When an alien, stateless person or foreign enterprise or organization without a domicile within the territory of the People's Republic of China appoints a lawyer or another person of the People's Republic of China as his or its agent ad litem, the power of attorney sent or forwarded from outside the territory of the People's Republic of China shall become effective only after it has been notarized by a notary public of his or its state and either has been authenticated by the embassy or a consulate of the People's Republic of China in that state or certification procedures provided for in the relevant treaty between the People's Republic of China and that state have been carried out.

Chapter XXIV Jurisdiction

Article 272 Where an action is instituted against a defendant without a domicile within the territory of the People's Republic of China concerning a dispute over a contract or rights and interests in property, if the contract was executed or performed within the territory of the People's Republic of China, or the subject matter of the action is located within the territory of the People's Republic of China, or the defendant has distrainable property within the territory of the People's Republic of China, or the defendant maintains a representative office within the territory of the People's Republic of China, the action may come under the jurisdiction of the people's court of the place where the contract was executed, the place where the contract was performed, the place where the object of action is located, the place where the distrainable property is located, the place where the tort was committed or the place where the representative office is domiciled.

Article 273 An action instituted for a dispute arising from the performance in the People's Republic of China of a Sino-foreign equity joint venture contract, a Sino-foreign cooperative joint venture contract or a contract for Sino-foreign cooperative exploration and development of natural resources shall come under the jurisdiction of the people's courts of the People's Republic of China.

Chapter XXV Service and Time Periods

Article 273 A people's court may serve procedural documents on a party without a domicile within the territory of the People's Republic of China in the following ways:
1. service in the way specified in an international treaty concluded between or acceded to by the state of the person to be served and the People's Republic of China;
2. service through diplomatic channels;
3. if the person to be served is a national of the People's Republic of China, entrustment of the embassy or a consulate of the People's Republic of China in the state where such person is located with service on its behalf;
4. service on the agent ad litem appointed by the person to be served and authorized to accept service on his behalf;
5. service on the representative office, or the branch or business agent authorized to accept service, established within the territory of the People's Republic of China by the person to be served;
6. Service shall be made by post if it is permitted by the law of the State of the person to be serviced. If the acknowledgment of service is not returned within three months after the date of posting, and various circumstances justify the assumption that the document has been served, the document shall be deemed to have been served on the date of expiry of the time limit;
7. Service by facsimile, e-mail and any other means through which the receipt of the document may be

Case 2:19-cv-18865-JXN-LDW   Document 252-2   Filed 04/11/22   Page 213 of 256 PageID:

acknowledged;

8. If a document cannot be served by any of the above means, it shall be served by public announcement. The documents shall be deemed to have been served after three months from the date of the public announcement.

Article 275 If a defendant does not have a domicile within the territory of the People's Republic of China, the people's court shall serve a copy of the statement of claim on the defendant and notify the defendant that he should submit a statement of defence within 30 days from receipt of the copy of the statement of claim. If the defendant applies for an extension of the time limit, the people's court shall decide on the application.

Article 276 If a party without a domicile within the territory of the People's Republic of China disagrees with the judgment or ruling rendered by the people's court of first instance, he shall have the right to lodge an appeal within 30 days from the date on which the judgment or ruling is served. The respondent shall file a statement of defence within 30 days after the date of receipt of the copy of the appeal petition. If a party is unable to lodge an appeal or to submit a defence within the statutory time limit and applies for an extension of the time limit, the people's court shall decide on the application.

Article 277 The period for the trial by the people's court of civil cases involving foreign parties shall not be subject to the restrictions of Articles 152 and 183 of the Law.

Chapter XXVI Arbitration

Article 278 Where disputes arising from economic, trade, transport or maritime activities involve foreign parties, if the parties have included an arbitration clause in their contract or subsequently reach a written arbitration agreement that provides that such disputes shall be submitted for arbitration to an arbitration institution of the People's Republic of China for foreign-related disputes or to another arbitration institution, no party may institute an action in a people's court.
If the parties have neither included an arbitration clause in their contract nor subsequently reached a written arbitration agreement, an action may be instituted in a people's court.

Article 279 If a party applies for preservation, the arbitration institution of the People's Republic of China for foreign-related disputes shall submit the application to the intermediate people's court of the place where the domicile of the person against whom the application is made is located or where the property is located.

Article 280 After an award has been made by an arbitration institution of the People's Republic of China for foreign-related disputes, no party may institute an action in a people's court. If a party fails to perform the arbitral award, the other party may apply for execution to the intermediate people's court of the place where the domicile of the person against whom an application is made is located or where the property is located.

Article 281 If the person against whom the application is made presents evidence that the arbitral award made by an arbitration institution of the People's Republic of China for foreign-related disputes falls under any of the following circumstances, the people's court shall, after examination and verification by a collegiate bench formed by the people's court, rule to deny execution of the award:
1. the parties have neither included an arbitration clause in their contract nor subsequently reached a written arbitration agreement;
2. the person against whom the application is made was not requested to appoint an arbitrator or take part in the arbitration proceedings or the person was unable to state his opinions due to reasons for which he is not responsible;
3. the composition of the arbitration tribunal or the arbitration procedure was not in conformity with the rules of arbitration; or
4. matters decided in the award exceed the scope of the arbitration agreement or are beyond the arbitral authority of the arbitration institution.
If the people's court determines that the execution of the said award would be against public interest, it shall rule to deny execution.

Article 282 If a people's court rules to deny execution of an arbitral award, a party may, in accordance with a written arbitration agreement between the two parties, re-apply to the arbitration institution for arbitration, or institute an action in a people's court.

Chapter XXVII Judicial Assistance

Article 283 Pursuant to international treaties concluded or acceded to by the People's Republic of China or in accordance with the principle of reciprocity, people's courts and foreign courts may request mutual assistance in the service of legal documents, investigation, collection of evidence, and other acts in connection with litigation, on each other's behalf.
If any matter in which a foreign court requests assistance would harm the sovereignty, security or public interest of the People's Republic of China, the people's court shall refuse to comply with the request.

Article 284 The request for and provision of judicial assistance shall be conducted through the channels stipulated in the international treaties concluded or acceded to by the People's Republic of China. Where no treaty relations exist, the request for and provision of judicial assistance shall be conducted through diplomatic channels.
The embassy or a consulate in the People's Republic of China of a foreign state may serve documents on, investigate, and take evidence from its citizens, provided that the law of the People's Republic of China is not violated and that no compulsory measures are adopted.
Except for the circumstances set forth in the preceding paragraph, no foreign agency or individual may, without the consent of the competent authorities of the People's Republic of China, serve documents, carry out an investigation or collect evidence within the territory of the People's Republic of China.

Article 285 The letter of request for judicial assistance and its annexes submitted to a people's court by a foreign court shall be accompanied by a Chinese translation or a text in another language as specified in the relevant international treaty.
The letter of request for judicial assistance and its annexes submitted to a foreign court by a people's court shall be accompanied by a translation in the language of that state or a text in another language as specified in the relevant international treaty.

