# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMSCOPE, INC., *et al.*,<br><br>  Plaintiff,<br>v.<br><br>ROSENBERGER TECHNOLOGY KUNSHAN CO. LTD., *et al.*,<br><br>  Defendants. | Civil Action No.<br><br>19-15962 (JXN) (LDW)<br><br>**ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having come before the Court by way of the joint motion of Plaintiffs CommScope, Inc., CommScope Inc. of North Carolina, and CommScope Technologies, LLC and Defendants Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., and Rosenberger Technology LLC, (CommScope together with Rosenberger, the "Movants"), to seal portions of the parties' Joint Discovery Dispute Letter (ECF No. 533) and Exhibits thereto (ECF Nos. 533-1–533-3); and there being no opposition to the instant motion; and the Court having considered the Declarations of Farid Firouzbakht (ECF No. 539-1) and Nicholas J. Pellegrino (ECF No. 539-1) in support of the motion, and the factors contained in Local Civil Rule 5.3(c)(3), the Court makes the following Findings of Fact and Conclusions of Law:

1. The Movants seek to seal portions of the parties' Joint Submission Regarding Defendants' Discovery Issue 1 and attached exhibits (ECF No. 533), as identified in the Consolidated Index In Support of the Joint Motion to Seal. (ECF No. 539-3).

2. This case involves claims of, among other things, trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq. and New Jersey Trade Secrets Act, N.J.S.A. §§ 56:15-1 et seq.  Material sought to be sealed includes confidential,

proprietary, and non-public information regarding the Movants' base station antenna design and developmental processes and confidential discovery materials marked Attorneys' Eyes Only under the Discovery Confidentiality Order entered in this action on September 24, 2019 (ECF No. 22).

3. Specifically, included in the parties' joint discovery submission is an excerpt of CommScope's 12th Amended Responses to Defendants' 4th Set of Interrogatories, which contains confidential and non-public information relating to Rosenberger's business operations and which has been previously sealed by this Court. (ECF No. 539-1 ¶¶ 5-7; ECF No. 502). Movants assert that the attached exhibits are "sensitive materials that contain confidential information pertaining to Rosenberger's business operations, including confidential and commercially sensitive information about Rosenberger's strategic business decisions and base station antenna design and development processes, and confidential and sensitive information about Rosenberger's employees." (*Id.* ¶ 8).

4. Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."

5. The Movants have a legitimate interest in maintaining the confidentiality of non-public discovery materials and competitive business information, and would suffer a clearly defined injury if the information is disclosed, including the potential loss of competitive standing. *See United Therapeutics Corp. v. Actavis Labs. FL, Inc.*, Civ. A. No. 16-1816, 2017 WL 2172438, at *2 (D.N.J. May 17, 2017); *Curlin Med. Inc. v. ACTA Med., LLC*,

    Civ. A. No. 16-2464, 2017 WL 2729268, at *3 (D.N.J. Jan. 5, 2017) (granting the parties' motion to seal where "the confidential materials contain valuable, proprietary, and highly sensitive business information relating to the parties' respective businesses, including but not limited to financial information, business strategies, research and development, business relationships, customer information, and pricing information"); Federal Rule of Civil Procedure 26(c)(1)(G) (allowing the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace).

6. No less restrictive alternative is available, as the parties have sought sealing of only the portions of the materials that contain confidential information.

7. The Movants have submitted with the instant motion proposed redacted versions of ECF Nos. 533 and 533-1.  As to Exhibits B and C to the Joint Discovery Dispute Letter (ECF Nos. 533-2 and 533-3), Movants submit, and the Court agrees, that the "confidential information in [these] document[s] is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome."  (ECF No. 539-3 at 5-6).

8. Rosenberger and CommScope have satisfied the requirements for sealing under Local Civil Rule 5.3(c).

    **WHEREAS** the Court having found that there are legitimate interests warranting the relief sought and no legitimate public interest in disclosure, and for good cause shown;

    **IT IS** on this day, July 11, 2023,

    **ORDERED** that the motion to seal (ECF No. 539) is **GRANTED** and the material identified in the consolidated index (ECF No. 539-3) is hereby ordered **SEALED**; it is further

**ORDERED** that Movants shall file the proposed redacted versions of ECF Nos. 533 and 533-1 on the public docket.  The Clerk of Court is directed to maintain under seal ECF Nos. 533, 533-1, 533-2, and 533-3; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the motion to seal at ECF No. 539.

                                           *s/ Leda Dunn Wettre*
                                           Hon. Leda Dunn Wettre
                                           United States Magistrate Judge