Exhibit 1

FILED UNDER
SEAL

CONFIDENTIAL

# Exhibit 2

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 3

# FILED UNDER SEAL

# CONFIDENTIAL











































































































# Exhibit 4

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 5

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 6

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 7

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 8

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 9

# FILED UNDER SEAL

# CONFIDENTIAL

Exhibit 10

FILED UNDER
SEAL

CONFIDENTIAL

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

COMMSCOPE, INC.,                     .
                                     .
        Plaintiffs,                  .
                                     . Case No. 19-cv-15962
vs.                                  .
                                     . Newark, New Jersey
ROSENBERGER TECHNOLOGY               . June 21, 2021
KUNSHAN CO., LTD., et al.,           .
                                     .
        Defendants.                  .


                    TRANSCRIPT OF HEARING
            BEFORE THE HONORABLE LEDA DUNN WETTRE
               UNITED STATES MAGISTRATE JUDGE

This transcript has been reviewed and revised in accordance
with L. Civ. R. 52.1.


APPEARANCES (the parties appeared via teleconference):


 For the Plaintiffs:      EDWARD SPONZILLI, ESQ.
                          Norris McLaughlin, PA
                          400 Crossing Boulevard, 8th Floor
                          PO Box 5933
                          Bridgewater, NJ 08807-5933
                          (908) 722-0700
                          egsponzilli@norris-law.com
```

Audio Operator:

Transcription Service:    KING TRANSCRIPTION SERVICES
                          3 South Corporate Drive, Suite 203
                          Riverdale, NJ  07457
                          (973) 237-6080


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

```
 1  (APPEARANCES continued)

 2
    For the Plaintiffs:      RANDALL KAHNKE, ESQ.
 3                           Faegre Drinker Biddle & Reath LLP
                             2200 Wells Fargo Center
 4                           90 South Seventh Street
                             Minneapolis, Minnesota 55402,
 5                           (612) 766-7658
                             Randall.kahnke@faegredrinker.com
 6
                             HARMONY A. MAPPES, ESQ.
 7                           Faegre Drinker Biddle & Reath LLP
                             300 N. Meridian Street
 8                           Suite 2500
                             Indianapolis, Indiana 46204
 9                           (317) 237-8246
                             Harmony.mappes@faegredrinker.com
10
                             TYLER A. YOUNG, ESQ.
11                           Faegre Drinker Biddle & Reath LLP
                             2200 Wells Fargo Center
12                           90 South Seventh Street
                             Minneapolis, Minnesota 55402
13                           (612) 766-8610
                             Tyler.young@faegredrinker.com
14
                             LAUREN W. LINDERMAN, ESQ.
15                           Faegre Drinker Biddle & Reath LLP
                             2200 Wells Fargo Center
16                           90 South Seventh Street
                             Minneapolis, Minnesota 55402
17                           (612) 766-7251
                             lauren.linderman@faegredrinker.com
18
                             RACHEL L. CARDWELL, ESQ.
19                           Faegre Drinker Biddle & Reath LLP
                             1717 Main St., Ste. 5400
20                           Dallas, Texas 75201,
                             (612) 766-6971
21                           rachel.cardwell@faegredrinker.com

22
    For the Defendants       JANE J. FELTON, ESQ.
23  Janet Javier,            Skoloff & Wolfe, P.C.
    Robert Cameron:          293 Eisenhower Parkway
24                           Livingston, NJ 07039
                             (973) 992-0900
25                           jfelton@skoloffwolfe.com
```

```
 1   (APPEARANCES continued)

 2
     For the                MATTHEW M. OLIVER, ESQ.
 3   Defendants             Lowenstein Sandler, PC
     Rosenberger            65 Livingston Avenue
 4   entities:              Roseland, NJ 07068
                            (973) 597-6172
 5                          moliver@lowenstein.com

 6                          MICHELLE L. GOLDMAN, ESQ.
                            Lowenstein Sandler, PC
 7                          65 Livingston Avenue
                            Roseland, NJ 07068
 8                          (973) 422-2938
                            mgoldman@lowenstein.com
 9
                            Y. JOHN LU, ESQ.
10                          Milbank LLP
                            2029 Century Park East, 33rd Floor
11                          Los Angeles, CA 90067-3019
                            (424) 386-4318
12                          jlu@milbank.com

