UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMSCOPE, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>ROSENBERGER TECHNOLOGY KUNSHAN CO. LTD., *et al.*,<br><br>    Defendants. | Civil Action No.<br><br>19-15962 (JXN) (LDW)<br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of the joint motion of Plaintiffs CommScope, Inc., CommScope Inc. of North Carolina, and CommScope Technologies, LLC and Defendants Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., and Rosenberger Technology LLC, (CommScope together with Rosenberger, the "Movants") (ECF No. 570), to seal portions of the parties' Joint Submission Regarding Plaintiffs' and Defendants' Discovery Issues (ECF No. 566) and Exhibits thereto (ECF No. 566-1 and 566-2); and the Court having considered the Declarations of Ian Bourke (ECF No. 570-2) and Alicia Yu (ECF No. 570-3), and the factors contained in Local Civil Rule 5.3(c)(3); and the Movants having disputed one another's positions on certain proposed redactions; the Court makes the following Findings of Fact and Conclusions of Law:

1. The Movants seek to seal portions of the parties' Joint Submission Regarding Plaintiffs' and Defendants' Discovery Issues (ECF No. 566) and Exhibits thereto (ECF No. 566-1 and 566-2), as identified in the Consolidated Index in Support of the Joint Motion to Seal. (ECF No. 570).

2. However, the parties dispute the validity of certain proposed redactions. As outlined in

the Consolidated Index in Support of the Joint Motion to Seal, Defendants object to certain proposed redactions located on pages 27-31, 33-38, 40-56, and 57-62 of ECF No. 566 and Exhibit O (ECF No. 566-1) and Exhibit FF (ECF No. 566-2).

3. Defendants assert that Plaintiffs seek to redact "public information, including links to public websites, quotes from public websites, and information that has been disclosed publicly." (ECF No. 570-1 at 6-10, 24-26).

4. Plaintiffs contend that the proposed redactions in fact contain "confidential and nonpublic information about unauthorized access to a portion of CommScope's IT infrastructure that CommScope determined was the result of a ransomware incident. The portions reveal information that is not public about the incident, including the potential impact of the breach and subsequent investigation." (ECF No. 570-1 at 6, 24-25)

**WHEREAS** the Court finds that certain information that Plaintiffs seek to redact is public information and thus is not eligible to be sealed – *i.e.,* the bare fact that Plaintiffs suffered a ransomware attack and subsequent data breach is publicly known, as evidenced by the various news articles cited by Defendants, *see, e.g.,* https://news.yahoo.com/hackers-publish-sensitive-employee-data-193549460.html?fr=sycsrp_catchal&guccounter=1; and

**WHEREAS** however, any information that was illegally obtained through the data breach that is now allegedly available on the "dark web"— and solely on the "dark web"— is not to be considered public and therefore is eligible to be sealed. This is because the dark web is not the public internet but rather is "a portion of the Internet that is intentionally hidden from search engines and requires the use of an anonymizing browser to be accessed." *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 150 (3d Cir. 2022). Indeed, the dark web "is most widely used as an underground black market where individuals sell illegal products like

... sensitive stolen data that can be used to commit identity theft or fraud." *Id.* at 150; *see also* The Deep Web and Dark Web, IP Due Diligence in Corp. Transactions § 7A:1 ("The Dark Web and Deep Web offer vast troves of information *generally unavailable to the general public*.") (emphasis added); and

**WHEREAS** the Court is unable to determine from the extant submission and briefing what information is properly eligible to be sealed and what information is not, consistent with the above determinations of the Court as to what information is eligible for sealing as public or non-public; therefore,

**IT IS** on this day, February 23, 2024,

**ORDERED** that the Movants shall submit a new motion to seal on or before March 8, 2024, consistent with the definition of publicly available information set forth *supra* and expand upon their arguments regarding the material's eligibility to be sealed under L. Civ. R. 5.3(c)(3) or, in the alternative, jointly agree upon the materials to be sealed; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the motion to seal at ECF No. 570; and it is further

**ORDERED** that all information currently under temporary seal shall remain sealed until the amended motion to seal is adjudicated.

                                              *s/ Leda Dunn Wettre*
                                              Hon. Leda Dunn Wettre
                                              United States Magistrate Judge