

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807
T: 908-722-0700
F: 908-722-0755

July 29, 2024

**VIA ECF**

The Honorable Leda Dunn Wettre, U.S.M.J
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

  Re: <u>**CommScope, Inc. v. Rosenberger Technology (Kunshan) Co. Ltd.,** *et al.*</u>
     <u>**Civil Action No. 2:19-cv-15962-JXN-LDW**</u>

Dear Magistrate Judge Wettre:

  This firm, along with Faegre Drinker Biddle & Reath LLP, represents Plaintiffs CommScope, Inc., CommScope, Inc. of North Carolina, and CommScope Technologies, LLC (collectively, "CommScope") in the above-captioned matter. We write on behalf of all parties regarding the current expert discovery schedule, which has affirmative reports due by this Friday, August 2nd.

  On July 18, 2024, CommScope announced that it entered into a definitive agreement to sell, among others, its Outdoor Wireless Networks segment to Amphenol Corporation. As the Court knows, base station antennas are the technology at issue in this case. CommScope's base station antenna business is a component of its Outdoor Wireless Networks segment. The sale is expected to close within the first half of 2025, subject to customary closing conditions, including receipt of applicable regulatory approvals. Defendants contend that the sale of CommScope's base station antenna business—the business segment at-issue in this case—impacts issues on which experts will opine, including the trade secrets at issue and damages, and will need discovery with respect to that sale to address these issues. Counsel for all parties have met and conferred about these issues and agree that it will be most efficient for all parties—and the Court—to allow the experts sufficient time to consider the sale in their expert reports.

  Given this development, the parties have agreed that it would be most efficient to supplement their respective document productions in advance of serving expert reports, and that manifest injustice would result if the expert-discovery deadlines were not extended. This is because the expert reports would need to be updated again to address



**Norris McLaughlin, P.A.**

July 29, 2024
Page 2

the sale (there is not time to collect and produce the relevant documents and address the sale under the current schedule) and expert depositions may have to be taken again. The parties therefore request an extension of the current scheduling order (Dkt. 581)—which has affirmative expert reports due on August 2, 2024—by 2.5 months (as outlined below) to allow time for the parties to continue to meet and confer on the scope of appropriate supplementation, collect and produce documents (some of which are coming from China), and incorporate those documents into their expert analyses.

Good cause therefore exists to amend the schedule (Dkt. 581) as follows:

1. All affirmative expert reports (*i.e.*, reports on which the party offering the report bears the burden of proof) shall be served by October 18, 2024. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

2. All responding expert reports (*i.e.*, reports responding to issues addressed in an affirmative expert report) shall be served by December 20, 2024. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

3. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before February 28, 2025.

If this schedule is acceptable to Your Honor, the parties respectfully request that Your Honor "so order" this letter submission. The parties are also available for a telephonic conference if Your Honor has any questions.

Respectfully Submitted,

**NORRIS McLAUGHLIN, P.A.**

/s/ Edward G. Sponzilli

cc: All Counsel of Record (via ECF)