# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMSCOPE, INC., *et al.*,<br><br>          Plaintiffs,<br>v.<br><br>ROSENBERGER TECHNOLOGY KUNSHAN CO. LTD., *et al.*,<br><br>          Defendants. | Civil Action No.<br><br>19-15962 (JXN) (LDW)<br><br>**ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having come before the Court by way of the motion of Plaintiffs CommScope, Inc., CommScope Inc. of North Carolina, and CommScope Technologies, LLC (ECF 615), to seal portions of the transcript of the hearing held on February 19, 2025 (ECF 614); and there being no opposition to the instant motion; and the Court having considered the Declaration of Farid Firouzbakht (ECF 615-2) in support of the motion, and the factors contained in Local Civil Rule 5.3(c)(3), the Court makes the following Findings of Fact and Conclusions of Law:

1. Plaintiffs seek to seal portions of the transcript of the hearing held on February 19, 2025 (ECF 614), as identified in the Consolidated Index In Support of the Joint Motion to Seal (ECF 615-1).

2. This case involves claims of, among other things, trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq. and New Jersey Trade Secrets Act, N.J.S.A. §§ 56:15-1 et seq.  The material sought to be sealed includes confidential and non-public information regarding plaintiffs' sale of their Outdoor Wireless Networks and Distributed Antenna Systems Businesses to a third-party (ECF 615-2).

3. Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court

to file a motion that describes "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."

4. Plaintiffs have a legitimate interest in maintaining the confidentiality of competitive business information and would suffer a clearly defined injury if the information is disclosed, including the potential loss of competitive standing. *See United Therapeutics Corp. v. Actavis Labs. FL, Inc.*, Civ. A. No. 16-1816, 2017 WL 2172438, at *2 (D.N.J. May 17, 2017); *Curlin Med. Inc. v. ACTA Med., LLC*, Civ. A. No. 16-2464, 2017 WL 2729268, at *3 (D.N.J. Jan. 5, 2017) (granting the parties' motion to seal where "the confidential materials contain valuable, proprietary, and highly sensitive business information relating to the parties' respective businesses, including but not limited to financial information, business strategies, research and development, business relationships, customer information, and pricing information"); Federal Rule of Civil Procedure 26(c)(1)(G) (allowing the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace).

5. No less restrictive alternative is available, as the parties have sought sealing of only the portions of the material that contain confidential information.

6. Plaintiffs have submitted a proposed redacted version of ECF 614 that may be made publicly available.

7. Plaintiffs have thus satisfied the requirements for sealing under Local Civil Rule 5.3(c).

**WHEREAS** the Court having found that there are legitimate interests warranting the relief sought and no legitimate public interest in disclosure, and for good cause shown;

**IT IS** on this day, March 25, 2025,

**ORDERED** that the motion to seal (ECF 615) is **GRANTED** and the material identified in the consolidated index (ECF No. 615-1) is hereby ordered **SEALED**; it is further

**ORDERED** that, pursuant to L. Civ. R. 5.3(g)(2), the parties shall submit to the transcription agency the redacted version of the transcript of the February 19, 2025 hearing within ten business days of the date of this Order; it is further

**ORDERED** that the Clerk of the Court is directed to terminate the motion to seal at ECF 615.

                                                  *s/ Leda Dunn Wettre*
                                                  Hon. Leda Dunn Wettre
                                                  United States Magistrate Judge