

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807

T: 908-722-0700
F: 908-722-0755

**VIA ECF**

June 4, 2025

The Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: Amphenol, Corp., et al. v. Rosenberger Technology (Kunshan) Co. Ltd., et al. Civil Action No. 2:19-cv-15962-JXN-LDW, Letter Seeking Leave to File Sanctions Motion

Dear Judge Wettre:

We write on behalf of Plaintiffs regarding the Court's direction during the May 28, 2025, status conference that Plaintiffs submit a letter seeking leave to file a motion for sanctions.

As previewed at the status conference, Plaintiffs seek leave to file a renewed and supplemented motion for sanctions that would add information learned in the course of discovery and seek appropriate relief. The motion concerns two distinct aspects of Rosenberger's[1] litigation misconduct. First, Rosenberger's spoliation of evidence by extensively deleting files following receipt of the Court's August 27, 2019, ex parte seizure and evidence preservation order in this case (Dkt. 6 ("Evidence Preservation Order")). Second, pervasive discovery violations regarding ███████████████████████████████████████████████████████████████.[2]

**Rosenberger's Deletion of Evidence**

First, as the Court is aware, Plaintiffs moved for sanctions for spoliation of evidence in January 2020 ███████████████████████████████████████████████████████████████ (Dkt. 183.) Within hours of being served with the Court's Evidence Preservation Order, ███████████████████████████████████████████████████████████████

---

[1] This letter refers to Rosenberger Technology (Kunshan) Co. Ltd. (also known as PROSE Technologies (Suzhou) Co., Ltd.), Rosenberger Asia Pacific, Co. Ltd., and Rosenberger Technology LLC (also known as PROSE Technologies, LLC), collectively as "Rosenberger."
[2] At the time of the events described in this letter, CommScope owned the trade secret software. Amphenol Corporation and its wholly owned subsidiary Outdoor Wireless Networks LLC now own and/or lawfully possess the trade secrets at issue in this litigation, including the AAAP and SMG software.



**Norris McLaughlin, P.A.**

June 4, 2025
Page 2

Since filing their initial sanctions motion, Plaintiffs learned in discovery █████████████████████████████████████████████████████ Plaintiffs maintain that ███████████████████████████████████████████████ This evidence goes directly to the fundamental issues implicated by Plaintiffs' claims. In light of this conduct, Plaintiffs intend to seek sanctions for spoliation of evidence under F.R.C.P. 37(e).

**Rosenberger's Pervasive Discovery Misconduct**

Second, Rosenberger has engaged in a pattern of intentional discovery misconduct by repeatedly ████████████████████████████████████████████████████████████████████████████████████████████████

Despite ████████████████████████████████████████████████████████████████████ This information, ███████, was concealed by Rosenberger throughout discovery, including during fact depositions. ███████████████████████████████████████████████ The Court received a preview of some of the facts related to these issues during the January 25, 2024, hearing. In response, the Court said that it ████████████████████████████████████████████████████████████████████████████ Jan. 25, 2024, Hr'g Tr. 52. This portion of Plaintiffs' sanctions motion will be based on both the Federal Rules of Civil Procedure, especially Rule 37, and the Court's inherent power.

Moreover, Rosenberger's conduct related to both the spoliation and discovery misconduct violated several of the Court's orders in this case, including the Evidence Preservation Order (Dkt. 6), the Court's November 10, 2020, stipulated order imposing injunctive relief (Dkt. 350), and the order to produce a witness to testify ██████████████████████████████████████████ (Dkt. 571).

**Anticipated Request for Relief**

Plaintiffs anticipate seeking remedies in connection with the motion for sanctions that are relevant at both summary judgment and at trial, including the following: adverse inferences and/or evidentiary presumptions; a determination that Defendants cannot rely on the lack of evidence related to the deleted/concealed evidence to establish that there is no dispute of material fact; exclusion of certain evidence and/or defenses; an order prohibiting Defendants from raising certain evidentiary objections as to certain evidence at summary judgment and/or trial; an order allowing certain evidence to be presented at summary judgment and/or trial; and jury instructions, including but not limited to instructions directing the jury to accept certain facts

**Norris McLaughlin, P.A.**

June 4, 2025
Page 3

as established and/or that certain facts are presumed to be true and otherwise instructing the jury regarding Defendants' sanctionable conduct.

**Timing of the Motion**

Plaintiffs anticipate filing their sanctions motions promptly upon conclusion of non-damages expert discovery. Plaintiffs will include a proposed deadline for filing the sanctions motion in the proposed final discovery schedule due to be filed with the Court by June 6, 2025.

    Very truly yours,

    /s/ *Edward G. Sponzilli*
    Edward G. Sponzilli, Esq.