# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Amphenol Corporation and Outdoor Wireless Networks, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., CellMax Technologies AB,<br><br>    Defendants. | Civil Action No. 19-cv-15962-JXN-LDW<br><br>[~~PROPOSED~~] ORDER REGARDING PLAINTIFFS' LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION WITH RESPECT TO CERTAIN DOCUMENTS, ORAL COMMUNICATIONS, AND TESTIMONY |

This matter is before the Court on the Parties' Joint Stipulation Regarding Plaintiffs' Limited Waiver of Attorney-Client Privilege and Work Product Protection with Respect to Certain Documents, Oral Communications, and Testimony. Based upon all the files, records, and proceedings herein, and good cause having been shown, **IT IS HEREBY ORDERED**:

1. Plaintiffs will search for any communications between CommScope and Amphenol assessing this litigation in connection with Amphenol's January 31, 2025 acquisition of CommScope's BSA business (the "Documents"). Plaintiffs will produce the Documents on or before August 13, 2025, or within 36 hours of the Court's entry of

this Order, whichever is later. Plaintiffs will also amend their responses to Interrogatory Nos. 3-4 of Defendants' First Set of Interrogatories to describe communications between Amphenol and CommScope assessing this litigation in connection with Amphenol's January 31, 2025 acquisition of CommScope's BSA business (together with the Documents, the "Production"). Plaintiffs will also produce a Rule 30(b)(6) witness who may be deposed on the Production (the "Testimony").

2. The Production and the Testimony relating to the Production constitutes a limited waiver of the attorney-client privilege, work-product protection, common interest doctrine, and any other legally recognized privilege for the Production and Testimony only.

3. Pursuant to Fed. R. Civ. P. 502(d), this limited waiver does not apply to any matter other than this action and the action currently administratively closed in the District of Delaware (20-cv-1053-RGA (D. Del.)) (the "Delaware Action"). It does not waive Plaintiffs' right to assert that any of the Production or Testimony is privileged or protected in any other matters.

4. Pursuant to Fed. R. Civ. P. 502(d), nothing herein shall be deemed or used to require or constitute a waiver, surrender, or disclosure of material protected by the attorney-client privilege, the work-product doctrine, or the common interest doctrine, or information protected by any other legally or equitably recognized privilege or protection beyond the Production itself or the related Testimony itself, including, but not limited to, any legal analysis by Plaintiffs of the litigation or the trade secrets and confidential information at issue in the litigation. Defendants agree they will not assert that, by producing the Production and providing related testimony, Plaintiffs waived or surrendered any claimed privilege or protection beyond the Production and related Testimony.

5. Defendants reserve all of their rights to seek any discovery following the forthcoming Production by Plaintiffs, in accordance with all applicable rules, including the Federal Rules of Civil Procedure, Local Rules of the District of New Jersey, the Court's Amended Scheduling Order dated June 16, 2025 (Dkt. No. 636), and the Court's August 5,

2025 Order (Dkt. No. 649). Plaintiffs reserve all of their right o oppose any such request. *[handwritten: The Court will not renewed to ask for information on which it has previously ruled.]*

6. Plaintiffs reserv all of their rights regarding Defendants' efforts to seek testimony or other discovery regarding the Production including the right to object to any question that seeks privileged or protected information beyond the Production itself. Defendants reserve all rights to challenge any such objection at the Rule 30(b)(6) deposition and may seek the intervention of the Court, if necessary, subject to the other limitations in the Stipulation, including limitations in Paragraph 4, above.

7. Plaintiffs may produce the Production with confidentiality designations pursuant to the Discovery Confidentiality Order entered in this case (Dkt. 22). To the extent any of the Production is filed with the Court, the materials will be filed under seal.

8. No Party will attempt to use this stipulation and Order against the other, including in any briefing, hearing, or trial in this action, other than for enforcing the requirements of this Order.

9. The requirements of this Order shall survive the termination of this action.

So Ordered: *August 13, 2025*

Dated:

*/s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre, U.S.M.J.