**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Amphenol Corporation and Outdoor Wireless Networks, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., and CellMax Technologies AB, <br><br> Defendants | ) Civil Action No. 19-cv-15962-JXN <br> ) LDW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **DECLARATION OF ALICIA YU** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

I, Alicia Yu, hereby declare as follows:

1.      I am in-house counsel for Rosenberger Technology (Kunshan) Co. Ltd. and Rosenberger Technology LLC (collectively, "Rosenberger") in the above-captioned matter.

2.      I make this declaration in support of the Motion to Seal in accordance with Local Civil rules 5.3(c)(3) and 7.2 in connection with (1) Defendants' Motion for Sanctions (ECF No. 656), (2) Plaintiffs' Motion for Sanctions (ECF No. 657), (3) Defendants' Motion to Exclude the Expert Declaration and Testimony of Dr.

Daniel van der Weide (ECF No. 668), (4) Plaintiffs' Motion to Exclude the Expert Report and Testimony of Ryan McKamie (ECF No. 677), (5) Plaintiffs' Motion to Exclude the Expert Report and Testimony of Dr. Warren Stutzman (ECF No. 678), and (6) Plaintiffs' Motion to Strike and Exclude Exhibits 39 & 41 (ECF No. 689) (collectively, "Motions").

3.      The documents identified in the Consolidated Indexes submitted in connection with the respective Motions should be maintained under seal on the Court's docket because they contain confidential, proprietary and non-public information regarding Rosenberger business operations or that of their customers or business partners. Based upon my knowledge, public disclosure of this information could cause clearly defined, serious, and unnecessary harm to Rosenberger or their customers. Specifically, the redacted portions of the memoranda, declarations, and proposed orders are narrowly tailored to statements that disclose information contained in discovery materials that have been designated Confidential or Attorneys' Eyes Only by the propounding party, including the exhibits thereto ("Exhibits"). These statements concern confidential information about Rosenberger's business operations, including confidential and commercially sensitive information about Rosenberger's strategic business decisions and base station antenna development processes, and confidential and sensitive personal information identifying Rosenberger employees.

2

4.      In addition to the limited redactions, Rosenberger requests that the designated Exhibits remain under seal in their entirety. As detailed in the Consolidated Index, most of the Exhibits are discovery materials that have been designated Confidential or Attorneys' Eyes Only by the propounding party. Moreover, the Exhibits contain sensitive material that contains confidential and proprietary information pertaining to Rosenberger's business operations, including confidential and commercially sensitive information about Rosenberger's base station antenna development processes, and strategic business decisions, and confidential and sensitive personal information identifying Rosenberger employees.

5.      Plaintiffs have not opposed the sealing of the material identified in the Consolidated Index.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on ___Jan 20th___, 2026

_Alicia Yu_
_____
Alicia Yu