**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Amphenol Corporation and Outdoor Wireless Networks LLC, | ) Civil Action No. 19-cv-15962-JXN-LDW |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) **CONSOLIDATED INDEX IN** |
| v. | ) **SUPPORT OF JOINT MOTION** |
| | ) **TO SEAL FILINGS RELATED** |
| Rosenberger Technology (Kunshan) | ) **TO DEFENDANTS' MOTION** |
| Co. Ltd., Rosenberger Asia Pacific | ) **FOR SANCTIONS** |
| Electronic Co., Ltd., Rosenberger | ) |
| Technology LLC, Rosenberger USA | ) |
| Corp., Rosenberger North America | ) |
| Pennsauken, Inc., Rosenberger Site | ) |
| Solutions, LLC, Rosenberger | ) |
| Hochfrequenztechnik GmbH & Co. | ) |
| KG, Northwest Instrument, Inc., and | ) |
| CellMax Technologies AB, | ) |
| | ) |
| Defendants | |

1

I.    **Documents *previously sealed* and submitted in connection with Defendants' Motion for Sanctions (ECF No. 656).**

| Document | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Ex. 5, Declaration of Andrew Sklar (ECF No. 659-5) | Subject to the Court's Sealing Order, ECF No. 640, granting Plaintiffs' Motion to Seal Portions of Defendants' June 5, 2025 Letter from Daniel S. Eichhorn, ECF No. 638. *See also,* Consolidated Index in Support of Unopposed Motion to Seal Defendants' June 5, 2025 Letter Requesting Leave to File a Motion for Sanctions, ECF No. 638-1. | | | |
| Ex. 26, Declaration of Andrew Sklar (ECF No. 659-26) | Subject to the Court's Sealing Order, ECF No. 293, Omnibus Order Granting Motions to Seal. *See also,* Consolidated Index in Support of Plaintiffs' Joint Motion to Seal Certain Documents Submitted in Connection With Rosenberger's April 10, 2020 Letter to the Court and Certain Exhibits Thereto, ECF No. 284-1. | | | |

II.    **Documents submitted in connection with Defendants' Motion for Sanctions (ECF No. 656).**

| Document | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Rosenberger's Memorandum of Law in Support of | These portions of the Appendix reveal information that has | Disclosure of this information would cause clearly defined | Redacted version of Memorandum | Defendants do not oppose the motion to seal. |

| Defendant's Motion for Sanctions Against CommScope for Spoliation of Evidence (ECF No. 656): Table of Contents (at ii); Argument (at 2-3, 5-19, 25-32, 34, 37-39) | been designated Attorneys' Eyes Only and/or Confidential under Discovery Confidentiality Order [ECF No. 22], including sensitive, identifying information about confidential witness, which the parties have agreed to treat with the same protections outlined in *Curran v. Freshpet, Inc.*, Civ. No. 16-2263 (Dkt. 47) (June 12, 2018) (*See* Declaration of Farid Firouzbakht ("Firouzbakht Decl.") ¶ 2). | and serious injury to Plaintiffs in the form of serious professional and personal harm to the confidential witness. (Firouzbakht Decl. ¶ 3). | proposed that may be filed publicly. | |
| Exhibit 1, Declaration of | This Exhibit has been designated Attorneys' Eyes | Disclosure of this information would cause clearly defined | The confidential information contained in this | Defendants do not oppose the motion to seal. |

3

| | | | | |
|---|---|---|---|---|
| Andrew Sklar (ECF No. 659-1) | Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' invocation of the attorney-client privilege. (Firouzbakht Decl. ¶ 2) | and serious injury to Plaintiffs because it would reveal confidential information about Plaintiffs' invocation of the attorney-client privilege that has been designated as Attorneys' Eyes Only. (Firouzbakht Decl. ¶ 3) | document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| Exhibit 2, Declaration of Andrew Sklar (ECF No. 659-2) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | secrets. (Firouzbakht Decl. ¶ 2). | secrets. (Firouzbakht Decl. ¶ 3). | | |
| Exhibit 3, Declaration of Andrew Sklar (ECF No. 659-3) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 4, Declaration of Andrew Sklar (ECF No. 659-4) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | because it contains confidential, non-public information about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| Exhibit 6, Declaration of Andrew Sklar (ECF No. 659-6) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 7, Declaration of Andrew Sklar (ECF No. 659-7) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow | The confidential information contained in this document is sufficiently pervasive so as to | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| Exhibit 8, Declaration of Andrew Sklar (ECF No. 659-8) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' invocation of the attorney-client privilege. (Firouzbakht Decl. ¶ 2) | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about Plaintiffs' invocation of the attorney-client privilege that has been designated as Attorneys' Eyes Only. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 9, Declaration of Andrew Sklar (ECF No. 659-9) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' invocation of the attorney-client privilege. (Firouzbakht Decl. ¶ 2) | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about Plaintiffs' invocation of the attorney-client privilege that has been designated as Attorneys' Eyes Only. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
|---|---|---|---|---|
| Exhibit 10, Declaration of Andrew Sklar (ECF No. 659-10) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would | Defendants do not oppose the motion to seal. |

