**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| AMPHENOL CORPORATION, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>ROSENBERGER TECHNOLOGY KUNSHAN CO. LTD., *et al.*,<br><br>          Defendants. | Civil Action No.<br><br>19-15962 (JXN) (LDW)<br><br>**ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having come before the Court by way of the joint motion of defendants Rosenberger Technology (Kunshan) Co. Ltd., Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technology LLC, Rosenberger USA Corp., Rosenberger North America Pennsauken, Inc., Rosenberger Site Solutions, LLC, Rosenberger Hochfrequenztechnik GmbH & Co. KG, Northwest Instrument, Inc., and CellMax Technologies AB, and plaintiffs Amphenol Corporation and Outdoor Wireless Networks LLC, to seal (ECF 716) portions of: (1) plaintiffs' memorandum of law in support of their motion to exclude the expert report and testimony of Dr. Warren Stutzman relied upon in defendants' sanctions opposition (ECF 680), and the declarations and exhibits attached thereto (ECF 679); (2) defendants' memorandum of law in opposition to that motion (ECF 695), and the declarations and exhibits attached thereto; and (3) plaintiffs' reply memorandum of law in further support of their motion (ECF 698), and the declarations and exhibits attached thereto; and there being no opposition to the instant motion; and the Court having considered the Declarations of Farid Firouzbakht (ECF 716-1) and Alicia Yu (ECF 716-2) in support of the motion and the factors contained in Local Civil Rule 5.3(c)(3), the Court makes the following Findings of Fact and Conclusions of Law:

1. The parties seek to seal portions of their respective briefing on plaintiffs' motion to exclude the expert report and testimony of Dr. Warren Stutzman relied upon in defendants' sanctions opposition (ECF 679, 680, 695, 698), and the declarations and exhibits attached thereto, as identified in the Consolidated Index in Support of the Joint Motion to Seal (ECF 716-3).

2. This case involves claims of, among other things, trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.* and New Jersey Trade Secrets Act, N.J.S.A. §§ 56:15-1 *et seq.*  The material sought to be sealed includes confidential business information and discovery materials marked Confidential and Attorneys' Eyes Only under the Discovery Confidentiality Order entered in this action on September 24, 2019 (ECF 22).

3. Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; [and] (d) why a less restrictive alternative to the relief sought is not available."

4. The parties have a legitimate interest in maintaining the confidentiality of non-public discovery materials and competitive business information and have shown that they may suffer a clearly defined injury if the information is disclosed, including the potential loss of competitive standing.  *See United Therapeutics Corp. v. Actavis Labs. FL, Inc.*, 16-CV-1816 (LHG), 2017 WL 2172438, at *2 (D.N.J. May 17, 2017); *Curlin Med. Inc. v. ACTA Med., LLC*, 16-CV-2464 (CLW), 2017 WL 2729268, at *3 (D.N.J. Jan. 5, 2017) (granting parties' motion to seal where "the confidential materials contain valuable,

proprietary, and highly sensitive business information relating to the parties' respective businesses, including but not limited to financial information, business strategies, research and development, business relationships, customer information, and pricing information"); Fed. R. Civ. P. 26(c)(1)(G) (allowing courts to protect materials containing "trade secret[s] or other confidential research, development, or commercial information" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace).

5.  No less restrictive alternative is available, as the parties have sought sealing of only the portions of the materials that contain confidential information.

6.  The parties have submitted with the instant motion redacted versions where possible.  As to those materials the parties have not submitted redacted versions of, they contend, and the Court agrees, that "[t]he confidential information contained in [those] document[s] is sufficiently pervasive so as to render redaction unreasonable and unduly burdensome." (ECF 716-3).[1]

7.  Defendants have satisfied the requirements for sealing under Local Civil Rule 5.3(c).[2]

**WHEREAS** the Court having found that there are legitimate interests warranting the relief sought and no legitimate public interest in disclosure, and for good cause shown,

**IT IS** on this day, April 10, 2026,

---

[1]   There are several documents which the parties filed under temporary seal, but which they do not seek to seal permanently in the instant motion.  (ECF 679, 695-1, 695-9, 698-1). The parties shall file unredacted versions of those documents on the public docket on or before April 30, 2026.

[2]   The Court reserves the right to revisit the propriety of sealing certain of these materials if the Court elects to rely on said materials in any eventual Opinion and Order resolving the underlying motion.

**ORDERED** that the motion to seal (ECF 716) is **GRANTED** and the material identified in the Consolidated Index in Support of the Joint Motion to Seal (ECF 716-3) **SEALED**; and it is further

**ORDERED** that the Clerk of the Court shall terminate the motion to seal at ECF 716.

_s/ Leda Dunn Wettre_
Hon. Leda Dunn Wettre
United States Magistrate Judge