Article 286 The judicial assistance provided by a people's court shall be carried out in accordance with the procedure prescribed by the law of the People's Republic of China. If a special method is requested by a foreign court, judicial assistance may also be provided using the special method requested, provided that such special method shall not violate the law of the People's Republic of China.

Article 287 If a party applies for execution of a legally effective judgment or ruling made by a people's court and the party subject to execution or his property is not located within the territory of the People's Republic of China, the applicant may directly apply for recognition and execution to the foreign court with jurisdiction. Alternatively, the people's court may, pursuant to an international treaty concluded or acceded to by the People's Republic of China or in accordance with the principle of reciprocity, request the foreign court to recognize and execute the judgment or ruling.
If a party applies for execution of a legally effective arbitral award made by an arbitration institution of the People's Republic of China for foreign-related disputes and the party subject to execution or its property is not located within the territory of the People's Republic of China, it shall directly apply for recognition and execution to the foreign court with jurisdiction.

Article 288 If a legally effective judgment or ruling made by a foreign court requires recognition and execution by a people's court of the People's Republic of China, the party concerned may directly apply for recognition and execution to the intermediate people's court with jurisdiction of the People's Republic of China. Alternatively, the foreign court may, pursuant to the provisions of an international treaty concluded between or acceded to by the foreign state and the People's Republic of China, or in accordance with the principle of reciprocity, request the people's court to recognize and execute the judgment or ruling.

Case 5:78-cv-12805-TXH-PDW   Document 256-2   Filed 04/14/55   Page 515 of 556 PageID:

Article 289 Having received an application or a request for recognition and execution of a legally effective judgment or ruling of a foreign court, a people's court shall review such judgment or ruling pursuant to international treaties concluded or acceded to by the People's Republic of China or in accordance with the principle of reciprocity. If, upon such review, the people's court considers that such judgment or ruling neither contradicts the basic principles of the law of the People's Republic of China nor violates State sovereignty, security and the public interest, it shall rule to recognize its effectiveness. If execution is necessary, it shall issue an order of execution, which shall be implemented in accordance with the relevant provisions of the Law. If such judgment or ruling contradicts the basic principles of the law of the People's Republic of China or violates State sovereignty, security or the public interest, the people's court shall refuse to recognize and execute the judgment or ruling.

Article 290 If an award made by a foreign arbitration institution must be recognized and executed by a

people's court of the People's Republic of China, the party concerned shall directly apply to the intermediate people's court of the place where the party subject to execution is domiciled or where his property is located. The people's court shall handle the matter pursuant to international treaties concluded or acceded to by the People's Republic of China or in accordance with the principle of reciprocity.

Article 291 The Law shall be implemented as of the date of promulgation. The Civil Procedure Law of the People's Republic of China (for Trial Implementation) shall be repealed simultaneously.

2022 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# Exhibit D

**Coronavirus ›**

# A Chinese city tells overseas visitors to quarantine for 28 days, then do another 28.

 **By Alexandra Stevenson**

Nov. 10, 2021

Some places have come under criticism for their long quarantines, but few can compare to the northern Chinese city of Shenyang.

Travelers arriving there from overseas must spend 28 days in hotel quarantine, and during the hotel stay they are not allowed to open the door except to take in food deliveries. They are tested seven times for the coronavirus over that period. And once that hotel quarantine is over, they are expected to avoid going outside their home for another 28 days.

The latest restrictions, which have been in place for nearly a month, are a stark example of how seriously Chinese officials are taking the country's "zero Covid" approach to the pandemic, nearly two years after the virus emerged in the Chinese city of Wuhan.



**China Coronavirus Cases ›**

**New reported cases by day**

Source: Data for China comes from the National Health Commission of the People's Republic of China and includes all confirmed cases, including asymptomatic infections. Population data from the National Bureau of Statistics of China. Data does not include Hong Kong, Macau or Taiwan. The daily average is calculated with data that was reported in the last seven days.

The restrictions come after China began locking down cities in mid-October to try to contain a fresh outbreak following a flurry of domestic travel during a nationwide holiday.

China on Wednesday reported 39 symptomatic Covid-19 cases and 25 asymptomatic ones. But Shenyang has not reported any Covid-19 cases since July 30. Dalian, another city in the same province, Liaoning, reported 32 cases on Wednesday.

While travelers from overseas face a four-week quarantine, those entering Shenyang from other parts of the country considered high risk are required to do 14 days in hotel quarantine and another 14 days of self-monitoring.

In Beijing, where a small outbreak in late October led the capital to lock down certain neighborhoods, the authorities shut down dozens of pharmacies that were caught selling cough medicine without requiring customers to register their identification. The authorities started requiring pharmacies to ask customers for their name, ID and contact information when buying cough medicine early in the pandemic.

China's lockdowns and zero-Covid strategy appear to enjoy widespread support among the public as caseloads remain low, but there is occasional griping on social media.

A recent article about Shenyang's restrictions had just one negative comment. One user, under the name JonasLambily, wrote, "A model of lazy governance."

Alexandra Stevenson is a business correspondent based in Hong Kong, covering Chinese corporate giants, the changing landscape for multinational companies and China's growing economic and financial influence in Asia. @jotted • Facebook

## Coronavirus ›

- A judge says Texas' ban on mask mandates violates the rights of students with disabilities.

- The N.I.H. says it isn't giving up in its patent fight with Moderna.

- Ten states sue the U.S. over the vaccine mandate for health care workers.

- More than 200,000 people flew to the U.S. on Monday under new rules.

- The White House estimates almost a million children ages 5 to 11 have gotten Covid vaccine shots so far.

- Israeli experts approve vaccinations for children ages 5 to 11.

- Home virus tests recalled over false positives reach 2 million kits.

# Exhibit E

# China's economy pays a price as lockdowns restrict nearly a third of its population.

The country's zero-tolerance policy for coronavirus cases has analysts downgrading China economic growth forecasts.

 **By Alexandra Stevenson**

April 14, 2022   Updated 4:55 a.m. ET

Nearly 400 million people are estimated to be under some form of lockdown in China as officials try to stop a fast-moving Omicron outbreak that is beginning to weigh on the world's second-largest economy.

Hundreds of thousands of people have been sent to isolation facilities in China and millions more have been told to stay in their homes. Officials in dozens of cities have shut down normal daily life across the country in a race to track and trace the virus and stamp out China's worst outbreak since the start of the pandemic.

The Japanese bank Nomura has estimated that 373 million people in 45 cities are currently under some kind of lockdown, about a third of the population, accounting for the equivalent of around $7.2 trillion in annual gross domestic product.

It's part of a pandemic strategy that is increasingly at odds with China's own economic growth expectations — one that has prompted economists and even the country's premier to sound an alarm.

Experts are beginning to warn that China's target of 5.5 percent economic growth for 2022 is now unrealistic because so much of daily economic life has ground to a halt. Li Keqiang, the country's premier, alerted local officials to the growing economic cost of each new coronavirus outbreak on Monday urging authorities to balance pandemic control measures with a need to encourage growth.

---

**Daily business updates**  The latest coverage of business, markets and the economy, sent by email each weekday. Get it sent to your inbox.