13                          KIM GOLDBERG, ESQ.
                            Milbank LLP
14                          55 Hudson Yards
                            New York, NY 10001-2163
15                          (212) 530-5412
                            kgoldberg@milbank.com
16
                            DAVID I. GINDLER, ESQ.
17                          Milbank LLP
                            2029 Century Park East, 33rd Floor
18                          Los Angeles, CA 90067-3019
                            (424) 386-4313
19                          Dgindler@milbank.com

20                          BRADLEY HERSHON, ESQ.
                            Milbank
21                          55 Hudson Yards
                            New York, NY 10001-2163
22                          (212) 530-5241
                            bhershon@milbank.com
23
                            Also present:  Haley Ling
24

25
```

```
 1   (APPEARANCES continued)

 2   For the Defendant      MARK S. PINCUS, ESQ.
     CellMax                Pincus Law LLC
 3   Technologies AB:       90 Broad Street, 23rd Floor
                            New York, NY 10004
 4                          (212) 962-2900
                            Mark@pincus-law.com
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

 1                    (Commencement of proceedings)

 2

 3              THE COURT:  Okay.  Good afternoon.  This is

 4    Magistrate Judge Wettre.  We are on the record in CommScope

 5    versus Rosenberger.  It's 19-cv-15962.

 6              And may I take appearances now starting with

 7    plaintiff's counsel.

 8              MR. SPONZILLI:  Thank Your Honor.  It's Edward

 9    Sponzilli of the firm of Norris McLaughlin, local counsel to

10    the plaintiff CommScope.

11              THE COURT:  Good afternoon, Mr. Sponzilli.

12              MR. SPONZILLI:  Good afternoon, ma'am.

13              MR. KAHNKE:  Your Honor, also on behalf of

14    plaintiff CommScope, from Faegre Drinker, this is Randy

15    Kahnke.  With me are my colleagues Harmony Mappes, Tyler

16    Young, Lauren Linderman, and Rachel Cardwell.

17              THE COURT:  Okay.  Good afternoon to all of you.

18              MR. KAHNKE:  Good afternoon.

19              And for the Rosenberger defendants?

20              MR. OLIVER:  Good afternoon, Your Honor.  This is

21    Matthew Oliver from Lowenstein Sandler.  With me is my

22    colleague from Lowenstein, Michelle Goldman.  And you've

23    heard Mr. Gindler is on as well, and he will introduce his

24    team.

25              THE COURT:  Okay.  Good afternoon, Mr. Oliver and

1    Ms. Goldman.

2             MR. GINDLER:  Hello, this is David Gindler  from

3    Milbank, representing the Rosenberger defendants and

4    Northwest Instruments Inc.  And with me are my colleagues

5    John Lu, Kim Goldberg, Bradley Hershon, and Haley Ling.

6             THE COURT:  Okay.  Good afternoon to all of you.

7             And for the individual defendants?

8             MS. FELTON:  Good afternoon.  It's Jane Felton with

9    Skoloff & Wolfe, on behalf of defendants Janet Javier and

10   Robert Cameron.

11            THE COURT:  Okay.  Good afternoon, Ms. Felton.

12            MS. FELTON:  Good afternoon.

13            THE COURT:  And for CellMax?

14            MR. PINCUS:  Yes, I'm Mark Pincus from Pincus LLC.

15            THE COURT:  Okay.  Good afternoon.

16            All right.  So I received a joint letter from the

17   parties identifying mainly three issues that they wanted to

18   raise with the Court, and I've thoroughly reviewed the letter

19   and have some thought on each item.

20            Let me just ask a miscellaneous question, though,

21   pertaining to CellMax, because I noted in one portion of

22   CommScope's submission that CommScope indicated that it had

23   not received any document production for CellMax yet, so I

24   just wanted to inquire as to the status of that.