|  |  |  |  |  |
|---|---|---|---|---|
|  | about the functionality of Plaintiffs' trade secrets and about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | require redaction to prevent risk of injury. |  |
| Exhibit 11, Declaration of Andrew Sklar (ECF No. 659-11) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets and about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 12, Declaration of | This Exhibit has been designated Attorneys' Eyes | Disclosure of this information would cause clearly defined | The confidential information contained in this | Defendants do not oppose the motion to seal. |

9

| Andrew Sklar (ECF No. 659-12) | Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| --- | --- | --- | --- | --- |
| Exhibit 13, Declaration of Andrew Sklar (ECF No. 659-13) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business and about the security features | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | | | |
| Exhibit 14, Declaration of Andrew Sklar (ECF No. 659-14) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business and about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business and trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 15, Declaration of Andrew Sklar (ECF No. 659-15) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow | The confidential information contained in this document is sufficiently pervasive so as to | Defendants do not oppose the motion to seal. |

11

| | | | | |
|---|---|---|---|---|
| | Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business and about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business and trade secrets. (Firouzbakht Decl. ¶ 3) | render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| Exhibit 16, Declaration of Andrew Sklar (ECF No. 659-16) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business and about the security features of Plaintiffs' trade secrets. | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| | (Firouzbakht Decl. ¶ 2). | | | |
|---|---|---|---|---|
| Exhibit 17, Declaration of Andrew Sklar (ECF No. 659-17) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 18, Declaration of Andrew Sklar (ECF No. 659-18) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | Virtually all of the document would require redaction to prevent risk of injury. | |
| Exhibit 19, Declaration of Andrew Sklar (ECF No. 659-19) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 20, Declaration of | This Exhibit has been designated Attorneys' Eyes | Disclosure of this information would cause clearly defined | The confidential information contained in this | Defendants do not oppose the motion to seal. |

14

| Andrew Sklar (ECF No. 659-20) | Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| --- | --- | --- | --- | --- |
| Exhibit 21, Declaration of Andrew Sklar (ECF No. 659-21) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | secrets. (Firouzbakht Decl. ¶ 2). | secrets. (Firouzbakht Decl. ¶ 3). | | |
| Exhibit 22, Declaration of Andrew Sklar (ECF No. 659-22) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 23, Declaration of Andrew Sklar (ECF No. 659-23) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| Exhibit 24, Declaration of Andrew Sklar (ECF No. 659-24) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 25, Declaration of Andrew Sklar (ECF No. 659-25) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
|---|---|---|---|---|
| Exhibit 27, Declaration of Andrew Sklar (ECF No. 659-27) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | require redaction to prevent risk of injury. | |
| Exhibit 28, Declaration of Andrew Sklar (ECF No. 659-28) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 29, Declaration of Andrew Sklar (ECF No. 659-29) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it | The confidential information contained in this document is sufficiently | Defendants do not oppose the motion to seal. |

19

| | | | | |
|---|---|---|---|---|
| | the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| Exhibit 30, Declaration of Andrew Sklar (ECF No. 659-30) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| | (Firouzbakht Decl. ¶ 2). | | | |
|---|---|---|---|---|
| Exhibit 31, Declaration of Andrew Sklar (ECF No. 659-31) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 32, Declaration of Andrew Sklar (ECF No. 659-32) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. | Defendants do not oppose the motion to seal. |

| | confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | Virtually all of the document would require redaction to prevent risk of injury. | |
|---|---|---|---|---|
| Exhibit 33, Declaration of Andrew Sklar (ECF No. 659-33) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 34, Declaration of | This Exhibit has been designated Attorneys' Eyes | Disclosure of this information would cause clearly defined | The confidential information contained in this | Defendants do not oppose the motion to seal. |