---

"It is necessary to coordinate epidemic prevention and control and economic and social development," Mr. Li said, according to state media.

China has reported more than 350,000 locally transmitted virus cases since its latest outbreak emerged in March. While that may not seem like a big number for any country that has battled an outbreak of the highly contagious Omicron variant, China is still pursuing a strategy that aims to eradicate the virus altogether, driven in part by concerns over its older, unvaccinated population. There are still some 40 million people over the age of 60 who have not had a Covid jab.

China's response to its latest outbreak is also beginning to have an impact on the world's global supply chain, as factories that make iPhones, electric cars and semiconductors have had to stop operations. Some critical components cannot be trucked from ports to factories because of roadblocks and stringent Covid test requirements.

Pegatron, a major producer of Apple's iPhone, said this week that two of its factories in China had stopped production "in response to Covid-19 prevention requirements from local governments." The German auto parts maker Bosch and the automaker Tesla are among other global companies that have had to suspend operations as truck drivers are required to show negative test results within 48 hours in order to enter cities like Shanghai.

In some places without any reported cases officials have put in place roadblocks, leading the State Council, China's cabinet, to tell local authorities this week not to obstruct major roads, ports and airports.

The efforts to prevent an outbreak are creating such a big problem that economists have revised down their expectations for China's economic output this year. One economist has gone so far as to predict that China could go into recession in the coming months.

Beijing has prioritized a zero-tolerance policy toward the coronavirus and outbreaks, said Ting Lu, chief China economist at Nomura.

"The problem is that when you set this kind of policy target, local governments will compete with each other," he said. The consequence of this competition is that local governments will escalate their own pandemic control policies in order to ensure they don't risk an outbreak that is difficult to get under control. For example, officials Guangzhou, a city of 15 million, began citywide testing after discovering 20 local cases last week.

"If all local governments are doing it this way then the whole economy would be in trouble," Mr. Lu said, adding, "the whole system will amplify this zero Covid strategy."

Alexandra Stevenson is a business correspondent based in Hong Kong, covering Chinese corporate giants, the changing landscape for multinational companies and China's growing economic and financial influence in Asia. @jotted • Facebook

---

Updated 31s ago

## Daily Business Briefing ›

- Retail sales grew in March as inflation soared.

- Elon Musk offers to buy Twitter for $54.20 a share.

- Soaring inflation rates push Europe toward end of central bank stimulus.

- Starbucks chief talks of possible benefits for nonunionized employees.

- Texas governor offers deal to end snarled traffic at the border.

# Exhibit F



REUTERS

World ˅   Business ˅   Legal ˅   Markets ˅   Breakingviews ˅   Technology

Powering the Next Phase of Work

Innovative technologies are rising to meet the new workplace landscape.

Read How

April 2, 2022
9:32 AM EDT
Last Updated 12 days ago

China

# Shanghai separates COVID-positive children from parents in virus fight



Picture taken March 26, 2022.
REUTERS/Aly Song

Register now for FREE unlimited access to Reuters.com

Register

Doctors then threatened Zhao that her daughter would be left at the hospital, while she was sent to the centre, if she did not agree to transfer the girl to the Shanghai Public Health Clinical Center in the city's Jinshan district.

Ad 



**Get Paid To Go Solar & Battery**
Get solar and Generac battery for no cost at install plus get paid $2,039. Qualify now.

| POWERHOME SOLAR | Learn More |

Report ad

Since her daughter was sent to the centre Zhao has had only one brief message that she was fine, sent through a group chat with doctors, despite repeated pleas for information from Zhao and her husband, who is in a separate quarantine site after also testing positive.

"There have been no photos at all... I'm so anxious, I have no idea what situation my daughter is in," she said on Saturday through tears, still stuck at the hospital she went to last week. "The doctor said Shanghai rules is that children must be sent to designated points, adults to quarantine centres and you're not allowed to accompany the children."



Free shipping, free returns, 15 year warranty. Rated Best Standing Desk.

| UPLIFT Desk | Shop Now |

Report ad

the hospital was moving its paediatric ward to another building to cope with a rising number of COVID paediatric patients.

This was done to "improve the hospital environment", it said on its official WeChat account on Saturday, adding that it had organised for more pediatric workers and would strengthen communication with the children's parents.

"Paediatric patients admitted to our hospital... are guaranteed

Later on Saturday the Shanghai rumour buster WeChat account, which is backed by China's cyberspace watchdog, published four photos that it said showed the children's current situation at the Jinshan centre.

One of the photos showed young children sitting in and standing around beds that were arranged neatly in two rows, though no adults were pictured. In another photo, a hazmat-suited person attends to a baby lying in a cot. Only one other adult, also in a hazmat suit, can be seen in the two other photos.

The Shanghai government referred Reuters to the hospital's statement and declined to comment further.

A Shanghai health official said last week that hospitals that were treating COVID-positive children maintained online communications with their parents.

POST DELETED

By Saturday, the original post had been deleted from Weibo, but thousands of people continued to comment and repost the images. "This is horrific," said one. "How could the government come up with such a plan?," said another.

In some cases children as young as 3 months old are being separated from their breastfeeding mothers, according to posts in a quarantine hospital WeChat group shared with Reuters. In one room described in a post, there are eight children without an adult.

In another case, more than 20 children from a Shanghai kindergarten aged 5 to 6 were sent to a quarantine centre without their parents, a source familiar with the situation said.

Since Shanghai's latest outbreak began about a month ago, authorities have locked down its 26 million people in a two-stage process that began on Monday.

While the number of cases in Shanghai is small by global standards, Chinese authorities have vowed to stick with "dynamic clearance", aiming to test for, trace and centrally quarantine all positive cases.

The U.S., French and Italian foreign consulates have warned their citizens in Shanghai that family separations could happen as Chinese authorities executed COVID curbs, according to notices seen by Reuters.

Shanghai on Saturday reported 6,051 locally transmitted asymptomatic COVID-19 cases and 260 symptomatic cases for April 1, versus 4,144 asymptomatic cases and 358 symptomatic ones on the previous day.

**Register now for FREE unlimited access to Reuters.com**

Register

Reporting by Brenda Goh and Engen Tham, Additional reporting by Winni Zhou; Editing by Christian Schmollinger, William Mallard and Clelia Oziel

Our Standards: **The Thomson Reuters Trust Principles.**

# Exhibit G

# Shanghai lockdown tests resilience of 'Zero-COVID' strategy, as economic and social tolls grow

*Infections in Shanghai again hit a record high on Wednesday.*

By **Britt Clennett** and **Karson Yiu**
April 13, 2022, 10:02 AM • 7 min read



Shanghai residents face food shortages, late-night testing in lockdown

*ABC News' Britt Clennett examines life inside Shanghai, China as the city forces 25 milli...* **Read More**
Chen Jianli/AP

HONG KONG -- China's largest city is buckling under its biggest COVID-19 outbreak of the pandemic, with infections continuing to rise, despite a strict lockdown of more than 25 million Shanghai residents.