25            Mr. Pincus?

```
1   focus on what they truly need in order to complete this
2   process.
3               THE COURT:  Right.  And I do understand very well
4   that phenomenon.  A party in Rosenberger's position is not so
5   dead-set against an extension of time to complete depositions
6   that were already contemplated.  But they're -- they're more
7   concerned about evolving discovery requests.  And, you know,
8   frankly, on the second issue we'll address, there is a
9   little -- a little flavor of that.
10              So let me say by way of guidance that I would be
11  willing to give some extra time for discovery so as not to
12  impose hardship and pushing you through an unrealistic
13  schedule.  But it's not for the purpose of great new ideas
14  and new requests for production and new interrogatories.
15              I would very seriously contemplate that in adopting
16  any schedule you propose, that I would put language in there
17  about no new written discovery requests without leave of
18  Court, you know, just as some kind of policing mechanism.
19              I also regularly -- I know parties don't like it, I
20  didn't like it as a lawyer -- with a case like this, my stock
21  phrase is "It may not be neat and clean."  You may have to
22  take a deposition.  Just, you know, come to the Court and
23  say, geez, this opened up an area that, you know, we really
24  need documents on, and we'd be prejudiced if we didn't get
25  it.  And there may have to be some supplemental productions.
```

1    And then people may have to be redeposed.  Hopefully, in this

2    Zoom deposition environment, that's less of a hardship.

3    Maybe it won't be.

4            But I do not want to extend discovery only to widen

5    the war.  I feel like this case is plenty broad enough as it

6    is.

7            So that's just a general, you know, view of how I'm

8    looking at the scope.  But, again, I've got to be fair.  And

9    particularly, CommScope, if there is information that is not

10   just an inkling that there might be something more afoot, but

11   actually you have found something, and based upon that, you

12   want something more -- you know, a little bit broader and

13   very specific, and, you know, as we morph into the second

14   subject about the suspicious components, I have a lot of

15   questions about that, because I don't -- I don't have

16   anything explaining to me ████████████████████████████

17   ████████████████████████████████████████████████████████

18   ███████████████████████████        I just -- that's never been

19   explained to me.  Rosenberger's giving some more innocuous

20   explanation, and yet I'm being asked to order a tremendous

21   amount of very intrusive discovery between competitors.  And

22   I feel very uncomfortable with that on that record.  So

23   that's just a preview on the second issue that maybe there

24   will be a motion to compel by letter eventually, but it's got

25   to have more than what's in that letter right now.

1                              Certification

2          I, SARA L. KERN, Transcriptionist, do hereby certify

3     that the 36 pages contained herein constitute a full, true,

4     and accurate transcript from the official electronic

5     recording of the proceedings had in the above-entitled

6     matter; that research was performed on the spelling of proper

7     names and utilizing the information provided, but that in

8     many cases the spellings were educated guesses; that the

9     transcript was prepared by me or under my direction and was

10    done to the best of my skill and ability.

11         I further certify that I am in no way related to any of

12    the parties hereto nor am I in any way interested in the

13    outcome hereof.

14

15

16

17

18    s/ *Sara L. Kern*                    2nd of July, 2021

19    _____      _____
      Signature of Approved Transcriber            Date

20

21
      Sara L. Kern, CET**D-338
22    King Transcription Services
      3 South Corporate Drive, Suite 203
23    Riverdale, NJ  07457
      (973) 237-6080

24

25

# Exhibit 11

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 12

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 13

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 14

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 15

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 16

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 17

# FILED UNDER SEAL

# CONFIDENTIAL

Message

**From:**      Dziki, Jerry [Jerry.Dziki@commscope.com]
**Sent:**      6/15/2020 3:59:29 PM
**To:**        Dziki, Jerry [Jerry.Dziki@commscope.com]; Jerry Dziki 
**Attachments:** June Sales Review - June 9 - Final.pptx

Jerry

# Exhibit 18

# FILED UNDER SEAL

# CONFIDENTIAL

Message

**From:**         Dziki, Jerry [Jerry.Dziki@commscope.com]
**Sent:**         5/30/2020 7:38:25 PM
**To:**           Dziki, Jerry [Jerry.Dziki@commscope.com]; Jerry Dzik
**Attachments:**  Sales Review 3 Regions x Subject,Product R1.pptx

Jerry

HIGHLY CONFIDENTIAL ATTORNEYS'-EYES-ONLY

# Exhibit 19

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 20

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 21

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 22

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 23

# FILED UNDER SEAL

# CONFIDENTIAL

# Exhibit 24

# FILED UNDER SEAL

# CONFIDENTIAL

Exhibit 25

FILED UNDER SEAL

CONFIDENTIAL

# Exhibit 26

# FILED UNDER SEAL

# CONFIDENTIAL