22

| Andrew Sklar (ECF No. 659-34) | Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets and about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| :--- | :--- | :--- | :--- | :--- |
| Exhibit 35, Declaration of Andrew Sklar (ECF No. 659-35) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | about the functionality of Plaintiffs' trade secrets and about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | require redaction to prevent risk of injury. | |
| Exhibit 36, Declaration of Andrew Sklar (ECF No. 659-36) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 37, Declaration of Andrew Sklar (ECF No. 659-37) | This Exhibit has been designated Attorneys' Eyes Only and/or | Disclosure of this information would cause clearly defined and serious injury to | The confidential information contained in this document is | Defendants do not oppose the motion to seal. |

| | Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
|---|---|---|---|---|
| Exhibit 38, Declaration of Andrew Sklar (ECF No. 659-38) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 39, Declaration of Andrew Sklar (ECF No. 659-39) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
|---|---|---|---|---|
| Exhibit 40, Declaration of Andrew Sklar (ECF No. 659-40) | Exhibit 40 need not remain sealed and may be maintained on the public docket. | | | |
| Exhibit 41, Declaration of Andrew Sklar (ECF No. 659-41) | Exhibit 41 need not remain sealed and may be maintained on the public docket. | | | |
| Exhibit 42, Declaration of Andrew Sklar (ECF No. 659-42) | Exhibit 42 need not remain sealed and may be maintained on the public docket. | | | |

| Exhibit 43, Declaration of Andrew Sklar (ECF No. 659-43) | Exhibit 43 need not remain sealed and may be maintained on the public docket. | | | |
|---|---|---|---|---|
| Exhibit 44, Declaration of Andrew Sklar (ECF No. 659-44) | Exhibit 44 need not remain sealed and may be maintained on the public docket. | | | |
| Exhibit 45, Declaration of Andrew Sklar (ECF No. 659-45) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 46, Declaration of Andrew Sklar (ECF No. 659-46) | Ex. 46 need not remain sealed and may be maintained on the public docket. | | | |

| Exhibit 47, Declaration of Andrew Sklar (ECF No. 659-47) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 48, Declaration of Andrew Sklar (ECF No. 659-48) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would | Defendants do not oppose the motion to seal. |

| | about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | require redaction to prevent risk of injury. | |
|---|---|---|---|---|
| Exhibit 49, Declaration of Andrew Sklar (ECF No. 659-49) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | Redacted version of Exhibit proposed that may be filed publicly | Defendants do not oppose the motion to seal. |
| Exhibit 50, Declaration of Andrew Sklar (ECF No. 659-50) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it | The confidential information contained in this document is sufficiently | Defendants do not oppose the motion to seal. |

| | the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
|---|---|---|---|---|
| Exhibit 51, Declaration of Andrew Sklar (ECF No. 659-51) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 52, Declaration of Andrew Sklar (ECF No. 659-52) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 53, Declaration of Andrew Sklar (ECF No. 659-53) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 54, Declaration of Andrew Sklar (ECF No. 659-54) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 55, Declaration of Andrew Sklar (ECF No. 659-55) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 56, Declaration of Andrew Sklar (ECF No. 659-56) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| --- | --- | --- | --- | --- |
| Exhibit 57, Declaration of Andrew Sklar (ECF No. 659-57) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 58, Declaration of Andrew Sklar (ECF No. 659-58) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 59, Declaration of Andrew Sklar (ECF No. 659-59) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 60, Declaration of Andrew Sklar (ECF No. 659-60) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
|---|---|---|---|---|
| Exhibit 61, Declaration of Andrew Sklar (ECF No. 659-61) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 62, Declaration of Andrew Sklar (ECF No. 659-62) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 63, Declaration of Andrew Sklar (ECF No. 659-63) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 64, Declaration of Andrew Sklar (ECF No. 659-64) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| --- | --- | --- | --- | --- |
| Exhibit 65, Declaration of Andrew Sklar (ECF No. 659-65) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 66, Declaration of Andrew Sklar (ECF No. 659-66) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about discovery. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would result in clearly defined and serious injury because it would allow public disclosure of confidential discovery information. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
|---|---|---|---|---|
| Exhibit 2 to Declaration of Andrew Sklar (ECF No. 659-2) | Document has been designated Attorneys' Eyes Only under the Discovery Confidentiality Order and references discovery material that has been designated as Confidential or Attorneys' Eyes Only under the Discovery Confidentiality Order. (*See* Declaration of Alicia Yu ("Yu Decl.") ¶¶ 3-4) | Possible injury and prejudice to Defendants' competitive standing in the base station antenna marketplace. Disclosure would also reveal discovery information that has been designated Confidential under the Discovery Confidentiality Order. (Yu Decl. ¶ 4). | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | Plaintiffs do not object to the motion to seal. |