Cases in Shanghai surged on Wednesday to another record high of 26,330, of which just 1,190 were symptomatic. There is no end in sight to the lockdown, despite there being no official deaths reported.

Recent Stories from ABC News

 Top Articles

## Top Stories

**Videos show Patrick Lyoya shot in head by Michigan officer**
1 hour ago


**NYC subway shooting suspect set to appear in Brooklyn federal court**
1 hour ago


**Mom turns grief into action after daughter's pregnancy-related death**
Apr 14, 4:09 AM


**Tesla CEO Elon Musk offers to buy Twitter in cash deal**
4 minutes ago


**Toyota recalls 460,000 vehicles for stability control glitch**
Apr 13, 4:53 PM


ABC News Live

READ MORE

READ MORE

**Prosecutors seek life for political donor's fatal fetish**



*24/7 coverage of breaking news and live events*

Yet the Chinese government continues to relentlessly pursue its no-tolerance 'Zero-COVID' strategy as the costs on the economy and social stability are mounting.



📷 Hector Retamal/AFP via Getty Images

*A worker wearing personal protective equipment walks on a street during a COVID-19 lockdown in the Jing'an district in Shanghai, April 12, 2022.*

China has hit back at the United States for ordering its non-emergency consulate staff and diplomats' families to leave the locked-down city, saying it was "weaponizing" the issue.

The U.S. State Department announced the decision on Monday, saying it was "due to a surge in COVID-19 cases and the impact of restrictions."

The U.S. pointed to the risk of children and parents being separated by a policy that has now been partially relaxed.

In March, as Omicron snuck into the financial, commercial and shipping capital, Shanghai had vowed not to impose a lockdown. They reversed course as cases climbed. Two weeks later, the normally lively streets of Shanghai are eerily quiet, as its millions of residents underwent several rounds of mass testing.



Aly Song/Reuters

*People pass edible oil over the barriers at a street market under lockdown amid the COVID-19 pandemic, in Shanghai, China, April 13, 2022.*

Under the "Zero-COVID" policy, all infected people are sent to hospitals or isolation centers.

Shanghai resident and expat Alessandro Pavanello told ABC News that he was moved from his home to an isolation facility on April 9 after testing positive. He showed ABC the partitioned mass hall where he sleeps. He was given a bucket and cloth to wash himself at the sink, as there are no showers.

"Everyone is in close contact with each other, and, as you can imagine, there is absolutely no privacy," Pavanello said.

Other Shanghai residents' experiences have been less intensive. Jamie Peñaloza compared it to memories of summer camp: "Announcements, call to duty, chores, and rest time."

Peñaloza, who lives in Shanghai's affluent Former French Concession, told ABC News that the most "surreal" part of the lockdown is being told to go for testing at short notice.



Liu Jin/AFP via Getty Images

*Community workers browse their mobile phone on temporary beds at a gym in a compound during a Covid-19 lockdown in Pudong district in Shanghai, April 13, 2022.*

Peñaloza described loudspeakers blaring, giving updates and the "get tested now" orders, over birdsong in her eerily quiet neighbourhood. She said the empty and off-limit roads are now populated only by blue and white protective gowns gliding along by foot, bicycle or ambulance.

"While the communication is unpredictable," she said, "The procedures are very organised. At the blink of an eye, the streets were cordoned off and testing sites pitched up, with queues that moved fast and registration requiring no more than a few taps of a button on an app and a gowned attendant scanning the resulting QR on your phone screen."

While some residents complained of food shortage, Peñaloza said the recent government rations to her compound have been plentiful: "Millions of individual grocery packages were bagged and distributed within two days, for each and every single household of each and every single building; imagine!"

Shanghai this week begin easing some movement for residents in low risk zones, but the restrictions could be tightened as soon as cases are detected in their areas again.

"One person can test positive and that just sets the score back to zero," Peñaloza said.

+ MORE: China orders 51 million into lockdown as COVID surges

Japanese bank Nomura estimates there are now almost 200 million people subject to partial or full lockdown across 23 Chinese cities, including Shanghai. The large southern port city of Guangzhou immediately ordered testing of its 18 million residents after detecting just three positive cases last Friday.

Truck drivers have been prevented from taking goods to major shipping ports in Shanghai, which may cause further disruptions to global supply chains. American companies operating in China, from Apple to Tesla, have also been impacted by their factories being unmanned.



Chen Jianli/AP

*In this photo released by China's Xinhua News Agency, a volunteer uses a megaphone to talk to residents at an apartment building in Shanghai, China, Tuesday, April 12, 2022.*

"There are signs that it's becoming increasingly difficult to implement this policy as the social economic cost is rising rapidly and exponentially in a way," said Yanzhong Huang, a public health expert at the Council on Foreign Relations in the U.S.

Huang said that prolonged lockdowns in Shanghai could hurt the competitiveness of China's export economy in the longer term, especially as the city contributes to about a third of China's total GDP.

"When other countries now are learning to coexist with the virus and their economy and the manufacturing capacity recovered by China's, the export sector will be affected," Huang said.

But, for now, China is doubling down.

Liang Wannian, head of China's National Health Commission COVID-19 response expert panel and one of the principal architects of the "Zero-COVID" strategy, said earlier this week that China "doesn't believe in 'laissez-faire'.

"Dynamic Zero COVID is a scientific policy that, if implemented properly and correctly, will yield the most benefits at a minimal cost," Liang said, "China will stick to this policy under the guideline of putting people and their lives first."

Comments (5)

---



abcNEWS

Why American Dog Owners Are Ditching Kibble For This
The Farmer's Dog

Indiana: Startup Is Changing the Way People Retire
SmartAsset

Fishers: Unsold Never-Driven Cars Now Almost Being Given Away: See Prices
SUV Deals | Search Ads

Woman who falsely accused Black teen of stealing cellphone pleads guilty to hate crime

Fauci advises assessing personal risk amid COVID-19 uptick

Administration unveils steps to boost racial equity in govt

Unique And Magical Metal Windmill - Free Shipping Worldwide!

hokrlobe

Shop Now

Goodbye Plastic, Hello Metal Credit Cards

NerdWallet

Learn More

Home Depot Billionaire: Big Problem for America

Investing Outlook

Promoted Links by Taboola

CMN 1-16-H-16NO NW-FDA   DAYHAM KSF2   WAN.06.7X11   WAN 124 N.1NI WRAND

ABC News Network | Privacy Policy | Your CA Privacy Rights | Children's Online Privacy Policy | Interest-Based Ads | About Nielsen Measurement | Terms of Use
Do Not Sell My Personal Information | Contact Us
Copyright © 2022 ABC News Internet Ventures. All rights reserved.

# Exhibit H

# 'Totally Inhumane': Child Separations Feed Anger in a Locked-Down Shanghai

As China's largest city struggles to contain a coronavirus outbreak, outrage erupted online after images circulated of small children isolated from parents.

**By John Liu and Paul Mozur**
Published April 2, 2022   Updated April 3, 2022

Photos and video that showed young children isolated from their families and crying at a Shanghai hospital led to an outburst of anger online on Saturday, as China's largest city struggled to contain an outbreak of the highly contagious Omicron version of the coronavirus.