| Exhibit 20 to Declaration of Andrew Sklar (ECF No. 659-20) | Document has been designated Attorneys' Eyes Only under the Discovery Confidentiality Order and references discovery material that has been designated as Confidential or Attorneys' Eyes Only under the Discovery Confidentiality Order. (Yu Decl. at ¶ 3-4.) | Possible injury and prejudice to Defendants' competitive standing in the base station antenna marketplace. Disclosure would also reveal discovery information that has been designated Confidential under the Discovery Confidentiality Order. (Yu Decl. ¶ 4). | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | Plaintiffs do not object to the motion to seal. |

### III. Documents *previously sealed* and submitted in connection with Plaintiffs' Opposition to Defendants' Motion for Motion for Sanctions (ECF No. 670).

| Document | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Exhibit 2 to Declaration of Randall E. Kahnke (ECF No. 670-2) | Subject to the Court's Sealing Order, ECF No. 293, Omnibus Order Granting Motions to Seal. *See also,* Consolidated Index in Support of Joint Motion to Seal Certain Documents Submitted in Connection With CommScope's Motion for Preliminary Injunction, ECF No. 288-1 at 115 (Exhibit 136). | | | |

| Exhibit 16 to Declaration of Randall E. Kahnke (ECF No. 670-4) | Subject to the Court's Sealing Order, ECF No. 293, Omnibus Order Granting Motions to Seal. *See also,* Consolidated Index in Support of Joint Motion to Seal Certain Documents Submitted in Connection With CommScope's Motion for Preliminary Injunction, ECF No. 396-1; *see also,* ECF No. 396-4 (redacted filing). |
|---|---|
| Exhibit 17, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-4) | Subject to the Court's Sealing Order, ECF No. 293, granting Joint Motion to Seal CommScope's Motion for a Preliminary Injunction, ECF No. 288. *See also,* Consolidated Index in Support of Motion to Seal CommScope's Motion for Preliminary Injunction, ECF 288-1, at 6-7. |
| Exhibit 18 to Declaration of Randall E. Kahnke (ECF No. 670-4) | Subject to the Court's Sealing Order, ECF No. 293, Omnibus Order Granting Motions to Seal. *See also,* Consolidated Index in Support of Joint Motion to Seal Certain Documents Submitted in Connection With CommScope's Motion for Preliminary Injunction, ECF No. 288-1 at 80 (Exhibit 8) |

**IV.** <u>**Documents submitted in connection with Plaintiffs' Opposition to Defendants' Motion for Motion for Sanctions (ECF No. 670).**</u>