In the images, a series of hospital cribs, each holding several young children, appeared to be parked in the hallway of the Shanghai Public Health Clinical Center in the city's Jinshan district. A video showed several of the children crying.

The images and video could not be independently verified, but in a statement, the health center said they were real and did not deny that parents with Covid were being separated from their children.

The fury and concern of parents over what might become of their children if they fall sick is the latest in a series of crises faced by Shanghai officials, who are in the middle of a staggered lockdown to facilitate mass testing in the city. Things have not gone smoothly. Lockdowns have differed by neighborhood, panic shopping has emptied grocery store shelves and people with life-threatening conditions have posted calls for help online when they could not get to the hospital.

The entire process has also been opaque. Residents complain they have had little warning about neighborhood lockdowns, which have been repeatedly extended in some districts. Domestic news reports of an outbreak at an elderly care center disappeared from the internet on Saturday.

> **Daily business updates**  The latest coverage of business, markets and the economy, sent by email each weekday. Get it sent to your inbox.

In Shanghai, anyone who tests positive for the coronavirus, whether or not the symptoms are severe, must isolate in a hospital or designated facility. The practice has worried parents, who fear that their children will be separated from them if they are forced to isolate.

One woman who said her 2-year-old daughter was locked inside the Jinshan clinical center called the situation "totally inhumane" in a telephone interview. The woman, Lucy Zhu, 39, a Shanghai native, visited Shanghai Tongren hospital with her daughter after feeling unwell last week. Shortly after she tested positive for the coronavirus and began her isolation at the hospital, she was separated from her daughter.

Then on Tuesday, her daughter was transferred to the center in Jinshan, and Ms. Zhu was told she could not accompany her. From then until Saturday morning, she had not been able to establish direct contact with her daughter. Although officials said her daughter was fine, they offered her no proof.

"The doctor sent me a video at noon today," Ms. Zhu said on Saturday. "In the whole room, there was only one nurse, but I saw around 10 minors."

In a statement, the health center said that the children were in the process of being moved to a new, expanded pediatric center and that the center was not a child isolation center, as had been claimed online.

Ms. Zhu said the statement failed to address the main problem. "Is whether it is a child isolation facility the crux?" she asked angrily. "Could they treat children like this if it is not a child isolation point? What's the point of clarifying the rumor like this?"

Having seen the plight of toddlers being separated from parents spreading on Chinese social media, Irene Yang took things into her hands and phoned the center on Friday. During the call, which she recorded and later posted on Weibo, Ms. Yang, a 28-year-old mother, almost burst into tears, worrying the same situation might happen to her as the coronavirus continues to ravage Shanghai.

A woman who answered Ms. Yang's call told her that there could be a "time lag" when children were being transferred before parents could see them.

With a 3-year-old son and 1-year-old daughter at home, Ms. Yang said she could not "rest assured and let them go to any place alone, whether it is for medical treatment or isolation, no matter what the situation is."

"For us, it is fine if we can be with our children even if they are infected, but you can't take the children away by themselves. This is all inappropriate and unreasonable, whether they are 10 years old, 5 years old, or 3 years old or 1 year old. Otherwise, why do we have legal guardians in place?"

A woman who picked up the phone at the Shanghai Public Health Clinical Center on Saturday declined to comment further.

An article in the state-run China Philanthropist described one child being separated from her mother and father after they were sent to separate isolation hospitals. The article quoted the girl's mother as expressing concern about her daughter after not getting any photos of her or other forms of communication from doctors. The government-affiliated Shanghai Women's Federation said on Saturday that it was looking into the situation.

Zeng Qun, deputy director of the Shanghai Civil Affairs Bureau, acknowledged at a news conference on Saturday that infected adults might have to be separated from their children. He described the issue as "heart wrenching" and something that needs to be "resolved well."

With designated child welfare workers at the township and neighborhood level already in place, Mr. Zeng said in situations like this, they are required to "respond quickly, and take the physical and mental safety of the children as the first principle, and quickly carry out emergency response and assistance services."

Paul Mozur is a correspondent focused on technology and geopolitics in Asia. He was part of a team that won the 2021 Pulitzer Prize in public service for coverage of the coronavirus pandemic.  @paulmozur

# Exhibit I

**China**
People's Republic of China

Hague/Inter-American

**Party to Hague Service Convention?**
Yes

**Party to Inter-American Convention?**
No

**Party to Hague Evidence Convention?**
Yes

**Service of Process by Mail?**
No

**Party to Hague Apostille Convention?**
No

DISCLAIMER

DISCLAIMER: THE INFORMATION IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A SPECIFIC CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO THE APPROPRIATE FOREIGN AUTHORITIES OR FOREIGN COUNSEL.

ALL 

Embassies and Consulates

## U.S. Embassy Beijing

No. 55 An Jia Lou Road
Chaoyang District, Beijing 100600
China
**Telephone:** +(86)(10) 8531-4000
**Emergency After-Hours Telephone:** +(86)(10) 8531-4000
**Fax:** +(86)(10) 8531-3300
The Embassy consular district includes the municipalities of Beijing and

The Embassy consular district includes the municipalities of Beijing and Tianjin and the provinces/autonomous regions of Gansu, Hebei, Henan, Hubei, Hunan, Inner Mongolia, Jiangxi, Ningxia, Qinghai, Shaanxi, Shandong, Shanxi, and Xinjiang.

BeijingACS@state.gov

## Consulates

### U.S. Consulate General Chengdu - Operations Suspended

Number 4 Lingshiguan Road
Section 4, Renmin Nanlu
Chengdu 61004,China
**Telephone:** +(86)(28) 8558-3992
**Emergency After-Hours Telephone:** +(86)(10) 8531-4000
**Fax:** +(86)(28) 8554-6229
**Email:** AmCitChengdu@state.gov
This consular district includes the provinces/autonomous region of Guizhou, Sichuan, Xizang (Tibet) and Yunnan, as well as the municipality of Chongqing.

### U.S. Consulate General Guangzhou

43 Hua Jiu Road, Zhujiang New Town, Tianhe District
Guangzhou 510623
China
**Telephone:** +(86)(20) 3814-5775
**Emergency After-Hours Telephone:** +(86)(10) 8531-4000
**Fax:** +(86)(20) 3814-5572
**Email:** GuangzhouACS@state.gov
This consular district includes the provinces/autonomous region of Guangdong, Guangxi, Hainan, and Fujian.

### U.S. Consulate General Shanghai

Westgate Mall, 9th Floor, 1038 Nanjing Xi Lu,
Shanghai 200031
China
**Telephone:** +(86)(21) 8011-2400
**Emergency After-Hours Telephone:** +(86)(10) 8531-4000
**Fax:** +(86)(21) 6148-8266
**Email:** ShanghaiACS@state.gov
This consular district includes Shanghai municipality and the provinces of Anhui, Jiangsu and Zhejiang.