| Document | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF 670): Table of Contents at (i-iii) ; Introduction at (1-2); Background at (3-5), (7-13); Argument at (15, 17-18, 20-31, 33-40) | These portions of the Memorandum reveal information that has been designated Attorneys' Eyes Only and/or Confidential under Discovery Confidentiality Order [ECF No. 22], including confidential information about the functionality and security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality and security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | Redacted version of Memorandum proposed that may be filed publicly. | Defendants do not oppose the motion to seal. |
| Exhibit 1, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-2) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non- | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary | Redacted version of Exhibit proposed that may be filed publicly | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | | |
| Exhibit 2, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-2) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 3, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal | Redacted version of Exhibit proposed that may be filed publicly | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| Defendants' Motion for Sanctions (ECF No. 670-2) | Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' invocation of the attorney-client privilege. (Firouzbakht Decl. ¶ 2) | confidential information about Plaintiffs' invocation of the attorney-client privilege that has been designated as Attorneys' Eyes Only. (Firouzbakht Decl. ¶ 3) | | |
| Exhibit 4, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-2) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' invocation of the attorney-client privilege. (Firouzbakht Decl. ¶ 2) | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about Plaintiffs' invocation of the attorney-client privilege that has been designated as Attorneys' Eyes Only. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 5, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-2) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' invocation of the attorney-client privilege. (Firouzbakht Decl. ¶ 2) | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about Plaintiffs' invocation of the attorney-client privilege that has been designated as Attorneys' Eyes Only. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
|---|---|---|---|---|
| Exhibit 6, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-3) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about Plaintiffs' invocation of the attorney-client privilege that has | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | about Plaintiffs' invocation of the attorney-client privilege. (Firouzbakht Decl. ¶ 2) | been designated as Attorneys' Eyes Only. (Firouzbakht Decl. ¶ 3) | require redaction to prevent risk of injury. | |
| Exhibit 7, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-3) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 8, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow | The confidential information contained in this document is sufficiently pervasive so as to | Defendants do not oppose the motion to seal. |

| Defendants' Motion for Sanctions (ECF No. 670-4) | Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
|---|---|---|---|---|
| Exhibit 9, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-4) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| Exhibit 10, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-4) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' invocation of the attorney-client privilege. (Firouzbakht Decl. ¶ 2) | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about Plaintiffs' invocation of the attorney-client privilege that has been designated as Attorneys' Eyes Only. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 12, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-4) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would | Defendants do not oppose the motion to seal. |

47

| | | | | |
|---|---|---|---|---|
| | about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | secrets. (Firouzbakht Decl. ¶ 3) | require redaction to prevent risk of injury. | |
| Exhibit 14, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-4) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 15, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain | The confidential information contained in this document is sufficiently pervasive so as to render redaction | Defendants do not oppose the motion to seal. |

48

| | | | | |
|---|---|---|---|---|
| for Sanctions (ECF No. 670-4) | Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| Exhibit 16, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-4) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about the functionality of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 3). | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 18, Declaration of Randall E. Kahnke | This Exhibit has been designated Attorneys' Eyes | Disclosure of this information would cause clearly defined | The confidential information contained in this | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-4) | Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| Exhibit 19, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-5) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| | secrets. (Firouzbakht Decl. ¶ 2). | | | |
|---|---|---|---|---|
| Exhibit 20, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-5) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 21, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-5) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non- | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the | Defendants do not oppose the motion to seal. |

| | public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | secrets. (Firouzbakht Decl. ¶ 3) | document would require redaction to prevent risk of injury. | |
|---|---|---|---|---|
| Exhibit 22, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-5) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 23, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal | The confidential information contained in this document is sufficiently pervasive so as to | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| Defendants' Motion for Sanctions (ECF No. 670-5) | Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| Exhibit 24, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-5) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| Exhibit 25, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-6) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
|---|---|---|---|---|
| Exhibit 26, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-6) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to | Defendants do not oppose the motion to seal. |

| | features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | | prevent risk of injury. | |
|---|---|---|---|---|
| Exhibit 27, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Sanctions (ECF No. 670-6) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 30, Declaration of Randall E. Kahnke in Support of Plaintiffs' Brief in Opposition to Defendants' Motion | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| for Sanctions (ECF No. 670-6) | because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | |
| Plaintiffs' Opposition to Defendants' Motion for Sanctions (ECF 670) Pages 29 | Document discloses deposition testimony that has been designated as Confidential or Attorneys' Eyes Only. Document contains confidential and non-public information with respect to Rosenberger's business operations, including confidential information about Rosenberger's base station antenna development processes, which | Disclosure of this information would cause clearly defined and serious injury to Rosenberger's competitive standing in the base station antenna marketplace. (Yu Decl., ¶ 4.) | Redacted version proposed that could be filed publicly. | Plaintiffs do not object to the motion to seal |