### U.S. Consulate General Shenyang

No. 52, 14th Wei Road, Heping District,
Shenyang 110003
China
**Telephone:** +(86)(24) 2322-1198
**Emergency After-Hours Telephone:** +(86)(24) 2322-1198
**Fax:** +(86)(24) 2323-1465

**Email:** [ShenyangACS@state.gov](mailto:ShenyangACS@state.gov)
This consular district includes: the provinces of Heilongjiang, Jilin, and Liaoning.

**[The U.S. Consulate General in Wuhan](#)**
**New World International Trade Tower I,**
**No. 568, Jianshe Avenue**
**Hankou, Wuhan 430022**
**China**
**Telephone:** +(86)(027) 8555-7791
**Emergency After-Hours Telephone:** +(86)(10) 8531-4000
**Fax:** +(86)(027) 8555-7761
Please note that Wuhan does not provide regularly scheduled consular services. Contact the Embassy in Beijing for consular assistance.
[WuhanACS@state.gov](mailto:WuhanACS@state.gov)

## List of Attorneys  —

- [U.S. Embassy Beijing](#)
- [U.S. Consulate General Guangzhou](#)
- [U.S. Consulate General Shanghai](#)
- [U.S. Consulate General Shenyang](#)

**Chinese Attorneys/American Law Firms in China:** It is our understanding that Chinese law offices are within the jurisdiction and authority of the Ministry of Justice. Under the Ministry of Justice is the Department of Public Notaries and Lawyers, which in turn establishes legal advisory offices at provincial and local levels. All lawyers and public notaries in China are part of this system, and as such are employees of the State. Lawyers in the Chinese system therefore do not necessarily assume the advocacy role expected of lawyers in the United States, but rather have obligations to the State as well as to their clients. Anyone who retains the services of a lawyer in China should understand this difference between the American and Chinese legal systems. American law firms with a presence in China maintain representative offices which may provide legal advice to clients on commercial, tax, or economic law as it relates to investment in China by foreign firms.

## Helpful Links  —

[Chinese Ministry of Justice](#)

## Service of Process

China is a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters.  Complete information on the operation of the Convention, including an interactive online request form are available on the [Hague Conference website](#). Requests should be completed in duplicate and submitted with two sets of the documents to be served, and translations, directly to [China's Central Authority for the Hague Service Convention](#).  The person in the United States executing the request should be either an attorney or clerk of court.  The applicant should include the titles attorney at law or clerk of court on the identity and address of applicant and signature/stamp fields. In its [Declarations and Reservations on the Hague Service Convention](#), China formally objected to service under Article 10, and does not permit service via postal channels.  For additional information see the [Hague Conference Service Convention website](#) and the [Hague Conference Practical Handbook on the Operation of the Hague Service Convention](#). See also China's response to the 2008 Hague Conference questionnaire on the practical operation of the Service Convention.

**Service on a Foreign State:** See also our Service Under the [Foreign Sovereign Immunities Act](#) (FSIA) feature and [FSIA Checklist](#) for questions about service on a foreign state, agency or instrumentality.

**Service of Documents from China in the United States:** See information about service in the United States on the [U.S. Central Authority for the Service Convention page](#) of the Hague Conference on Private International Law Service Convention site.

## Criminal Matters

**Prosecution Requests:** U.S. federal or state prosecutors should also contact the [Office of International Affairs, Criminal Division, Department of Justice](#) for guidance regarding the U.S.-China agreement on mutual legal assistance in criminal matters.

**Defense Requests in Criminal Matters:** Criminal defendants or their defense counsel seeking judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters may do so via  the [letters rogatory](#) process.

## Obtaining Evidence in Civil and Commercial Matters ⊖

China is a party to the [Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters](#)⧉.  The [Chinese Central Authority for the Hague Evidence Convention](#)⧉ designated to receive letters of request for the taking of evidence is the Ministry of Justice.  See the [Hague Evidence Convention Model Letters of Request](#)⧉ for guidance on preparation of a letter of request.  Requests for the taking of evidence under the Hague Evidence Convention are transmitted directly from the requesting court or person in the United States to the Chinese Central Authority and do **not** require transmittal via diplomatic channels.  Letters of Request and accompanying documents should be prepared in duplicate and translated into Chinese.



## Taking Voluntary Depositions of Willing Witnesses ⊖

China does **not** permit attorneys to take depositions in China for use in foreign courts. Under its [Declarations and Reservations to the Hague Evidence Convention](#)⧉ and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention.  Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants.



## Authentication of Documents ⊖

China is not a party to the Hague Convention Abolishing the Legalization of Foreign Public Documents.  Documents issued in the United States may be authenticated for use in China by (a) contacting the [U.S. Department of State Authentications Office](#) and (b) then having the seal of the U.S. Department of State authenticated by the Embassy of China in Washington, D.C.Documents issued in U.S. states must first be authenticated by the designated state authority, generally the state Secretary of State.

Last Updated: May 1, 2019

# Exhibit J

# China Travel Advisory

CPPB-3-18-FH-OSIBCG-OAM-OAA-OGB-OBA-OBG-OAA-OGB-OAA-OGB-OAA

Travel Advisory
April 11, 2022

China - Level 3:
Reconsider Travel



Reconsider travel to the People's Republic of China (PRC) due to **arbitrary enforcement of local laws and COVID-19-related restrictions.**  Do not travel to the PRC's Hong Kong Special Administrative Region (SAR), Jilin province, and Shanghai municipality due to **COVID-19-related restrictions, including the risk of parents and children being separated.**  Reconsider travel to the PRC's Hong Kong SAR due to **arbitrary enforcement of local laws.**

On April 11, 2022, the Department ordered the departure of non-emergency U.S. government employees and all family members from the Consulate General Shanghai consular district due to a surge in COVID-19 cases and the impact of restrictions related to the PRC's response.

Read the Department of State's [COVID-19](#) page before you plan any international travel.

The Centers for Disease Control and Prevention (CDC) has issued a [Level 1 Travel Health Notice⧉](#) for the PRC and a [Level 4 Travel Health Notice⧉](#) for Hong Kong, due to COVID-19.  Your risk of contracting COVID-19 and developing severe symptoms may be lower if you are fully vaccinated with an [FDA approved or authorized vaccine⧉](#).  Before planning any international travel, please review the CDC's specific recommendations for vaccinated and unvaccinated travelers.

The zero-tolerance approach to COVID-19 by the PRC and Hong Kong governments severely impacts travel and access to public services.  All travelers should prepare to quarantine at a government-designated location for a minimum of 14 days upon arrival.  While in quarantine, health authorities will test travelers as often as daily for COVID-19 and will not permit travelers to leave their rooms.  Travelers who test

travelers to leave their rooms.  Travelers who test positive during this quarantine time will be transferred to a government-designated medical or other quarantine facility.  Standards of care, accommodations, testing, and treatments may differ considerably from standards in the United States.  Even after completing quarantine on-arrival, travelers to the PRC and Hong Kong may face additional quarantines and mandatory testing as well as movement and access restrictions, including access to medical services and public transportation.  In some cases, children in Hong Kong and the PRC who test positive have been separated from their parents and kept in isolation until they meet local hospital discharge requirements.