| | | | | |
|---|---|---|---|---|
| | processes are commercially sensitive. (Yu Decl. at ¶ 3-4.) | | | |
| Plaintiffs' Opposition to Defendants' Motion for Sanctions (ECF 670) Pages 4-5, 29 | These portions of the Memorandum include counsel's communication that reveal confidential, proprietary, and non-public information about Rosenberger's BSA business operation, including Rosenberger's BSA development processes, which processes are commercially sensitive. (ECF No. 22). (Yu Decl. ¶ 3-4). | Disclosure of this information would cause clearly defined and serious injury to Rosenberger's competitive standing in the base station antenna marketplace. (Yu Decl., ¶ 4.) | Redacted version proposed that could be filed publicly. | Plaintiffs do not object to the motion to seal |
| Exhibit 1 to Declaration of Randall E. Kahnke (ECF No. 670-) | This Exhibit reveals information that has been designated Confidential and/or Attorneys' Eyes | Disclosure of this information would cause clearly defined and serious injury to Rosenberger's | The confidential information in this document is sufficiently pervasive so as to | Plaintiffs do not object to the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | Only under the Discovery Confidentiality Order (ECF No. 22), including confidential and non-public information about Rosenberger's BSA business operation, including Rosenberger's BSA development processes, which processes are commercially sensitive. (Yu Decl. at ¶ 3-4.) | competitive standing in the base station antenna marketplace. (Yu Decl., ¶ 4) | render redaction unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | |
| Exhibit 7 to Declaration of Randall E. Kahnke (ECF No. 670-3) | Document has been designated Attorneys' Eyes Only under the Discovery Confidentiality Order and references discovery material that has been designated as | Possible injury and prejudice to Defendants' competitive standing in the base station antenna marketplace. Disclosure would also reveal discovery information that has | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document | Plaintiffs do not object to the motion to seal. |

|  | Confidential or Attorneys' Eyes Only under the Discovery Confidentiality Order. (Yu Decl. at ¶ 3-4.) | been designated Confidential under the Discovery Confidentiality Order. (Yu Decl. ¶ 4). | would require redaction to prevent a substantial risk of competitive injury. |  |
|---|---|---|---|---|
| Exhibit 8 to Declaration of Randall E. Kahnke (ECF No. 670-4) | Document has been designated Attorneys' Eyes Only under the Discovery Confidentiality Order and references discovery material that has been designated as Confidential or Attorneys' Eyes Only under the Discovery Confidentiality Order. (Yu Decl. at ¶ 3-4.) | Possible injury and prejudice to Defendants' competitive standing in the base station antenna marketplace. Disclosure would also reveal discovery information that has been designated Confidential under the Discovery Confidentiality Order. (Yu Decl. ¶ 4). | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | Plaintiffs do not object to the motion to seal. |
| Exhibit 9 to Declaration of Randall E. Kahnke (ECF No. 670-4) | This Exhibit contains excerpts from the transcripts of the September 27, | Possible injury and prejudice to Defendants' competitive standing | The confidential information in this document is sufficiently | Plaintiffs do not object to the motion to seal. |

| | | | |
|---|---|---|---|
| | 2023 deposition of Cai Lishao. The deposition testimony reflected in these excerpts is designated Confidential and/or Attorneys' Eyes Only under the Discovery Confidentiality Order (Dkt. 22) as the documents contain confidential and non-public information with respect to Rosenberger's business operations, including confidential information about Rosenberger's development processes, which processes are commercially sensitive. (Yu Decl. ¶¶ 3-4.) | in the base station antenna marketplace. Disclosure would also reveal discovery information that has been designated Confidential under the Discovery Confidentiality Order. (Yu Decl. ¶ 4.) | pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | |

| Exhibit 11 to Declaration of Randall E. Kahnke (ECF No. 670-4) | This Exhibit reveals information that has been designated Confidential and/or Attorneys' Eyes Only under the Discovery Confidentiality Order (ECF No. 22), including confidential and non-public information about Rosenberger's BSA business operation, including Rosenberger's BSA development processes, which processes are commercially sensitive. (Yu Decl. at ¶ 3-4.) | Disclosure of this information would cause clearly defined and serious injury to Rosenberger's competitive standing in the base station antenna marketplace. (Yu Decl., ¶ 4) | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | Plaintiffs do not object to the motion to seal. |
| Exhibit 12 to Declaration of Randall E. Kahnke (ECF No. 670-4) | This Exhibit reveals information that has been designated Confidential and/or Attorneys' Eyes | Disclosure of this information would cause clearly defined and serious injury to Rosenberger's | The confidential information in this document is sufficiently pervasive so as to | Plaintiffs do not object to the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | Only under the Discovery Confidentiality Order (ECF No. 22), including confidential and non-public information about Rosenberger's BSA business operation, including Rosenberger's BSA development processes, which processes are commercially sensitive. (Yu Decl. at ¶ 3-4.) | competitive standing in the base station antenna marketplace. (Yu Decl., ¶ 4) | render redaction unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | |
| Exhibit 13 to Declaration of Randall E. Kahnke (ECF No. 670-4) | This Exhibit reveals information that has been designated Confidential and/or Attorneys' Eyes Only under the Discovery Confidentiality Order (ECF No. 22), including | Disclosure of this information would cause clearly defined and serious injury to Rosenberger's competitive standing in the base station antenna marketplace. (Yu Decl., ¶ 4) | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document | Plaintiffs do not object to the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | confidential and non-public information about Rosenberger's BSA business operation, including Rosenberger's BSA development processes, which processes are commercially sensitive. (Yu Decl. at ¶ 3-4.) | | would require redaction to prevent a substantial risk of competitive injury. | |
| Exhibit 14 to Declaration of Randall E. Kahnke (ECF No. 670-4) | This Exhibit reveals information that has been designated Confidential and/or Attorneys' Eyes Only under the Discovery Confidentiality Order (ECF No. 22), including confidential and non-public information about Rosenberger's BSA business operation, | Disclosure of this information would cause clearly defined and serious injury to Rosenberger's competitive standing in the base station antenna marketplace. (Yu Decl., ¶ 4) | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | Plaintiffs do not object to the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | including Rosenberger's BSA development processes, which processes are commercially sensitive. (Yu Decl. at ¶ 3-4.) | | | |
| Exhibit 27 to Declaration of Randall E. Kahnke (ECF No. 670-6) | This exhibit contains excerpts from the transcripts of the October 5, 2023 deposition of Sammit Patel. The deposition testimony reflected in these excerpts is designated Confidential and/or Attorneys' Eyes Only under the Discovery Confidentiality Order (Dkt. 22) as the documents contain confidential and non-public information with | Possible injury and prejudice to Defendants' competitive standing in the base station antenna marketplace. Disclosure would also reveal discovery information that has been designated Confidential under the Discovery Confidentiality Order. (Yu Decl. ¶ 4.) | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | Plaintiffs do not object to the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | respect to Rosenberger's business operations, including confidential information about Rosenberger's development processes, which processes are commercially sensitive. (Yu Decl. ¶¶ 3-4.) | | | |
| Exhibit 28 to Declaration of Randall E. Kahnke (ECF No. 670-6) | This exhibit contains excerpts from the transcripts of the September 21, 2023 deposition of Charles Yang. The deposition testimony reflected in these excerpts is designated Confidential and/or Attorneys' Eyes Only under the Discovery Confidentiality | Possible injury and prejudice to Defendants' competitive standing in the base station antenna marketplace. Disclosure would also reveal discovery information that has been designated Confidential under the Discovery Confidentiality | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | Plaintiffs do not object to the motion to seal. |

| | Order (Dkt. 22) as the documents contain confidential and non-public information with respect to Rosenberger's business operations, including confidential information about Rosenberger's development processes, which processes are commercially sensitive. (Yu Decl. ¶¶ 3-4.) | Order. (Yu Decl. ¶ 4.) | | |
|---|---|---|---|---|
| Exhibit 29 to Declaration of Randall E. Kahnke (ECF No. 670-6) | This exhibit contains excerpts from the transcripts of the September 12, 2023 deposition of He Sun. The deposition testimony reflected in these excerpts is designated Confidential and/or | Possible injury and prejudice to Defendants' competitive standing in the base station antenna marketplace. Disclosure would also reveal discovery information that has | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety of the document | Plaintiffs do not object to the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | Attorneys' Eyes Only under the Discovery Confidentiality Order (Dkt. 22) as the documents contain confidential and non-public information with respect to Rosenberger's business operations, including confidential information about Rosenberger's development processes, which processes are commercially sensitive. (Yu Decl. ¶¶ 3-4.) | been designated Confidential under the Discovery Confidentiality Order. (Yu Decl. ¶ 4.) | would require redaction to prevent a substantial risk of competitive injury. | |
| Exhibit 30 to Declaration of Randall E. Kahnke (ECF No. 670-6) | This document reveals information that has been designated Confidential and/or Attorneys' Eyes | Disclosure of this information would cause clearly defined and serious injury to CommScope because it would | The confidential information in this document is sufficiently pervasive so as to render redaction | Plaintiffs do not object to the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | Only under the Discovery Confidentiality Order (ECF No. 22), including confidential and non-public information about Rosenberger's BSA business operation, including Rosenberger's BSA development processes, which processes are commercially sensitive. (Yu Decl. at ¶ 3-4.) | reveal confidential information how CommScope protects its trade secrets. (Yu Decl., ¶ 4) | unreasonable and unduly burdensome. Virtually the entirety of the document would require redaction to prevent a substantial risk of competitive injury. | |