Travelers within the PRC and Hong Kong may be subject to mandatory testing. In areas with confirmed COVID-19 cases, restrictions may include being confined to home or moved to a government-designated quarantine facility or hospital.  Visit the [Embassy's COVID-19](#) page for more information on COVID-19 and related restrictions and conditions in the PRC, or the [Consulate General Hong Kong's COVID-19](#) page for information on the COVID-19 situation in Hong Kong as testing and travel requirements frequently change.

**Country Summary:**  The PRC government arbitrarily enforces local laws, including carrying out arbitrary and wrongful detentions and using exit bans on U.S. citizens and citizens of other countries without due process of law.  The PRC government uses arbitrary detention and exit bans to:

- compel individuals to participate in PRC government investigations,

- pressure family members to return to the PRC from abroad,

- influence PRC authorities to resolve civil disputes in favor of PRC citizens, and

- gain bargaining leverage over foreign governments.

In most cases, U.S. citizens only become aware of an

exit ban when they attempt to depart the PRC, and there is no reliable mechanism or legal process to find out how long the ban might continue or to contest it in a court of law.

U.S. citizens traveling or residing in the PRC, including the Hong Kong SAR, may be detained without access to U.S. consular services or information about their alleged crime.  U.S. citizens may be subjected to prolonged interrogations and extended detention without due process of law.

Foreigners in the PRC, including but not limited to businesspeople, former foreign government personnel, and journalists from Western countries have been arbitrarily interrogated and detained by PRC officials for alleged violations of PRC national security laws. The PRC has also threatened, interrogated, detained, and expelled U.S. citizens living and working in the PRC.

Security personnel may detain and/or deport U.S. citizens for sending private electronic messages critical of the PRC government.

The PRC government does not recognize dual nationality.  U.S.-PRC citizens and U.S. citizens of Chinese heritage may be subject to additional scrutiny and harassment, and the PRC government may prevent the U.S. Embassy from providing consular services.

**XINJIANG UYGHUR AUTONOMOUS REGION and TIBET AUTONOMOUS REGION**

Extra security measures, such as security checks and increased levels of police presence, are common in the Xinjiang Uyghur and Tibet Autonomous Regions. Authorities may impose curfews and travel restrictions on short notice.

**HONG KONG SPECIAL ADMINISTRATIVE REGION**

Since the imposition of the National Security Law on June 30, 2020, the PRC unilaterally and arbitrarily exercises police and security power in the Hong Kong SAR.  The PRC has demonstrated an intention to use this authority to target a broad range of activities it

this authority to target a broad range of activities it defines as acts of secession, subversion, terrorism, and collusion with foreign entities.  The National Security Law also covers offenses committed by non-Hong Kong residents or organizations outside of Hong Kong, which could subject U.S. citizens who have been publicly critical of the PRC to a heightened risk of arrest, detention, expulsion, or prosecution.  PRC security forces, including the new Office for Safeguarding National Security, now operate in the Hong Kong SAR and are not subject to oversight by the Hong Kong judiciary.

**Demonstrations**:  Participating in demonstrations or any other activities that authorities interpret as constituting an act of secession, subversion, terrorism, or collusion with a foreign country could result in criminal charges.  On June 30, 2020, as part of its color-coded system of warning flags, the Hong Kong police unveiled a new purple flag, which warns protesters that shouting slogans or carrying banners with an intent prohibited by the law could now bring criminal charges.  U.S. citizens are strongly cautioned to be aware of their surroundings and avoid demonstrations.

**Propaganda**:  A PRC propaganda campaign has falsely accused individuals, including U.S. citizens, of fomenting unrest in the Hong Kong SAR.  In some cases, the campaign has published their personal information, resulting in threats of violence on social media.

Read the country information page for the PRC and the country information page for the Hong Kong SAR for additional information on travel.

If you decide to travel to the PRC, including the Hong Kong SAR:

- Read the Department of State's COVID-19 page before planning any international travel, read the Embassy COVID-19 page for the PRC and the Consulate General COVID-19 page for the Hong Kong SAR for country-specific COVID-19 information.

CPPR-5-18-YY-0085D-5349-5346A - DATA HAND STATE D - DISN-242-DC01 - WPR-549-N-548 (APPRO)

- For the Hong Kong SAR, monitor local media, local transportations sites and apps like [MTR Mobile](#)⧉ or [CitybusNWFB](#)⧉, and the [Hong Kong International Airport website](#)⧉ for updates.

- Avoid the areas of the demonstrations.

- Exercise caution if you are in the vicinity of large gatherings or protests.

- Avoid taking photographs of protesters or police without permission.

- Be aware of your surroundings.

- Keep a low profile.

- For the Hong Kong SAR, review your Hong Kong flight status with your airline or at the Hong Kong International Airport [website.](#)⧉

- Enter the PRC on your U.S. passport with a valid PRC visa and keep it with you.

- If you are arrested or detained, ask police or prison officials to notify the U.S. Embassy or the nearest consulate immediately.

- If you plan to enter North Korea, read the [North Korea Travel Advisory](#).  Travelers should note that U.S. passports are not valid for travel to, in, or through North Korea, unless they are specially validated by the Department of State.

- Enroll in the [Smart Traveler Enrollment Program (STEP)](#) to receive alerts and make it easier to locate you in an emergency.

- Follow the Department of State on [Facebook](#)⧉ and [Twitter](#)⧉. Follow the U.S. Embassy on [Twitter](#)⧉, [WeChat](#), and [Weibo](#)⧉.  Follow U.S. Consulate General Hong Kong on [Facebook](#)⧉ and [Twitter.](#)⧉

- Review the [Country Security Report](#) for the PRC and the Hong Kong SAR.

- Prepare a contingency plan for emergency situations. [Review the Traveler's Checklist](#).

*Last Update:  Reissued with an update to the ordered*

*Later updates released with an update to the tracked*
*departure status.*

# Exhibit K

**The New York Times** | https://www.nytimes.com/2022/04/07/world/asia/shanghai-covid-china.html

## Shanghai Seethes in Covid Lockdown, Posing Test to China's Leadership

Residents in Shanghai, China's most populous and cosmopolitan city, have responded to the government's pursuit of zero Covid with a rare outpouring of criticism.

**By Vivian Wang and Isabelle Niu**

April 7, 2022

Parents have organized petitions, imploring the government not to separate children infected with the coronavirus from their families. Patients have demanded to speak with higher-ups about shoddy conditions at isolation facilities. Residents have confronted officials over containment policies that they see as unfair or inhumane, then shared recordings of those arguments online.

As the coronavirus races through Shanghai, in the city's worst outbreak since the pandemic began, the authorities have deployed their usual hard-nosed playbook to try and stamp out transmission, no matter the cost. What has been different is the response: an outpouring of public dissatisfaction rarely seen in China since the chaotic early days of the pandemic, in Wuhan.

The crisis in Shanghai is shaping up to be more than just a public health challenge. It is also a political test of the zero tolerance approach at large, on which the Communist Party has staked its legitimacy.

For much of the past two years, the Chinese government has stifled most domestic criticism of its zero tolerance Covid strategy, through a mixture of censorship, arrests and success at keeping caseloads low. But in Shanghai, which has recorded more than 70,000 cases since March 1, that is proving more difficult.