**V.**    **Documents *previously sealed* and submitted in connection with Rosenberger's Reply in Further Support of Rosenberger's Motion for Sanctions (ECF No. 685).**

| Document | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|

| Exhibit 1, Supplemental Declaration of Andrew Sklar (ECF No. 685-2) | Subject to the Court's verbal order during the March 30, 2020 Hearing sealing the transcript. *See* Tr. at 5:18-20 ("As the decision refers to confidential, nonpublic information of the parties, I am hereby sealing the record from this point forward.") |
|---|---|

**VI.    Documents submitted in connection with Defendants' Reply in Further Support of Defendants' Motion for Sanctions (ECF No. 685).**

| Document | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Exhibit 2, Supplemental Declaration of Andrew Sklar (ECF No. 685-3) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | | | |
| Exhibit 3, Supplemental Declaration of Andrew Sklar (ECF No. 685-4) | Exhibit 3 need not remain sealed and may be maintained on the public docket. | | | |
| Exhibit 4, Supplemental Declaration of Andrew Sklar (ECF No. 685-5) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |
| Exhibit 5, Supplemental Declaration of | This Exhibit has been designated Attorneys' Eyes Only and/or | Disclosure of this information would cause clearly defined and serious injury to | The confidential information contained in this document is | Defendants do not oppose the motion to seal. |

| Andrew Sklar (ECF No. 685-6) | Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury | |
|---|---|---|---|---|
| Exhibit 6, Supplemental Declaration of Andrew Sklar (ECF No. 685-7) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury. | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| Exhibit 7, Supplemental Declaration of Andrew Sklar (ECF No. 685-8) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to prevent risk of injury | Defendants do not oppose the motion to seal. |
| Exhibit 8, Supplemental Declaration of Andrew Sklar (ECF No. 685-9) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about the security | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would reveal confidential information about how Plaintiffs protect their trade secrets. (Firouzbakht Decl. ¶ 3) | The confidential information contained in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually all of the document would require redaction to | Defendants do not oppose the motion to seal. |

| | | | | |
|---|---|---|---|---|
| | features of Plaintiffs' trade secrets. (Firouzbakht Decl. ¶ 2). | | prevent risk of injury. | |
| Exhibit 9, Supplemental Declaration of Andrew Sklar (ECF No. 685-10) | This Exhibit has been designated Attorneys' Eyes Only and/or Confidential under the Discovery Confidentiality Order [ECF No. 22] because it contains confidential, non-public information about Plaintiffs' business. (Firouzbakht Decl. ¶ 2). | Disclosure of this information would cause clearly defined and serious injury to Plaintiffs because it would allow competitors to gain an unfair advantage by disclosing proprietary information about Plaintiffs' Business. (Firouzbakht Decl. ¶ 3) | Redacted version of Exhibit proposed that may be filed publicly | Defendants do not oppose the motion to seal. |
| Exhibit 3 to Supplemental Declaration of Andrew Sklar  (ECF No. 685-4) | This Exhibit reveals information that has been designated Confidential and/or Attorneys' Eyes Only under the Discovery Confidentiality Order (ECF No. 22), | Disclosure of this information would cause clearly defined and serious injury to Rosenberger's competitive standing in the base station antenna | The confidential information in this document is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome. Virtually the entirety | Plaintiffs do not object to the motion to seal. |

| | including confidential and non-public information about Rosenberger's BSA business operation, including Rosenberger's BSA development processes, which processes are commercially sensitive. (Yu Decl. at ¶ 3-4.) | marketplace. (Yu Decl., ¶ 4) | of the document would require redaction to prevent a substantial risk of competitive injury. | |