Shanghai is China's most populous metropolis, its shimmering commercial heart. It is home to a vibrant middle class and many of China's business, cultural and academic elite. A large share of foreign-educated Chinese live in Shanghai, and residents' per capita disposable income is the highest in the country. Even in a country where dissent is dangerous, many there have long found ways to demand government responsiveness and have a say over their own lives.



Residents wait for Covid testing on Wednesday.  Hector Retamal/Agence France-Presse — Getty Images

"I'm just too angry, too sad," said Kristine Wu, a 28-year-old employee of a tech company who was visited at home by two police officers after she criticized the city's Communist Party leader on social media. She recorded her defiant confrontation with them, in which she asked why they were wasting time harassing her, when they could be helping people in need of care. She then shared a photo of the encounter on social media, despite the officers' warnings against doing so. (It was later censored.)

"I thought, whatever, I'll just go for it," said Ms. Wu, who had not considered herself political before the lockdown. "I used to live pretty comfortably, and before anything had happened, everyone was very polite, very rule abiding. Now all that has just crumbled."

For now, the government looks largely unmoved. A Chinese vice premier visited Shanghai and demanded that officials focus on eliminating cases "without hesitation." Public health experts have warned that China is unprepared to live with the coronavirus, with just over half of people aged 80 and over fully vaccinated as of late March. In addition, China's leader, Xi Jinping, has held up the country's suppression of the virus as proof of the superiority of his governance model; maintaining that line will be especially important this year, when he is expected to claim an unprecedented third term.

But in shutting down Shanghai, an economic engine that contributes 4 percent of China's gross domestic product, the authorities have revived questions about the costs of their approach, especially in the face of the highly transmissible, relatively mild Omicron variant. If even Shanghai could be cut off, people might worry there was no limit to how far the government would go, said Lynette Ong, a political scientist at the University of Toronto.



A woman under lockdown receiving a food delivery in Shanghai last month.  Aly Song/Reuters

"The fact that Shanghai is being locked down suggests that we are pretty close to the red line, to the tolerable limit of how defensible zero Covid is," Professor Ong said. "This is a big city with a 25 million population, and is extremely challenging to undergo lockdown — it's pretty close to people's psychological breaking point."

For most of the pandemic, Shanghai offered an alternate vision of China's containment strategy. While other places that detected even a few cases snapped into widespread lockdowns, Shanghai isolated individual buildings. Dr. Zhang Wenhong, an infectious disease expert who helped steer the city's response, attracted admirers nationwide for advocating a more restrained approach. The Global Times, a nationalistic state-owned tabloid, praised Shanghai's "precise and targeted containment."

Even after caseloads surged to record highs last month, officials insisted that Shanghai could not be sealed off because of its economic importance.

But cases continued rising,  and the central government probably grew nervous, said Yanzhong Huang, director of the Center for Global Health Studies at Seton Hall University.

"They were afraid maybe that if this situation cannot be under control in a short period of time, it's going to threaten social and economic stability," Dr. Huang said. "It also might derail the leadership transition in the months to come."



Empty streets in Shanghai last week. For most of the pandemic, the city has avoided widespread lockdowns, until the Omicron variant began propelling caseloads to record highs.  Agence France-Presse — Getty Images

The rollout of the more heavy-handed methods, however, has set off chaos, shocking a city with among the country's highest standards of medical care. At least two people with asthma have died after being denied care by health care workers citing Covid protocols. Patients with chronic illnesses have had operations indefinitely postponed or been unable to obtain medicine, forcing them to post desperate calls for help online. Care facilities for older adults are straining under outbreaks.

Whatever pride Shanghaiers had taken in their city's response has morphed into dismay and outrage. When local officials asked residents of one neighborhood to sing patriotic songs to boost morale, they joined in a chorus of curses instead, according to footage circulated online. After the authorities confirmed that they were separating infected children from their uninfected parents, a petition to allow children with mild or no symptoms to isolate at home garnered more than 24,000 signatures in three hours, before it was censored. This week, residents in the Baoshan suburb struck pots and pans and shouted "We want supplies! We don't want to starve to death."

Some responses have been more lighthearted, though still reflecting the dire circumstances. Three local rappers wrote a viral song about panic-buying groceries.

Even city officials have expressed frustration with the new direction. In a leaked recording of a phone call between a Shanghai resident and a purported employee of the city's Center for Disease Control, the staff member said she believed the approach to the epidemic had become politicized. (While officials did not confirm the authenticity of the recording, they later said they were investigating its contents.)



A nearly empty supermarket in Shanghai last week. Residents rushed to stock up ahead of the lockdown.  Hector Retamal/Agence France-Presse — Getty Images

Amid continuing backlash, officials have made some concessions, this week allowing certain infected children to stay with their parents and delivery drivers to return to work.

Jin Dongyan, a virologist at the University of Hong Kong, said Shanghai's educated, connected population was more primed than people elsewhere in China to be skeptical of the measures, especially given the lesser severity of the Omicron variant. Chinese propaganda has often emphasized the dangers of the virus.

In Shanghai, "many people have a good understanding of the disease and of the virus, and also of what is happening in other places" that have retreated from the harshest restrictions, Dr. Jin said. "They just don't feel that this is going to work."

Jeremy Wu, a 26-year-old Shanghai native, now wonders if he should have moved back to China from Australia, where he was in graduate school.

Mr. Wu returned to Shanghai in the fall of 2020, believing that the city would be one of the few places in China where officials would keep cases low while avoiding excessive restrictions. When his friends in the northwestern city of Xi'an were locked down earlier this year, he felt relief at being in Shanghai.

"While sympathizing with my friends, in my mind I was thinking, 'Thank god this would never happen to Shanghai,'" Mr. Wu said.



Workers setting up barriers to seal off a Shanghai neighborhood last week.  Aly Song/Reuters

"What a 'da lian' moment that is for me," he added, using Chinese slang to suggest hitting oneself in the face when proven wrong.

Still, for all the dissatisfaction within Shanghai, support for zero Covid remains high in much of China. Nationalist social media users have accused the city of arrogance or lack of patriotism for pursuing its own approach at first. Even in Shanghai, some have said the city should have locked down sooner.

The central government has leaned into propaganda about the need for drastic steps in Shanghai, recently deploying more than 2,000 military medics and thousands more medical professionals from other provinces to the city.

Chen Daoyin, a former assistant professor at the Shanghai University of Political Science and Law, said Beijing had clearly doubled down on zero Covid, and was bringing Shanghai in line with the rest of the country.

"In a system like China's, where politics determines everything," he said, "it's impossible for you to walk a different road."

Reporting and research contributed by Joy Dong, Li You and John Liu.

Vivian Wang is a China correspondent. Previously, she covered New York State politics for the metro desk. She was raised in Chicago and graduated from Yale University. @vwang3

A version of this article appears in print on , Section A, Page 5 of the New York edition with the headline: Shanghai Seethes in Covid Lockdown, Posing Test to China's Leadership